SEALED BY ORDER OF COURT

FILED

MAR 07 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

William C. Dresser, 104375
Law Offices of William C. Dresser
4 North Second Street, Suite 1230
San Jose, California 95113
Tel:   408/279-7529
Fax:   408/298-3306

Attorneys for Qui Tam Relator and Plaintiff
Gregor Lesnik

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

PSG

| | |
|---|---|
| United States of America, ex rel. Gregor Lesnik, | No: CV 16 1120 |
| Plaintiff, | Filed Under Seal |
| vs. | Jury trial demanded |
| Eisenmann SE, Eisenmann Anlagenbau GmbH & Co. KG, Eisenmann Anlagenbau Verwaltung GmbH, Eisenmann Corporation, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and Does 1 through 50, | |
| Defendants. | |

COMES NOW Plaintiff Gregor Lesnik on behalf of the United States of America and alleges against Defendants, and each of them, as follows:

## I. GENERAL ALLEGATIONS

### A. General Fraudulent Scheme

1.  This is an action to recover damages and civil penalties on behalf of the United States of America for false and/or fraudulent statements, records, and claims made or caused to be made by Defendants, as well as their affiliates, departments, subsidiaries, agents, employees, and co-conspirators, including in not paying the United States of America money owed to it, in violation of the federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729 et seq.

1      2. Defendants and each of them made and used false records and statements to
2    avoid obligations to pay money to the United States, including but not limited to,
3    delivering false and fraudulent documents to the United States to secure illegal visas for
4    their direct and indirect employees to come to the United States; sending alien
5    employees to work in the United States on B-1 visas when such employees did not in
6    fact qualify for B-1 visas, obtaining B-1 visas instead of the more restrictively issued H-B1
7    visas and L-1B  visas to avoid paying the higher fees required to obtain H-1B and L-1B
8    visas; employing aliens in full time jobs at client sites in the United States on B-1 visas
9    and not paying to the United States Social Security and Medicare taxes; not obtaining for
10    employees social security numbers thus avoiding Social Security and Medicare taxes;
11    failing to document employees working in the United States; failing to identify cash
12    payments and thus avoiding social security and Medicare taxes; and falsely attesting that
13    employees were authorized to work in the United States.

14      3. Plaintiff Gregor Lesnik is a former employee of ISM Vuzem d.o.o. who
15    pursuant to the provisions of California Labor Code section 2750.5 was also an
16    employee of each of the other named entity defendants.  Plaintiff Gregor Lesnik worked
17    at the Tesla plant in Fremont California, and had been contemplated by defendants to be
18    assigned to work at other locations in Michigan and South Carolina before May 16, 2015
19    when he was injured.  Plaintiff Gregor Lesnik was given a B-1 visa based on
20    representations by Robert Keller of Eisenmann Corporation, on behalf of each of the
21    defendants, which was made to obtain from the United States a B-1 visa to obtain entry
22    to work in the United States, that Gregor Lesnik would work as a supervisor of electrical
23    and mechanical installation

24      4. The November 5, 2014 dated letter by Robert Keller of Eisenmann Corporation
25    was addressed to the United States Consulate.  This letter represented that Gregor
26    Lesnik would be hired because of his specialized knowledge and long history of working
27    with Eisenmann equipment and process systems to work in the United States at an

28

1  automotive plant at which Eisenmann Corporation was managing construction activities.
2  Gregor Lesnik in fact had never worked on any Eisenmann project, material or
3  equipment, and Mr. Keller, Eisenmann Corporation, the Vuzem entities, and all of the
4  named defendants, know that Gregor Lesnik did not have specialized knowledge and a
5  long history of installing Eisenmann equipment and process systems.  Gregor Lesnik at
6  that time had just been hired by ISM Vuzem d.o.o. and had not worked on an Eisenmann
7  project.

8      5. ISM Vuzem d.o.o. by as yet unknown management personnel working out of
9  offices in Zavrc, Slovenia, on its own behalf and on behalf of all named defendants made
10  in November of 2014 further written representations to the United States that Gregor
11  Lesnik would be a supervisor of electrical and mechanical installation at a BMW project
12  in South Carolina working for Gregurec Ltd.  Gregor Lesnik in fact was not hired to be a
13  supervisor and did not work as a supervisor.

14      6. Defendants further represented that Gregor Lesnik would work in South
15  Carolina, being the address of ISM Vuzem USA, Inc.  Gregor Lesnik in fact was assigned
16  to work in Fremont, California.  He did not work on the project stated, or at the time
17  stated, or under the company stated, in the defendants' written representations to the
18  United States.

19      7. Plaintiff had intimate knowledge of the above details and the documents given
20  to him.  Further, based on his work in Fremont, California he became aware that
21  Eisenmann Corporation and subcontractors including ISM Vuzem d.o.o. made the same
22  false written representations to the United States on behalf of every one of more than
23  200 individuals who were similarly situated to Gregor Lesnik in being hired to work for
24  subcontractors, including more than 150 to work under Vuzem entities as subcontractor,
25  for work at the Tesla site in Fremont, California.  This included individuals to work under
26  Gregurec, Ltd., an English business entity, Slovenian based companies LB metal d.o.o.,
27  aka Mos LB Metal d.o.o. and D2N Tehnologije d.o.o. aka D2N d.o.o., and German based

28

1  entity Durr AG.  Plaintiff is informed and believes and thereon alleges that this also

2  includes individuals to work under Primiko, d.o.o., a Croatia based entity.  All other than a

3  handful of actual supervisors did not qualify for B-1 visas, even though the defendants

4  represented to the United States that workers were all supervisors.

5       8.  Defendants' knowing submission of false and fraudulent claims for payment

6  constitutes a violation of the FCA, 31 U.S.C. §§ 3729 et seq.

7       9.  The practices of the Defendants as set forth herein of employing illegally

8  documented aliens to work on clients sites under improper visas in contravention of

9  federal law also is costing American citizens jobs.

10       10.  Defendants are carrying this illegal conduct to increase their profits.

11       11.  Defendants by this scheme knowingly concealed, avoided or decreased their

12  obligations to pay or transmit money or property to the Government, thus causing the

13  United States to sustain a direct loss of funds and damage to its interests.

14       12.  Defendants have not completely ceased their misconduct.  To the extent any

15  such misconduct continues, Relator intends that this Complaint address and remedy it.

16                     **B.  The False Claims Act**

17       13.  Defendants' conduct alleged in this Complaint violates the federal False

18  Claims Act, 31 U.S.C. §§ 3729 et seq.  The federal False Claims Act was originally

19  enacted during the Civil War.  Congress substantially amended the Act in 1986 to

20  enhance the ability of the United States Government to recover losses sustained due to

21  fraud against it.  Congress amended the Act after it found that fraud in federal programs

22  was pervasive and that the Act, which Congress characterized as the primary tool for

23  combating government fraud, was in need of modernization.  Congress intended the

24  amendments to create incentives for individuals with knowledge of fraud against the

25  Government to disclose the information without fear of reprisals or Government inaction

26  and to encourage the private bar to commit legal resources to prosecuting fraud on the

27  Government's behalf.

28

1    14. The FCA establishes liability to the United States for "any person," whether an
2  individual or an entity, who "knowingly presents, or causes to be presented, a false or
3  fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be
4  made or used, a false record or statement material to a false or fraudulent claim." Id. §
5  3729(a)(1)(A)-(B). "Knowingly" is defined to include actual knowledge, reckless
6  disregard, and deliberate indifference. Id. § 3729(b)(1). No proof of specific intent to
7  defraud is required. Id. Any person who violates the FCA is liable for a civil penalty of up
8  to $11,000 for each violation, plus three times the amount of the damages the United
9  States sustains. Id. § 3729(a)(1).

10    15. In May 2009, Congress amended and renumbered the False Claims Act
11  pursuant to Public Law 111-21, the Fraud Enforcement and Recovery Act of 2009
12  ("FERA"). Section 3279(a)(1)(B) was formerly section 3729(a)(2) and applies to
13  Defendants' conduct for the entire time period alleged in the Complaint by virtue of
14  Section 4(f) of FERA. Section 3279(a)(1)(A) (formerly section 3729(a)(1)) of the FCA
15  prior to FERA, and as amended in 1986, applies to conduct on or after May 20, 2009.

16    16. Section 3729(a)(1) of the pre-FERA FCA provides that any person who
17  "knowingly presents, or causes to be presented, to an officer or employee of the United
18  States Government or a member of the Armed Forces of the United States a false or
19  fraudulent claim for payment or approval" is liable for "a civil penalty of "not less than
20  $5,000 and not more than $10,000, . . plus 3 times the amount of damages which the
21  Government sustains because of the act of that person."

22    17. The FCA allows any person having information about an FCA violation to
23  bring an action on behalf of the United States and to share in any recovery. The FCA
24  also awards reasonable attorneys' fees and costs to the prevailing qui tam plaintiff as a
25  matter of right. Id. § 3730(d). The FCA requires the Complaint be filed under seal for a
26  minimum of 60 days (without service on the defendant during that time) to allow the
27  government time to conduct its own investigation and to determine whether to join the
28

1  suit.

2  ### C. Jurisdiction

3  18. The Court has subject matter jurisdiction to entertain this action under 28

4  U.S.C. § 1331, 28 U.S.C. § 1367, and 31 U.S.C. § 3732, the last of which confers

5  jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

6  Under 31 U.S.C. § 3730(e), there has been no statutorily relevant public disclosure of the

7  "allegations or transactions" in this complaint.

8  19. The Court may exercise personal jurisdiction over Defendants pursuant to 31

9  U.S.C. § 3732(a), which authorizes nationwide service of process, and because

10  Defendants have minimum contacts with the United States.  Moreover, Defendants can

11  be found in, reside, and/or transact or have transacted business in this District.

12  ### D. Venue

13  20. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1395(a), and

14  31 U.S.C. § 3732(a) because Defendants can be found in and/or transact or have

15  transacted business in this District.  At all times relevant to this Complaint, Defendants

16  regularly conducted substantial business, maintained employees, and/or made

17  significant sales in this District.  In addition, statutory violations, as alleged in this

18  Complaint, occurred in this District.

19  ### E. Parties

20  21. Plaintiff Gregor Lesnik is, and at all times mentioned herein has been, an

21  individual residing in the Slovenia.

22  22. Plaintiff is informed and believes and thereon alleges that defendant ISM

23  Vuzem USA, Inc. is a business entity holding itself out to be a South Carolina corporation

24  with its principal place of business at 1600 Azalea Hill Drive, Unit 304 Greenville, SC

25  29607.  Plaintiff is informed and believes and thereon alleges that defendant ISM Vuzem

26  USA Inc. was at all relevant times on or before June of 2015 a wholly owned domestic

27  subsidiary of ISM Vuzem, d.o.o.  Plaintiff is informed and believes and thereon alleges

28

1   that ISM Vuzem USA Inc. was at various times during the actions alleged herein
2   dissolved involuntarily for failure to comply with requirements for corporations under
3   South Carolina law.

4       23.  Defendant ISM Vuzem USA, Inc. was during the time period of March through
5   May of 2015 an employer of Plaintiff Gregor Lesnik both because it had the right to
6   control his work and related activities, because it provided some of the compensation for
7   Gregor Lesnik, and because Gregor Lesnik was between March of 2015 and May 16,
8   2015 performing services for defendant which required a license under Chapter 9
9   (commencing with Section 7000) of Division 3 of the California Business and Professions
10  Code.

11      24.  Plaintiff is informed and believes and thereon alleges that defendant Vuzem
12  USA Inc. is a business entity of unknown type holding itself out to be a California
13  corporation with its principal place of business at 965 West 11th St. #2, San Pedro, CA
14  90731.  Plaintiff is informed and believes and thereon alleges that defendant Vuzem
15  USA Inc. is and at all relevant times mentioned herein has held itself out to be a wholly
16  owned domestic subsidiary of ISM Vuzem, d.o.o.

17      25.  Plaintiff is informed and believes and thereon alleges that Defendant Vuzem
18  USA, Inc. was set up to be the exclusive service and materials supplier in California for
19  ISM Vuzem, d.oo., performing the following activities in connection with construction
20  projects which ISM Vuzem, d.o.o. contracts to perform: HVAC mechanical, welding, pipe
21  fitting, assembly, marketing, processing invoices, and receiving of all customer
22  complaints and accident reports for California.  Plaintiff is informed and believes and
23  thereon alleges that Vuzem USA, Inc. is the general manager in California of ISM Vuzem
24  d.o.o.

25      26.  Defendant Vuzem USA, Inc. is an employer of Plaintiff Gregor Lesnik
26  because Gregor Lesnik was between March of 2015 and May 16, 2015 performing
27  services for defendant including on behalf of ISM Vuzem d.o.o. and ISM Vuzem USA,
28

1  Inc. which required a license under Chapter 9 (commencing with Section 7000) of

2  Division 3 of the Business and Professions Code.

3       27.  Plaintiff is informed and believes and thereon alleges that defendant ISM

4  Vuzem d.o.o., aka ISM VUZEM inženiring, storitve, montaža d.o.o., is a Slovenian

5  business entity with its principal place of business at Goricak 4, 2283 Zavrc, Slovenija.

6       28.  Defendant ISM Vuzem d.o.o. was at all times mentioned herein a direct

7  employer of Gregor Lesnik pursuant to a November 13, 2014 dated Pogodbo O

8  Zaposlitvi (employment agreement).  Defendant ISM Vuzem d.o.o. was also an employer

9  of Plaintiff Gregor Lesnik both because it had the right to control his work and related

10 activities and did control his work and related activities and because Gregor Lesnik was

11 between March of 2015 and May 16, 2015 performing services for defendant which

12 required a license under Chapter 9 (commencing with Section 7000) of Division 3 of the

13 Business and Professions Code.

14      29.  Defendant Eisenmann Corporation also known as Eisenmann Corporation

15 USA holds itself out to be a Delaware corporation with its principal place of business at

16 150 E Dartmoor Dr., Crystal Lake, IL 60014

17      30.  Defendant Eisenmann Corporation had supervisors that came from time to

18 time to take a look to see how the work performed by Gregor Lesnik and the other

19 similarly situated alien "B-1" workers was progressing and to assess it.  Further,

20 Eisenmann Corporation through multiple employees and agents provided instructions to

21 Gregor Lesnik.

22      31.  Defendant Eisenmann Corporation by its authorized Purchasing Manager

23 Robert Keller made the written representations in the letter dated November 5, 2014

24 referenced in paragraphs 3 and 4, above.

25      32.  Defendant Eisenmann Corporation is an employer of Plaintiff Gregor Lesnik

26 because it had the right to control his work and related activities, because it gave some

27 instructions to Gregor Lesnik in his work activities and reserved the right to give

28

1   instructions, and because Gregor Lesnik was between March of 2015 and May 16, 2015

2   performing services for defendant which required a license under Chapter 9

3   (commencing with Section 7000) of Division 3 of the Business and Professions Code.

4      33.  Defendant Eisenmann SE is a German entity with its principal place of

5   business at Tübinger Str. 81, 71032 Böblingen, Germany.  Defendant Eisenmann SE

6   represents that it is a holding company of the Eisenmann Group and that it holds one

7   hundred percent of the shares of Eisenmann Anlagenbau GmbH & Co. KG.

8      34.  Plaintiff is informed and believes and thereon alleges that Defendant

9   Eisenmann SE acted through its subsidiary Eisenmann Corporation in the matters

10  alleged herein.

11     35.  Plaintiff is informed and believes and thereon alleges that Defendant

12  Eisenmann SE is an employer of Gregor Lesnik because it acted through its owned

13  subsidiaries Eisenmann Anlagenbau GmbH & Co. KG, Eisenmann Anlagenbau

14  Verwaltung GmbH and Eisenmann Corporation to have the right to control his work and

15  related activities and because Gregor Lesnik was between March of 2015 and May 16,

16  2015 performing services which required a license under Chapter 9 (commencing with

17  Section 7000) of Division 3 of the Business and Professions Code.

18     36.  Plaintiff is informed and believes and thereon alleges that defendant

19  Eisenmann Anlagenbau GmbH & Co. KG is a German entity in the form of a limited

20  partnership.  Among other things, GmbH or "Gesellschaft mit beschrankter Haftung" and

21  KG or "Kommanditgesellschaft" means that it is a limited partnership with its sole general

22  partner being a limited liability company.

23     37.  Plaintiff is informed and believes and thereon alleges that Defendant

24  Eisenmann Anlagenbau GmbH & Co. KG acted directly and also acted indirectly through

25  its subsidiary Eisenmann Corporation in the maters alleged herein.

26     38.  Plaintiff is informed and believes and thereon alleges that Defendant

27  Eisenmann Anlagenbau GmbH & Co. KG is an employer of Gregor Lesnik because

28

1   Gregor Lesnik was between March of 2015 and May 16, 2015 performing services for

2   defendant which required a license under Chapter 9 (commencing with Section 7000) of

3   Division 3 of the Business and Professions Code.

4        39.  Plaintiff is informed and believes and thereon alleges that defendant

5   Eisenmann Anlagenbau Vertvaltuilg GmbH is a German entity which is the general

6   partner of  Defendant Eisenmann Anlagenbau GmbH & Co. KG and is identified under

7   German law as having unlimited liability for the actionable wrongs and breaches of

8   contract of the limited partnership Eisenmann Anlagenbau GmbH & Co. KG.

9        40.  Plaintiff is informed and believes and thereon alleges that Defendant

10  Eisenmann Anlagenbau Vertvaltuilg GmbH acted through its affiliated entity Eisenmann

11  Corporation in the matters alleged herein.

12       41.   Plaintiff is informed and believes and thereon alleges that Robert Vuzem is a

13  resident of Slovenia.

14       42.  Plaintiff is informed and believes and thereon alleges that Ivan Vuzem is a

15  resident of Slovenia.

16       43.  Plaintiff is informed and believes and thereon alleges that Ivan Vuzem and

17  Robert Vuzem are the owners of ISM Vuzem d.o.o. and in turn of each of ISM Vuzem

18  USA, Inc. and of Vuzem USA, Inc.  Plaintiff is informed and believes and thereon alleges

19  that between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., ISM Vuzem

20  USA, Inc., and Vuzem USA, Inc. there is such a unity of interest and ownership between

21  the entities and their equitable owners that the separate personalities of the entities and

22  the owners do not in reality exist.  Further, an inequitable result will be reached for the

23  wrongful acts alleged herein if they are treated as those of the entities alone.  Plaintiff is

24  informed and believes and thereon alleges that each of Ivan Vuzem, Robert Vuzem, ISM

25  Vuzem d.o.o., ISM Vuzem USA, Inc. and Vuzem USA, Inc. have commingled funds and

26  other assets, each of the entities has held itself out to be liable for the debts of the

27  others, there is identical equitable ownership in all of the entities, the entities use the

28

1   same offices and employees, and the individuals and entities each use each other as
2   mere shells or conduits for the affairs of each other.  Further, ISM Vuzem USA, Inc. has
3   been inadequately capitalized, each entity has been without necessary insurance to
4   cover liabilities of each, there has been a disregard of corporate formalities, there has
5   been a lack of segregation of corporate records, there has been a lack of segregation of
6   corporate contracts and agreements, and they have identical directors and officers.
7   Adherence to the fiction of the separate existence of Defendants ISM Vuzem d.o.o., ISM
8   Vuzem USA, Inc., and Vuzem USA, Inc. as entities distinct from Defendants Robert
9   Vuzem and Ivan Vuzem and other entities they control would permit an abuse of the
10  corporate privilege, sanction fraud, and promote injustice.

11          44. Relator does not presently know the complete involvement in the matters
12  alleged herein and / or identities of the remaining Doe Defendants who have knowingly
13  submitted or participated in the submission of false and fraudulent claims to the
14  government.  For example, given that the work by workers at job sites extended to
15  Michigan, South Carolina and California that Plaintiff is directly aware of, and to Alabama
16  as Plaintiff has been advised of, and that the visa applications were stated by the
17  defendants to be for work under different entities, such as Gregurec, Ltd., and that
18  Relator does not know all of the companies hired by the Eisenmann entities, Relator
19  potentially does not yet know all of the owners, operators, and persons responsible, or all
20  of the potential holding companies and affiliated entities answerable for the alleged
21  conduct and their involvement in the matters alleged herein.  Further information on the
22  details and extent of the fraud the Doe Defendants committed and of the Doe
23  Defendants' involvement are contained within Defendants' records.

24          45. Plaintiff is informed and believes, and so alleges, that Defendants, and each
25  of them, were at all times herein mentioned, and now are, the agents, servants,
26  employees, and representatives of their co-defendants, and acting within the scope,
27  purpose, and authority of such agency, service, employment, and representation, and

28

1  with the permission, knowledge, and consent of their co-defendants.

2  ### F. Factual Background and Regulatory Framework

3  46.  Section 1324 of Title 8 of the United States Code provides that it is unlawful

4  for a person or other entity to hire, or to recruit or refer for a fee, for employment in the

5  United States an alien knowing the alien is an unauthorized alien (as defined in

6  subsection (h)(3) of section 1324) with respect to such employment, or to hire, or to

7  recruit or refer for a fee, for employment in the United States an individual without

8  complying with the requirements of truthfully attesting under penalty of perjury that the

9  alien is authorized under visa provisions to work or to continue to employ the alien in the

10  United States knowing the alien is (or has become) an unauthorized alien with respect to

11  such employment.

12  47.  The B-1 visa is a non-immigrant visa that allows a foreign national to

13  temporarily enter the United States for business purposes.  Business  purposes entail

14  activities such as consulting with business associates; traveling for business

15  conventions; negotiating a contract; participating in short term training, and certain other

16  activities of a temporary nature incident to international trade or commerce.  It does not

17  include local employment or labor for hire.  Pursuant to law and regulations, B-1 visa

18  holders may not perform skilled or unskilled labor.   B-1 visas are valid for ten years.  The

19  application fee for a B-1 visa is approximately $500.

20  48.  The Immigration and Nationality Act states that a B-1 visa holder may not

21  come to the United States to perform skilled or unskilled labor.  The controlling Code of

22  Federal Regulation states that the term "business" as used by a B-1 visa holder does not

23  include local employment or labor for hire.  The governing policies within the Department

24  of State's Foreign Affairs Manual and the Department of Homeland Security's Inspector's

25  Field Manual interpret permissible B-1 activities as an alien coming to the United State to

26  engage in commercial transactions (e.g., buying or selling) that do not involve gainful

27  employment in the United States; to negotiate contracts; to consult with business

28

1   associates, including attending meetings of the Board of Directors of a U.S. corporation;

2   to litigate; to participate in scientific, educational, professional, or business conventions,

3   conferences or seminars; or to undertake independent research.  The U.S. Department

4   of State, Foreign Affairs Manual and Handbook, at section 402.2-5 states that aliens who

5   desire to enter the United States for business and who are otherwise eligible for visa

6   issuance, may be classifiable as nonimmigrant B1 visitors provided they meet the criteria

7   described in 9 FAM 402.2-5 (B) through (F).  Engaging in business contemplated for B1

8   visa classification generally entails business activities other than the performance of

9   skilled or unskilled labor.  All controlling statutes and regulations state that the issuance

10  of a B1 visa is not intended for the purpose of obtaining and engaging in employment

11  while in the United States.

12      49.  The principal place of business of Eisenmann Corporation is in the United

13  States.  Materials and supplies for installation on the project that Gregor Lesnik worked

14  on in California and for the projects that he would have been assigned to work on in

15  Michigan and in South Carolina came from the United States.  The work done by Gregor

16  Lesnik and by the similarly situated "B-1" workers was in the United States.  The work

17  done by  Gregor Lesnik and by the similarly situated "B-1" workers did not require

18  specialized knowledge essential to the Eisenmann entities' obligations.  Remuneration

19  was paid under the table and from a United States source.   Gregor Lesnik and by the

20  similarly situated "B-1" workers performed building and construction work.  Gregor Lesnik

21  and by the similarly situated "B-1" workers were - other than a few individuals - not

22  supervisors.

23      50.  Defendants took, among others, the following unlawful actions in furtherance

24  of this unlawful scheme:

25      defendants submitted "invitation letters" to U.S. Consular Officials that contained

26  materially false representations regarding the true purpose of a B-1 visa holder's travel in

27  order to deceive U.S. Consular Officials and/or Customs and Border Protection Officers

28

1  and secure entry of the visa holder into the United States.  These "invitation letters"

2  stated that the purpose of travel was for a "supervisor" with "specialized experience" to

3  provide services that could not be provided by United States citizens, when the true

4  purpose was to engage in activities not authorized under a B-1 visa.  The November 5,

5  2014 letter from Robert Keller submitted to U.S. Consular Officials in order to mislead the

6  officials is one such example;

7  　　　　defendants gave directions regarding the avoidance of certain terminology, the

8  avoidance of contract terms, and the use of misleading job titles, in order to secure entry

9  of the visa holder into the United States.  Among other things, defendants directed

10  foreign nationals to inform U.S. Consular Officials and/or Customs and Border Protection

11  Officers that their destination in the United States was the same as that provided in an

12  introduction letter; however, defendants knew that the foreign nationals had been hired to

13  be assigned to other destinations in the United States;

14  　　　　defendants stated in "invitation letters" different named entities so as to conceal

15  the number of "supervisors" hired.  The reference to "Gregurce Ltd" on the November 5,

16  2014 letter by Robert Keller to the United States Consulate is one example of this;

17  　　　　intentionally choosing to not obtain licenses issued by the State of California or

18  local governments so as to conceal the fact that the workers were employed to provide

19  construction services.  Among other things, none of Eisenmann SE, Eisenmann

20  Anlagenbau GmbH & Co. KG, Eisenmann Anlagenbau Verwaltung GmbH, Eisenmann

21  Corporation, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., or Vuzem USA, Inc. hold or held

22  contractors licenses issued by the State of California; and

23  　　　　making false representations about license status and employees so as to

24  conceal the fact that the workers were employed to provide construction services.  For

25  example, the California State Licensing Board did issue Contractor License # 566486 to

26  "VUZEM USA COMPANY."  Licensed principal "BRONCO TOMASOVIC" represented to

27  the CSLB that this was a sole proprietorship.  Licensed principal "Bronco Tomasovic"

28

1 | also represented that this company did not need workers compensation insurance
2 | because it had no employees. "Bronco Tomasovic" is believed to also be known as
3 | "BRANKO TOMAS." Branko Tomas is the agent for service of process of "ISM Vuzem
4 | USA, Inc." with an address of 1600 Azalea Hill Drive, Unit 304, Greenville, SC 29607.
5 | Branko Tomas is also the agent for service of process of "Vuzem USA, Inc." with an
6 | address of 965 West 11th St. #2, San Pedro, CA 90731. Significant is that this licensee
7 | is not a corporation, is not the same legal entity as any of the named defendants herein,
8 | and - regardless of the correct name or legal designation - it knowingly and intentionally
9 | stated that it had no employees.

10 |    51. Defendants in furtherance of these scheme also wrote and revised contracts
11 | with each other, and with their clients, in order to conceal the fact that the defendants
12 | were providing B-1 visa holders to perform jobs that involved skilled or unskilled labor
13 | that were otherwise required to be performed by United States citizens or require
14 | legitimate H-1B visa holders. One example was the series of contracts for work at the
15 | Tesla plant in Fremont, California. These included:

16 |    a. Eisenmann Corporation prepared on or about April 1, 2002 a version of its
17 | Eisenmann Subcontractor General Terms and Conditions which it represents applies to
18 | its relationship with ISM Vuzem USA, Inc., and with other subcontractors who provided
19 | services and materials at the Tesla site in Fremont, California;

20 |    b. On or about June 6, 2014 Tesla Motors, Inc., by Peter Carlson, and
21 | Eisenmann Anlagenbau GmbH & Co KG by Bruno Casorati entered into an agreement
22 | titled "General Terms and Conditions" for work at the Tesla site. Robert Keller,
23 | Purchasing Manager for Eisenmann Corporation, has stated that the agreement
24 | generally described Tesla Motors, Inc.'s agreement to purchase, and Eisenmann
25 | Anagenbau GmbH & Co KG's agreement to sell, goods and services related to the
26 | design, engineering, and manufacturing of equipment for the application of automotive
27 | paint in the manufacturing process at the Tesla Motors facility located in Fremont,

28 |

1  California.  This agreement provided, among other things, that Eisenmann Corporation -
2  a United States entity - was to provide safety supervisors to assist in providing a safe
3  working environment for workers at the Tesla site;

4       c.  On or about June 9, 2014 a "Purchase Order" was submitted by ISM Vuzem
5  USA, Inc. - a United States entity - to Eisenmann Corporation - another United States
6  entity;

7       d.  On or about July 24, 2014 a Purchase Order was agreed to between
8  Eisenmann Anlagenbau GmbH & Co KG and Tesla Motors, Inc. for Body Paint Shop -
9  Phase 1;

10      e.  On or about July 25, 2014 a Statement of Work was executed by Deepak
11  Ahuja, CFO on behalf of Tesla Motors, Inc., by Gabriele DiFuria, Sales Manager, and
12  Bruno Casorati, Senior Vice President on behalf of Eisenmann Anlagenbau GmbH & Co
13  KG and by Dr. Link (? Sp) Lebman, Chairman, on behalf of Eisenmann Corporation;

14      f.  On or about July 25, 2014 a Purchase Order was executed between
15  Eisenmann Corporation and Tesla Motors, Inc.;

16      g.  On or about September 29, 2014 a Minutes of Meeting was prepared for an
17  agreement between Tesla Motors, Inc., ISM Vuzem USA, and Eisenmann Corporation
18  for Mechanical Installation.

19      These minutes were initialed on each page by a representative of Subcontractor
20  ISM Vuzem USA and by a representative of Eisenmann.  This asserts an agreement
21  reached for mechanical installation.  The MOM identified multiple other Contract
22  Documents which were incorporated in to the MOM and each Purchase Order.  The
23  MOM states it is for the intention of Eisenmann to engage Subcontractor to provide labor,
24  equipment, consumables and services for paint shop projects (the "'Work") for Owner
25  Tesla Motors, Inc.  Robert Keller has identified it as generally describing Eisenmann's
26  intention to engage ISM Vuzem USA to provide labor for the installation of a paint shop
27  at the Tesla Motors, Inc. facility located in Fremont, California.

28

1    The identified attendees for the Minutes of Meeting were Klemen Vuzem for

2  Subcontractor ISM Vuzem USA, and Anton Borovac, Frank Ziegler, Matthias Heydlauff,

3  and Bernd Strumberger for Eisenmann, said minutes having been prepared by Frank

4  Ziegler of Eisenmann.

5    The MOM was executed by Frank Ziegler and Robert Keller on behalf of

6  Eisenmann Corporation and by Branko Tomas as "Direktor" on behalf of Subcontractor.

7    Klemen Vuzem is the nephew of Robert Vuzem and was the on site manager for

8  ISM Vuzem d.o.o. at the Tesla site during construction activities by ISM Vuzem d.o.o. at

9  that site. Branko Tomas is the agent for service of process for both ISM Vuzem USA,

10  Inc. and Vuzem USA, Inc. and is the owner as sole proprietor doing business as Vuzem

11  USA Company which has held a license issued by the California Contractors Licensing

12  Board, a license which has a various times been suspended; and

13    h.  Contract 04-2015, dated on or about January 3, 2015, was entered into

14  between ISM Vuzem d.o.o. and ISM Vuzem USA, Inc. for ISM Vuzem d.o.o. to provide

15  fully qualified engineers for installation of a paintshop at Tesla's Fremont plant.

16    52.  Plaintiff is informed and believes and thereon alleges that Eisenmann

17  Corporation has conducted the same visa application procedures for its work sites in the

18  Greater Detroit area, for the Greenville, South Carolina area, and for the Mobile,

19  Alabama area, as well as for other areas in Illinois.

20    53.  Plaintiff is informed and believes and thereon alleges that Eisenmann

21  Corporation has conducted the same visa application procedures through other entities

22  which at the Tesla plant in Fremont included workers who Gregor Lesnik met from:

23    Durr AG of Germany with a US division address of 40600 Plymouth Road,

24  Plymouth, MI 48170-4297;

25    LB metal d.o.o, aka Mos LB Metal d.o.o. of Slovenia; and

26    D2N Tehnologije d.o.o. aka D2N d.o.o. of Slovenia,

27  as well as from Gregurec Ltd of England with its principal place of business at 226 St.

28

1  Leonards Road, Horsham, RH13 6AU. Gregurec Ltd is mentioned on the November 5,
2  2014 letter from Robert Keller to the Consulate General of the United States in
3  connection with the B-1 visa application for Gregor Lesnik as the employer of Gregor
4  Lesnik.

5      54. Plaintiff is informed and believes and thereon alleges that Eisenmann
6  Corporation acted on behalf of all defendants to supply workers to work on projects in the
7  United States for BMW and other companies, as well as for Tesla Motors, Inc. Other
8  similarly situated Vuzem "B-1" visa workers had told Gregor Lesnik that they worked at or
9  been stated to next be assigned to work at those projects. Further, the November 5,
10 2014 letter from Robert Keller to the Consulate General of the United States represented
11 that Gregor Lesnik would be working on an Eisenmann project for BMW in South
12 Carolina.

13     55. Plaintiff Gregor Lesnik was paid some money in cash. ISM Vuzem d.o.o.
14 asserts it paid Gregor Lesnik $505 US in March by ISM Vuzem d.o.o. supervisors and
15 managers Primo Planovsek and Klemen Vuzem, and $1,282 US in April by by ISM
16 Vuzem d.o.o. supervisors and managers Primo Planovsek, Davorin Hull and Klemen
17 Vuzem. The Vuzem entities withheld additional payment that was represented would be
18 paid upon completion of work at the project but only upon return to Slovenia. Gregor
19 Lesnik was not paid the balance of what was promised to him because he was injured on
20 the job.

21     56. The other similarly situated "B-1 visa" workers were also paid in part in cash
22 when they worked at the Tesla plant in Fremont, California.

23     57. The payment in cash was to conceal the true source of payments and the true
24 amounts of payments to Gregor Lesnik and to the other "B-1" workers.

25     58. These and related actions were part of the scheme which violated the
26 provisions of, among other things, Title 8 of the United States Code, section 1324a
27 concerning the unlawful activities in hiring, recruiting, referral, and employment of aliens

28

1  in the United States knowing the aliens are or have become unauthorized aliens with
2  respect to such employment.

3      59. Subsection (f) of Subsection 1324a provides that any person or entity that
4  engages in a "pattern or practice" of violations of subsection (a)(1)(A) or (a)(2) shall be
5  fined not more than $3,000 for each unauthorized alien with respect to whom such a
6  violation occurs, imprisoned for not more than six months for the entire pattern or
7  practice, or both.

8      60. The actions by defendants evidence regular, repeated and intentional
9  activities.

10      61. The Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)
11  added a new subsection (e) to Title 8 of the United States Code section 1324c which
12  makes it an offense for any person, in connection with any matter within the jurisdiction
13  of the Immigration and Naturalization Service, to knowingly and willfully fail to disclose,
14  conceal or cover up the fact that such person, on behalf of any other person and for a
15  fee or other remuneration, prepared or assisted in the preparation of a falsely made
16  application for immigration benefits.

17      62. The actions of defendants, as referenced above, are actions by defendants to
18  affirmatively conceal and cover up their involvement in preparing fraudulent immigration
19  applications.

20      63. Title 8 of the United States Code, section 1324, subsection (a)(1)(A)(iv)
21  makes it an offense for any person who encourages or induces an alien to come to,
22  enter, or reside in the United States, knowing or in reckless disregard of the fact that
23  such coming to, entry, or residence is or will be in violation of law.

24      64. Each of the actions of the defendants, as referenced above, are actions that
25  induced Gregor Lesnik and similarly situated "B-1 visa" workers to enter the United
26  States to work pursuant to B-1 visas obtained by fraudulent immigration applications.

27      65. Title 8 of the United States Code, section1324, subsection (a)(1)(A)(v)

28

1   expressly makes it an offense to engage in a conspiracy to commit or aid or abet the
2   commission of the foregoing offenses.

3       66.  Title 18 of the United States Code, section 1546, subsection (a) makes it a
4   crime to give a false statement under oath in any document required by the immigration
5   laws or regulations.

6                             **II. CAUSES OF ACTION**

7                                   **Count One**

8       **Federal False Claims Act 31 U.S.C. § 3729(a)(1)(A)-(B) (2009)**

9                          **against all named Defendants**

10      67.  Relator realleges and incorporates by reference the allegations contained in
11  paragraphs 1 through 66 of this Complaint.

12      68.  This is a claim for treble damages and penalties under the False Claims Act,
13  31 U.S.C. § 3729, et seq., as amended in 1986 and again in 2009.

14      69.  Through the acts described above including as alleged in paragraphs 2
15  through 7 and 49 through 58 of this Complaint, for all conduct that occurred on or after
16  May 20, 2009, Defendants and each of them, by and through their officers, agents, and
17  employees, knowingly presented or caused to be presented, false or fraudulent claims to
18  the United States Government for payment or approval and/or knowingly concealed,
19  avoided or decreased its obligations to pay or transmit money or property to the
20  Government.  31 U.S.C. § 3729(a)(1)(A) (2009).

21      70.  Through the acts described above, Defendants knowingly made, used, or
22  caused to be made or used, a false record or statement material to a false or fraudulent
23  claim.  31 U.S.C. §§ 3729(a)(1)(B) (2009).

24      71.  Relator cannot now identify all of the false claims and statements under which
25  Defendants failed to make payments to the United States and/or knowingly concealed,
26  avoided or decreased their obligations to pay or transmit money or property to the
27  Government.  Relator has no control over such entities and no access to records they

28

1   possess.

2       72.  The United States Government, unaware of the falsity of the records,

3   statements, and claims that Defendants made or caused to be made, has to date not

4   received the payments due to it by defendants and for which it should have been paid

5   but for Defendants' illegal conduct to knowingly conceal, avoid or decrease their

6   obligations to pay or transmit money or property to the Government.

7       73.  Defendants have damaged, and continue to damage, the United States in a

8   substantial amount to be determined at trial as a direct, legal and proximate result of the

9   violations of the False Claims Act by defendants, and each of them.

10      74.  Additionally, the United States is entitled to the maximum penalty of up to

11  $11,000 for each and every violation alleged herein.

12      75.  Defendants, and each of them, authorized and ratified all the violations of the

13  False Claims Act committed by their various officers, agents, and employees.

14                    **III.  PRAYER AND CLAIMS FOR RELIEF**

15      WHEREFORE Relator Lesnik, on behalf of himself and the United States

16  Government, prays:

17      1.  That Defendants cease and desist from violating the provisions of the United

18  States Code and the regulations of the United States concerning visa applications and

19  employment of alien workers enumerated in this Complaint;

20      2.  That this Court enter judgment against Defendants in an amount equal to three

21  times the amount of damages the United States has sustained because of Defendants'

22  actions in violation of the False Claims Act, plus the maximum civil penalty permitted for

23  each violation of the False Claims Act;

24      3.  That in the event the United States Government proceeds with this action,

25  Relator Lesnik be awarded an amount for bringing this action of at least 15% but not

26  more than 25% of the proceeds of the action;

27      4.  That in the event the United States Government does not proceed with this

28

1  action, Relator Lesnik be awarded the maximum amount allowed pursuant to § 3730(d)

2  of the False Claims Act;

3          6. That Relator be awarded all fees, costs, and expenses incurred in connection

4  with this action, including attorneys' fees, costs, and expenses;

5          7. For prejudgment interest; and

6          8. For such other relief as the Court deems just and proper.

7                          IV.  DEMAND FOR JURY TRIAL

8          Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby

9  demands a trial by jury.

10
    Dated:  March 6, 2016
11

12                                          William C. Dresser
                                            Attorneys for Plaintiff
13                                          Gregor Lesnik

14  Lesnik\Pld\QuiTam\Complaint.306

15

16

17

18

19

20

21

22

23

24

25

26

27

28