1    William C. Dresser, 104375
     Law Offices of William C. Dresser
2    4 North Second Street, Suite 1230
     San Jose, California 95113
3    Tel:    408/279-7529
     Fax:   408/298-3306
4
     Attorneys for Qui Tam Relator and Plaintiff
5    Gregor Lesnik

6

7                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
8                        SAN JOSE DIVISION

9

10   United States of America, ex rel. Gregor        No: C16-1120 LHK
     Lesnik,
11
                     Plaintiff,                       **FIRST AMENDED COMPLAINT FOR
12                                                    DAMAGES AND OTHER RELIEF
            vs.                                       UNDER THE FALSE CLAIMS ACT**
13
     Eisenmann SE, Eisenmann Anlagenbau
14   GmbH & Co. KG, Eisenmann Anlagenbau             Filed Under Seal
     Verwaltung GmbH, Eisenmann Corporation,
15   ISM Vuzem d.o.o., ISM Vuzem USA, Inc.,          Hon. Lucy H. Koh
     Vuzem USA, Inc., Robert Vuzem, Ivan
16   Vuzem, Gregurec Ltd, Daimler AG,                Jury trial demanded
     Mercedes-Benz U.S.
17   International, Inc., Bayerische Motoren
     Werke, CiTic Dicastal Co., Ltd., Volkswagen
18   and Does 1 through 50,

19                   Defendants.
     _____/
20
            COMES NOW Plaintiff Gregor Lesnik on behalf of the United States of America
21
     and alleges against Defendants, and each of them, as follows:
22
                           **I. GENERAL ALLEGATIONS**
23
                         **A. General Fraudulent Scheme**
24
            1. This is an action to recover damages and civil penalties on behalf of the United
25
     States of America for false and/or fraudulent statements, records, and claims made or
26
     caused to be made by Defendants, as well as their affiliates, departments, subsidiaries,
27
     agents, employees, and co-conspirators, including in not paying the United States of
28

1   America money owed to it, in violation of the federal False Claims Act ("FCA"), 31 U.S.C.
2   §§ 3729 et seq.

3         2.  Defendants and each of them made and used, or knowingly ratified and
4   assisted this making and using, false records and statements to avoid obligations to pay
5   money to the United States, including but not limited to, delivering false and fraudulent
6   documents to the United States to secure illegal visas for their direct and indirect
7   employees to come to the United States; sending alien employees to work in the United
8   States on B-1 visas when such employees did not in fact qualify for B-1 visas, obtaining
9   B-1 visas instead of the more restrictively issued H-B1 visas and L-1B  visas to avoid
10  paying the higher fees required to obtain H-1B and L-1B  visas; employing aliens in full
11  time jobs at client sites in the United States on B-1 visas and not paying to the United
12  States Social Security and Medicare taxes; not obtaining for employees social security
13  numbers thus avoiding Social Security and Medicare taxes; failing to document
14  employees working in the United States; failing to identify cash payments and thus
15  avoiding social security and Medicare taxes; and falsely attesting that employees were
16  authorized to work in the United States.

17        3.  Plaintiff Gregor Lesnik is a former employee of ISM Vuzem d.o.o. who
18  pursuant to the provisions of California Labor Code section 2750.5 was also an
19  employee of each of the other named entity defendants.  Plaintiff Gregor Lesnik worked
20  at the Tesla plant in Fremont California, and had been contemplated by defendants to be
21  assigned to work at other locations in Michigan and South Carolina before May 16, 2015
22  when he was injured.  Plaintiff Gregor Lesnik was given a B-1 visa based on
23  representations by Robert Keller of Eisenmann Corporation, on behalf of each of the
24  defendants, which was made to obtain from the United States a B-1 visa to obtain entry
25  to work in the United States, that Gregor Lesnik would work as a supervisor of electrical
26  and mechanical installation

27        4.  The November 5, 2014 dated letter by Robert Keller of Eisenmann Corporation
28

1   was addressed to the United States Consulate.  This letter represented that Gregor

2   Lesnik would be hired because of his specialized knowledge and long history of working

3   with Eisenmann equipment and process systems to work in the United States at an

4   automotive plant at which Eisenmann Corporation was managing construction activities.

5   Gregor Lesnik in fact had never worked on any Eisenmann project, material or

6   equipment, and Mr. Keller, Eisenmann Corporation, the Vuzem entities, and all of the

7   named defendants, knew that Gregor Lesnik did not have specialized knowledge and a

8   long history of installing Eisenmann equipment and process systems.  Gregor Lesnik at

9   that time had just been hired by ISM Vuzem d.o.o. and had not worked on any

10   Eisenmann project.

11       5. ISM Vuzem d.o.o. by as yet unknown management personnel working out of

12   offices in Zavrc, Slovenia, on its own behalf and on behalf of all named defendants made

13   in November of 2014 further written representations to the United States that Gregor

14   Lesnik would be a supervisor of electrical and mechanical installation at a BMW project

15   in South Carolina working for Defendant Gregurec Ltd.  Gregor Lesnik in fact was not

16   hired to be a supervisor, did not work as a supervisor, and did not work for Gregurc Ltd.

17       6. Defendants further represented that Gregor Lesnik would work in South

18   Carolina, being the address of ISM Vuzem USA, Inc.  Gregor Lesnik in fact was assigned

19   to work in Fremont, California.  He did not work on the project, or at the time, or under

20   the company, or at the residence location, stated in the defendants' written

21   representations to the United States.

22       7. Plaintiff has intimate knowledge of the above details and the documents given

23   to him.  Further, based on his work in Fremont, California he became aware that

24   Eisenmann Corporation and subcontractors including ISM Vuzem d.o.o. made the same

25   false written representations to the United States on behalf of every one of more than

26   200 individuals who were similarly situated to Gregor Lesnik in being hired to work for

27   subcontractors, including more than 150 to work under Vuzem entities as subcontractor,

28

1  for work at the Tesla site in Fremont, California.  This also included individuals to work
2  under Gregurec, Ltd., an English business entity, Slovenian based companies LB metal
3  d.o.o., aka Mos LB Metal d.o.o. and D2N Tehnologije d.o.o. aka D2N d.o.o., and German
4  based entity Durr AG.  Plaintiff is informed and believes and thereon alleges that this
5  also includes individuals to work under Primiko, d.o.o., a Croatia based entity.  All other
6  than a handful of actual supervisors did not qualify for B-1 visas, even though the
7  defendants represented to the United States that literally hundreds of workers were all
8  supervisors.

9      8.  Defendants' knowing submission of false and fraudulent claims for payment
10  constitutes a violation of the FCA, 31 U.S.C. §§ 3729 et seq.

11      9.  The practices of the Defendants as set forth herein of employing illegally
12  documented aliens to work on clients sites under improper visas in contravention of
13  federal law also is costing American citizens jobs.

14      10.  Defendants are carrying this illegal conduct to increase their profits.

15      11.  Defendants by this scheme knowingly concealed, avoided or decreased their
16  obligations to pay or transmit money or property to the Government, thus causing the
17  United States to sustain a direct loss of funds and damage to its interests.

18      12.  Defendants have not completely ceased their misconduct.  To the extent any
19  such misconduct continues, Relator intends that this Complaint address and remedy it.

20                              **B. The False Claims Act**

21      13.  Defendants' conduct alleged in this Complaint violates the federal False
22  Claims Act, 31 U.S.C. §§ 3729 et seq.  The federal False Claims Act was originally
23  enacted during the Civil War.  Congress substantially amended the Act in 1986 to
24  enhance the ability of the United States Government to recover losses sustained due to
25  fraud against it.  Congress amended the Act after it found that fraud in federal programs
26  was pervasive and that the Act, which Congress characterized as the primary tool for
27  combating government fraud, was in need of modernization.  Congress intended the

28

1   amendments to create incentives for individuals with knowledge of fraud against the

2   Government to disclose the information without fear of reprisals or Government inaction

3   and to encourage the private bar to commit legal resources to prosecuting fraud on the

4   Government's behalf.

5       14. The FCA establishes liability to the United States for "any person," whether an

6   individual or an entity, who "knowingly presents, or causes to be presented, a false or

7   fraudulent claim for payment or approval," or "knowingly makes, uses, or causes to be

8   made or used, a false record or statement material to a false or fraudulent claim." Id. §

9   3729(a)(1)(A)-(B). "Knowingly" is defined to include actual knowledge, reckless

10  disregard, and deliberate indifference. Id. § 3729(b)(1). No proof of specific intent to

11  defraud is required. Id. Any person who violates the FCA is liable for a civil penalty of up

12  to $11,000 for each violation, plus three times the amount of the damages the United

13  States sustains. Id. § 3729(a)(1).

14      15. In May 2009, Congress amended and renumbered the False Claims Act

15  pursuant to Public Law 111-21, the Fraud Enforcement and Recovery Act of 2009

16  ("FERA"). Section 3279(a)(1)(B) was formerly section 3729(a)(2) and applies to

17  Defendants' conduct for the entire time period alleged in the Complaint by virtue of

18  Section 4(f) of FERA. Section 3279(a)(1)(A) (formerly section 3729(a)(1)) of the FCA

19  prior to FERA, and as amended in 1986, applies to conduct on or after May 20, 2009.

20      16. Section 3729(a)(1) of the pre-FERA FCA provides that any person who

21  "knowingly presents, or causes to be presented, to an officer or employee of the United

22  States Government or a member of the Armed Forces of the United States a false or

23  fraudulent claim for payment or approval" is liable for "a civil penalty of "not less than

24  $5,000 and not more than $10,000, . . plus 3 times the amount of damages which the

25  Government sustains because of the act of that person."

26      17. The FCA allows any person having information about an FCA violation to

27  bring an action on behalf of the United States and to share in any recovery. The FCA

28

1  also awards reasonable attorneys' fees and costs to the prevailing qui tam plaintiff as a

2  matter of right. Id. § 3730(d).  The FCA requires the Complaint be filed under seal for a

3  minimum of 60 days (without service on the defendant during that time) to allow the

4  government time to conduct its own investigation and to determine whether to join the

5  suit.

6                                    **C.  Jurisdiction**

7         18.  The Court has subject matter jurisdiction to entertain this action under 28

8  U.S.C. § 1331, 28 U.S.C. § 1367, and 31 U.S.C. § 3732, the last of which confers

9  jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730.

10  Under 31 U.S.C. § 3730(e), there has been no statutorily relevant public disclosure of the

11  "allegations or transactions" in this complaint.

12         19.  The Court may exercise personal jurisdiction over Defendants pursuant to 31

13  U.S.C. § 3732(a), which authorizes nationwide service of process, and because

14  Defendants have minimum contacts with the United States.  Moreover, Defendants can

15  be found in, reside, and/or transact or have transacted business in this District.

16                                     **D.  Venue**

17         20.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1395(a), and

18  31 U.S.C. § 3732(a) because Defendants can be found in and/or transact or have

19  transacted business in this District.  At all times relevant to this Complaint, Defendants

20  regularly conducted substantial business, maintained employees, and/or made

21  significant sales in this District.  In addition, statutory violations, as alleged in this

22  Complaint, occurred in this District.

23                                    **E.  Parties**

24         21.  Plaintiff Gregor Lesnik is, and at all times mentioned herein has been, an

25  individual residing in the Slovenia.

26         22.  Plaintiff is informed and believes and thereon alleges that defendant ISM

27  Vuzem USA, Inc. is a business entity holding itself out to be a South Carolina corporation

28

1 │ with its principal place of business at 1600 Azalea Hill Drive, Unit 304 Greenville, SC

2 │ 29607. Plaintiff is informed and believes and thereon alleges that defendant ISM Vuzem

3 │ USA Inc. was at all relevant times on or before June of 2015 a wholly owned domestic

4 │ subsidiary of ISM Vuzem, d.o.o. Plaintiff is informed and believes and thereon alleges

5 │ that ISM Vuzem USA Inc. was at various times during the actions alleged herein

6 │ dissolved involuntarily for failure to comply with requirements for corporations under

7 │ South Carolina law.

8 │ 23. Defendant ISM Vuzem USA, Inc. was during the time period of March through

9 │ May of 2015 an employer of Plaintiff Gregor Lesnik both because it had the right to

10 │ control his work and related activities, because it provided some of the compensation for

11 │ Gregor Lesnik, and because Gregor Lesnik was between March of 2015 and May 16,

12 │ 2015 performing services for defendant which required a license under Chapter 9

13 │ (commencing with Section 7000) of Division 3 of the California Business and Professions

14 │ Code.

15 │ 24. Plaintiff is informed and believes and thereon alleges that defendant Vuzem

16 │ USA Inc. is a business entity of unknown type holding itself out to be a California

17 │ corporation with its principal place of business at 965 West 11th St. #2, San Pedro, CA

18 │ 90731. Plaintiff is informed and believes and thereon alleges that defendant Vuzem

19 │ USA Inc. is and at all relevant times mentioned herein has held itself out to be a wholly

20 │ owned domestic subsidiary of ISM Vuzem, d.o.o.

21 │ 25. Plaintiff is informed and believes and thereon alleges that Defendant Vuzem

22 │ USA, Inc. was set up to be the exclusive service and materials supplier in California for

23 │ ISM Vuzem, d.oo., performing the following activities in connection with construction

24 │ projects which ISM Vuzem, d.o.o. contracts to perform: HVAC mechanical, welding, pipe

25 │ fitting, assembly, marketing, processing invoices, and receiving of all customer

26 │ complaints and accident reports for California. Plaintiff is informed and believes and

27 │ thereon alleges that Vuzem USA, Inc. is or was the general manager in California of ISM

28

1   Vuzem d.o.o.

2        26.  Defendant Vuzem USA, Inc. is an employer of Plaintiff Gregor Lesnik

3   because Gregor Lesnik was between March of 2015 and May 16, 2015 performing

4   services for defendant including on behalf of ISM Vuzem d.o.o. and ISM Vuzem USA,

5   Inc. which required a license under Chapter 9 (commencing with Section 7000) of

6   Division 3 of the Business and Professions Code.

7        27.  Plaintiff is informed and believes and thereon alleges that defendant ISM

8   Vuzem d.o.o., aka ISM VUZEM inženiring, storitve, montaža d.o.o., is a Slovenian

9   business entity with its principal place of business at Goricak 4, 2283 Zavrc, Slovenija.

10       28.  Defendant ISM Vuzem d.o.o. was at all times mentioned herein a direct

11  employer of Gregor Lesnik pursuant to a November 13, 2014 dated Pogodbo O

12  Zaposlitvi (employment agreement).  Defendant ISM Vuzem d.o.o. was also an employer

13  of Plaintiff Gregor Lesnik both because it had the right to control his work and related

14  activities and did control his work and related activities and because Gregor Lesnik was

15  between March of 2015 and May 16, 2015 performing services for defendant which

16  required a license under Chapter 9 (commencing with Section 7000) of Division 3 of the

17  Business and Professions Code.

18       29.  Defendant Eisenmann Corporation also known as Eisenmann Corporation

19  USA holds itself out to be a Delaware corporation with its principal place of business at

20  150 E Dartmoor Dr., Crystal Lake, IL 60014

21       30.  Defendant Eisenmann Corporation had supervisors that came from time to

22  time to take a look to see how the work performed by Gregor Lesnik and the other

23  similarly situated alien "B-1" workers was progressing and to assess it.  Further,

24  Eisenmann Corporation through multiple employees and agents provided instructions to

25  Gregor Lesnik.

26       31.  Defendant Eisenmann Corporation by its authorized Purchasing Manager

27  Robert Keller made the written representations in the letter dated November 5, 2014

28

1  referenced in paragraphs 3 and 4, above.

2      32. Defendant Eisenmann Corporation is an employer of Plaintiff Gregor Lesnik

3  because it had the right to control his work and related activities, because it gave some

4  instructions to Gregor Lesnik in his work activities and reserved the right to give

5  instructions, and because Gregor Lesnik was between March of 2015 and May 16, 2015

6  performing services for defendant which required a license under Chapter 9

7  (commencing with Section 7000) of Division 3 of the Business and Professions Code.

8      33. Defendant Eisenmann SE is a German entity with its principal place of

9  business at Tübinger Str. 81, 71032 Böblingen, Germany. Defendant Eisenmann SE

10 represents that it is a holding company of the Eisenmann Group and that it holds one

11 hundred percent of the shares of Eisenmann Anlagenbau GmbH & Co. KG.

12     34. Plaintiff is informed and believes and thereon alleges that Defendant

13 Eisenmann SE acted through its subsidiary Eisenmann Corporation in the matters

14 alleged herein.

15     35. Plaintiff is informed and believes and thereon alleges that Defendant

16 Eisenmann SE is an employer of Gregor Lesnik because it acted through its owned

17 subsidiaries Eisenmann Anlagenbau GmbH & Co. KG, Eisenmann Anlagenbau

18 Verwaltung GmbH and Eisenmann Corporation to have the right to control his work and

19 related activities and because Gregor Lesnik was between March of 2015 and May 16,

20 2015 performing services which required a license under Chapter 9 (commencing with

21 Section 7000) of Division 3 of the Business and Professions Code.

22     36. Plaintiff is informed and believes and thereon alleges that defendant

23 Eisenmann Anlagenbau GmbH & Co. KG is a German entity in the form of a limited

24 partnership. Among other things, GmbH or "Gesellschaft mit beschrankter Haftung" and

25 KG or "Kommanditgesellschaft" means that it is a limited partnership with its sole general

26 partner being a limited liability company.

27     37. Plaintiff is informed and believes and thereon alleges that Defendant

28

1  Eisenmann Anlagenbau GmbH & Co. KG acted directly and also acted indirectly through

2  its subsidiary Eisenmann Corporation in the maters alleged herein.

3      38.  Plaintiff is informed and believes and thereon alleges that Defendant

4  Eisenmann Anlagenbau GmbH & Co. KG is an employer of Gregor Lesnik because

5  Gregor Lesnik was between March of 2015 and May 16, 2015 performing services for

6  defendant which required a license under Chapter 9 (commencing with Section 7000) of

7  Division 3 of the Business and Professions Code.

8      39.  Plaintiff is informed and believes and thereon alleges that defendant

9  Eisenmann Anlagenbau Vertvaltuilg GmbH is a German entity which is the general

10  partner of  Defendant Eisenmann Anlagenbau GmbH & Co. KG and is identified under

11  German law as having unlimited liability for the actionable wrongs and breaches of

12  contract of the limited partnership Eisenmann Anlagenbau GmbH & Co. KG.

13      40.  Plaintiff is informed and believes and thereon alleges that Defendant

14  Eisenmann Anlagenbau Vertvaltuilg GmbH acted through its affiliated entity Eisenmann

15  Corporation in the matters alleged herein.

16      41.   Plaintiff is informed and believes and thereon alleges that Robert Vuzem is a

17  resident of Slovenia.

18      42.  Plaintiff is informed and believes and thereon alleges that Ivan Vuzem is a

19  resident of Slovenia.

20      43.  Plaintiff is informed and believes and thereon alleges that Ivan Vuzem and

21  Robert Vuzem are the owners of ISM Vuzem d.o.o. and in turn of each of ISM Vuzem

22  USA, Inc. and of Vuzem USA, Inc.  Plaintiff is informed and believes and thereon alleges

23  that between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., ISM Vuzem

24  USA, Inc., and Vuzem USA, Inc. there is such a unity of interest and ownership between

25  the entities and their equitable owners that the separate personalities of the entities and

26  the owners do not in reality exist.  Further, an inequitable result will be reached for the

27  wrongful acts alleged herein if they are treated as those of the entities alone.  Plaintiff is

28

1   informed and believes and thereon alleges that each of Ivan Vuzem, Robert Vuzem, ISM

2   Vuzem d.o.o., ISM Vuzem USA, Inc. and Vuzem USA, Inc. have commingled funds and

3   other assets, each of the entities has held itself out to be liable for the debts of the

4   others, there is identical equitable ownership in all of the entities, the entities use the

5   same offices and employees, and the individuals and entities each use each other as

6   mere shells or conduits for the affairs of each other.  Further, ISM Vuzem USA, Inc. has

7   been inadequately capitalized, each entity has been without necessary insurance to

8   cover liabilities of each, there has been a disregard of corporate formalities, there has

9   been a lack of segregation of corporate records, there has been a lack of segregation of

10  corporate contracts and agreements, and they have identical directors and officers.

11  Adherence to the fiction of the separate existence of Defendants ISM Vuzem d.o.o., ISM

12  Vuzem USA, Inc., and Vuzem USA, Inc. as entities distinct from Defendants Robert

13  Vuzem and Ivan Vuzem and other entities they control would permit an abuse of the

14  corporate privilege, sanction fraud, and promote injustice.

15       44.  Defendant Tesla Motors, Inc. is and at all times mentioned herein was a

16  Delaware corporation.

17       45.  Defendant Tesla Motors, Inc. is an employer of Plaintiff Gregor Lesnik both

18  because it had the right to control his work and related activities and because Gregor

19  Lesnik was between March of 2015 and May 16, 2015 performing services for defendant

20  which was required to obtain a license required under Chapter 9 (commencing with

21  Section 7000) of Division 3 of the Business and Professions Code.  Among other things,

22  Tesla Senior EHS Engineer Bobby Gonzales provided instructions to Gregor Lesnik,

23  Tesla prepared, and maintained, all job hazard forms for work at the Tesla site.  Among

24  other things, none of defendants ISM Vuzem, d.o.o., ISM Vuzem USA, Inc., Vuzem USA,

25  Inc., Gregurec Ltd., Eisenmann SE, Eisenmann Corporation, Eisenmann Anlagenbau

26  GmbH & Co. KG, Eisenmann Anlagenbau Verwaltung GmbH or Tesla Motors, Inc. held

27  at any time between March of 2015 and May 16, 2015 a license as required pursuant to

28

1   Chapter 9 (commencing with Section 7000) of Division 3 of the Business and

2   Professions Code for the services provided during that time period by Gregor Lesnik.

3   Among other things, Tesla Motors, Inc. cancelled prior to the time of the events at issue

4   herein its license previously issued by the California Contractors State Licensing Board,

5   and Tesla obtained hundreds of construction permits from the City of Fremont, meaning

6   that it knew the work being done by workers such as Gregor Lesnik were of construction

7   work by unlicensed workers.  Further, Defendant Tesla Motors, Inc. copied the passport

8   and visa cards for Gregor Lesnik, and for all Vuzem employees, at the time that it took

9   photographs for and issued a two sided 'Contractor Safety Card' and a one sided 'Tesla

10  Motors Subcontractor' identification card for Gregor Lesnik and for all Vuzem employees.

11       46.  Defendant Gregurec Ltd is an English business entity, with its principal place

12  of business at 226 St. Leonards Road, Horsham, RH13 6AU.

13       47.  Defendant Daimler AG is a German Aktiengesellschaft (joint-stock company)

14  business entity, doing business as Mercedes-Benz, Mercedez-Benz USA, and

15  Mercedes-Benz U.S. International, Inc., with its corporate headquarters and principal

16  place of business at Mercedesstr. 137, 70327 Stuttgart, Baden-Württemberg, Germany.

17       48.  Defendant Mercedes-Benz U.S. International, Inc. is an Alabama corporation

18  and affiliate of Daimler AG, of Stuttgart, Germany, with its principal office and place of

19  business at 1 Mercedes Drive, Vance, Alabama 35490.

20       49.  Defendants Daimler AG and Mercedes-Benz U.S. International, Inc. did

21  support and assist and continue to support and assist the hiring and employment by

22  Eisenmann entities of Vuzem employees, and employees of other foreign business

23  entities, under visas it knew were fraudulently obtained, for expanding its production

24  facility in Tuscaloosa, Alabama.

25       50.  Plaintiff is informed and believes and thereon alleges that Defendants Daimler

26  AG and Mercedes-Benz U.S. International, Inc. did support and assist and continue to

27  support and assist the hiring and employment by Eisenmann entities of Vuzem

28

1  employees, and employees of other foreign business entities, under visas that

2  Defendants Daimler AG and Mercedes-Benz U.S. International, Inc. knew were

3  fraudulently obtained, at the new paint shop and body shop at 8501 Palmetto Commerce

4  Parkway, North Charleston, South Carolina.

5       51.  Defendant Bayerische Motoren Werke is a German Aktiengesellschaft

6  business entity, doing business as BMW, with its principal place of business with its

7  principal place of business at Petuelring 130; Munich, Germany.

8       52.  Plaintiff is informed and believes and thereon alleges that Defendant

9  Bayerische Motoren Werke did support and assist and continue to support and assist the

10  hiring and employment by Eisenmann entities of Vuzem employees, and employees of

11  other foreign business entities, under visas it knew were fraudulently obtained, at the

12  vehicle assembly facility of BMW in Greer and Spartanburg South Carolina.

13       53.  Defendant CiTic Dicastal Co., Ltd. is a (mainland) Chinese business entity,

14  doing business as CiTic Dicastal Wheel Manufacturing Co., Ltd. and CITIC Dicastal

15  North America, Inc., with its principal place of business at No. 185, Longhai Road,

16  Funing, Qinhuangdao, He Bei Province, China, and with its principal place of business in

17  the United States at 1 Dicastal Drive Greenville, Michigan.

18       54.  Plaintiff is informed and believes and thereon alleges that Defendant CiTic

19  Dicastal Co., Ltd. did support and assist and continue to support and assist the hiring

20  and employment by Eisenmann entities of Vuzem employees, and employees of other

21  foreign business entities, under visas it knew were fraudulently obtained, at the vehicle

22  wheel production facility at the site of the former United Solar Ovonic LLC (Uni-Solar)

23  campus in Greenville, Michigan.

24       55.  Defendant Volkswagen is a German Aktiengesellschaft business entity, doing

25  business as Volkswagen of America, Inc., with its headquarters at Volkswagen

26  Aktiengesellschaft VHH, 2nd Floor, PO Box 1849, D-38436 Wolfsburg, Germany.

27       56.  Plaintiff is informed and believes and thereon alleges that Defendant

28

1   Volkswagen did support and assist and continue to support and assist the hiring and

2   employment by Eisenmann entities of Vuzem employees, and employees of other

3   foreign business entities, under visas it knew were fraudulently obtained, at the vehicle

4   production facility in Chattanooga, Tennessee.

5        57.  Relator does not presently know the complete involvement in the matters

6   alleged herein and / or identities of the remaining Doe Defendants who have knowingly

7   submitted or participated in the submission of false and fraudulent claims to the

8   government.  For example, given that the work by workers at job sites extended to

9   Michigan, South Carolina and California that Plaintiff is directly aware of, and to

10  Alabama, New York, Washington and Illinois - and to other facilities in Michigan and

11  South Carolina - as Plaintiff has been advised of, and that the visa applications were

12  stated by the defendants to be for work under different entities, such as Gregurec, Ltd.,

13  and that Relator does not know all of the companies hired by the Eisenmann entities,

14  Relator potentially does not yet know all of the owners, operators, and persons

15  responsible, or all of the potential holding companies and affiliated entities answerable

16  for the alleged conduct and their involvement in the matters alleged herein.  Further

17  information on the details and extent of the fraud the Doe Defendants committed and of

18  the Doe Defendants' involvement are contained within Defendants' records.

19       58.  Plaintiff is informed and believes, and so alleges, that Defendants, and each

20  of them, were at all times herein mentioned, and now are, the agents, servants,

21  employees, and representatives of their co-defendants, were acting within the scope,

22  purpose, and authority of such agency, service, employment, and representation, made

23  such actions - and withheld from actions - with the permission, knowledge, and consent

24  of their co-defendants, and acted each acted with actual knowledge, deliberate

25  ignorance of the truth or falsity, or reckless disregard of the truth or falsity of the

26  information presented to the United States.  Each defendant which is an affiliated

27  instruction of the other defendants "orchestrated, either directly or indirectly" the false

28

1  claims submitted by affiliated institutions.

2  **F. Factual Background and Regulatory Framework**

3      59.  Section 1324 of Title 8 of the United States Code provides that it is unlawful

4  for a person or other entity to hire, or to recruit or refer for a fee, for employment in the

5  United States an alien knowing the alien is an unauthorized alien (as defined in

6  subsection (h)(3) of section 1324) with respect to such employment, or to hire, or to

7  recruit or refer for a fee, for employment in the United States an individual without

8  complying with the requirements of truthfully attesting under penalty of perjury that the

9  alien is authorized under visa provisions to work or to continue to employ the alien in the

10  United States knowing the alien is (or has become) an unauthorized alien with respect to

11  such employment.  Further, the Immigration Reform and Control Act of 1986 (IRCA)

12  Pub.L. 99–603, 100 Stat. 3445, requires employers to attest to their employees'

13  immigration status.  Regulations issued pursuant to this act require "employers" including

14  those hiring "subcontractors" to obtain visa documentation and to complete and verify

15  under penalty of perjury on an I-9 form the completeness and accuracy of the workers

16  immigration status.

17      60.  The B-1 visa is a non-immigrant visa that allows a foreign national to

18  temporarily enter the United States for business purposes.  Business purposes entail

19  activities such as: consulting with business associates; traveling for business

20  conventions; negotiating a contract; participating in short term training; and certain other

21  activities of a temporary nature incident to international trade or commerce.  It does not

22  include local employment or labor for hire.  Pursuant to law and regulations, B-1 visa

23  holders may not perform skilled or unskilled labor.   B-1 visas are valid for ten years.  The

24  application fee for a B-1 visa is approximately $500.

25      61.  The Immigration and Nationality Act states that a B-1 visa holder may not

26  come to the United States to perform skilled or unskilled labor.  The controlling Code of

27  Federal Regulation states that the term "business" as used by a B-1 visa holder does not

28

1  include local employment or labor for hire.  The governing policies within the Department

2  of State's Foreign Affairs Manual and the Department of Homeland Security's Inspector's

3  Field Manual interpret permissible B-1 activities as an alien coming to the United State to

4  engage in commercial transactions (e.g., buying or selling) that do not involve gainful

5  employment in the United States; to negotiate contracts; to consult with business

6  associates, including attending meetings of the Board of Directors of a U.S. corporation;

7  to litigate; to participate in scientific, educational, professional, or business conventions,

8  conferences or seminars; or to undertake independent research.  The U.S. Department

9  of State, Foreign Affairs Manual and Handbook, at section 402.2-5 states that aliens who

10  desire to enter the United States for business and who are otherwise eligible for visa

11  issuance may be classifiable as nonimmigrant B1 visitors provided they meet the criteria

12  described in 9 FAM 402.2-5 (B) through (F).  Engaging in business contemplated for B1

13  visa classification generally entails business activities other than the performance of

14  skilled or unskilled labor.  All controlling statutes and regulations state that the issuance

15  of a B1 visa is not intended for the purpose of obtaining and engaging in employment

16  while in the United States.

17      62.  The principal place of business of Eisenmann Corporation is in the United

18  States.  Materials and supplies for installation on the project that Gregor Lesnik worked

19  on in California and for the projects that he would have been assigned to work on in

20  Michigan and in South Carolina came from the United States.  The work done by Gregor

21  Lesnik and by the similarly situated "B-1" workers was in the United States.  The work

22  done by  Gregor Lesnik and by the similarly situated "B-1" workers did not require

23  specialized knowledge essential to the Eisenmann entities' obligations.  Remuneration

24  was paid under the table and from United States sources.   Gregor Lesnik and the

25  similarly situated "B-1" workers performed building and construction work.  Gregor Lesnik

26  and the similarly situated "B-1" workers - other than a few individuals - were not

27  supervisors.

28

1    63. Defendants took, and knowingly assisted the taking, among other things, the

2  following unlawful actions in furtherance of this unlawful scheme:

3    a. defendants submitted "invitation letters" to U.S. Consular Officials that

4  contained materially false representations regarding the true purpose of a B-1 visa

5  holder's travel in order to deceive U.S. Consular Officials and/or Customs and Border

6  Protection Officers and secure entry of the visa holder into the United States.  These

7  "invitation letters" stated that the purpose of travel was for a "supervisor" with "specialized

8  experience" to provide services that could not be provided by United States citizens,

9  when the true purpose was to engage in activities not authorized under a B-1 visa.  The

10  November 5, 2014 letter from Robert Keller submitted to U.S. Consular Officials in order

11  to mislead the officials is one such example;

12    b. defendants gave directions regarding the avoidance of certain terminology, the

13  avoidance of contract terms, and the use of misleading job titles, in order to secure entry

14  of the visa holder into the United States.  Among other things, defendants directed

15  foreign nationals to inform U.S. Consular Officials and/or Customs and Border Protection

16  Officers that their destination in the United States was the same as that provided in an

17  introduction letter; however, defendants knew that the foreign nationals had been hired to

18  be assigned to other destinations in the United States.  Among other things, defendants

19  directed foreign nationals to inform U.S. Consular Officials and/or Customs and Border

20  Protection Officers that they would work as supervisors - even though the foreign

21  nationals had been told after hiring and before entry to the United States that they would

22  not work in the United States as supervisors.  Defendants in so doing "caused"

23  submission of false claims and false information by instructing employees how to falsify

24  information;

25    c. defendants stated in "invitation letters" different named entities so as to conceal

26  the number of "supervisors" hired.  The reference to "Gregurc Ltd" on the November 5,

27  2014 letter by Robert Keller to the United States Consulate is one example of this;

28

d.  defendants intentionally chose to not obtain licenses issued by the State of California or other states or local governments so as to conceal the fact that the workers were employed to provide construction services.  Among other things, none of Eisenmann SE, Eisenmann Anlagenbau GmbH & Co. KG, Eisenmann Anlagenbau Verwaltung GmbH, Eisenmann Corporation, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., or Vuzem USA, Inc. hold or held contractors licenses issued by the State of California, required for work at the Tesla plant in Fremont, California;

e.  defendants made false representations about license status and employees so as to conceal the fact that the workers were employed to provide construction services. For example, the California State Licensing Board did issue Contractor License # 566486 to "VUZEM USA COMPANY."  Licensed principal "BRONCO TOMASOVIC" represented to the CSLB that this was a sole proprietorship.  Licensed principal "Bronco Tomasovic" also represented that this company did not need workers compensation insurance because it had no employees.  "Bronco Tomasovic" is believed to also be known as "BRANKO TOMAS."  Branko Tomas is the agent for service of process of "ISM Vuzem USA, Inc." with an address of 1600 Azalea Hill Drive, Unit 304, Greenville, SC 29607. Branko Tomas is also the agent for service of process of "Vuzem USA, Inc." with an address of 965 West 11th St. #2, San Pedro, CA 90731.  Significant is that this licensee is not a corporation, is not the same legal entity as any of the named defendants herein, and - regardless of the correct name or legal designation - it knowingly and intentionally stated that it had no employees;

f.  defendants provided assistance in locating and providing worker housing, work site trailers for management and supervisors, and contracts for construction, employment and hiring;

g.  defendants provided and supported security pass access to each work site using information from hundreds of workers visa and passport information, which, among other things, limited public viewing and access to each work site; and

h. defendants prepared, signed and submitted false Form I-9 for those "general contractor's employees", or "subcontractor's employees", or otherwise characterized site construction workers whose employment lasted more than three days. This includes the failure of defendants, and of their authorized agents, to list in their prepared, signed and submitted Form I-9s the fact of employment at many work sites of literally hundreds of workers who defendants knew could not all have legitimately issued B1 visas. This includes at the Tesla facility in Fremont, California, the Mercedes Benz plant in Tuscaloosa, Alabama, the BMW plant in South Carolina, and the Dicastale facility in Greenville, Michigan. This includes the failure to document verification of the identity and employment authorization of each such employee similarly situated to Gregor Lesnik, including proper Alien Registration Number(s). Plaintiff is informed and believes and thereon alleges that some or all of the defendants herein failed for at least a great number of persons similarly situated to Gregor Lesnik to retain with Form I-9s the originals or copies of Acceptable Documents of all or many of such workers, thus making photocopies of Acceptable Documents unavailable for inspection by DHS or other federal government agency.

64. Defendants in furtherance of this scheme also wrote and revised contracts with each other, and with their clients, in order to conceal the fact that the defendants were providing B-1 visa holders to perform jobs that involved skilled or unskilled labor that were otherwise required to be performed by United States citizens or require legitimate H-1B visa holders. One example was the series of contracts for work at the Tesla plant in Fremont, California. These included:

a. Eisenmann Corporation prepared on or about April 1, 2002 a version of its Eisenmann Subcontractor General Terms and Conditions which it represents applies to its relationship with ISM Vuzem USA, Inc., and with other subcontractors who provided services and materials at the Tesla site in Fremont, California;

b. On or about June 6, 2014 Tesla Motors, Inc., by Peter Carlson, and

1   Eisenmann Anlagenbau GmbH & Co KG by Bruno Casorati entered into an agreement

2   titled "General Terms and Conditions" for work at the Tesla site.  Robert Keller,

3   Purchasing Manager for Eisenmann Corporation, has stated that the agreement

4   generally described Tesla Motors, Inc.'s agreement to purchase, and Eisenmann

5   Anagenbau GmbH & Co KG's agreement to sell, goods and services related to the

6   design, engineering, and manufacturing of equipment for the application of automotive

7   paint in the manufacturing process at the Tesla Motors facility located in Fremont,

8   California.  This agreement provided, among other things, that Eisenmann Corporation -

9   a United States entity - was to provide safety supervisors to assist in providing a safe

10  working environment for workers at the Tesla site;

11       c.  On or about June 9, 2014 a "Purchase Order" was submitted by ISM Vuzem

12  USA, Inc. - a United States entity - to Eisenmann Corporation - another United States

13  entity;

14       d.  On or about July 24, 2014 a Purchase Order was agreed to between

15  Eisenmann Anlagenbau GmbH & Co KG and Tesla Motors, Inc. for Body Paint Shop -

16  Phase 1;

17       e.  On or about July 25, 2014 a Statement of Work was executed by Deepak

18  Ahuja, CFO on behalf of Tesla Motors, Inc., by Gabriele DiFuria, Sales Manager, and

19  Bruno Casorati, Senior Vice President on behalf of Eisenmann Anlagenbau GmbH & Co

20  KG and by Dr. Link (? Sp) Lebman, Chairman, on behalf of Eisenmann Corporation;

21       f.  On or about July 25, 2014 a Purchase Order was executed between

22  Eisenmann Corporation and Tesla Motors, Inc.;

23       g.  On or about September 29, 2014 a Minutes of Meeting was prepared for an

24  agreement between Tesla Motors, Inc., ISM Vuzem USA, and Eisenmann Corporation

25  for Mechanical Installation.  These minutes were initialed on each page by a

26  representative of Subcontractor ISM Vuzem USA and by a representative of Eisenmann.

27  This asserts an agreement reached for mechanical installation.  The MOM identified

28

1   multiple other Contract Documents which were incorporated in to the MOM and each

2   Purchase Order.  The MOM states it is for the intention of Eisenmann to engage

3   Subcontractor to provide labor, equipment, consumables and services for paint shop

4   projects (the "'Work") for Owner Tesla Motors, Inc.  Robert Keller has identified it as

5   generally describing Eisenmann's intention to engage ISM Vuzem USA to provide labor

6   for the installation of a paint shop at the Tesla Motors, Inc. facility located in Fremont,

7   California.  The identified attendees for the Minutes of Meeting were Klemen Vuzem for

8   Subcontractor ISM Vuzem USA, and Anton Borovac, Frank Ziegler, Matthias Heydlauff,

9   and Bernd Strumberger for Eisenmann, said minutes having been prepared by Frank

10  Ziegler of Eisenmann.  The MOM was executed by Frank Ziegler and Robert Keller on

11  behalf of Eisenmann Corporation and by Branko Tomas as "Direktor" on behalf of

12  Subcontractor.  Klemen Vuzem is the nephew of Robert Vuzem and was the on site

13  manager for ISM Vuzem d.o.o. at the Tesla site during construction activities by ISM

14  Vuzem d.o.o. at that site.  Branko Tomas is the agent for service of process for both ISM

15  Vuzem USA, Inc. and Vuzem USA, Inc. and is the owner as sole proprietor doing

16  business as Vuzem USA Company which has held a license issued by the California

17  Contractors Licensing Board, a license which has a various times been suspended; and

18          h.  Contract 04-2015, dated on or about January 3, 2015, was entered into

19  between ISM Vuzem d.o.o. and ISM Vuzem USA, Inc. for ISM Vuzem d.o.o. to provide

20  fully qualified engineers for installation of a paintshop at Tesla's Fremont plant.

21          65.  Plaintiff is informed and believes and thereon alleges that Eisenmann

22  Corporation and the other Eisenmann entities have conducted the same visa application

23  procedures for its work sites in the Greater Detroit area, for the Greenville, South

24  Carolina area, for the Chatanooga, Tennessee area, and for the Mobile, Alabama area,

25  as well as for other areas in Illinois, Washington and New York.

26          66.  Plaintiff is informed and believes and thereon alleges that each of the other

27  defendants knew and participated in similar contracts and contractual relationships which

28

1    provided knowledge to each of the defendants of the illegal and impermissible visa

2    application procedures followed by Eisenmann Corporation and the other Eisenmann

3    entities.

4         67.  Plaintiff is informed and believes and thereon alleges that Eisenmann

5    Corporation has conducted the same visa application procedures through other entities

6    which at the Tesla plant in Fremont included workers who Gregor Lesnik met from:

7         Durr AG of Germany with a US division address of 40600 Plymouth Road,

8    Plymouth, MI 48170-4297;

9         LB metal d.o.o., aka Mos LB Metal d.o.o. of Slovenia;

10        D2N Tehnologije d.o.o. aka D2N d.o.o. of Slovenia, and

11        defendant Gregurec Ltd.

12        68. Defendant Gregurec Ltd is mentioned on the November 5, 2014 letter from

13   Robert Keller to the Consulate General of the United States in connection with the B-1

14   visa application for Gregor Lesnik as the employer of Gregor Lesnik.  Defendant

15   Gregurec Ltd is mentioned on many other letters written between 2013 and 2016 by

16   Robert Keller to the Consulate General of the United States in connection with the B-1

17   visa application for other applicants, each of which falsely stated that Gregurec Ltd would

18   be the employer of all of these other applicants, and that all of the applicants would be

19   supervisors.

20        69.  Plaintiff is informed and believes and thereon alleges that Eisenmann

21   Corporation acted on behalf of all defendants to supply workers to work on projects in the

22   United States for defendants BMW, Daimler AG, Mercedes-Benz, and Dicastale - and

23   other companies - as well as for Tesla Motors, Inc.  Other similarly situated Vuzem "B-1"

24   visa workers who worked with Gregor Lesnik had told Gregor Lesnik that they worked at

25   or been stated to next be assigned to work at those projects.  Further, the November 5,

26   2014 letter from Robert Keller to the Consulate General of the United States represented

27   that Gregor Lesnik would be working on an Eisenmann project for BMW in South

28

1  Carolina.

2      70.  Plaintiff Gregor Lesnik was paid some money in cash.  ISM Vuzem d.o.o.

3  asserts it paid Gregor Lesnik $505 US in March by ISM Vuzem d.o.o. supervisors and

4  managers Primo Planovsek and Klemen Vuzem, and $1,282 US in April by by ISM

5  Vuzem d.o.o. supervisors and managers Primo Planovsek, Davorin Hull and Klemen

6  Vuzem.  The Vuzem entities withheld additional payment that was represented would be

7  paid upon completion of work at the project but only upon return to Slovenia.  Gregor

8  Lesnik was not paid the balance of what was promised to him because defendants after

9  "crediting" themselves for the "advance payments" would not pay him the balance on the

10  basis that Gregor Lesnik was injured on the job.

11      71.  The other similarly situated "B-1 visa" workers were also paid in part in cash in

12  California when they worked at the Tesla plant in Fremont, California.  Plaintiff is

13  informed and believes and thereon alleges that the similarly situated "B-1 visa" workers

14  were also paid in part in cash in South Carolina, Michigan and Alabama.

15      72.  The payments in cash were to conceal the true source of payments and the

16  true amounts of payments to Gregor Lesnik and to the other "B-1" workers.

17      73.  These and related actions were part of the scheme which violated the

18  provisions of, among other things, Title 8 of the United States Code, section 1324a

19  concerning the unlawful activities in hiring, recruiting, referral, and employment of aliens

20  in the United States knowing the aliens are or have become unauthorized aliens with

21  respect to such employment.

22      74.  Subsection (f) of Subsection 1324a provides that any person or entity that

23  engages in a "pattern or practice" of violations of subsection (a)(1)(A) or (a)(2) shall be

24  fined not more than $3,000 for each unauthorized alien with respect to whom such a

25  violation occurs, imprisoned for not more than six months for the entire pattern or

26  practice, or both.

27      75.  The actions by defendants evidence regular, repeated and intentional

28

1  activities.

2      76.  The Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA)

3  added a new subsection (e) to Title 8 of the United States Code section 1324c which

4  makes it an offense for any person, in connection with any matter within the jurisdiction

5  of the Immigration and Naturalization Service, to knowingly and willfully fail to disclose,

6  conceal or cover up the fact that such person, on behalf of any other person and for a

7  fee or other remuneration, prepared or assisted in the preparation of a falsely made

8  application for immigration benefits.

9      77.  The actions of defendants, as referenced above, are actions by defendants to

10  affirmatively conceal and cover up their involvement in preparing fraudulent immigration

11  applications.

12      78.  Title 8 of the United States Code, section 1324, subsection (a)(1)(A)(iv)

13  makes it an offense for any person who encourages or induces an alien to come to,

14  enter, or reside in the United States, knowing or in reckless disregard of the fact that

15  such coming to, entry, or residence is or will be in violation of law.

16      79.  Each of the actions of the defendants, as referenced above, are actions that

17  induced Gregor Lesnik and similarly situated "B-1 visa" workers to enter the United

18  States to work pursuant to B-1 visas obtained by fraudulent immigration applications.

19      80.  Title 8 of the United States Code, section1324, subsection (a)(1)(A)(v)

20  expressly makes it an offense to engage in a conspiracy to commit or aid or abet the

21  commission of the foregoing offenses.

22      81.  Title 18 of the United States Code, section 1546, subsection (a) makes it a

23  crime to give a false statement under oath in any document required by the immigration

24  laws or regulations.

25      82.  Each and every of the actions of the defendants stated above violated the

26  provision of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) and (a)(1)(B), which

27  prohibits not only submitting a claim and generating a false record, but also knowingly

28

1   causing a prohibited submission or generation.

2      83.  Each and every of the actions of the defendants stated above were material

3   to the issuance of B1 visas, and of the acceptance of lesser visa application fees,

4   because each of the actions, statements, and omissions caused by defendants had a

5   natural tendency to influence, or be capable of influencing, immigration decisions.

## II. CAUSES OF ACTION

### Count One

### Federal False Claims Act 31 U.S.C. § 3729(a)(1)(A)-(B) (2009)

### against all named Defendants

10     84.  Relator realleges and incorporates by reference the allegations contained in

11  paragraphs 1 through 83 of this Complaint.

12     85.  This is a claim for treble damages and penalties under the False Claims Act,

13  31 U.S.C. § 3729, et seq., as amended in 1986 and again in 2009.

14     86.  The within False Claims Act action is brought within six years of a violation or

15  within three years of the date by which the United States should have known about a

16  violation and up to ten years after the violation.

17     87.  Through the acts described above including as alleged in paragraphs 2

18  through 7 and 22 through 78 of this First Amended Complaint, for all conduct that

19  occurred on or after May 20, 2009, Defendants and each of them, by and through their

20  officers, agents, and employees, knowingly presented or caused to be presented, false

21  or fraudulent claims to the United States Government for payment or approval and/or

22  knowingly concealed, avoided or decreased its obligations to pay or transmit money or

23  property to the Government.  31 U.S.C. § 3729(a)(1)(A) (2009).

24     88.  Through the acts described above, Defendants knowingly made, used, or

25  caused to be made or used, a false record or statement material to a false or fraudulent

26  claim.  31 U.S.C. §§ 3729(a)(1)(B) (2009).

27     89.  Relator cannot now identify all of the false claims and statements under which

28

1  Defendants failed to make payments to the United States and/or knowingly concealed,
2  avoided or decreased their obligations to pay or transmit money or property to the
3  Government.  Relator has no control over such entities and no access to records they
4  possess.
5      90.  The United States Government, unaware of the falsity of the records,
6  statements, and claims that Defendants made or caused to be made, has to date not
7  received the payments due to it by defendants and for which it should have been paid
8  but for Defendants' illegal conduct to knowingly conceal, avoid or decrease their
9  obligations to pay or transmit money or property to the Government.
10      91.  Defendants, and each of them, authorized and ratified all the violations of the
11  False Claims Act committed by their various officers, agents, and employees.
12      92.  Defendants and each of them knowingly presented, or caused to be
13  presented, false or fraudulent claims for payment or approval to the United States,
14  including the avoidance of payment of fee, costs and obligations to transmit money or
15  property to the government.
16      93. Said claims and false information in avoidance of payments were presented
17  with actual knowledge of their falsity, or with reckless disregard or deliberate ignorance of
18  whether or not they were false.
19      94.  Defendants have damaged, and continue to damage, the United States in a
20  substantial amount to be determined at trial as a direct, legal and proximate result of the
21  violations of the False Claims Act by defendants, and each of them.
22      95.  By virtue of the false or fraudulent claims that Defendants made or caused to
23  be made, the United States suffered damages and therefore is entitled to treble
24  damages under the False Claims Act, to be determined at trial, plus civil penalties of not
25  less than $5,500 and up to $11,000 for each violation.

26  ### III. PRAYER AND CLAIMS FOR RELIEF

27      WHEREFORE Relator Lesnik, on behalf of himself and the United States

28

1  Government, prays:

2      1.  That Defendants cease and desist from violating the provisions of the United

3  States Code and the regulations of the United States concerning visa applications and

4  employment of alien workers enumerated in this Complaint;

5      2.  That this Court enter judgment against Defendants for the amount of the

6  United States' damages, trebled as required by law, and such civil penalties as are

7  authorized by law, together with all such further relief as may be just and proper;

8      3.  That in the event the United States Government proceeds with this action,

9  Relator Lesnik be awarded an amount for bringing this action of at least 15% but not

10  more than 25% of the proceeds of the action;

11      4.  That in the event the United States Government does not proceed with this

12  action, Relator Lesnik be awarded the maximum amount allowed pursuant to § 3730(d)

13  of the False Claims Act;

14      5.  That Relator be awarded all fees, costs, and expenses incurred in connection

15  with this action, including attorneys' fees, costs, and expenses;

16      6.  For prejudgment interest; and

17      7.  For such other relief as the Court deems just and proper.

### IV.  DEMAND FOR JURY TRIAL

19      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby

20  demands a trial by jury.

Dated:  July 15, 2016

_____
William C. Dresser
Attorneys for Plaintiff
Gregor Lesnik

Lesnik\Pld\QuiTam\FAC.715