MORGAN, LEWIS & BOCKIUS LLP
TERA M. HEINTZ, Bar No. 241414
tera.heintz@morganlewis.com
MICHAEL Q. EAGAN, JR., Bar No. 275823
michael.eagan@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendant
DEERE & COMPANY,
incorrectly named as JOHN DEERE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>vs.<br><br>EISENMANN SE, et al.<br><br>Defendants. | Case No. 5:16-cv-01120-LHK<br><br>**DEFENDANT DEERE & COMPANY'S NOTICE OF JOINDER AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   October 4, 2018<br>Time:   1:30 p.m.<br>Judge:  Hon. Lucy H. Koh<br>Courtroom:   8<br><br>Second Amended<br>Complaint Filed: November 17, 2017<br>Trial Date:   Not Set |

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE** that on October 4, 2018 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, located at San Jose Courthouse, 4th Floor, 280 South 1st Street, San Jose, California, 95113, Defendant Deere & Company ("Deere"), incorrectly named in this lawsuit as "John Deere," by through its attorneys of record, will and does hereby move ("Motion") this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing with prejudice plaintiff and relator Gregor Lesnik's and plaintiff Stjepan Papes' (collectively, "Plaintiffs") Second Amended Complaint for Damages and Other Relief Under the False Claims Act and Other Claims Including Wages and Visa Based Claims, Collective and Class Action Claims, Labor Trafficking Claims, and RICO Claims ("SAC") (Dkt. 37). The SAC fails to set forth facts sufficient to state any claim against Deere. Accordingly, Deere respectfully requests that Plaintiffs' SAC be dismissed with prejudice under Rule 12(b)(6) and 9(b).

Deere joins the motion to Dismiss (Dkt. 121) filed by co-defendant Eisenmann Corporation ("Eisenmann"), as these arguments are equally applicable to demonstrate why Plaintiffs have failed to state any cause of action as to Deere. To avoid duplication, burden on the Court and waste of resources, Deere incorporates by reference such arguments and authority asserted by Eisenmann as though fully set forth herein. Deere also submits limited additional facts and argument in support of its Motion demonstrating that Plaintiffs have failed to state any claim against Deere specifically.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities in support hereof, the Declaration of Tera M. Heintz submitted herewith, any reply memorandum submitted in relation hereto, Plaintiffs' SAC, the pleadings and other documents on file in this action, any oral or documentary evidence that is introduced at hearing, and any other information the Court deems proper and necessary.

| | |
|---|---|
| Dated: April 10, 2018 | MORGAN, LEWIS & BOCKIUS LLP |
| | By  */s/ Tera M. Heintz*<br>Tera M. Heintz<br>Michael Q. Eagan, Jr. |
| | Attorneys for Defendant<br>DEERE & COMPANY,<br>incorrectly named as JOHN DEERE |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEF. DEERE & CO.'S JOINDER AND
MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT
CASE NO. 5:16-CV-01120-LHK

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and 9(b), Defendant Deere hereby submits this memorandum of points and authorities in support of its Motion to Dismiss Plaintiffs' SAC.  Plaintiffs have failed to plead facts sufficient to support their causes of action against Deere either with plausibility or with the particularity required under Rule 9(b), and these claims should be dismissed.  As Deere hereby joins relevant portions of the motion to dismiss filed by Eisenmann[1], Deere sets forth only the additional arguments, legal authority, and procedural history related to Deere that are not addressed in Eisenmann's motion.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiffs' SAC alleges three causes of action against Deere for purported False Claims Act ("FCA") violations, unjust enrichment and restitution (First Cause of Action, Counts One through Three); trafficking (Third Cause of Action, Counts One and Two); and Racketeer Influenced and Corrupt Organizations Act ("RICO") violations (Fourth Cause of Action). Plaintiffs voluntarily dismissed their Second Cause of Action, Counts One and Two (wages class action and Fair Labor Standards Act) as to Deere and certain other defendants on March 6, 2018 (Dkts. 83, 84).

Deere was served with a summons and the SAC on or about January 18, 2018.  Thereafter, Deere and Plaintiffs stipulated to extend Deere's deadline to respond to the SAC to April 10, 2018 (Dkt. 46).

## III. THE SAC DOES NOT STATE ANY CLAIM AGAINST DEERE

The specific, individualized allegations against Deere in the Complaint are sparse.  Deere is specifically mentioned a total of five times in connection with the pending claims against Deere, but only in the most conclusory terms.[2]  Plaintiffs do not plead any details regarding:

---

[1]   Specifically, Deere joins to the Introduction, the Statement of Facts, and Sections I, IV and V of the Argument set forth in Eisenmann's motion to dismiss (Dkt. 121).
[2]   SAC ¶ 11 (alleging that Deere is one of several defendants who "hired for work at their job sites and manufacturing and production facilities **either** Gregor Lesnik or Stjepan Papes **or other workers similarly situated** to Mr. Lesnik and Mr. Papes"); ¶ 83 (alleging Deere's

1  (i) any alleged contract between Deere, or any person or entity purportedly acting on behalf of
2  Deere, and Eisenmann (ii) any particular individual or potential class member who worked at a
3  Deere "construction site"; (iii) any location, time period, or details of any purported Deere "job
4  site," "manufacturing and production facilities," "construction site" or "project" in California or
5  elsewhere; (iv) the identity or circumstances of any purportedly "similarly situated" individuals
6  who allegedly told Plaintiffs that they worked or may work at a Deere "construction site" or
7  "project"; (v) any details upon which Plaintiffs form their "information and belief" as to their
8  allegations against Deere; or (vi) any Deere employee or representative with any alleged
9  knowledge of the substance of Plaintiffs' claims regarding the alleged improper obtaining of work
10 visas.  The absence of any specific facts alleged against Deere requires dismissal of each of
11 Plaintiffs' claims against it.

In particular, Plaintiffs' First Cause of Action fails because Plaintiffs do not plead with particularity the "essential elements" of an FCA claim against Deere under Rule 9(b).  In addition to the grounds set forth in Eisenmann's motion to dismiss (Dkt. 121), Plaintiff's FCA claims against Deere fail for the following reasons.

First, Plaintiffs plead no facts which show that any employee of Deere had any knowledge that it or anyone else purportedly acting on its behalf submitted false claims to the government. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, — U.S. —, 136 S. Ct. 1989, 2002 (2016) ("*Escobar*") (the knowledge requirement of the FCA is "rigorous" and "strict[ly]

---

corporate form and domicile, and also alleging on "**inform[ation] and belie[f]**" that Deere "contracted with Eisenmann Corporation which in turn contracted with **other entities** to bring in construction workers" who allegedly are "paid less than prevailing wages"); ¶ 111 (alleging on "**inform[ation] and belie[f]**" that Eisenmann "acted on behalf of" Deere and others to "supply workers" to defendants' "projects," and that co-workers of Plaintiffs "told them that they worked at or been stated to next be assigned to work" at such projects); ¶ 217 (alleging as trafficking claim class members "those non-management / non-exempt individuals employed at the construction sites" of Deere and other defendants dating back seven years from the filing of the "Complaint" for those who worked in California, and dating back four years for all others); ¶ 237 (alleging as RICO claim class members "those non-management / non-exempt individuals employed at the construction sites" of Deere and other defendants dating back four years from the filing of the "Complaint" for those "who entered the United States under B1 visas obtained by false and fraudulent invitation letters, certificates of employment, and other representations of defendants.") (emphases added).  Paragraphs 144 and 185 are part of the Second Cause of Action now dismissed against Deere.

enforce[d]").

Second, Plaintiffs plead no facts demonstrating that any claim submitted by Deere to the government was material to any government payment decision. *Id.* at 2002-2004; *see also United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 331-332 (9th Cir. 2017) (materiality requirement is "rigorous" and must be "strict[ly] enforce[d]"); *United States ex rel. Petratos v. Genentech Inc.*, 855 F.3d 481, 491 (3d Cir. 2017) ("a 'but for' causation theory is . . . insufficient to demonstrate materiality") (citations omitted) (*citing United States ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (false claim must be "integral to a causal chain leading to payment")).

Third, Plaintiffs allege no payment made by the government to Deere in connection with any purportedly false claim, whether submitted by Deere or others, meaning that Plaintiffs' allegations against Deere fail to meet <u>any</u> of the required elements of an FCA claim. *Id.*

Moreover, Plaintiffs' quasi-contractual restitution and unjust enrichment claims likewise fail for lack of particularity. *In re Arris Cable Modem Consumer Litig.*, No. 17-CV-01834-LHK, 2018 WL 288085, *10 (N.D.Cal. Jan. 4, 2018) (quasi-contractual claim based on same alleged misrepresentations as fraud claim "also sounds in fraud and is subject to Rule 9(b)'s heightened pleading requirements."). Plaintiffs' First Cause of Action should be dismissed in its entirety.

## IV.   **CONCLUSION.**

Deere hereby requests that each of Plaintiffs' causes of action against it be dismissed with prejudice for failure to state any claim.

Dated: April 10, 2018                MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Tera M. Heintz*
Tera M. Heintz
Michael Q. Eagan, Jr.

Attorneys for Defendant
DEERE & COMPANY,
incorrectly named as JOHN DEERE