Regina A. Petty (SBN 106163)
E-Mail: rpetty@fisherphillips.com
Amy L. Lessa (SBN 202872)
E-Mail: alessa@fisherphillips.com
**FISHER & PHILLIPS LLP**
4747 Executive Drive, Suite 1000
San Diego, California 92121
Telephone: (858)597-9600
Facsimile: (858)597-9601

Bailey K. Bifoss (SBN 278392)
E-Mail: bbifoss@fisherphillips.com
**FISHER & PHILLIPS LLP**
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415)490-9000
Facsimile: (415)490-9001

Attorneys for Defendant
LaX Fabricating Ltd. (Sued And Served As "Doe 3")

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK, Stjepan Papes,<br><br>Plaintiffs,<br><br>v.<br><br>EISENMANN SE, Eisenmann Anlagenbau GmbH & Co. KG, Eisenmann Anlagenbau Verwaltung GmbH. Eisenmann Corporation, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, Tesla Motors, Inc., Gregurec Ltd, Daimler AG, Mercedes-Benz U.S. International, Inc., Bayerische Motoren Werke, CiTic Dicastal Co., Ltd., Volkswagen, LB Metal d.o.o., aka Mos LB Metal d.o.o., D2N Tehnologije d.o.o. aka D2N d.o.o., Primiko, d.o.o., Volvo Car Corporation sued herein as Doe 1, John Deere, sued herein as Doe 2, LaX Fabricating Ltd. sued as Doe 3, Keystone Automotive sued as Doe 4, Phoenix Mechanical sued as Doe 5, REHAU Incorporated, sued herein as Doe 6, HRD/MONT d.o.o. sued as Doe 7, VV Mont sued as Doe 8, Magma, Intl. sued as Doe 9, Magma Services Gmbh, sued herein as Doe | Case No: 5:16-cv-01120-LHK<br><br>**DEFENDANT LAX FABRICATING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. PROC. 12(b)(2)**<br><br>Date: October 11, 2018<br>Time: 1:30 p.m.<br>Crtrm: 8, 4th Floor<br>State Complaint: 11/17/17 |

10, Magma, d.o.o., sued herein as Doe 11, We-Kr d.o.o. sued as Doe 12, RIMSA PLUS Sp. z.o.o. sued herein as Doe 13, Enterprise MDMPoland Sp. z.o.o. (parent) sued herein as Doe 14, MDM Polska Sp. z.o.o. sued herein as Doe 15, Moss, d.o.o. sued herein as Doe 16, and Does 18 through 50,,

            Defendants.

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 1

II. THE DECLARATION OF JOHN MITCHELL CONSTITUTES ADMISSIBLE EVIDENCE FOR PURPOSES OF LAX'S MOTION ........................................................ 1

III. THE EXERCISE OF JURISDICTION BASED ON THE FALSE CLAIMS ACT OR THE RICO ACT WOULD BE NEITHER FAIR NOR REASONABLE .................. 2

IV. PLAINTIFFS HAVE NOT SUFFICIENTLY PLED CONSPIRACY FOR PURPOSES OF HALING LAX INTO CALIFORNIA COURTS UNDER THE RICO ACT ........................................................................................................................... 3

V. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT LAX HAS SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA FOR ANY OF THEIR OTHER CAUSES OF ACTION ........................................................................ 5

VI. CONCLUSION .................................................................................................................. 6

SERVICE LIST ............................................................................................................................... 1

# TABLE OF AUTHORITIES

**PAGE**

**Federal Cases**

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*
(9th Cir. 1986) 788 F.2d 535 ................................................................................ 2, 3, 4

*Data Disc., Inc. v. Systems Tech. Assocs., Inc.*
(9th Cir. 1977) 557 F.2d 1280 ...................................................................................... 1

*Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co. Ltd.*
(1987) 484 U.S. 97 ........................................................................................................ 5

*Peay v. BellSouth Med. Assistance Plan*
(10th Cir. 2000) 205 F.3d 1206 ............................................................................... 2, 3

*Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*
(11th Cir. 1997) 119 F.3d 935 ...................................................................................... 2

*Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.*
(5th Cir. 2008) 517 F.3d 235 ........................................................................................ 1

**Federal Statutes**

18 U.S.C. § 1965(d) .......................................................................................................... 3

31 U.S.C. § 3732 .............................................................................................................. 3

Title 8 § 1324 of the United States Code ........................................................................ 5

**Rules**

Federal Rule of Civil Procedure Rule 12(b)(2) ............................................................... 1

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs' Opposition to LaX's Motion to Dismiss for lack of personal jurisdiction makes no effort to show that it would be reasonable or fair to require LaX to defend this action in the State of California. Instead, Plaintiffs improperly attempt to draw this Court's attention to the merits of their claims. However, this Court lacks jurisdiction to consider the merits (or, in this case, the absence thereof) of Plaintiffs' claims against LaX because LaX has no minimum contacts with California, and haling LaX into this Court to defend this lawsuit offends principles of reasonableness, fairness, and due process. These facts are undisputed by Plaintiffs. Accordingly, LaX respectfully requests that this Court decline to exercise personal jurisdiction over it and dismiss LaX from this action.

## II. THE DECLARATION OF JOHN MITCHELL CONSTITUTES ADMISSIBLE EVIDENCE FOR PURPOSES OF LAX'S MOTION

Plaintiffs' passing reference to the admissibility of John Mitchell's Declaration in support of LaX's Motion to Dismiss is unsupported by any authority. (Plaintiffs' Opp. to 12(b)(2) Motion, Dkt. #138, 1:27-28.) This is because controlling authority holds that the Court may consider declarations like the one submitted by Mr. Mitchell in the context of a motion to dismiss for lack of personal jurisdiction. *See*, *Data Disc., Inc. v. Systems Tech. Assocs., Inc.* (9th Cir. 1977) 557 F.2d 1280. A motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(2) may test either plaintiff's theory of jurisdiction or the facts supporting the theory. Where the Motion challenges Plaintiff's alleged facts supporting jurisdiction, as LaX's Motion does, a court may rely on competent evidence including declarations or other discovery materials. *Data Disc*, 557 F.2d 1280, 1284; *see also*, *Walk Haydel & Assocs., Inc. v. Coastal Power Production Co.* (5th Cir. 2008) 517 F.3d 235, 241. Indeed, the facts set forth in Mr. Mitchell's Declaration are necessary to the resolution of this issue, as Plaintiff's operative Complaint fails to make any specific allegations regarding

1

personal jurisdiction over LaX. (*See*, Second Amended Complaint, Dkt. #37.) Based on the foregoing, the Court may and should consider the Declaration of John Mitchell submitted in support of LaX's Motion. The uncontradicted Declaration of John Mitchell establishes that jurisdiction for LaX is proper only in Minnesota.

### III. THE EXERCISE OF JURISDICTION BASED ON THE FALSE CLAIMS ACT OR THE RICO ACT WOULD BE NEITHER FAIR NOR REASONABLE

Plaintiffs do not dispute that it is unreasonable, unfair, and a violation of due process to require Minnesota-based LaX to defend this action in California. Plaintiffs' failure to contest these facts is fatal to their claims against LaX because the nationwide service provisions in both the False Claims Act ("FCA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO") require that a plaintiff's choice of forum be fair and reasonable to the defendant. Consequently, this Court may not use either the FCA or the RICO Act to exercise personal jurisdiction over LaX in this action.

As discussed at length in LaX's moving papers, multiple federal circuits have held that, "in a federal question case where jurisdiction is invoked based on nationwide service of process, the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant." *Peay* 205 F.3d 1206, 1212; *Republic of Panama* 119 F.3d 935, 942; *see also, Butcher's Union Local No. 498 v. SDC Investment, Inc.* (9th Cir. 1986) 788 F.2d 535, 538 (personal jurisdiction appropriate where (1) some statute authorizes service of process; and (2) the exercise of personal jurisdiction does not contravene any constitutionally protected right of the defendant). The rationale is simple: even where jurisdiction is asserted under a federal statute allowing for nationwide service, constitutional protections are not "discarded completely." *Peay, supra,* 205 F.3d at 1212; *Republic of Panama, supra,* 119 F.3d at 945. Stated differently, the Fifth Amendment "protects individual litigants against the burdens of litigation in an

2
LAX'S REPLY IN SUPPORT OF MTN TO DISMISS
CASE NO: 5:16-CV-01120-LHK

unduly inconvenient forum." Id.

Here, Plaintiffs attempt to hale Minnesota-based LaX into California under the nationwide service provisions of the FCA and RICO. *See*, 31 U.S.C. §3732; 18 U.S.C. §1965(d). However, Plaintiffs offer no facts showing that it would be fair or reasonable to subject LaX to jurisdiction in California under these statutes. In their response to LaX's Motion, Plaintiffs do not show that LaX has contacts with California. Plaintiffs do not show that LaX directed its activities toward California or purposefully availed itself of California law. Plaintiffs do not dispute that litigating in California would be "gravely difficult and inconvenient" for LaX, such that it would place LaX at a severe disadvantage in comparison to Plaintiffs. *Peay v. BellSouth Med. Assistance Plan* (10th Cir. 2000) 205 F.3d 1206, 1212, citing *Burger King Corp. v. Rudzecicz* (1985) 471 U.S. 462, 478. Plaintiffs do not argue that the federal policies advanced by either the FCA or RICO justify the infringement on LaX's liberty interest. *See*, *Peay, supra*, 205 F.3d 1213, citing *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.* (11th Cir. 1997) 119 F.3d 935, 948. Critically, these allegations are also conspicuously absent from Plaintiffs' operative Complaint. Plaintiffs do not present a single allegation that would support the exercise of jurisdiction over LaX for purposes of this action. For these reasons, this Court should grant LaX's Motion to Dismiss for lack of personal jurisdiction.

## IV. PLAINTIFFS HAVE NOT SUFFICIENTLY PLED CONSPIRACY FOR PURPOSES OF HALING LAX INTO CALIFORNIA COURTS UNDER THE RICO ACT

In addition, Plaintiffs have failed to satisfy the prerequisites of the nationwide service provision of the RICO Act. The right to nationwide service under RICO is not unlimited. *Butcher's Union Local No. 498, supra*, 788 F.2d at 539. To the contrary, Congress provided for service of process on RICO defendants residing outside the federal court's district only where the "ends of

3

FPDOCS 34010602.2

1  justice" require it. In order for the "ends of justice" to be satisfied, Plaintiffs must
2  successfully allege a multidistrict conspiracy that encompasses LaX. *Id.* Because
3  Plaintiffs have failed to make that showing, RICO cannot serve as the basis for the
4  Court's exercise of jurisdiction over LaX.

5  In *Butcher's Union Local 498*, the Ninth Circuit granted defendants' motion
6  to dismiss for lack of personal jurisdiction facing issues similar to those presented
7  here. There, plaintiffs' complaint alleged that defendants' lawyers arranged for the
8  recognition of a sham union in order to prevent the plaintiff unions from organizing
9  defendants' workers. *Butcher's Union Local 498, supra*, 788 F.2d at 537. Only
10 one of the four defendant employers had its principal place of business in
11 California. *Id.* The other three defendants were based in and operated out of
12 Colorado, Nebraska, and Michigan, respectively. *Id.* As a result of defendants'
13 alleged conduct, the plaintiff unions alleged that defendants created a nationwide
14 conspiracy subjecting them to nationwide service under RICO.

15 In upholding the District Court's finding that it lacked personal jurisdiction
16 over defendants, the Ninth Circuit rejected plaintiffs' argument that merely naming
17 persons in a RICO complaint makes them subject to RICO's nationwide service
18 provisions. *Id.* at 539. As here, the plaintiffs in *Butcher's Union Local 498* failed
19 to sufficiently allege the existence of a multidistrict conspiracy that encompassed
20 the distant defendants. Specifically, plaintiffs failed to allege that any of the
21 defendant employers had specific knowledge of or participated in any of the
22 conspiracies. *Id.* Accordingly, the Ninth Circuit held that the out-of-state
23 defendants were not subject to suit in California.

24 As was the case for the plaintiffs in *Butcher's Union Local 498*, Plaintiffs
25 here fail to allege a single nationwide RICO conspiracy of which LaX was part, as
26 required for nationwide service under RICO. The Plaintiffs' operative Complaint
27 does not contain a single fact alleging that LaX had specific knowledge of or
28 participated in the alleged conspiracy. Indeed, Plaintiffs' allegation that LaX was

4
LAX'S REPLY IN SUPPORT OF MTN TO DISMISS
CASE NO:  5:16-CV-01120-LHK

FPDOCS 34010602.2

aware of the visa and immigration status of the individuals assigned by Eisenmann to work at the LaX site in Minnesota, including Stjepen Papes, is not supported by the record. (*See*, Plaintiffs' Opp. to 12(b)(2) Motion, Dkt. #138, 2:26-3:2.) Although Plaintiffs cite to Paragraph 102 of their operative Complaint for this proposition, Paragraph 102 of the Second Amended Complaint actually recites the statutory language of Title 8 Section 1324 of the United States Code. (*See*, Second Amended Complaint, Dkt. #37, ¶102.) There are no other purported facts in Plaintiff's Opposition to LaX's Motion, nor are there any facts in Plaintiffs' operative Complaint, tending to show that LaX was involved in a conspiracy to bring foreign workers to the United States under fraudulent visas. Therefore, because Plaintiffs have failed to satisfy the requirements for nationwide service under RICO, that statute cannot serve as the basis for the Court's exercise of personal jurisdiction over LaX.

## V. PLAINTIFFS HAVE FAILED TO ESTABLISH THAT LAX HAS SUFFICIENT MINIMUM CONTACTS WITH CALIFORNIA FOR ANY OF THEIR OTHER CAUSES OF ACTION

Outside of the specific statutes discussed above, Plaintiffs make no effort to suggest that this Court has the ability to exercise jurisdiction over LaX. To be sure, the Court does not have the ability to exercise jurisdiction over LaX based on Plaintiffs' claims under the Fair Labor Standards Act, the California Labor Code, or anti-trafficking statutes. None of these statutes contains a nationwide service of process provision allowing Plaintiffs to hale LaX into a distant court. Further, this Court does not have nationwide personal jurisdiction absent specific congressional authority providing for such. *See, Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co. Ltd.* (1987) 484 U.S. 97, 104-105. Moreover, Plaintiffs have not alleged that LaX has sufficient minimum contacts with California such that it may be sued here. (*See*, Second Amended Complaint, Dkt. #37.) Because Plaintiffs have conceded this point, this Court may not exercise personal jurisdiction over LaX.

## VI. CONCLUSION

For the reasons set forth above, LaX respectfully requests that the Court grant its Motion to Dismiss based on lack of personal jurisdiction.

Dated: May 1, 2018

Respectfully submitted,

**FISHER & PHILLIPS LLP**

By: */s/ Regina A. Petty*
Regina A. Petty
Amy L. Lessa
Bailey K. Bifoss
Attorneys for LaX Fabricating Ltd.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 4747 Executive Drive, Suite 1000, San Diego, California, 92121 *or* One Embarcadero Center, Suite 2050, San Francisco, California. 94111.

On May 1, 2018 I served the foregoing document entitled **DEFENDANT LAX FABRICATING LTD.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER FED. R. CIV. PROC. 12(b)(2)** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

## PLEASE SEE ATTACHED SERVICE LIST

☐ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐ **[by OVERNIGHT DELIVERY]** - I am readily familiar with the firm's practice for collection and processing of correspondence for overnight delivery. Under that practice such correspondence will be deposited at a facility or pick-up box regularly maintained by the overnight service for receipt on the same day in the ordinary course of business with delivery fees paid or provided for in accordance with ordinary business practices.

☐ **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed May 1, 2018 at San Diego, California.

Susan E. Valle
Print Name

By: *Susan E. Valle*
Signature

FPDOCS 34010602.2

1
CERTIFICATE OF SERVICE

# SERVICE LIST

| | |
|---|---|
| William Dresser (CA Bar 104375)<br>LAW OFFICES OF WILLIAM C. DRESSER<br>4 North Second Street, Suite 1230<br>San Jose, California 95113 | Telephone: (408)279-7529<br>Facsimile: (408)298-3306<br>E-Mail: loofwcd@aol.com<br>Attorneys for Plaintiffs |
| Michael Quinn Eagan, Jr. (CA Bar 275823)<br>Tera M. Heintz (CA Bar 241414)<br>MORGAN, LEWIS & BOCKIUS LLP<br>1 Market Spear Street Tower<br>San Francisco, California 94105 | Telephone: (415)442-1000<br>Facsimile: (415)442-1001<br>E-Mail:<br>michael.eqgan@morganlewis.com;<br>theintz@morganlewis.com<br>Attorneys for Rite-Aid Corp. and John Deere |
| Sylvia J. Kim (CA Bar 258363)<br>McGUIRE WOODS LLP<br>Two Embarcadero Center, Suite 1300<br>San Francisco, California 94111-3821 | Telephone: (415)844-9944<br>Facsimile: (415)844-9922<br>E-Mail: skim@mcguirewoods.com<br>Co-Counsel for Mercedes-Benz U.S. International, Inc. and REHAU, Inc. |
| Jeremy S. Byrum (*Pro Hac Vice*)<br>Nicholas J. Giles (*Pro Hac Vice*)<br>McGUIRE WOODS LLP<br>Gateway Plaza<br>800 East Canal Street<br>Richmond Virginia 23219 | Telephone: (804)775-4305<br>Facsimile: (804)698-2080<br>E-Mail: jbyrum@mcguirewoods.com;<br>ngiles@mcguirewoods.com<br>Co-Counsel fo Mercedes-Benz U.S. International, Inc. and REHAU, Inc. |
| John C. Hueston (CA Bar 164921)<br>Padraic Foram (CA Bar 268278)<br>HUESTON HENNIGAN LLP<br>523 West 6th Street, Suite 400<br>Los Angeles, California 90014 | Telephone: (213)788-4354<br>E-Mail: jhueston@hueston.com;<br>pforan@hueston.com<br>Attorneys for Tesla Motors, Inc. |
| Charles "Chuck" Lee (*Pro Hac Vice*)<br>Kyle W. Eiselstein (*Pro Hac Vice*)<br>Jessica Malloy-Thorpe (*Pro Hac Vice*)<br>MILLER & MARTIN PLLC<br>Volunteer Building<br>832 Georgia Avenue, Suite 1200<br>Chattanooga, Tennessee 37401-2289 | Telephone: (423)756-6600<br>Facsimile: (423)785-8480<br>E-Mail: Chuck.Lee@millermartin.com;<br>kyle.eiselstein@millermartin.com;<br>jessica.malloy-thorpe@millermartin.com<br>Co-Counsel for Volkswagen Group of America Chattanooga Operations, LLC |
| Jesse L. Miller (CA Bar 183229)<br>James M. Neudecker (CA Bar 221657)<br>REED SMITH LLP<br>101 Second Street, Suite 1800<br>San Francisco, California 94105-3659 | Telephone: (415)543-8700<br>Facsimile: (415)391-8269<br>E-Mail: jessemiller@reedsmith.com;<br>jneudecker@reedsmith.com<br>Co-Counsel for Volkswagen Group of America Chattanooga Operations, LLC |

| | | |
|---|---|---|
| 1 | Kevin M. Tierney (*Pro Hac Vice*) | Telephone: (513)651-6831 |
| 2 | Catherine F. Burgett (*Pro Hac Vice*) | Facsimile: (513)651-6981 |
| | Aaron M. Bernay (*Pro Hac Vice*) | E-Mail: KTierney@fbtlaw.com; |
| 3 | FROST BROWN TODD LLC | CBurgett@fbtlaw.com; |
| | Great American Tower | ABernay@fbtlaw.com |
| 4 | 301 East Fourth Street, Suite 3300 | Co-Counsel for Eisenmann Corp. |
| | Cincinnati, Ohio 45202 | |
| 5 | | |
| | Quyen Le Ta (CA Bar 229956) | Telephone: (510)847-1000 |
| 6 | Kaitlyn M. Murphy (CA Bar 293309) | Facsimile: (510)874-1460 |
| | BOES SCHILLER FLEXNER LLP | E-Mail: QTa@bsfllp.com; |
| 7 | 1999 Harrison Street, Suite 900 | KMurphy@bsfllp.com |
| | Oakland, California 94612 | Co-Counsel for Eisenmann Corp. |
| 8 | | |
| | Scott R. Carvo (MI Bar) | Telephone: (616)752-2000 |
| 9 | WARNER NORCROSS & JUDD LLP | E-Mail: scarvo@wnj.com |
| | 900 Fifth Third Center | Attorneys for CiTic Dicastal Co., Ltd. |
| 10 | 111 Lyon Street, NW | |
| | Grand Rapids, Michigan 49503-2487 | |

2
CERTIFICATE OF SERVICE
FPDOCS 34010602.2