1   MORGAN, LEWIS & BOCKIUS LLP
2   TERA M. HEINTZ, Bar No. 241414
    tera.heintz@morganlewis.com
3   MICHAEL Q. EAGAN, JR., Bar No. 275823
    michael.eagan@morganlewis.com
    One Market, Spear Street Tower
4   San Francisco, CA  94105-1596
5   Tel:    +1.415.442.1000
    Fax:    +1.415.442.1001

6   Attorneys for Defendant
    DEERE & COMPANY,
7   incorrectly named as JOHN DEERE

8
                    UNITED STATES DISTRICT COURT
9
                 NORTHERN DISTRICT OF CALIFORNIA
10
                         SAN JOSE DIVISION
11

12
    UNITED STATES OF AMERICA, ex rel.        Case No. 5:16-cv-01120-LHK
13  GREGOR LESNIK; STJEPAN PAPES,
                                             **DEFENDANT DEERE & COMPANY'S**
14                    Plaintiffs,            **REPLY MEMORANDUM IN SUPPORT**
                                             **OF JOINDER AND MOTION TO**
15          vs.                              **DISMISS PLAINTIFFS' SECOND**
                                             **AMENDED COMPLAINT**
16  EISENMANN SE, et al.
                                             Date:         October 4, 2018
17                    Defendants.            Time:         1:30 p.m.
                                             Judge:        Hon. Lucy H. Koh
18                                           Courtroom:    8

19                                           Second Amended
                                             Complaint Filed: November 17, 2017
20                                           Trial Date:   Not Set

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 33216408.2

1

**REPLY MEMORANDUM**

I.     **INTRODUCTION**

Plaintiff and relator Gregor Lesnik's and plaintiff Stjepan Papes' (collectively, "Plaintiffs") oppositions to Deere & Company's ("Deere") Joinder and Motion to Dismiss Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 139 ("Opp.")) and to the motion to dismiss filed by co-defendant Eisenmann Corporation ("Eisenmann") (Dkt. 137) only demonstrate that Plaintiffs fail to state any claim against Deere here, and that their claims against Deere should be dismissed.  In addition to the arguments addressed below, Deere joins in Eisenmann's reply memorandum in support of its motion to dismiss (Dkt. 153).

II.    **ARGUMENT**

At the outset, Plaintiffs' Opp. should be stricken as it was untimely filed and served at 1:41 a.m. on April 25, 2018 without Plaintiffs first seeking leave for any extension.  *See* N.D.Cal. L.R. 5-1(e)(4), 6-1(b), 6-3.

More crucially, Plaintiffs' Opp. only underscores the lack of <u>any</u> factual details required to plead fraud, trafficking or racketeering activity by any person at Deere.  Plaintiffs only point to their collective allegations against all defendants as the foundation for their claims against Deere. Opp. at 2 (citing SAC ¶¶ 11, 102, 111).   But even if such allegations were sufficient (they plainly are not), Plaintiffs' failure to tie specific defendants to specific allegations is alone grounds for dismissal.[1]  Plaintiffs cite an unpublished out-of-circuit case to suggest that a conclusory allegation that "all defendants" undertook actions "described in the complaint" are sufficient to plead fraud.  Opp. at 3.  Ninth Circuit law, however, is directly to the contrary.  As this Court recently held, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . .

---

[1]     Particularly illustrative of Plaintiffs' impermissibly collective allegations is their allegation that "**Defendants** did not provide workers compensation insurance." Dkt. 137 at 6 (emphasis added).  Such a bald and sweeping allegation is unsupported by Plaintiffs' own SAC and Request for Judicial Notice, demonstrating Plaintiffs' naked attempt to "lump" defendants here together in the absence of any facts pled showing any wrongdoing by Deere.  *See* SAC ¶ 105(e) (alleging that the "licensed principal" of "Vuzem USA Company" represented to California State Licensing Board that it had no workers compensation insurance); Dkt. 136-1 (reflecting purported workers compensation search results for certain defendants, but <u>not</u> Deere).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 33216408.2

2

DEF. DEERE & CO.'S REPLY MEM. IN
SUPPORT OF MOT. TO DISMISS PLFS.'
SECOND AMENDED COMPLAINT
CASE NO. 5:16-CV-01120-LHK

1  and inform each defendant separately of the allegations surrounding his alleged participation in

2  the fraud.'" *United States v. Safran Grp.*, No. 15-CV-00746-LHK, 2017 U.S. Dist. LEXIS

3  137264, at *29-30 (N.D. Cal. Aug. 25, 2017) (citation omitted) (citing *Swartz v. KPMG LLP*, 476

4  F.3d 756, 764 (9th Cir. 2007)); *see also United States ex rel. Swoben v. United Healthcare Ins.*

5  *Co.*, 848 F.3d 1161, 1181-82 (9th Cir. 2016) (affirming dismissal of FCA claims as to certain

6  defendants for failure to plead "details linking these defendants to the [alleged] scheme").

7       The only Deere-specific allegations cited by Plaintiffs is in paragraph 83 of the SAC. But,

8  that paragraph only alleges, based on information and belief, Deere's state of incorporation and

9  principal place of business, and that Deere contracted with Eisenmann, which in turn, allegedly

10 contracted with other unidentified entities, to "bring in construction workings under false B1

11 visas who are paid less than prevailing wages . . ." Opp. at 1-2. This plainly fails to allege the

12 "who, what, when, where, or how" that Plaintiffs admit is required to state a claim for fraud.

13      Plaintiffs do not identify <u>a single person</u> at Deere who orchestrated, discussed, or

14 implemented any purported scheme either internally or in connection with any other defendants to

15 conceal or avoid any purported obligation (on the part of other co-defendants or unnamed

16 "contractors," <u>not</u> Deere) to pay the government funds. Nor are any details regarding any

17 underlying purported immigration or visa law violation pled with particularity. Plaintiffs'

18 conclusory allegations that some unidentified workers worked at some unidentified Deere

19 location at some unknown time through unidentified contractors (SAC ¶ 83, 111) fail to apprise

20 Deere of the particular allegations against it so that it may investigate Plaintiffs' claims of fraud.

21 *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) ("the complaint must specify such facts as

22 the times, dates, places, benefits received, and other details of the alleged fraudulent activity").

23      Plaintiffs' arguments also confirm that their allegations of scienter are conclusory and not

24 plausible. *Universal Health Servs., Inc. v. United States ex rel. Escobar*, — U.S. —, 136 S. Ct.

25 1989, 2002 (2016) ("*Escobar*") (the knowledge requirement of the FCA is "rigorous" and

26 "strict[ly] enforce[d]"). Plaintiffs claim that Deere "knowingly assisted defendants including

27 Eisenmann and ISM Vuzem, d.o.o. in 'knowingly' concealing, and/or 'knowingly and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 33216408.2

3

DEF. DEERE & CO.'S REPLY MEM. IN
SUPPORT OF MOT. TO DISMISS PLFS.'
SECOND AMENDED COMPLAINT
CASE NO. 5:16-CV-01120-LHK

1   improperly' avoiding or decreasing an obligation to pay the federal government. (8 C.F.R. §§

2   22.1 and 103.7)." Opp. at 3. Plaintiffs, however, do not specify any individual at Deere who

3   purportedly knew it was "assist[ing]" Eisenmann, ISM Vuzem, d.o.o., or any other defendant

4   with any purported scheme to conceal any obligation to pay.  Collective allegations of corporate

5   scienter are insufficient to state a claim for fraud under the FCA.  *United States v. Scan Health*

6   *Plan*, No. CV 09-5013-JFW (JEMx), 2017 WL 4564722, at *5 (C.D. Cal. Oct. 5, 2017) ("for

7   scienter to be attributed to a corporation, Plaintiffs must sufficiently plead that at least one of the

8   corporation's officers had the requisite scienter at the time they made the allegedly misleading

9   statements." (internal quotations and citations omitted)) (*citing In re Int'l Rectifier Corp. Sec.*

10  *Litig.*, 2008 WL 4555794, at *21 (C.D. Cal. May 23, 2008)).

11      Nor do Plaintiffs plead any facts showing how <u>Deere's</u> alleged actions were material to an

12  avoidance of any payment to the Government, regardless of the specific type of theory of FCA

13  liability put forward by Plaintiffs.  *Escobar,* 136 S. Ct. at 2002-2003 (materiality requirement

14  "strictly enforced").

15      Plaintiffs' trafficking and racketeering claims against Deere similarly lack factual

16  pleading.  None of the alleged trafficking activities identified by Plaintiffs—such as threats of

17  physical, mental or financial harm—contain any allegations of conduct specifically by Deere

18  (Dkt. 137 at 21-22; SAC ¶¶ 155, 202-204, 219).  And, none of the required elements to establish

19  any racketeering activity by Deere are pled.  *See* Dkt. 137 at 23 (*citing United States v. Rastelli*,

20  870 F. 2d 822, 828 (2d Cir.), *cert. denied*, 493 U.S. 982, 110 S. Ct. 515, 107 L. Ed. 2d 516

21  (1989)) (racketeering claim requires "(1) that the **defendant agreed to commit** the substantive

22  racketeering offense through agreeing to participate in two racketeering acts; (2) that he **knew the**

23  **general status** of the conspiracy; and (3) that he **knew the conspiracy extended** beyond his

24  individual role" (emphasis added))).  These claims should be dismissed as well.

25      Finally, Plaintiffs do not dispute that, if their FCA claims against Deere fail to meet the

26  requirements of Rule 9(b), their quasi-contractual claims should also be dismissed for lack of

27  particularity.  *In re Arris Cable Model Consumer Litig.,* No. 17-CV-01834-LHK, 2018 WL

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 33216408.2

4

DEF. DEERE & CO.'S REPLY MEM. IN
SUPPORT OF MOT. TO DISMISS PLFS.'
SECOND AMENDED COMPLAINT
CASE NO. 5:16-CV-01120-LHK

28/8085, at *10 (N.D. Cal. Jan. 4, 2018).

III.   **CONCLUSION**

For the reasons stated above, in Deere's moving papers, and in Eisenmann's moving and reply papers, Deere hereby requests that each of Plaintiffs' causes of action against it be dismissed with prejudice for failure to state any claim.

Dated: May 1, 2018                                      MORGAN, LEWIS & BOCKIUS LLP


By   */s/ Tera M. Heintz*
     Tera M. Heintz
     Michael Q. Eagan, Jr.

     Attorneys for Defendant
     DEERE & COMPANY,
     incorrectly named as JOHN DEERE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 33216408.2

5

DEF. DEERE & CO.'S REPLY MEM. IN
SUPPORT OF MOT. TO DISMISS PLFS.'
SECOND AMENDED COMPLAINT
CASE NO. 5:16-CV-01120-LHK

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on May 1, 2018, I caused the foregoing document to be electronically

3 transmitted to the Clerk's Office using the CM/ECF System for filing and service via transmittal

4 of a Notice of Electronic Filing.

5        I declare under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.

7        Executed on May 1, 2018, at San Francisco, California.

8

9                                                              */s/ Michael Q. Eagan, Jr.*
                                                                Michael Q. Eagan, Jr.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 33216408.2

6

DEF. DEERE & CO.'S REPLY MEM. IN
SUPPORT OF MOT. TO DISMISS PLFS.'
SECOND AMENDED COMPLAINT
CASE NO. 5:16-CV-01120-LHK