**WILLIAM C. DRESSER, SBN 104375**
LAW OFFICES OF WILLIAM C. DRESSER
4 North Second Street, Suite 1230
San Jose, California 95113
Telephone: (408) 279-7529
Facsimile: (408) 298-3306
Email: loofwcd@aol.com

**HUNTER PYLE, SBN 191125**
**KATHERINE FIESTER, SBN 301316**
HUNTER PYLE LAW
428 Thirteenth Street, 11th Floor
Oakland, California 94612
Telephone: (510) 444-4400
Facsimile: (510) 444-4410
Emails: hunter@hunterpylelaw.com
        kfiester@hunterpylelaw.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel.
GREGOR LESNIK; STJEPAN PAPES,

        Plaintiffs,

   vs.

EISENMANN SE, et al.

        Defendants.

Case No.: 5:16-cv-01120-LHK (SVK)

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
PLAINTIFF STJEPAN PAPES'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT
ON CLASS WAGE AND HOUR CLAIMS**

Date:      August 27, 2020
Time:     1:30 p.m.
Ctrm:     8, 4th Floor
Judge:    Honorable Lucy H. Koh

# TABLE OF CONTENTS

**PAGE**

Notice of Motion and Motion for Entry of Default Judgment ..........................................................1

I.    Introduction ...........................................................................................................................2

II.   Legal Argument ....................................................................................................................2

    A.    Legal Standard ........................................................................................................2

    B.    Default Judgment is Appropriate............................................................................3

        1.    First *Eitel* Factor: Possibility of Prejudice.................................................3

        2.    Second and Third *Eitel* Factors: The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint....................................3

            a.    Failure to Pay Overtime and Double Time Under California Law ...............................................................................4

            b.    Failure to Comply with California Meal and Rest Period Law..........7

            c.    Failure to Provide Wage Statements .................................................9

            d.    Waiting Time Penalties .....................................................................10

        3.    Fourth *Eitel* Factor: The Sum of Money at Stake.........................................11

        4.    Fifth And Sixth *Eitel* Factors: Potential Disputes of Material Fact and Excusable Neglect ...............................................................................12

        5.    Seventh *Eitel* Factor: Policy Favoring Decision on The Merits....................13

    C.    Defendants are Jointly and Severally Liable .............................................................14

    D.    Requested Relief........................................................................................................16

        1.    Damages ........................................................................................................16

            a.    Overtime and Double Time .............................................................17

            b.    Meal and Rest Period Violations .....................................................19

            c.    Itemized Wage Statements ...............................................................20

            d.    Waiting Time Penalties .....................................................................20

            e.    Interest ..............................................................................................21

        2.    Attorneys' Fees and Costs ............................................................................21

            a.    Plaintiff's Lodestar is Presumptively Reasonable.............................22

            b.    Plaintiff's Costs are Reasonable.......................................................22

i

c.       Plaintiff's Counsel Obtained Significant Results for the Class.........22

E.       The Court Should Exercise Continuing Jurisdiction Over This Class
Action Case. ...................................................................................................23

III.     Conclusion ...................................................................................................23

# TABLE OF AUTHORITIES

**CASES**

*Action S.A. v. Marc Rich & Co. Inc.*
   951 F.2d 504 (2nd Cir.1991) ............................................... 16

*Alvarez v. IBP, Inc.*
   339 F.3d 894 (9th Cir.2003) ............................................... 17

*Amaral v. Cintas Corp.*
   163 Cal.App.4th 1157 (2008) .......................................... 10, 17

*Anderson v. Mt. Clemens Pottery Co.*
   328 U.S. 680 (1946) ..................................................... 16, 17

*Arista Records, Inc. v. Beker Ent., Inc.*
   298 F.Supp.2d 1310 (S.D. Fla. 2003) ..................................... 3

*Associated Vendors, Inc. v. Oakland Meat Co.*
   210 Cal.App.2d 825 (1962) ............................................... 14

*AT&T Co. v. Compagnie Bruxelles Lambert*
   94 F.3d 586 (9th Cir.1996) ............................................... 15

*Augustus v. ABM Sec. Servs., Inc.*
   2 Cal.5th 257 (2016) .................................................... 8, 20

*Bell v. Farmers Ins. Exchange*
   135 Cal.App.4th 1138 (2006) ............................................. 22

*Bono Enterprises, Inc. v. Bradshaw*
   32 Cal.App.4th 968 (1995) .............................................. 8, 20

*Brinker Rest. Corp. v. Superior Court*
   53 Cal.4th 1004 (2012) ................................................... 8

*Brock v. Seto*
   790 F.2d 1446 (9th Cir.1986) .......................................... 16, 17

*Camacho v. Bridgeport Fin., Inc.*
   523 F.3d 973 (9th Cir. 2008) ............................................. 23

*Dr. JKL Ltd. v. HPC IT Educ. Ctr.*
   749 F.Supp.2d 1038 (N.D.Cal. 2010) ..................................... 4, 16

*Drumm v. Morningstar, Inc.*
   695 F.Supp.2d 1014 (N.D.Cal. 2010) ...................................... 22

*Eitel v. McCool*
    782 F.2d 1470 (9th Cir.1986) ................................................................ passim

*Fair Hous. of Marin v. Combs*
    285 F.3d 899 (9th Cir. 2002) ........................................................ 3, 4, 16

*Goodrich v. Briones*
    626 F.3d 1032 (9th Cir. 2010) ................................................................ 16

*Harris v. Marhoefer*
    24 F.3d 16 (9th Cir. 1994) ...................................................................... 23

*Hensley v. Eckerhart*
    461 U.S. 424 (1983) ................................................................................ 23

*Hernandez v. Mendoza*
    199 Cal.App.3d 721 (1998) ...................................................................... 4

*Hiehle v. Torrance Millworks, Inc.*
    126 Cal.App.2d 624 (1954) .................................................................... 15

*In re Cathode Ray Tube Antitrust Litig.*
    2012 U.S. Dist. LEXIS 53502 (N.D.Cal. Apr. 16, 2012) .................... 24

*In re Itel Sec. Litig.*
    596 F.Supp. 226 (N.D.Cal.1984) ............................................................ 24

*Landstar Ranger, Inc. v. Parth Enterprises, Inc.*
    725 F.Supp.2d 916 (C.D.Cal. 2010) ...................................................... 13

*Li v. A Perfect Day Franchise, Inc.*
    2012 WL 2236752 (N.D.Cal. 2012) .......................................... 12, 13, 17

*Mangold v. Cal.Public Util. Comm'n*
    67 F.3d 1470 (1995) ................................................................................ 22

*McLaughlin v. Seto*
    850 F.2d 586 (9th Cir.1988) .................................................................... 17

*Mesler v. Bragg Management Co.*
    39 Cal.3d 290 (1985) .............................................................................. 15

*Mid-Century Ins. Co. v. Gardner*
    9 Cal.App.4th 1205 (1992) ...................................................................... 15

*Minnesota Min. & Mfg. Co. v. Superior Court*
    206 Cal.App.3d 1025 (1988) .................................................................. 15

iv

*Morales v. City of San Rafael*
    96 F.3d 359 (9th Cir. 1996) ....................................................................... 23

*Murphy v. Kenneth Cole Production, Inc.*
    40 Cal.4th 1094 (2007) ............................................................................ 8

*Naranjo v. Spectrum Sec. Servs., Inc.*
    40 Cal.App.5th 444 (Ct. App. 2019) ....................................... 8, 20, 22

*PepsiCo Inc. v. Cal.Sec. Cans*
    238 F.Supp.2d 1172 (C.D.Cal. 2002) ............................................ 12, 13

*Perdue v. Kenny A.*
    130 S. Ct. 1662 (2010) ........................................................................... 23

*Philip Morris USA v. Castworld Products, Inc.*
    219 F.R.D. 494 (C.D.Cal. 2003) ....................................................... 3, 16

*Rivera v. Rivera*
    2011 WL 1878015 (N.D.Cal. May 17, 2011) .................................... 19

*Shanghai Automation Instrument Co. Ltd. v. Kuei*
    194 F.Supp.2d 995 (N.D. Cal. 2001) ............................................. 13, 16

*Smith v. Superior Court*
    39 Cal.4th 77 (2006) ............................................................................. 10

*Sony Computer Entm't Am., Inc. v. Divineo, Inc.*
    457 F.Supp.2d 957 (N.D.Cal. 2006) .................................................... 3

*TeleVideo Sys., Inc. v. Heidenthal*
    826 F.2d 915 (9th Cir. 1987) .................................................................. 3

*Tidewater Marine W., Inc. v. Bradshaw*
    14 Cal.4th 557, 927 P.2d 296 (1996) .................................................. 8

*Truong Giang Corp. v. Twinstar Tea Corp.*
    2007 WL 1545173 (N.D.Cal. May 29, 2007) .................................... 12

*United States v. Lyon*
    2011 WL 2226308 (E.D.Cal. June 7, 2011) ...................................... 14

*United States v. Ordonez*
    2011 WL 1807112 (E.D. Cal. May 11, 2011) ................................... 14

*United States v. Standard Beauty Supply Stores, Inc.*
    561 F.2d 774 (9th Cir.1977) .............................................................. 16

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

**STATUTES**

California Code of Civil Procedure
Section 1668 .................................................................................................. 5
Section 3289 .................................................................................................. 22

California Labor Code
Section 201(a).......................................................................................... 10, 11
Section 203 ........................................................................................ 10, 11, 21
Section 218.6 .............................................................................................. 22
Section 226 .......................................................................................... passim
Section 510 .............................................................................................. 4, 18
Section 512(a).......................................................................................... 8, 20
Section 515 .......................................................................................... 4, 5, 18
Section 1182.12 ...................................................................................... 4, 19
Section 1194 .................................................................................... 5, 19, 22
Section 1197 .............................................................................................. 4
Section 3513 .............................................................................................. 5

**OTHER AUTHORITIES**

IWC Wage Order 16.......................................................................... passim

**RULES**

Federal Rule of Civil Procedure
Rule 55.................................................................................................. 1, 2, 16

**REGULATIONS**

8 California Code of Regulation
Section 13520 .............................................................................................. 11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS

**NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 27, 2020, at 1:30 p.m. or as soon thereafter as the matter may be heard in Courtroom 8 of the United States District Court for the Northern District of California, located at 280 South First Street, fourth floor, in San Jose, California, the Honorable Lucy H. Koh presiding, Plaintiff Stjepan Papes ("Plaintiff") will and hereby does move this Court under Fed. R. Civ. P. 55(b)(2) and the Court's inherent authority for an order for entry of default judgment against Defendants ISM Vuzem, d.o.o., Robert Vuzem, and Ivan Vuzem ("Defendants") and an award of attorneys' fees and costs.

Plaintiff makes this motion on the grounds that:

1.   Defendants have failed to appear in this case;

2.   The Clerk has entered default against Defendants;

3.   Defendants are not minors, nor incompetent persons, nor in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

4.   Notice of this motion need not be served as required by Fed. R. Civ. P. 55(b)(2);[1] and

5.   Plaintiff is entitled to judgment against Defendants on each of the claims pleaded in the Third Amended Complaint ("TAC").

Plaintiff seeks judgment for damages, penalties and interest in the amount of $6,215,403.99 in total owed overtime and double time wages, damages, meal and rest period premiums, penalties, and interest, as set forth in the accompanying Declaration of Katherine Fiester in Support of Plaintiff's Motion for Entry of Default Judgment ("Fiester Decl."), ¶ 7. Plaintiff also requests attorneys' fees and costs in the amount of $454,946 as set forth in the accompanying declaration of William Dresser in Support of Plaintiff's Motion for Entry of Default Judgment ("Dresser Decl."),

---

[1] Defendants have not appeared in this case. Therefore, Plaintiff need not comply with Federal Rule of Civil Procedure 55(b)(2) ("If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing."). Nevertheless, Plaintiff will endeavor to serve Defendants with this motion, and will notify the Court regarding the status of these efforts prior to the hearing on Plaintiff's motion.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

1  ¶¶ 68-69; and in the Declaration of Hunter Pyle filed in support of Plaintiff's Motion for Class

2  Certification ("Pyle Decl."), ¶16.

3  Plaintiff's Motion is based on this Notice of Motion and Motion and the accompanying

4  Memorandum of Points and Authorities in support thereof; the Declaration of Katherine Fiester in

5  support thereof, and all Exhibits thereto; the Declaration of William Dresser in support thereof, and

6  all Exhibits thereto; the Proposed Order Granting Entry of Default Judgement; the Court's files and

7  records; and any other evidence, briefing, or argument properly before this Court.

8  **I.      INTRODUCTION**

9  Pursuant to Federal Rule of Civil Procedure 55(b)(2), Plaintiff submits this Motion

10  for Entry of Default Judgment against Defendants ISM Vuzem, d.o.o., Robert Vuzem, and Ivan

11  Vuzem (collectively "Defendants").

12  This case has been litigated since 2016. The Court entered default against each of the

13  Defendants on January 16, 2020. (ECF Dkt. 445-447.)

14  Taking as true all of the well-pleaded allegations of the operative Third Amended

15  Complaint ("TAC"), Plaintiff has established each of the California wage and hour claims pled

16  against Defendants. Plaintiff herein submits documentation as to the amount of damages, penalties,

17  and interest, as well as attorneys' fees and costs, which should be awarded to the Class.

18  Accordingly, Plaintiff requests that the Court enter default judgment against Defendants on each of

19  the California wage and hour causes of action, and award damages, penalties, and interest, as well

20  as attorneys' fees and costs.

21  **II.     LEGAL ARGUMENT**

22  **A.      Legal Standard**

23  Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom

24  a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure

25  is shown by affidavit or otherwise," default may be entered. (Fed. R. Civ. P. 55(a).) After a

26  defendant's default is entered by the court, the well-pled factual allegations of the complaint are

27  taken as true. (*Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *TeleVideo Sys.,*

28  .

1   *Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987); *see also Philip Morris USA v. Castworld*

2   *Products, Inc.,* 219 F.R.D. 494, 499 (C.D.Cal. 2003) ("[B]y defaulting, Defendant is deemed to

3   have admitted the truth of [plaintiff's] averments.").)

4         Where the factual allegations of the complaint provide a sufficient legal basis for entry of a

5   default judgment, the court then conducts an inquiry to ascertain the amount of damages. (*See Sony*

6   *Computer Entm't Am., Inc. v. Divineo, Inc.*, 457 F.Supp.2d 957 (N.D. Cal. 2006); *see also Arista*

7   *Records, Inc. v. Beker Ent., Inc.*, 298 F.Supp.2d 1310, 1311-12 (S.D. Fla. 2003).)

8         In exercising its discretion to enter default judgment, the Court may consider the following

9   factors: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive

10   claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the

11   possibility of a dispute concerning material facts; (6) whether the default was due to excusable

12   neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

13   decisions on the merits. (*See Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986).)

14   **B.    Default Judgment is Appropriate**

15         All *Eitel* factors weigh in favor of entry of default judgment.

16         **1.   First *Eitel* Factor: Possibility of Prejudice**

17         Under the first *Eitel* factor, courts consider the possibility of prejudice to a plaintiff if

18   default judgment is not entered against a defendant. (*Eitel,* 782 F.2d at 1471.)

19         Here, this factor weighs heavily in favor of granting default judgment. Plaintiff has

20   diligently pursued this case for years. Absent default judgment, Plaintiff would lack any other

21   recourse for recovery because Defendants have failed to appear or defend this suit. (*Philip Morris*

22   *USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).) Thus, the first *Eitel*

23   factor weighs in favor of granting of default judgment.

24         **2.   Second and Third *Eitel* Factors: The Merits of Plaintiff's Substantive Claims**

25            **and the Sufficiency of the Complaint**

26         The second and third *Eitel* factors address the merits and sufficiency of the claims pled in

27   the operative complaint. These two factors are often analyzed together. (*See Dr. JKL Ltd. v. HPC*

28   ‘

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

*IT Educ. Ctr.,* 749 F.Supp.2d 1038, 1048 (N.D.Cal. 2010).) In its analysis of the second and third *Eitel* factors, the Court should accept as true all well-pleaded allegations regarding liability. (*See Fair Hous. of Marin,* 285 F.3d at 906.)

Here, the TAC provides detailed factual allegations as to the elements of each of the California wage and hour causes of action. Furthermore, Plaintiff has presented additional evidence demonstrating the merits of each of the wage and hour claims.

### a.   Failure to Pay Overtime and Double Time under California Law

Pursuant to Labor Code section 515(d)(2), when a non-exempt worker is paid a salary, the salary only compensates that worker for regular, non-overtime hours. Furthermore, non-exempt workers are entitled to payment of overtime premium wages for all overtime and double time hours worked.[2]  (Cal. Lab. Code § 510; IWC Wage Order 16–2001 ("Wage Order 16") §§ 3(A)(1), 3(A)(1)(a-b).) Any employee who works in excess of eight (8) hours in a day, forty (40) hours in a workweek, or the first eight (8) hours on the seventh consecutive day worked is entitled to one and a half (1.5) times the regular rate of pay. (Wage Order 16 § 3(A)(1)(a).) Any employee who works in excess of twelve (12) hours in a day or over eight hours on a seventh consecutive day worked is entitled to two (2) times the regular rate of pay. (Wage Order 16 § 3(A)(1)(b).)

Employers are required to pay employees at least the applicable minimum wage for all hours worked. (Cal. Lab. Code § 1197; Wage Order 16 § 4.) According to the applicable wage order and California Labor Code section 1182.12: "[O]n and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour. (*See* Wage Order 16 § (4).) Employees cannot waive their right to the minimum wage; where an employee's regular rate is below the minimum wage, damages are based upon the minimum wage in effect at the time

---

[2] It is the employer's burden to keep records of hours worked. However, where the employer has failed to keep these statutorily mandated records, the employer will bear the consequences of that failure. *See, e.g., Hernandez v. Mendoza* 199 Cal.App. 3d 721 (1998). Employees can provide credible evidence to establish that they worked for hours for which they were not properly compensated. *Id*. Plaintiffs must show the amount and extent of that work by "just and reasonable inference." *Id*.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

1   of the violation. (*Id.*; Cal. Lab. Code §§ 515(d)(1), 1197; Cal. Civ. Code §§ 1668 and 3513.)

2           California Labor Code section 1194(a) states that "any employee receiving less than . . . the

3   legal overtime compensation applicable to the employee is entitled to recover in a civil action the

4   unpaid balance of the full amount of this . . . overtime compensation, including interest thereon,

5   reasonable attorney's fees, and costs of suit." (Cal. Lab. Code § 1194.) Finally, a worker who is

6   paid less than the minimum wage for any hour they worked is entitled to recover additional

7   liquidated damages from the employer in the amount of the unpaid minimum wage for each hour

8   worked. (Cal. Lab. Code § 1194.2.)

9           Here, Plaintiff has alleged that Defendants paid the Class Members a monthly salary and

10  that the Class Members were non-exempt employees. (TAC ¶¶ 17(l), 281.) Plaintiff has also

11  alleged that Defendants failed to pay Class Members overtime as required by California law. (*Id.* at

12  ¶¶ 280-281.) Plaintiff has therefore adequately pled a violation of California law with respect to

13  overtime.

14          Furthermore, Plaintiff has shown that these claims have merit. For example, Plaintiff has

15  shown that Defendants paid each of the Class Members a flat rate per month. (Declaration of

16  Radmilo Bozinovic, Ph.D. in support of Plaintiffs' Motion for Class Certification ("Bozinovic

17  Decl.") Exh. B, Declaration of Kristijan Antalasic ("Antalasic Decl.") ¶ 7; Bozinovic Decl. Exh. D,

18  Declaration of Sifet Dizdarevic ("Dizdarevic Decl.") ¶ 7; Bozinovic Decl. Exh. F, Declaration of

19  Ivan Drzaic ("Drzaic Decl.") ¶ 7; Bozinovic Decl. Exh. H, Declaration of Robert Hernaus

20  "(Hernaus Decl.") ¶ 7; Bozinovic Decl. Exh. J, Declaration of Leopold Hubek ("Hubek Decl.") ¶ 7;

21  Bozinovic Decl. Exh. L, Declaration of Davor Hudin ("Hudin Decl.") ¶ 7; Bozinovic Decl. Exh. N,

22  Declaration of Leon Hudoletnjak ("Hudoletnjak Decl.") ¶ 7; Bozinovic Decl. Exh. P, Declaration

23  of Elvis Koscak ("Koscak Decl.") ¶ 7; Bozinovic Decl. Exh. R, Declaration of Marijan Lazar

24  ("Lazar Decl.") ¶ 7; Bozinovic Decl. Exh. T, Declaration of Gregor Lešnik ("Lešnik Decl.") ¶ 5;

25  Bozinovic Decl. Exh. V, Declaration of Vjeran Lončar ("Lončar Decl.") ¶ 7; Bozinovic Decl. Exh.

26  X, Declaration of Saša Maslić ("Maslic Decl.") ¶ 7; Bozinovic Decl. Exh. Z, Declaration of

27  Tomica Panić ("Panic Decl.") ¶ 7; Bozinovic Decl. Exh. BB, Declaration of Stjepan Papeš ("Papes

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

Decl.") ¶ 7; Bozinovic Decl. Exh. DD, Declaration of Željko Puljko ("Puljko Decl.") ¶ 7;
Bozinovic Decl. Exh. FF, Declaration of Kristijan Rugani ("Kristijan Rugani Decl.") ¶ 7;
Bozinovic Decl. Exh. HH, Declaration of Krunoslav Rugani ("Krunoslav Rugani Decl.") ¶ 7;
Bozinovic Decl. Exh. JJ, Declaration of Darko Šincek ("Šincek Decl.") ¶ 7; Bozinovic Decl. Exh.
LL, Declaration of David Štante ("Štante Decl.") ¶ 7; Bozinovic Decl. Exh. NN, Declaration of
Nedeljko Živanić ("Živanić Decl.") ¶ 7.)

Plaintiff has also shown that Defendants' supervisors instructed Class Members that they
had to take Vuzem vans to and from their company-provided apartments and the Tesla plant
located in Fremont, California. (Dizdarevic Decl. ¶¶ 9-11; Drzaic Decl. ¶¶ 9-11; Hernaus Decl. ¶¶
9-11; Hubek Decl. ¶¶ 9-11; Hudin Decl. ¶¶ 9-11; Hudoletnjak Decl. ¶¶ 9-11; Koscak Decl. ¶¶ 9-11;
Lazar Decl. ¶¶ 9-11; Lešnik Decl. ¶¶ 9-11;  Maslic Decl. ¶¶ 9-11; Panic Decl. ¶¶ 9-11; Papes Decl.
¶¶ 9-11; Puljko Decl. ¶¶ 9-11; Šincek Decl. ¶¶ 9-11; Živanić Decl. ¶¶ 9-11.) Class Members then
took these Vuzem vans to and from the Tesla plant each day. (Antalasic Decl. ¶¶ 10-12; Dizdarevic
Decl. ¶¶ 10-12; Drzaic Decl. ¶¶ 10-12; Hernaus Decl. ¶¶ 10-12; Hubek Decl. ¶¶ 10-12; Hudin
Decl. ¶¶ 10-12; Hudoletnjak Decl. ¶¶ 10-12; Koscak Decl. ¶¶ 10-12; Lazar Decl. ¶¶ 10-12; Lešnik
Decl. ¶¶ 10-14; Lončar  Decl. ¶¶ 10-11; Maslic Decl. ¶¶ 10-12; Panic Decl. ¶¶ 10-12; Papes Decl.
¶¶ 10-13; Puljko Decl. ¶¶ 10-12; Kristijan Rugani Decl. ¶¶ 10-12; Krunoslav Rugani Decl. ¶¶ 10-
12; Šincek Decl. ¶¶ 10-12; Štante Decl. ¶¶ 10-12; Živanić Decl. ¶¶ 10-12.) As a result, Class
Members did not take any other transportation to or from the Tesla plant and did not drive alone.
(Antalasic Decl. ¶ 11; Dizdarevic Decl. ¶ 11; Drzaic Decl. ¶ 11; Hernaus Decl. ¶ 11; Hubek Decl. ¶
11; Hudin Decl. ¶ 11; Hudoletnjak Decl. ¶ 11; Koscak Decl. ¶ 11; Lazar Decl. ¶ 11; Lešnik Decl. ¶
11; Lončar  Decl. ¶ 10; Panic Decl. ¶ 11; Papes Decl. ¶¶ 11; Puljko Decl. ¶ 11; Kristijan Rugani
Decl. ¶ 11; Krunoslav Rugani Decl. ¶¶ 11; Šincek Decl. ¶ 11; Štante Decl. ¶ 11; Živanić Decl. ¶
11.)

This commute process took Class Members at least thirty minutes to and from the Tesla
plant. (Antalasic Decl. ¶ 12; Dizdarevic Decl. ¶ 12; Drzaic Decl. ¶ 12; Hernaus Decl. ¶ 12; Hubek
Decl. ¶ 12; Hudin Decl. ¶ 12; Hudoletnjak Decl. ¶ 12; Koscak Decl. ¶ 12; Lazar Decl. ¶ 12; Lešnik

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

Decl. ¶ 14; Lončar Decl. ¶ 10; Maslic Decl. ¶ 12; Panic Decl. ¶ 12; Papes Decl. ¶ 13; Puljko Decl. ¶ 11; Kristijan Rugani Decl. ¶ 12; Krunoslav Rugani Decl. ¶ 12; Šincek Decl. ¶ 12; Štante Decl. ¶ 12; Živanić Decl. ¶ 12.)

Plaintiff has also shown that Class Members regularly worked more than 12 hours per day, including the commute process and at the Tesla plant. (Antalasic Decl. ¶¶ 8, 10-14; Dizdarevic Decl. ¶¶ 8, 10-14; Drzaic Decl. ¶¶ 8, 10-14; Hernaus Decl. ¶¶ 8, 10-14; Hubek Decl. ¶¶ 8, 10-14; Hudin Decl. ¶¶ 8, 10-14; Hudoletnjak Decl. ¶¶ 8, 10-14; Koscak Decl. ¶¶ 8, 10-14; Lazar Decl. ¶¶ 8, 10-14; Lešnik Decl. ¶¶ 8, 10-16; Lončar Decl. ¶¶ 8, 10-13; Maslic Decl. ¶¶ 8, 10-14; Panic Decl. ¶¶ 8, 10-14; Papes Decl. ¶¶ 8, 10-15; Puljko Decl. ¶¶ 8, 10-14; Kristijan Rugani Decl. ¶¶ 8, 10-14; Krunoslav Rugani Decl. ¶¶ 8, 10-14; Šincek Decl. ¶¶ 8, 10-14; Štante Decl. ¶¶ 8, 10-14; Živanić Decl. ¶¶ 8, 10-14.)

However, Defendants did not pay Class Members time and a half for hours worked over eight hours in a day, over 40 hours in a week, or for the first eight hours on the seventh consecutive day worked or double time for hours worked over twelve in day or after eight hours on the seventh consecutive day worked. (Antalasic Decl. ¶¶ 7, 15, 19; Dizdarevic Decl. ¶¶ 7, 15, 20; Drzaic Decl. ¶¶ 7, 15, 20; Hernaus Decl. ¶¶ 7, 15, 20; Hubek Decl. ¶¶ 7, 15, 20; Hudin Decl. ¶¶ 7, 15, 19; Hudoletnjak Decl. ¶¶ 7, 15, 19; Koscak Decl. ¶¶ 7, 15, 19; Lazar Decl. ¶¶ 7, 15, 19;  Lešnik Decl. ¶¶ 7, 17, 22; Lončar Decl. ¶¶ 7, 14, 16; Maslic Decl. ¶¶ 7, 15, 20; Panic Decl. ¶¶ 7, 15, 19; Papes Decl. ¶¶ 7, 16, 21; Puljko Decl. ¶¶ 7, 15, 18; Kristijan Rugani Decl. ¶¶ 7, 15, 19; Krunoslav Rugani Decl. ¶¶ 7, 15, 20; Šincek Decl. ¶¶ 7, 15, 20; Štante Decl. ¶¶ 7, 15, 20; Živanić Decl. ¶¶ 7, 15, 20.)

Thus, Plaintiff has sufficiently established that Defendants violated California law by failing to pay Class Members overtime, and double time.

### b.  Failure to Comply with California Meal and Rest Period Law

Non-exempt employees are entitled to a meal period, during which they are "relieved of all duty" for not less than thirty (30) minutes each for each five (5) hours that they work. (Cal. Lab. Code § 512(a); Wage Order 16 § 10(A).) If an employer fails to satisfy its responsibility regarding meal periods, workers are entitled to one (1) hour premium wages for each day that they were not

.

7

provided with a meal break. (Cal. Lab. Code § 226.7; Wage Order 16 § 10(D); *see also Murphy v. Kenneth Cole Production, Inc.* 40 Cal.4th 1094 (2007).)

Employers must authorize and permit employees to take a ten-minute rest break for every four hours of work, or major fraction thereof. (Wage Order 16 § 11(A); *Brinker Rest. Corp. v. Superior Court,* 53 Cal.4th 1004, 1029 (2012) (an employee must receive "10 minutes for shifts lasting more than two hours up to six hours, 20 minutes for shifts lasting more than six hours up to 10 hours, and so on").) Employers who fail to authorize and permit required rest periods must pay a premium of one additional hour of pay for each workday that a rest period is not provided. (Lab. Code § 226.7; Wage Order 16 § 11(D).)

Moreover, an employer is required to pay an employee for meal and rest periods during which the employee is precluded from leaving the worksite. (*Bono Enterprises, Inc. v. Bradshaw*, 32 Cal.App. 4th 968, 979 (1995), disapproved of on other grounds by *Tidewater Marine W., Inc. v. Bradshaw*, 14 Cal.4th 557, 927 P.2d 296 (1996); *Naranjo v. Spectrum Sec. Servs., Inc.,* 40 Cal.App. 5th 444, 460-463 (Ct. App. 2019), as modified on denial of reh'g (Oct. 10, 2019) petition for review granted (Jan. 2, 2020) (absent a compliant agreement, employer must pay meal period premiums to employees if meal periods are not compliant with law); *Augustus v. ABM Sec. Servs., Inc.,* 2 Cal.5th 257, 269–70 (2016), as modified on denial of reh'g (Mar. 15, 2017) ("As we explained, a rest period means an interval of time free from labor, work, or any other employment-related duties. And employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time.").)

Here, Plaintiff alleges that Defendants failed to provide Class Members with meal periods. (TAC ¶ 267(e).) Furthermore, Plaintiff alleges that Defendants failed to authorize and permit Class Members to take rest periods pursuant to California law. (*Id.* at ¶¶ 286-290.)

As set forth above, Plaintiff has shown that Class Members regularly worked more than 10 hours per day. However, Defendants did not provide Class Members to take a second 30-minute, uninterrupted meal period each day that they worked more than 10 hours. (Antalasic Decl. ¶ 16; Dizdarevic Decl. ¶ 17; Drzaic Decl. ¶ 17; Hernaus Decl. ¶ 17; Hubek Decl. ¶ 17; Hudin Decl. ¶ 16; Hudoletnjak Decl. ¶ 17; Koscak Decl. ¶ 17; Lazar Decl. ¶ 17; Lešnik Decl. ¶ 19; Maslic Decl. ¶ 17;

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

Panic Decl. ¶ 17; Papes Decl. ¶ 18; Kristijan Rugani Decl. ¶ 16; Krunoslav Rugani Decl. ¶ 17; Šincek Decl. ¶ 17; Štante Decl. ¶ 17; Živanić Decl. ¶ 17.)  Nor did Defendants authorize and permit Class Members to take a third 10-minute, uninterrupted rest break each day that they worked more than 10 hours. (Antalasic Decl. ¶ 17; Dizdarevic Decl. ¶ 18; Drzaic Decl. ¶ 18; Hernaus Decl. ¶ 18; Hubek Decl. ¶ 18; Hudin Decl. ¶ 17; Hudoletnjak Decl. ¶ 18; Koscak Decl. ¶ 18; Lazar Decl. ¶ 18; Lešnik Decl. ¶ 20; Maslic Decl. ¶ 18; Panic Decl. ¶ 18; Papes Decl. ¶ 19; Kristijan Rugani Decl. ¶ 17; Krunoslav Rugani Decl. ¶ 18; Šincek Decl. ¶ 18; Štante Decl. ¶ 18; Živanić Decl. ¶ 18.)

Additionally, Class Members were not permitted to leave the Tesla facility during their meal and rest periods. (Dizdarevic Decl. ¶ 16; Drzaic Decl. ¶ 16; Hernaus Decl. ¶ 16; Hubek Decl. ¶ 16; Hudoletnjak Decl. ¶ 16; Koscak Decl. ¶ 16; Lazar Decl. ¶ 16; Lešnik Decl. ¶ 18; Maslic Decl. ¶ 16; Panic Decl. ¶ 16; Papes Decl. ¶ 17; Puljko Decl. ¶ 16; Krunoslav Rugani Decl. ¶ 16; Šincek Decl. ¶ 16; Štante Decl. ¶ 16; Živanić Decl. ¶ 16.)

Thus, Plaintiff has sufficiently established that Defendants violated California law with respect to meal and rest periods.

### c.  Failure to Provide Wage Statements

California Labor Code § 226(a) mandates that an employer "furnish each of his or her employees ... an accurate itemized statement in writing showing [among other things] (1) gross wages earned, [and] (2) total hours worked by the employee, [and (3) ] net wages earned." (Cal. Lab. Code § 226(a).) Under subsection (e) of the same provision: "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with [section 226(a) ] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) ..." (Cal. Lab. Code § 226(e).)

Here, Plaintiff has alleged that Defendants knowingly failed to provide Class Members with wage statements. (TAC ¶¶ 293-296.) Plaintiff has therefore adequately pled a violation of California law with respect to wage statements. Moreover, the allegations in the TAC establish that

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

1  Defendants' conduct was knowing and willful. (*Id.* at ¶¶ 295, 298.)

2  Plaintiff has also shown that Defendants did not provide Class Members with wage

3  statements. (Antalasic Decl. ¶ 18; Dizdarevic Decl. ¶ 19; Drzaic Decl. ¶ 19; Hernaus Decl. ¶ 19;

4  Hubek Decl. ¶ 19; Hudin Decl. ¶ 18; Hudoletnjak Decl. ¶ 19; Koscak Decl. ¶ 19; Lazar Decl. ¶ 19;

5  Lešnik Decl. ¶ 21; Lončar Decl. ¶ 15; Maslic Decl. ¶ 19; Panic Decl. ¶ 19; Papes Decl. ¶ 20; Puljko

6  Decl. ¶ 17; Kristijan Rugani Decl. ¶ 18; Krunoslav Rugani Decl. ¶ 19; Šincek Decl. ¶ 19; Štante

7  Decl. ¶ 19; Živanić Decl. ¶ 19.)

8  Thus, Plaintiff has sufficiently established that Defendant violated California Labor Code

9  section 226.

10  ### d.  Waiting Time Penalties

11  California Labor Code section 203 provides that "[i]f an employer willfully fails to pay,

12  without abatement or reduction, … any wages of an employee who is discharged or who quits, the

13  wages of the employee shall continue as a penalty from the due date thereof at the same rate until

14  paid or until an action therefor is commenced; but the wages shall not continue for more than 30

15  days." (Cal. Lab. Code § 203(a).) Upon discharge, the employees' earned and unpaid wages are

16  due within 72 hours. (Cal. Lab. Code § 201(a).)

17  An employer effectuates a "discharge" not only when it fires an employee from ongoing

18  employment, but also when it releases the employee upon completion of a particular job

19  assignment or time duration for which he or she was hired. (*See Smith v. Superior Court,* 39

20  Cal.4th 77, 92, (2006).) Additionally, the meaning of "willful" under Section 203 "is that an

21  employer has intentionally failed or refused to perform an act which was required to be done." (*See*

22  *Amaral v. Cintas Corp., No. 2,* 163 Cal.App.4th 1157, 1201 (2008).) "The employer's refusal to

23  pay need not be based on a deliberate evil purpose to defraud workmen of wages which the

24  employer knows to be due." (*Id.* (internal quotation marks omitted).)

25  Pursuant to 8 Cal. Code. Reg. section 13520: "A willful failure to pay wages within the

26  meaning of Labor Code Section 203 occurs when an employer intentionally fails to pay wages to

27  an employee when those wages are due. However, a good faith dispute that any wages are due will

28  .

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

preclude imposition of waiting time penalties under Section 203. A 'good faith dispute' that any wages are due occurs when an employer presents a defense, based in law or fact which, if successful, would preclude any recovery on the part of the employee."

Here, Plaintiff has sufficiently alleged that Defendants "willfully failed and refused to timely pay compensation and wages, including unpaid overtime pay and unpaid regular wage pay." (TAC ¶ 307.)

Furthermore, Plaintiff has shown that by April 30, 2016, all Class Members had ended their employment at the Tesla facility. (Antalasic Decl. ¶ 5; Dizdarevic Decl. ¶ 5; Drzaic Decl. ¶ 5; Hernaus Decl. ¶ 5; Hubek Decl. ¶ 5; Hudin Decl. ¶ 5; Hudoletnjak Decl. ¶ 5; Koscak Decl. ¶ 5; Lazar Decl. ¶ 5; Lešnik Decl. ¶ 5; Lončar Decl. ¶ 5; Maslic Decl. ¶ 5; Panic Decl. ¶ 5; Papes Decl. ¶ 5; Puljko Decl. ¶ 5; Kristijan Rugani Decl. ¶ 5; Krunoslav Rugani Decl. ¶ 5; Šincek Decl. ¶ 5; Štante Decl. ¶ 5; Živanić Decl. ¶ 5.)  Defendants did not pay Class Members all wages that they were owed at the time of termination, including wages owed for time that Class Members were required to spend in the commute process, including time spent in Vuzem vans and for overtime work. (Antalasic Decl. ¶¶ 7, 13, 15, 19; Dizdarevic Decl. ¶¶ 7, 13, 15, 20; Drzaic Decl. ¶¶ 7, 13, 15, 20; Hernaus Decl. ¶¶ 7, 13, 15, 20; Hubek Decl. ¶¶ 7, 13, 15, 20; Hudin Decl. ¶¶ 7, 13, 15, 19; Hudoletnjak Decl. ¶¶ 7, 13, 15, 19; Koscak Decl. ¶¶ 7, 13, 15, 19; Lazar Decl. ¶¶ 7, 13, 15, 19; Lešnik Decl. ¶¶ 7, 15, 17, 22; Lončar Decl. ¶¶ 7, 12, 14, 16; Maslic Decl. ¶¶ 7, 13, 15, 20; Panic Decl. ¶¶ 7, 13, 15, 19; Papes Decl. ¶¶ 7, 14, 16, 21; Puljko Decl. ¶¶ 7, 13, 15, 18; Kristijan Rugani Decl. ¶¶ 7, 13, 15, 19; Krunoslav Rugani Decl. ¶¶ 7, 13, 15, 20; Šincek Decl. ¶¶ 7, 13, 15, 20; Štante Decl. ¶¶ 7, 13, 15, 20; Živanić Decl. ¶¶ 7, 13, 15, 20.)

Thus, Plaintiff has sufficiently established that Defendants violated California Labor Code sections 201–203.

### 3.  Fourth *Eitel* Factor: The Sum of Money at Stake

Under the fourth factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." (*PepsiCo Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1176 (C.D.Cal. 2002); *see also Eitel,* 782 F.2d at 1471–72.) "The Court considers Plaintiff's

declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable." (*Truong Giang Corp. v. Twinstar Tea Corp.,* No. 06–CV–03594, 2007 WL 1545173, at * 12 (N.D.Cal. May 29, 2007).) Default judgment is disfavored when a large amount of money is involved or unreasonable in light of the potential loss caused by the defendant's actions. (*See id.*)

In *Li v. A Perfect Day Franchise, Inc.*, 2012 WL 2236752, *5 (N.D.Cal. 2012), this Court granted default judgment in the amount of $11,711,499.83, plus attorneys' fees and costs in the amount of $1,422,937.72. The Court noted that that amount of money, "in light of the size of the class (127 class members), the class period…and the number of claims brought, is not unreasonable." *Id.* at 11.

The damages in this case consist of unpaid overtime and double time wages, meal and rest period premiums, liquidated damages, paystub and waiting time penalties, and interest owed to the Class in this case for the time period of July 23, 2014 to April 29, 2016.  (Fiester Decl. ¶ 7, Exhibit A (Class Damages Calculations).)

As set forth below, Plaintiff requests a default judgment in the amount of $6,215,403.99, and attorneys' fees and costs in the amount of $454,946.11. (Fiester Decl. ¶ 7, Exh. A; Dresser Decl. ¶¶ 68-69; Pyle Decl. ¶ 16.) That amount is reasonable in light of the class size (177 individuals), the number of claims, and the seriousness of Defendants' conduct. In particular, much of Defendants' conduct was willful and aimed at exploiting non-English speaking, low wage workers brought to this country for the purpose of exploiting them. (*See, e.g.,* TAC ¶¶ 53–58, 151-157.)

Given these facts, the amount of money at stake is reasonable under the circumstances. The fourth *Eitel* factor therefore weighs in favor of a default judgment

### 4.   Fifth and Sixth, *Eitel* Factors: Potential Disputes of Material Fact and Excusable Neglect

The fifth *Eitel* factor considers the possibility of dispute as to any material facts in the case. Where a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

respond, the likelihood of disputed facts is very low. (*See Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 921 (C.D. Cal. 2010).)

Here, as described above, Plaintiff's complaint is well-pleaded. Defendants have made no effort to properly respond. Therefore, there is a very low likelihood of dispute as to the material facts. The fifth *Eitel* factor therefore weighs in favor of default judgment.

The sixth *Eitel* factor considers whether failure to appear was the result of excusable neglect. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. (*Shanghai Automation Instrument Co. Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).)

Here, despite being properly served, Defendants have made no effort to defend this suit. Furthermore, it has been several months since the Clerk entered their default. (ECF Dkt. Nos. 445-447.) Finally, there is absolutely no evidence in the record that Defendants' failure to appear was the result of excusable neglect.

For these reasons, the likelihood of excusable neglect is low, and this factor favors default judgment.

### 5.   Seventh *Eitel* Factor: Policy Favoring Decision on the Merits

Although decisions on the merits are preferred, that preference does not prevent a court from entering judgment where defendants have refused to respond. (*PepsiCo*, 238 F.Supp.2d at 1177.) To the contrary, district courts have regularly held that the policy favoring a decision on the merits, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself. (*See, e.g., Li, 2012 WL 2236752,* at *12; *Naturemarket, Inc.,* 694 F.Supp.2d 1039, 1061 (N.D. Mar. 5 2010); *United States v. Lyon,* No. 10–2549, 2011 WL 2226308, at *3 (E.D.Cal. June 7, 2011) (citing *Cal. Sec. Cans,* 238 F.Supp.2d at 1177).)

Here, Defendants have failed to respond or appear in this case. Defendants' actions have thus prevented the Court from making a decision on the merits. Accordingly, Plaintiff submits that the Court should conclude that the seventh *Eitel* factor is outweighed by the other six factors that

13

1   weigh in favor of default judgment. (*See United States v. Ordonez,* No. 10–01921, 2011 WL

2   1807112, at *3 (E.D.Cal. May 11, 2011).)

3        In light of these factors, Plaintiff's well-pleaded complaint and the merits of the substantive

4   claims favor entry of default judgment. Without a default judgment, Plaintiff will be denied the

5   right to adjudicate his claims and obtain relief for himself and the class. The damages sought are

6   supported by the record as discussed below.

7        Further, Defendants' default was not due to any type of excusable neglect, but, rather, to an

8   attempt to evade the judicial process. Defendants have had notice and the opportunity to defend

9   this case and have chosen not to do so. Plaintiff is entitled to a default judgment.

10       **C.    Defendants Are Jointly and Severally Liable**

11       Plaintiff's well-pleaded complaint contains allegations that Defendants Robert Vuzem and

12   Ivan Vuzem are the alter egos of ISM Vuzem, d.o.o. (TAC, ¶¶ 16-17.) The law of alter ego allows

13   a party to pierce the corporate veil and pursue the shareholders of the corporation based on the

14   manner in which they have dealt with the corporation. (*Associated Vendors, Inc. v. Oakland Meat*

15   *Co.*, 210 Cal.App.2d 825 (1962).) Factors that lead to alter ego liability include the commingling of

16   corporate funds or other assets; the employment of the same employees; the failure to adequately

17   capitalize a corporation; the use of a corporation as a mere shell, instrumentality or conduit for a

18   single venture; the failure to maintain arm's length relationships among related entities; and the use

19   of a corporate entity to procure labor, services or merchandise for another entity. (*Id.*; *Mid-Century*

20   *Ins. Co. v. Gardner*, 9 Cal.App.4th 1205, 1212-1213 (1992).)[3]

21

22   _____

23   [3]The Ninth Circuit, applying California law, has held that a corporation's veil may be pierced and
     the corporation may be deemed an alter ego of an individual where: [i] an unity of interest and
24   ownership exists between the personality of the corporation and the individual owner; and [ii]
     failure to disregard their separate identities would result in an inequitable result. (*AT&T Co. v.*
25   *Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir.1996) (applying California law.).) Where
     the alter ego doctrine applies, a corporation's shareholders are treated as "partners" and are held
26   jointly and severally liable for its debts. (*Minnesota Min. & Mfg. Co. v. Superior Court* 206
     Cal.App.3d 1025, 1028 (1988) (ownership of even one share may be sufficient to impose alter ego
27   liability); *Hiehle v. Torrance Millworks, Inc.* 126 Cal.App.2d 624, 630 (1954).)

28       .

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Furthermore, where injustice would result but for the finding of alter ego liability, courts tend to allow the piercing of the veil, especially in the context of a tort. (*Mesler v. Bragg Management Co.*, 39 Cal.3d 290, 300 (1985).) "The essence of the alter ego doctrine is that justice be done." (*Id., at* 301.)

Here, the TAC alleges as follows at paragraphs 16-17:

16.  Plaintiffs are informed and believe and thereon allege that Ivan Vuzem and Robert Vuzem are the owners of Defendant ISM Vuzem d.o.o. and in turn of each of ISM Vuzem USA, Inc. and of Vuzem USA, Inc. and indirectly of HRID-Mont, d.o.o. with ownership purportedly in the name of Helena Ogrizek, who is the wife of Robert Vuzem.

17.  Plaintiffs are informed and believe and thereon allege that between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o. there is such a unity of interest and ownership between the entities and their equitable owners that the separate personalities of the entities and the owners do not in reality exist.  Further, an inequitable result will be reached for the wrongful acts alleged herein if they are treated as those of the entities alone.  Plaintiffs are informed and believe and thereon allege that each of Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-Mont, d.o.o. have commingled funds and other assets, each of the entities has held itself out to be liable for the debts of the others, there is identical equitable ownership in all of the entities, the entities use the same offices and employees, and the individuals and entities each use each other as mere shells or conduits for the affairs of each other. Further, ISM Vuzem USA, Inc. has been inadequately capitalized, each entity has been without necessary insurance to cover liabilities of each, there has been a disregard of corporate formalities, there has been a lack of segregation of corporate records, there has been a lack of segregation of corporate contracts and agreements, and they have identical directors and officers. Adherence to the fiction of the separate existence of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-Mont, d.o.o. as entities distinct from Defendants Robert Vuzem and Ivan Vuzem and other entities they control would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

The Court should regard these well-pleaded allegations as true because default has been entered. (*Fair Hous.*, 285 F.3d at 906.) These allegations are sufficient to establish alter ego liability on behalf of Defendants Robert Vuzem and Ivan Vuzem. (*See also* Dresser Decl. ¶¶ 92-109.)

Furthermore, "[a]n inequitable result exists where an unsatisfied creditor exists in connection with an abuse of the corporate form."  (*Shanghai Automation Instrument Co. Ltd. V. Kuei*, 194 F.Supp.2d 995, 1003 (N.D.Cal. 2001), citing *United States v. Standard Beauty Supply*

15

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS

1    *Stores, Inc.*, 561 F.2d 774, 777 (9th Cir.1977).) In this case, Robert and Ivan Vuzem transferred the

2    contracts and employees of ISM Vuzem, d.o.o. to HRID-Mont, d.o.o. (*See* TAC, ¶15.) That is an

3    abuse of the corporate form.

4        Defendants are thus jointly and severally liable for the full amount of the judgment entered

5    in this case. (*See Goodrich v. Briones*, 626 F.3d 1032, 1038 (9th Cir. 2010).)

6        **D.    Requested Relief**

7            **1. Damages**

8        A plaintiff seeking default judgment "must also prove all damages sought in the

9    complaint." (*Dr. JKL Ltd.,* 749 F.Supp.2d at 1046 (citing *Philip Morris USA, Inc. v. Castworld*

10   *Prods., Inc.,* 219 F.R.D. 494, 498 (C.D.Cal. 2003).) Rule 55 does not require the court to conduct a

11   hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded

12   in the default judgment. (*Action S.A. v. Marc Rich & Co. Inc.,* 951 F.2d 504, 508 (2nd Cir.1991).)

13       Furthermore, where an employer fails to maintain accurate payroll records, an employee

14   carries his burden if he shows he performed work for which he was improperly compensated and

15   produces some evidence to show the amount and extent of that work "as a matter of just and

16   reasonable inference." (*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946),

17   superseded by statute on other ground, Portal–to–Portal Act, 61 Stat. 86–87; *see also Brock v. Seto,*

18   790 F.2d 1446, 1448 (9th Cir.1986); *McLaughlin v. Seto,* 850 F.2d 586, 589 (9th Cir.1988).)

19       The Ninth Circuit has approved "approximated awards where plaintiffs can establish, to an

20   imperfect degree of certainty, that they 'have performed work and have not been paid in

21   accordance with the FLSA.'" (*Alvarez v. IBP, Inc.,* 339 F.3d 894, 914–15 (9th Cir.2003) citing

22   *Brock,* 790 F.2d at 1448 (internal quotation marks and alterations omitted).) "In such instances, the

23   only uncertainty is the amount of damage, not the fact that damages are due. Where an approximate

24   award based on reasonable inferences forms a satisfactory surrogate for unquantified and

25   unrecorded actual times, an approximated award is permissible." (*Id.* (internal quotation marks,

26   citations, and alterations omitted).)

27       Under this burden shifting approach, both the Ninth Circuit and California courts have

28   .

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

permitted district courts to award back wages based upon evidence of damages from a representative sampling of class members. (*McLaughlin v. Seto,* 850 F.2d 586, 589 (9th Cir.1988); *Amaral,* 163 Cal.App.4th at 1189 (*"Anderson'* s reasoning has also been applied to permit class action plaintiffs to prove their damages for unpaid overtime by the use of statistical sampling.").) Thus, where a Plaintiff has established liability for unpaid wages, and that a defendant has failed to maintain accurate payroll records, the court can rely on evidence of a representative sampling of class members regarding the damages owed to establish liability as to the class. (*Li,* 2012 WL 2236752, at *13.)

Here, as set forth below, Plaintiff has used a representative sampling consisting of 20 Class Member declarations[4] to calculate the unpaid overtime and double time wages, liquidated damages, interest, and penalties owed for each of cause of action. (Fiester Decl. ¶ 5.)

### a. Overtime and Double Time

The Class Members were paid a flat rate per month. (Antalasic Decl. ¶ 7; Dizdarevic Decl. ¶ 7; Drzaic Decl. ¶ 7; Hernaus Decl. ¶ 7; Hubek Decl. ¶ 7; Hudin Decl. ¶ 7; Hudoletnjak Decl. ¶ 7; Koscak Decl. ¶ 7; Lazar Decl. ¶ 7; Lešnik Decl. ¶ 7; Lončar Decl. ¶ 7; Maslic Decl. ¶ 7; Panic Decl. ¶ 7; Papes Decl. ¶ 7; Puljko Decl. ¶ 7; Kristijan Rugani Decl. ¶ 7; Krunoslav Rugani Decl. ¶ 7; Šincek Decl. ¶ 7; Štante Decl. ¶ 7; Živanić Decl. ¶ 7; Fiester Decl. ¶ 14.) Class Members worked overtime and double time. (Antalasic Decl. ¶¶ 8, 10-14; Dizdarevic Decl. ¶¶ 8, 10-14; Drzaic Decl. ¶¶ 8, 10-14; Hernaus Decl. ¶¶ 8, 10-14; Hubek Decl. ¶¶ 8, 10-14; Hudin Decl. ¶¶ 8, 10-14; Hudoletnjak Decl. ¶¶ 8, 10-14; Koscak Decl. ¶¶ 8, 10-14; Lazar Decl. ¶¶ 8, 10-14; Lešnik Decl. ¶¶ 8, 10-16; Lončar Decl. ¶¶ 8, 10-13; Maslic Decl. ¶¶ 8, 10-14; Panic Decl. ¶¶ 8, 10-14; Papes Decl.

---

[4] These Class Member declarations are attached as exhibits to the Declaration of Radmilo Bozinovic, Ph.D., Regarding Class Member Declarations in Support of Plaintiffs' Motion For Class Certification filed concurrently with the court on April 23, 2020. Plaintiff also reviewed and relied William Dresser's declaration in support of Plaintiffs' Motion for Class Certification and the exhibits attached thereto filed concurrently on April 23, 2020, including the number of Class Members, data regarding how many Class Members worked at the Tesla plant each day per week, and data regarding the number of pay periods Class Members worked post-September 25, 2015. (Fiester Decl. ¶ 6.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

¶¶ 8, 10-15; Puljko Decl. ¶¶ 8, 10-14; Kristijan Rugani Decl. ¶¶ 8, 10-14; Krunoslav Rugani Decl. ¶¶ 8, 10-14; Šincek Decl. ¶¶ 8, 10-14; Štante Decl. ¶¶ 8, 10-14; Živanić Decl. ¶¶ 8, 10-14; Fiester Decl. ¶¶ 8-13.) All Class Members' overtime and double time hours worked were completely uncompensated. (Cal. Lab. Code § 510; Cal. Lab. Code § 515(d)(2); Wage Order 16 § 3(A)(1)(a-b).)

In order to calculate overtime wages owed to the Class, Plaintiff determined how many Class Members worked each day during the relevant time period. (Fiester Decl. ¶ 6.) Plaintiff also calculated, based on the declarations gathered from Class Members, the average overtime and double time owed to each Class Member on a daily basis. (Fiester Decl. ¶¶ 7-24, Exh. A.)

That evidence showed that Class Members worked an average of 12.1 hours per day on Monday through Saturday and 8.25 hours every other Sunday.[5] (Fiester Decl. ¶¶ 8-13.) From these hours, Plaintiff was able to determine how many overtime and double time hours Class Members worked on average per day. (*Id.*)

Because Class Members were paid less than the minimum wage, their regular rate of pay for the purpose of calculating damages was the applicable California minimum wage during the relevant time period: $9.00 from July 23, 2014 to December 31, 2015 and $10.00 from January 1, 2016 to April 29, 2016. (Cal. Lab. Code § 1182.12*;* Wage Order 16 ¶ (4); Fiester Decl. ¶ 20.) In order to calculate overtime and double time wages owed, Plaintiff applied the overtime and double time compensation rate of each Class Member (1.5 and 2 times the regular rate of pay, respectively) and multiplied those rates by the number of unpaid overtime and double time hours worked each day. (*See Rivera v. Rivera,* No. 10–01345, 2011 WL 1878015 at *5 (N.D.Cal. May 17, 2011); Fiester Decl. ¶¶ 20-23.) Plaintiff then multiplied the number of daily overtime and double time hours by the number of Class Members that worked each day to calculate overtime and double time wages owed on a class-wide basis. (Fiester Decl. ¶ 23.)

These calculations demonstrate that the Class Members are owed $2,318,659.70 in unpaid

---

[5] Class Members worked 36.25 overtime hours and 4.60 double time hours during weeks they worked on Sunday and 32 overtime hours and .60 double time hours during weeks they did not work on Sunday. (Fiester Decl. ¶¶ 17-18, 22, Exh. A.)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

1   overtime and double time wages. (Fiester Decl. ¶ 24.)

2       Class Members are also entitled to liquidated damages because they were not paid at all for

3   the overtime and double time hours they worked. (*See* Cal. Lab. Code § 1194.2.) Plaintiff

4   calculated liquidated damages as follows: the total number of overtime and double time hours all

5   Class Members worked per day multiplied by the applicable minimum wage. (Fiester Decl. ¶¶ 25-

6   28.)

7       These calculations demonstrate that the Class Members are owed liquidated damages in the

8   amount of $1,508,063.85. (Fiester Decl. ¶¶ 25-28.)

9              **b. Meal and Rest Period Violations**

10      The Class Members were not provided lawfully compliant meal and rest periods every day

11  they worked. (Antalasic Decl. ¶ 16-17; Dizdarevic Decl. ¶ 16-18; Drzaic Decl. ¶ 16-18; Hernaus

12  Decl. ¶ 16-18; Hubek Decl. ¶ 16-18; Hudin Decl. ¶ 16-17; Hudoletnjak Decl. ¶ 16-18; Koscak

13  Decl. ¶ 16-18; Lazar Decl. ¶ 16-18; Lešnik Decl. ¶ 18-20; Maslic Decl. ¶ 16-18; Panic Decl. ¶ 16-

14  18; Papes Decl. ¶ 18-19; Puljko Decl. ¶ 16; Kristijan Rugani Decl. ¶ 16-17; Krunoslav Rugani

15  Decl. ¶ 16-18; Šincek Decl. ¶ 16-18; Štante Decl. ¶ 16-18; Živanić Decl. ¶ 16-18; Fiester Decl. ¶¶

16  34, 41; Cal. Lab. Code §§ 512(a), 226.7, 226.7(d); Wage Order 16 §§ 10(A),(D), 11(B),(D);

17  *Augustus*, 2 Cal.5th at 269–70; *Bono Enterprises, Inc.*, 32 Cal.App.4th at 979; *Naranjo*, 40

18  Cal.App.5th at 460-463.)

19      In order to calculate meal and rest periods owed to the Class, Plaintiff determined how

20  many Class Members worked each day during the relevant time period. (Fiester Decl. ¶ 6.) Class

21  Members worked, in total, including the commute process and at the Tesla plant, on average, 12.1

22  hours on Monday through Saturday and 8.25 hours every other Sunday. (Fiester Decl. ¶¶ 8-13.)

23  Accordingly, Class Members were entitled to, but did not receive, lawfully compliant meal and rest

24  periods each day worked. (*Id*. at ¶¶ 30-34, 37-41.) This resulted in 29,129 meal period violations

25  from July 23, 2014 to December 31, 2015 and 399 meal period violations from January 1, 2016 to

26  April 29, 2016. (*Id*. at ¶ 34, Exh. A.) There were 29,129 rest period violations from July 23, 2014

27  to December 31, 2015 and 399 meal period violations from January 1, 2016 to April 29, 2016. (*Id*.

28  .

at ¶ 41, Exh. A.)

Class Members are owed a meal period premium at the applicable minimum wage for each meal period violation, capped at one per day. (Labor Code § 226.7; Fiester Decl. ¶ 30, 35.) Class Members are owed a rest period premium at the applicable minimum wage for each rest period violation, capped at one per day. (Labor Code § 226.7; Fiester Decl. ¶ 37, 42.)

These calculations demonstrate that the Class Members are owed $266,151.00 in meal period premiums and $266,151.00 in rest period premiums. (Fiester Decl. ¶¶ 36, 43.)

### c.   Itemized Wage Statements

Defendants did not provide Class Members adequate wage statements. (Antalasic Decl. ¶ 18; Dizdarevic Decl. ¶ 19; Drzaic Decl. ¶ 19; Hernaus Decl. ¶ 19; Hubek Decl. ¶ 19; Hudin Decl. ¶ 18; Hudoletnjak Decl. ¶ 19; Koscak Decl. ¶ 19; Lazar Decl. ¶ 19; Lešnik Decl. ¶ 21; Lončar Decl. ¶ 15; Maslic Decl. ¶ 19; Panic Decl. ¶ 19; Papes Decl. ¶ 20; Puljko Decl. ¶ 17; Kristijan Rugani Decl. ¶ 18; Krunoslav Rugani Decl. ¶ 19; Šincek Decl. ¶ 19; Štante Decl. ¶ 19; Živanić Decl. ¶ 19.; Cal. Lab. Code §§ 226(a),(e).)

Here, Plaintiff relied on data from Tesla to determine the total amount of pay periods Class Members worked after September 25, 2015. (Fiester Decl. ¶¶ 6, 44-48.) Plaintiff then applied the provisions of the California Labor Code and determined the amount of penalties owed to each class member for wage statement violations, calculating a $50.00 penalty for the first violation, and a $100 penalty for subsequent violations. (Fiester Decl. ¶¶ 44-47.)

These calculations demonstrate that the Class Members are owed wage statement penalties in the amount of $25,850.00. *Id*. ¶¶ 44-48.

### d.   Waiting Time Penalties

Defendants failed to pay outstanding overtime and double time wages to Class Members at the time of their termination. (Antalasic Decl. ¶¶ 7, 13, 15, 19; Dizdarevic Decl. ¶¶ 7, 13, 15, 20; Drzaic Decl. ¶¶ 7, 13, 15, 20; Hernaus Decl. ¶¶ 7, 13, 15, 20; Hubek Decl. ¶¶ 7, 13, 15, 20; Hudin Decl. ¶¶ 7, 13, 15, 19; Hudoletnjak Decl. ¶¶ 7, 13, 15, 19; Koscak Decl. ¶¶ 7, 13, 15, 19; Lazar Decl. ¶¶ 7, 13, 15, 19;  Lešnik Decl. ¶¶ 7, 15, 17, 22; Lončar Decl. ¶¶ 7, 12, 14, 16; Maslic Decl. ¶¶

20

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

7, 13, 15, 20; Panic Decl. ¶¶ 7, 13, 15, 19; Papes Decl. ¶¶ 7, 14, 16, 21; Puljko Decl. ¶¶ 7, 13, 15, 18; Kristijan Rugani Decl. ¶¶ 7, 13, 15, 19; Krunoslav Rugani Decl. ¶¶ 7, 13, 15, 20; Šincek Decl. ¶¶ 7, 13, 15, 20; Štante Decl. ¶¶ 7, 13, 15, 20; Živanić Decl. ¶¶ 7, 13, 15, 20.) Accordingly, Class Members are owed waiting time penalties. Cal. Lab. Code § 203(a); Fiester Decl. ¶¶ 49-50.)

Plaintiff calculated waiting time penalties owed to Class Members by first calculating their daily average wage ($142.00). (Fiester Decl. ¶ 51.) Thereafter, Plaintiff multiplied the daily average wage by 30 days, and then by 177 class members to calculate waiting time penalties on a class-wide basis. (Fiester Decl. ¶¶ 49-52.)

These calculations demonstrate that the Class Members are owed $754,020.00 in waiting time penalties. (*Id*.)

### e.  Interest

Plaintiff seeks prejudgment interest with respect the Class Members' claims for unpaid wages. (*See* Cal. Lab Code § 1194(a) ("[A]ny employee receiving less than the legal minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of th[e] minimum wage or overtime compensation, including interest thereon[.]").)

Plaintiff computed simple interest beginning on the last date any Class Member worked at the Tesla facility in Fremont. (Fiester Decl. ¶ 53; *see also* Cal. Lab. Code § 218.6; Cal. Civ. Code § 3289; *Bell v. Farmers Ins. Exchange,* 135 Cal.App.4th 1138, 1145 (2006) .) Plaintiff assumed 10 percent interest per annum for the unpaid overtime and double time and 7 percent per annum for the meal and rest period premiums, from April 29, 2016 to April 30, 2020, or four years. (Fiester Decl. ¶ 53; *Naranjo,* 40 Cal.App.5th 444 at 474.)

These calculations demonstrate that the Class Members are owed interest in the amount of $1,076,508.44. (Fiester Decl. ¶¶ 53-54.)

### 2.  Attorneys' Fees and Costs

Plaintiff seeks $385,000 in fees. (Dresser Decl. ¶ 68; Pyle Decl. ¶ 16.) Plaintiff seeks an additional $69,946.11 in costs. (Dresser Decl. ¶ 69.) The total amount sought for fees and costs is therefore $454,946. These amounts represent the straight lodestar of Plaintiff's counsel, without a

1   multiplier, and reasonable out-of-pocket costs of counsel advanced in the litigation.

2   In diversity actions such as this one, the Ninth Circuit applies state law to determine the

3   right to fees and the method for calculating fees with respect to the state-law claims.[13] (*See*

4   *Mangold v. Cal. Public Util. Comm'n*, 67 F.3d 1470, 1478 (1995).) Under California law, Plaintiff

5   is clearly entitled to attorney's fees and costs. (Cal. Lab. Code §§ 218.5, 1194; *see also Drumm v.*

6   *Morningstar, Inc.,* 695 F.Supp.2d 1014, 1018 (N.D.Cal. 2010) (noting that under California law,

7   awarding attorney's fees is "mandatory" in unpaid wage claims).)

8   The number of hours spent by Plaintiff's counsel is thoroughly documented by

9   contemporaneous time records. (Dresser Decl. ¶¶ 75-76; Pyle Decl. ¶ 18.) Likewise, counsel's

10   hourly rates have been consistently approved by federal and state courts. (*Id*. ¶ 17.) They are well

11   within the range of rates charged by and awarded to attorneys with equivalent years of experience.

12   ### a.   Plaintiff's Lodestar is Presumptively Reasonable.

13   Under fee shifting statutes, the lodestar approach is "the guiding light" in determining a

14   reasonable fee. (*Perdue v. Kenny A*., 130 S. Ct. 1662, 1671-73 (2010).) The lodestar is calculated

15   "by multiplying the number of hours the prevailing party reasonably expended on the litigation by

16   a reasonable hourly rate." (*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)

17   (citation & internal quotation marks omitted).)

18   There is a strong presumption that the lodestar figure represents a reasonable fee and

19   "[o]nly in rare instances should the lodestar figure be adjusted on the basis of other

20   considerations." (*Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (citation omitted); *Morales v.*

21   *City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996).)

22   ### b.   Plaintiff's Costs Are Reasonable.

23   Plaintiff's costs in this case total $69,946.11. (Dresser Decl. ¶ 69.) The costs sought are

24   reasonable and were necessary expenditures in pursuit of the litigation. (Dresser Decl. ¶¶ 78-83.)

25   Accordingly, this Court should grant Plaintiff's reasonable request for an award of costs.

26   ### c.   Plaintiff's Counsel Obtained Significant Results for the Class.

27   William Dresser, Plaintiff's lead counsel, has represented Plaintiffs and the Class on a

28   .

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

contingency fee/fee-shifting basis and, therefore, bore all of the risk for the investigation, prosecution, and costs in this matter. (Dresser Decl. ¶ 63.) Against long odds he has obtained excellent results for the Class.

As the U.S. Supreme Court has held, "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." (*See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).) Indeed, "the most critical factor is the degree of success obtained." (*Id*. at 436.) Here, if the Court enters judgment against Defendants as requested then Plaintiff's success will be complete.

For all of these reasons, Counsel's fees, costs, and expenses are reasonable and should be awarded in full.

### E.     The Court Should Exercise Continuing Jurisdiction Over this Case.

The Court has the authority to retain jurisdiction over this case as part of the final judgment "to preserve the integrity of this Court's judgments in general, and specifically to protect the Court's final judgment …." (*In re Itel Sec. Litig.*, 596 F. Supp. 226, 232 (N.D. Cal.1984), aff'd, 791 F.2d 672 (9th Cir. 1986); *see also In re Cathode Ray Tube Antitrust Litig.*, 2012 U.S. Dist. LEXIS 53502, at *51-52 (N.D.Cal. Apr. 16, 2012).)

Here, given Defendants' lack of compliance with the judicial process thus far, Plaintiff anticipates that he will need to engage in collection efforts to recover any significant portion of the judgment. Accordingly, it is in the best interest of the Class that this Court retain jurisdiction to determine the distribution of any monies collected after the collections process has been exhausted.

### III.     CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter default judgment against Defendants in the amount of $6,215,403.99 in total owed overtime and double time wages, damages, meal and rest period premiums, penalties, and interest. Plaintiff also requests attorneys' fees and costs in the amount of $454,946. The Court should hold Defendants jointly and severally liable for the amounts owed.

Plaintiff further requests that the distribution of any amounts recovered through collection

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**

1   of judgment be determined at a later time, with the Court's approval. To that end, the Court should

2   retain jurisdiction over this case until distribution of class funds is complete.

3

4   DATE: April 23, 2020                    HUNTER PYLE LAW

5

6                                           By:   /s/ Hunter Pyle
                                                  Hunter Pyle

7                                           Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   `

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF STJEPAN PAPES'S MOTION FOR ENTRY OF DEFAULT JUDGMENT ON CLASS WAGE AND HOUR CLAIMS**