UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGOR LESNIK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EISENMANN SE, et al.,<br><br>Defendants. | Case No. 16-cv-01120-LHK   (SVK)<br><br>**ORDER ON ADMINISTRATIVE MOTION FOR LEAVE TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 526 |

Now before the Court is Plaintiffs' Administrative Motion to File Documents Under Seal (Dkt. 526) seeking to seal certain materials submitted to the Court in connection with the Plaintiffs' Opposition to Defendant Eisenmann Corporation's Motion to Retain Confidentiality Designations (Dkt. 525). Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). A request to seal court records therefore starts with a "strong presumption in favor of access." *Kamakana*, 447 F.3d at 1178 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that re "not related, or only tangentially related, to the merits of the case," the lower "good cause" standard of Rule 26(c) applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. A party moving to seal court records must also comply with the procedures established by Civil Local Rule 79-5.

Here, the "good cause" standard applies because the information the parties seek to seal was submitted to the Court in connection with a discovery-related motion, rather than a motion that concerns the merits of the case. The Court may reach different conclusions regarding the sealing these documents under different standards or in a different context. Having considered the motions to seal, supporting declarations, and the pleadings on file, and good cause appearing, the Court **ORDERS** as follows:

| Document Sought to be Sealed | Court's Ruling on Motion to Seal | Reason(s) for Court's Ruling |
|---|---|---|
| Ex. G to Supplemental Declaration of William C. Dresser in Opposition to Defendant Eisenmann Corporation's Motion to Retain Confidentiality Designations (Dkt. 525-1) ("Supp. Dresser Decl.") | GRANTED as to the redacted portions of Ex. G in Dkt. 525-1 | Good cause exists to seal the redacted portions of this document because they are narrowly tailored to protect information concerning the parties' confidential settlement agreement |
| Ex. H to the Supp. Dresser Decl. | GRANTED as to the redacted portions of Ex. H in Dkt. 525-1 | Good cause exists to seal the redacted portions of this document because they are narrowly tailored to protect information concerning the parties' confidential settlement agreement |
| Ex. J-2 to the Supp. Dresser Decl. | GRANTED as to the redacted portions of Ex. J-2 in Dkt. 525-1 | Good cause exists to seal the redacted portions of this document because they are narrowly tailored to protect information concerning the parties' confidential settlement agreement |
| Ex. L to the Supp. Dresser Decl. | DENIED as to Ex. L to the Supp. Dresser Decl. (Dkt. 525-1); GRANTED as to Ex. L to the Declaration of William C. Dresser in Support of the Motion for Leave to File under Seal (Dkt. 527) ("Dresser Sealing Decl.") | Ex. L to the Supp. Dresser Decl. (Dkt. 525-1) does not contain redactions and was not filed under seal; therefore, the Court denies the motion to seal to the extent it seeks to seal that document. Ex. L to the Dresser Sealing Decl. (Dkt. 527) is a different document that may remain under seal because it is an email that contains only (1) an introductory message that the Court did not consider in in ruling on the Motion to Retain Confidentiality Designations and (2) a copy of the same email that appears as Ex. M to |

| | | |
|---|---|---|
| | | the Supp. Dresser Decl. that is sealed for the reasons stated below. |
| Ex. M to the Supp. Dresser Decl. | GRANTED as to the redacted portions of Ex. M in Dkt. 525-1 | Good cause exists to seal certain of the redacted portions of this document because they are narrowly tailored to protect information concerning the parties' confidential settlement agreement. The remaining redacted portions list names of people identified as employees of Vuzen whose identities remain confidential under the parties' Protective Order. |

**SO ORDERED.**

Dated: February 8, 2021

SUSAN VAN KEULEN
United States Magistrate Judge