UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES, <br><br> Plaintiffs, <br><br> v. <br><br> EISENMANN SE, et al., <br><br> Defendants. | Case No. 16-CV-01120-LHK <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT** |

Before the Court are Plaintiffs Gregor Lesnik and Stjepan Papes' (collectively, "Plaintiffs") three amended motions for default judgment against the remaining Non-Appearing Defendants in this case: ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; Gregurec Ltd; LB Metal d.o.o.; Mos Servis, d.o.o.; Magna, d.o.o.; and We-Kr d.o.o. (collectively, "Non-Appearing Defendants").[1]  ECF Nos. 501, 505, 506. Having considered the Plaintiffs' briefing, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiffs' three amended motions for default judgment.

---

[1] Plaintiffs' motion for default judgment as to D2N Tehnologije d.o.o. was denied as moot when the Court granted D2N's motion to set aside the Clerk's entry of default.  *See* ECF No. 550; *see also* Fed. R. Civ. P. 55(b) (default judgment is only appropriate for defendants who have "defaulted").

# I.      BACKGROUND

## A.  Factual Background

### 1.  The Parties

Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principle place of business in Slovenia.  Third Amended Complaint, ECF No. 269, at ¶ 9 ("TAC").  Defendant ISM Vuzem USA, Inc. is a South Carolina corporation with its principle place of business in South Carolina.  *Id.* at ¶ 12. Defendant Vuzem USA, Inc. is a California corporation with its principle place of business in California.  *Id.* at ¶ 13. Defendant Robert Vuzem is a resident of Slovenia.  *Id.* at ¶ 10.  Defendant Ivan Vuzem is a resident of Slovenia.  *Id.* at ¶ 11.  Defendant HRID-MONT d.o.o. is a Slovenian corporation with its principle place of business in Slovenia.  *Id.* at ¶ 14.  Defendant Gregurec Ltd is an English business entity with its principle place of business in England.  *Id.* at ¶ 18.  Defendant LB Metal d.o.o. is a Slovenian corporation with its principle place of business in Slovenia.  *Id.* at ¶ 32. Defendant Mos Servis d.o.o. is a Slovenian corporation with its principle place of business in Slovenia. *Id.* at ¶ 44.  Defendant Magna, d.o.o. is a Slovenian corporation with its principle place of business in Slovenia.  *Id.* at ¶ 39.  Defendant We-Kr d.o.o. is a Croatian limited liability company with its principle place of business in Croatia.  *Id.* at ¶ 40.

Plaintiff Gregor Lesnik is a resident of Slovenia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at the Tesla manufacturing plant in Fremont, California in 2015.  *Id.* at ¶ 1.  Plaintiff Stjepan Papes is a resident of Croatia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at various locations between 2013 and 2015, including at the Tesla manufacturing plant in Fremont, California.  *Id.* at ¶ 2.

### 2.  Alleged Conduct of the Defendants

Plaintiffs allege that the Eisenmann Corporation ("Eisenmann"), a former Defendant in this case, formed relations with a number of manufacturing entities, such as Tesla, to perform construction work related to Eisenmann's equipment.  TAC at ¶ 70.  Plaintiffs allege that Eisenmann, to fulfill these agreements, would hire subcontractors who would then provide the laborers necessary to complete the equipment installation.  *Id.* at ¶ 84, 107–8.  Among those

United States District Court
Northern District of California

1    subcontractors were ISM Vuzem d.o.o. and other Non-Appearing Defendants. *Id.*

2        Although all of the work described in the Third Amended Complaint occurred in the

3    United States, ISM Vuzem d.o.o. did not use American workers. Instead, the Third Amended

4    Complaint alleges that ISM Vuzem d.o.o. and the other subcontractor Defendants hired workers

5    internationally. For example, to help install a paint shop at a Tesla facility in Fremont, California,

6    ISM Vuzem d.o.o. hired Lesnik and Papes. *Id.* at ¶¶ 1–2, 60, 111, 213. Other Non-Appearing

7    Defendants allegedly helped to supply these international workers. *Id.* at ¶¶ 33, 84. Lesnik and

8    Papes were allegedly brought to the United States on B-1 visas that are generally reserved for

9    skilled work, even though ISM Vuzem d.o.o. and other Defendants allegedly knew the workers

10   would actually be performing unskilled construction work. *Id.* at ¶¶ 58–91, 211. ISM Vuzem

11   d.o.o. and other Defendants allegedly submitted letters to the United States Consulate containing

12   false statements to obtain B-1 vias on Lesnik and Papes' behalf. *Id.* at ¶¶ 206, 211, 213, 216.

13       The Third Amended Complaint alleges that Lesnik and Papes, once in the United States,

14   were paid far below minimum wage and were forced to work extreme hours. Lesnik allegedly

15   worked at least 10-12 hours a day, over 80 hours a week, and received almost no time off work.

16   *Id.* at ¶ 237. Papes worked a similar number of hours. *Id.* ISM Vuzem d.o.o also allegedly

17   threatened to withhold pay if workers became too sick to work or reported a job injury; threatened

18   to withhold medical benefits if workers reported a job injury; threatened to withhold visas and

19   immigration; threatened to file a civil suit against Lesnik while he was hospitalized; and even told

20   Lesnik that "this will not go well for you." *Id.* at ¶ 315, 338–39. The Third Amended Complaint

21   also alleges that the foreign workers were subject to poor living conditions in the United States,

22   such as being housed in facilities without kitchens, having multiple workers sleep in the same

23   bedroom, and typically having 6 to 10 workers share a single bathroom. *Id.* at ¶ 318.

24       **B. Procedural Background**

25       Plaintiffs filed the complaint initiating this suit on March 7, 2016. ECF No. 1. On July 15,

26   2016, Plaintiffs filed the First Amended Complaint. ECF No. 20. On April 25, 2017, the United

27   States filed a notice that it would not intervene in the instant case. ECF No. 25. On April 25,

28

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1    2017, the Court unsealed the complaint.  ECF No. 26.

2            On August 8, 2017, the Court granted Plaintiffs' motion to file a Second Amended

3    Complaint, and directed the United States to make a "prompt decision" regarding intervention.

4    ECF No. 31.  On October 5, 2017, the United States filed another notice that it would not

5    intervene in the instant case.  ECF No. 34.  On November 11, 2017, Plaintiffs filed the Second

6    Amended Complaint.  ECF No. 37.

7            On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere,

8    REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended

9    Complaint.  ECF No 219.  On October 1, 2018, the Court granted in part and denied in part the

10   motion to dismiss the Second Amended Complaint.  ECF No. 255.

11           On October 31, 2018, Plaintiffs filed a 108-page Third Amended Complaint.  ECF No.

12   269. ("TAC").  The Third Amended Complaint alleges 13 causes of action (some of which are

13   duplicative).  At issue in the instant motions are Plaintiffs' claims pursuant to the False Claims Act

14   (Count I); Plaintiffs' claims pursuant to the "Federal Labor Standards Act"[2] (Counts 2 and 3); and

15   Plaintiffs' claims pursuant to the Trafficking Victims Protection Reauthorization Act (Count 9).

16   *Id.* at ¶¶ 125–401.

17           On March 28, 2019, Plaintiffs filed Summons Returned notices for the Third Amended

18   Complaint on the Non-Appearing Defendants.  ECF Nos. 362–372.  On April 17, 2019, Plaintiffs

19   filed motions for entry of default against seven of the Non-Appearing Defendants.  ECF Nos. 382–

20   388.  On November 11, 2019, Plaintiffs filed motions for entry of default against the remaining

21   four Non-Appearing Defendants.  ECF Nos. 425–428.  On November 7, 2019, the Clerk of the

22   Court entered default against four of the Non-Appearing Defendants.  ECF Nos. 430–433.  On

23   January 16, 2020, the Clerk of the Court entered default against the seven remaining Non-

24

25   _____

26   [2] Plaintiffs' Third Amended Complaint and February 29, 2020 motion for default judgment refer
     to these claims as "Federal Labor Standards Act" claims but cite to the federal statute for the Fair
     Labor Standards Act.  Therefore, the Court will refer to these claims as Fair Labor Standards Act
27   claims.  Plaintiffs seem to acknowledge their error because the instant motion for default judgment
     refers to these claims as Fair Labor Standards Act claims.

28

*United States District Court*
*Northern District of California*

1    Appearing Defendants.  ECF Nos. 443–449.

2        On February 19, 2020, the Court ordered Plaintiffs to file motions for default judgment by

3    February 28, 2020.  ECF No. 457.  On February 28, 2020, Plaintiffs filed a motion for default

4    judgment on their False Claims Act claim (Count I).  ECF No. 461.   On February 29, 2020,

5    Plaintiffs filed a motion for default judgment on their "Federal Labor Standards Act" claims

6    (Counts 2 and 3).  ECF No. 470.  On February 29, 2020, Plaintiffs also filed a motion for default

7    judgment on their Trafficking Victims Protection Reauthorization Act claims (Claim 9) and state

8    trafficking claims (Claim 10).  ECF No. 468.

9        On June 26, 2020, the Court denied without prejudice Plaintiffs' motions for default

10   judgment.  ECF No. 498.  The Court explained that there were numerous deficiencies in Plaintiffs'

11   motions, including (1) that Plaintiffs' motions failed to address the Court's subject matter and

12   personal jurisdiction, and (2) that three of Plaintiffs' four default judgment motions failed to brief

13   the *Eitel* factors, which govern entries of default judgment.  *Id*.

14       On August 24, 2020, Plaintiffs filed the three instant amended motions for default

15   judgment and entry of final judgment.  ECF Nos. 501, 505, and 506.  Plaintiffs' first motion seeks

16   default judgment and an entry of final judgment on Plaintiffs' Fair Labor Standards Act claims

17   against Defendants ISM Vuzem d.o.o., Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., ISM

18   Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o.  ECF No. 501.

19       Plaintiffs' second motion seeks default judgment and an entry of final judgment on Plaintiffs'

20   False Claims Act claims (Count I) against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc.,

21   Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, HRID-MONT d.o.o., Gregurec Ltd,, LB Metal d.o.o.,

22   Mos Servis, d.o.o., D2N Tehnologije d.o.o. aka D2N d.o.o., Magna, d.o.o., and We-Kr d.o.o.  ECF No.

23   505.

24       Plaintiffs' third motion seeks default judgment and an entry of final judgment on Plaintiffs'

25   Trafficking Victims Protection Reauthorization Act claims (Count 9) against Defendants ISM

26   Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  ECF No.

27   506.  Accompanying these motions Plaintiffs filed two requests for judicial notice and an

28

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

1  administrative motion to file under seal.  ECF Nos. 500, 504, 507.

2        On August 25, 2020, Plaintiffs filed notices of voluntary dismissal without prejudice of

3  their California trafficking claims and California wage claims.  ECF Nos. 512, 513.

4  **C. Requests for Judicial Notice**

5        The Court may take judicial notice of matters that are either "generally known within the

6  trial court's territorial jurisdiction" or "can be accurately and readily determined from sources

7  whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, courts may

8  consider materials referenced in the complaint under the incorporation by reference doctrine, even

9  if a plaintiff failed to attach those materials to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068,

10  1076 (9th Cir. 2005).  Public records, including judgments and other publicly filed documents, are

11  proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.

12  2007).  However, to the extent any facts in documents subject to judicial notice are subject to

13  reasonable dispute, the Court will not take judicial notice of those facts.  *See Lee v. City of Los*

14  *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of*

15  *Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

16        In connection with Plaintiffs' motion for default judgment on Plaintiffs' claims under the

17  Trafficking Victims Protection Reauthorization Act, Plaintiffs request judicial notice of eight

18  judicial decisions.  ECF No. 507 (Ex. F–M).  The Court does not reach the merits of Plaintiffs'

19  Trafficking Victims Protection Reauthorization Act claims or the calculation of damages, and so

20  does not rely on these documents.  For this reason, the Court DENIES Plaintiffs' request for

21  judicial notice of Exhibits F–M.

22        In connection with Plaintiffs' motion for default judgment on Plaintiffs' claims under the

23  Fair Labor Standards Act, Plaintiffs request judicial notice of Rule 4 of the Federal Rules of Civil

24  Procedure (Ex. A); the Hague Convention on the Service Abroad of Judicial and Extrajudicial

25  Documents in Civil or Commercial Matters ("Hague Service Convention") (Ex. B); the Republic

26  of Croatia's Reservations to the Hague Service Convention (Ex. C); and Slovenia and Croatia's

27  statutes for service of process (Ex. D–E).  ECF No. 504.  Rule 4 of the Federal Rules of Civil

28

United States District Court
Northern District of California

6

United States District Court
Northern District of California

1    Procedure is a matter of public record and is therefore the proper subject of judicial notice. *See*

2    *Black*, 482 F.3d at 1041.  The Court therefore GRANTS Plaintiffs' request for judicial notice of

3    Rule 4 of the Federal Rules of Civil Procedure (Ex. A).

4        Under Federal Rule of Civil Procedure 44.1, "[i]n determining foreign law, the court may

5    consider any relevant material or source, including testimony, whether or not submitted by a party

6    or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1.  As such, the Court may

7    take judicial notice of an authoritative statement of foreign law. *See McGhee v. Arabian Am. Oil*

8    *Co.*, 871 F.2d 1412, 1424 n. 10 (9th Cir. 1989) (noting that the Court may take judicial notice of

9    foreign law where appropriate); *see also Philips v. Ford Motor Co.*, 2016 WL 8505624, at *1

10    (N.D. Cal. Jun. 10, 2016) (same); *Securities and Exch. Comm. v. Nevatia*, 2015 WL 6912006, at

11    *4 n. 4 (N.D. Cal. Jun. 10, 2016) (same).  The Hague Service Convention is therefore the proper

12    subject of judicial notice.  As such, the Court GRANTS Plaintiffs' request for judicial notice of

13    the Hague Service Convention (Ex. B).

14        However, there are numerous deficiencies with the remainder of Plaintiffs' request for

15    judicial notice.  First, Plaintiffs have not labeled the individual exhibits, so the Court cannot easily

16    tell which exhibit is which, or where one exhibit ends and the next begins.  Second, Plaintiffs

17    assert that they have attached the Republic of Croatia's Reservations to the Hague Service

18    Convention as Exhibit C.  ECF No. 504, at 4.  However, what the Court assumes must be Exhibit

19    C is instead merely a chart of signatory countries to the Hague Service Convention. *Id.* at 19.

20    Finally, Plaintiffs have attached what appear to be untranslated copies of the Slovenian and

21    Croatian statutes for service of process. *Id.* at 22–36.  These exhibits are not labeled, and

22    Plaintiffs have not provided a translation of either exhibit.  The Court is thus unable to determine

23    whether Exhibits D and E "can be accurately and readily determined from sources whose accuracy

24    cannot reasonably be questioned." Fed. R. Evid. 201(b).  For these reasons the Court DENIES

25    Plaintiffs' request for judicial notice of Exhibits C–E.  If Plaintiffs choose to request judicial

26    notice of these exhibits in the future, Plaintiffs must clearly label each exhibit and provide an

27    English translation of each exhibit.

28

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment when the Clerk, under Rule 55(a), has previously entered a party's default.  Fed. R. Civ. P. 55(b).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Furthermore, if a party was improperly served, the Court may not enter a default judgment against that party.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (explaining that a "person is not bound by a judgment in litigation to which he or she has not been made a party by service of process.").

## III.   DISCUSSION

The Court begins by addressing subject matter jurisdiction, personal jurisdiction, and service of process.  The Court does not address the merits of Plaintiffs' motions for default judgment because the Court finds that Plaintiffs have failed to adequately establish that this Court has personal jurisdiction over the Non-Appearing Defendants.

8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.  A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  In order to avoid the entry of an order of default judgment that may subsequently be attacked as void, the Court must determine whether jurisdiction over the instant case exists.  "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  For the Court to exercise personal jurisdiction over a defendant, the defendant must also have been served in accordance with Federal Rule of Civil Procedure 4.  *Mason*, 960 F.2d at 851 (explaining that an entry of default is void if there was improper service of process on a defendant).

**A. Subject Matter Jurisdiction**

The Court previously dismissed Plaintiffs' motions for default judgment without prejudice for failure to address subject matter jurisdiction.  ECF No. 498.  Plaintiffs have now rectified that deficiency.  Plaintiffs' first motion seeks default judgment on Plaintiffs' claims under the Fair Labor Standards Act (Counts 2 and 3) pursuant to 29 U.S.C. § 201, *et seq*.  ECF No. 501; TAC at ¶¶ 206, 253.  Plaintiffs' second motion seeks default judgment on Plaintiffs' claims under the False Claims Act (Count I) pursuant to 31 U.S.C. § 3729, *et seq*.  ECF No. 505, at 22; TAC at ¶ 202.  Finally, Plaintiffs' third motion seeks default judgment on Plaintiffs' claims under the Trafficking Victims Protection Reauthorization Act (Count 9) pursuant to U.S.C. §§ 1589–95.  Each of Plaintiffs' three motions therefore seeks default judgment on federal statutory claims.  As such, the Court is satisfied that it has subject matter jurisdiction over each of Plaintiffs' claims pursuant to 28 U.S.C. § 1331.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**B. Personal Jurisdiction**

9

1    "[A] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*,

2    172 F.3d at 712.  Moreover, "[t]he party seeking to invoke the court's jurisdiction bears the burden

3    of establishing that jurisdiction exists." *Breeland*, 792 F.2d at 927 (citation omitted); *In re Boon*

4    *Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019) (explaining that it is the "party asserting jurisdiction

5    [that] bears the burden to establish jurisdictional facts.").  This Court previously denied Plaintiffs'

6    four motions for default judgment without prejudice because Plaintiffs failed to address the

7    Court's personal jurisdiction in any of the motions for default judgment.  ECF No. 498, at 2.  The

8    Court warned that Plaintiffs "must cure the deficiencies identified above, or the Court will deny

9    the motions with prejudice." *Id.* at 3.

10    Although Plaintiffs' three instant motions for default judgment are unclear as to whether

11    Plaintiffs assert that the Court may exercise both general and specific personal jurisdiction over

12    Non-Appearing Defendants, Plaintiffs appear to argue in each of their three motions for default

13    judgment that the Court may exercise specific jurisdiction over nonresident Defendants. *See* ECF

14    No. 501 at 12; ECF No. 505 at 22; and ECF No. 506 at 20.  However, despite the fact that

15    Plaintiffs were specifically instructed by the Court to demonstrate in their amended motions for

16    default judgment that the Court may exercise personal jurisdiction over Defendants, Plaintiffs

17    have failed to address, or even cite, the Ninth Circuit's well-established three-prong test for

18    specific jurisdiction over nonresident defendants. *See Schwarzenegger v. Fred Martin Motor Co.*,

19    374 F.3d 797, 802 (9th Cir. 2004) ("We have established a three-prong test for analyzing a claim

20    of specific personal jurisdiction.").  Under the Ninth Circuit's test, before a court may exercise

21    specific jurisdiction over a nonresident defendant, the Court must determine that:

22    (1) The non-resident defendant [] purposefully direct[ed] his activities
     or consummate[d] some transaction with the forum or resident
23    thereof; or perform[ed] some act by which he purposefully avail[ed]
     himself of the privilege of conducting activities in the forum, thereby
24    invoking the benefits and protections of its laws;

25    (2) the claim must be one which arises out of or relates to the
     defendant's forum-related activities; and
26
27    (3) the exercise of jurisdiction must comport with fair play and
     substantial justice, i.e. it must be reasonable.

28
Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

1    *Id.*  Plaintiffs have failed to cite this governing precedent and failed to allege facts that support a

2    finding of specific jurisdiction for each Defendant under each prong of the Ninth Circuit's specific

3    jurisdiction test.  Absent allegations to support each prong of this test for each Defendant, the

4    Court is unable to exercise specific personal jurisdiction over each nonresident Defendant.  *Id.*  If

5    the Court were to enter default judgment in favor of Plaintiffs without properly determining that

6    the Court may exercise specific jurisdiction over nonresident Defendants, the Court would risk

7    entering a judgment that could subsequently be attacked as void.  *See In re Tuli*, 172 F.3d at 712

8    ("[A] judgment entered without personal jurisdiction over the parties is void.").  If Plaintiffs

9    choose to refile their motions for default judgment and assert that the Court may exercise specific

10   jurisdiction over nonresident Defendants, Plaintiffs must provide specific allegations to support a

11   finding of specific jurisdiction for each Defendant under the Ninth Circuit's three-prong test for

12   specific jurisdiction.  *See Schwarzenegger*, 374 F.3d at 802.

13          Moreover, the Court also notes that Plaintiffs have failed to provide allegations to support

14   the Court's exercise of general personal jurisdiction over nonresident Defendants.  The Court is

15   conscious that general jurisdiction is "an exacting standard, as it should be, because a finding of

16   general jurisdiction permits a defendant to be haled into court in the forum state to answer for any

17   of its activities anywhere in the world."  *Schwarzenegger*, 374 F.3d at 801.  If Plaintiffs choose to

18   assert that the Court may exercise general jurisdiction over nonresident Defendants, Plaintiffs

19   must provide specific allegations for each Defendant to demonstrate that the Court may exercise

20   general jurisdiction over that Defendant.  Plaintiffs have thus far failed to provide allegations to

21   support general personal jurisdiction over nonresident Defendants, and therefore entering a default

22   judgment and final judgment on the basis of general jurisdiction risks that judgment being

23   subsequently attacked as void.  *See In re Tuli*, 172 F.3d at 712 (judgment without personal

24   jurisdiction is void).

25          The Court will allow Plaintiffs one more opportunity to cure this personal jurisdiction

26   deficiency as to each nonresident Defendant.  The Court reminds Plaintiffs that they must establish

27   that this Court may exercise personal jurisdiction over each Defendant.  Plaintiffs should identify

28
     Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

United States District Court
Northern District of California

clearly whether Plaintiffs assert that the Court may exercise general or specific jurisdiction over each Defendant.  Plaintiffs must also provide specific allegations to support a finding of personal jurisdiction for each Defendant.  If Plaintiffs fail to do so, the Court will deny Plaintiffs' motions for default judgment with prejudice.

### C.  Service of Process

Finally, in anticipation of Plaintiffs' amended motions for default judgment, the Court notes two deficiencies with Plaintiffs' service of process.  For the Court to properly exercise personal jurisdiction over a defendant, the defendant must have been served in accordance with the Federal Rules of Civil Procedure.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote omitted)).  The United States, Slovenia, and Croatia are all signatories to the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.  20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention").  The Hague Service Convention "specifies certain approved methods of service and preempts inconsistent methods of service wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (internal citations omitted).  The Hague Service Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," if the country of destination is a signatory member to the Hague Service Convention.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).  The Hague Service Convention therefore governs service of process in Slovenia and Croatia in this case.

Under the Hague Service Convention, the principle means of service in a signatory country is the country's "Central Authority," which all signatory countries are required to establish.  *See* Hague Service Convention, art. 2, 20 U.S.T. at 362; *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (explaining the Central Authority mechanism in the Hague Service Convention).  However, provided that a signatory country does not object, parties may also be served by postal channels under Article 10(a) of the Hague Service Convention and by personal

12

United States District Court
Northern District of California

service under Article 10(c).  *See* Hague Service Convention, 20 U.S.T. at 363; *Water Splash*, 137 S. Ct. at 1508 (explaining that the Hague Service Convention allows for other forms of service where a country does not object).

First, the Court notes that Plaintiffs filed a certificate of service for Slovenian Defendant Magna d.o.o, which contains a postal receipt for registered mail with acknowledgment of receipt.  ECF No. 370.  Slovenia has stated that service by postal channels under Article 10(a) "is only permitted if judicial documents are sent to the addressee by registered letter with acknowledgment of receipt and the documents are written in, or accompanied by, a translation into the Slovene language." *See* Republic of Slovenia's Declarations and Reservations to the Hague Service Convention, December 18, 2012, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=420&disp=resdn (last visited January 30, 2021).  Plaintiffs do not attest that Magna d.o.o. was served in the Slovenian language.  *See, e.g.* Dresser Decl. in Support of First Amended Motions for Default Judgments, ECF No. 502, at 4; Divjak Decl. at 1, ECF No. 503 (Ex. 409).  Plaintiffs must rectify this deficiency if they choose to refile their motion for default judgment.

Second, Plaintiffs have allegedly served Croatian Defendant We-Kr d.o.o. by postal channels and by personal service in Croatia.  *See* Dresser Decl. in Support of First Amended Motions for Default Judgments, ECF No. 502, at 4; ECF No. 355 (Proof of Service).  Croatia has objected to both forms of service under the Hague Service Convention.  *See* Republic of Croatia's Declarations and Reservations to the Hague Service Convention, February 28, 2006, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=955&disp=resdn (last visited February 5, 2021) ("The Republic of Croatia declares that it is opposed to the mode of service specified in Article 10 of the Convention."); *see also S.E.C. v. Anticevic*, 2009 WL 361739, at *2 (S.D.N.Y. Feb. 13, 2009) (noting that the proper method of serving a Croatian defendant under the Hague Service Convention is through Croatia's Central Authority).  Plaintiffs must clarify how they served We-Kr d.o.o. and the legal basis for the adequacy of that service under federal law and the Hague Service Convention.

**IV.   CONCLUSION**

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

    For the foregoing reasons, the Court DENIES without prejudice Plaintiffs' three amended motions for default judgment.  ECF Nos. 501, 505, 506.  Any renewed motions for default judgment must be filed within 60 days of this order and must cure the deficiencies identified herein, or the Court will deny the motions with prejudice.

**IT IS SO ORDERED.**

Dated: February 10, 2021

_Lucy H. Koh_
_____
LUCY H. KOH
United States District Judge

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTIONS FOR DEFAULT JUDGMENT