UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGOR LESNIK, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EISENMANN SE, et al.,<br><br>　　　　Defendants. | Case No. 16-CV-01120-LHK<br><br>**ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL**<br><br>Re: Dkt. No. 500 |

On August 24, 2020, Plaintiffs filed an administrative motion to seal certain exhibits filed in connection with their motions for default judgment that had been designated as confidential by Defendants pursuant to the parties' stipulated protective order. ECF No. 500. For the reasons set forth below, the Court GRANTS Plaintiffs' administrative motion to seal.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). As the Ninth Circuit has explained, this is a "common law right."

1

Case No. 16-CV-01120-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL

*United States v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017), reflecting the American judicial system's longstanding commitment to "the open courtroom." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014). The public policy favoring public access to judicial proceedings applies equally to court records because "court records often provide important, sometimes the only, bases or explanations for a court's decision." *Id.* Accordingly, when considering a sealing request, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (internal quotation marks omitted). That presumption can be overcome only by a showing of a "compelling reason," that "outweighs the general history of access and the public policies favoring disclosure." *Id.* at 1194–95.

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (citation omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

"Despite this strong preference for public access," the Ninth Circuit has "carved out an exception" for certain court filings. *Ctr. for Auto Safety*, 809 F.3d at 1097. Specifically, filings that are not "more than tangentially related to the merits of a case" need only satisfy the "less

2

exacting" "good cause" standard of Federal Rule of Civil Procedure 26(c). *Id.* at 1097, 1102. The Ninth Circuit has explained that the rationale underlying the "good cause" standard is that "the public has less of a need for access to court records" that "are unrelated, or only tangentially related, to the underlying cause of action." *Oliner*, 745 F.3d at 1026. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978).

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request

3

Case No. 16-CV-01120-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL

that establishes the document is "sealable," or "privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

Here, Plaintiffs seek to seal documents filed in connection with their three motions for default judgment. ECF No. 500. A motion for default judgment is more than tangentially related to the underlying cause of action. *See Koninklijke Philips Electronics, N.V. v. KXD Tech., Inc.*, 347 F. App'x 275, 276 (9th Cir. 2009) (stating that default judgment is "case dispositive"). Accordingly, the "compelling reasons" standard applies to Plaintiffs' motion to seal portions of the supporting exhibits to Plaintiffs' motions for default judgment. *See La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, Case No. 09-cv-03529-JSW, 2013 WL 550563, at *1 (N.D. Cal. Feb. 12, 2013) (applying the "compelling reasons" standard to a motion to seal portions of Plaintiff's motion for default judgment).

However, on February 10, 2021, the Court denied Plaintiffs' motions for default judgment without prejudice and instructed Plaintiffs to refile those motions to cure certain deficiencies. ECF No. 551. The Court did not rely on any of the information that the parties seek to seal when denying Plaintiffs' motions without prejudice; therefore, the public interest in access to this information is minimal. Accordingly, the Court hereby GRANTS the corresponding motion to seal. *See, e.g., X One, Inc. v. Uber Techs. Inc.*, No. 16-CV-06050-LHK, 2020 WL 718310, at *1 (N.D. Cal. Feb. 12, 2020) (granting motions to seal documents filed in support of motions that the

4

Case No. 16-CV-01120-LHK
ORDER GRANTING ADMINISTRATIVE MOTION TO SEAL

Court denied as moot).  The documents that the moving parties provisionally filed under seal at the docket entry listed above shall remain under seal.

If Plaintiffs refile motions for default judgment and seek to seal any information therein, Defendants will be required to refile declarations "establishing that all of the designated material is sealable" under Ninth Circuit law, pursuant to Civil Local Rule 79- 5(e)(1).  When reviewing any renewed sealing request, the Court will analyze carefully each piece of information the parties seek to seal to determine whether sealing is appropriate under Ninth Circuit law.

**IT IS SO ORDERED.**

Dated: February 12, 2021

_____
LUCY H. KOH
United States District Judge