UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>v.<br><br>EISENMANN SE, et al.,<br><br>Defendants. | Case No. 16-CV-01120-LHK<br><br>**ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT D2N TEHNOLOGIJE D.O.O** |

Plaintiffs Gregor Lesnik and Stjepan Papes ("Plaintiffs") filed their initial complaint on March 7, 2016. ECF No. 1. Plaintiffs filed their first amended complaint on July 16, 2016. ECF No. 20. Plaintiffs filed their second amended complaint on November 17, 2017. ECF No. 37. Plaintiffs filed their third amended complaint on October 31, 2018. ECF No. 269.

On March 28, 2019, Plaintiffs filed a Summons Returned that purported to establish that Defendant D2N Tehnologije d.o.o. ("Defendant") had been properly served. ECF No. 366. On April 17, 2019, Plaintiffs filed a motion for entry of default against Defendant. ECF No. 387. On April 17, 2019, the Court stayed the case. ECF No. 394. On October 30, 2019, the stay was lifted. ECF No. 415. On January 16, 2020, the Clerk of the Court entered default against Defendant. ECF No. 448. On February 28, 2020, Plaintiffs filed a motion for default judgment

against Defendant. ECF No. 461. On June 26, 2020, the Court denied Plaintiffs' motion for default judgment because Plaintiffs failed to address the Court's subject matter and personal jurisdiction over Defendant and failed to brief the *Eitel* factors. ECF No. 498.

On August 24, 2020, Plaintiffs filed an amended motion for default judgment. ECF No. 505. On September 22, 2020, Defendant specially appeared and filed a motion to set aside the entry of default on the ground that Defendant had been improperly served under the Hague Service Convention. ECF No. 519.

On February 10, 2021, the Court granted Defendant's motion to set aside the entry of default on the grounds that (1) Defendant was improperly served under Federal Rule of Civil Procedure 4(h) and the Hague Service Convention; and (2) there was good cause to set aside the entry of default. ECF No. 550.

On March 17, 2021, the parties filed a joint case management statement in which Plaintiffs acknowledged that they had yet to take action to serve Defendant in accordance with the Hague Service Convention. ECF No. 553. It has now been almost two and a half years since Plaintiffs filed their third amended complaint. As such, on March 18, 2021, the Court ordered Plaintiffs to file proof of service for Defendant by April 19, 2021. ECF No. 554. The Court warned Plaintiffs that if Plaintiffs did not file proof of service by April 19, 2021, the Court would dismiss Defendant from this case without prejudice. *Id.* at 3.

Federal Rules of Civil Procedure 4(h)(2) and 4(f) "govern service on a foreign corporation," but the Rules do not "contain an express time limit for service." *Panliant Fin. Corp. v. ISEE3D, Inc.*, 2014 WL 7368847, at *5 (D. Nev. Dec. 29, 2014). Furthermore, "the Ninth Circuit has never specifically imposed any time limit on serving a foreign defendant." *Daewoo Elecs. Am. Inc. v. OPTA Corp.*, 2014 WL 3381232, at *3 (N.D. Cal. July 10, 2014). Nevertheless, "district courts need to be able to control their dockets . . . [so] the amount of time allowed for foreign service is not unlimited." *City Drinker, Inc. v. Kodali*, 2014 WL 12608565, at *1 (C.D. Cal. Dec. 10, 2014). Thus, courts have "the inherent authority to set a deadline for serving a foreign defendant." *Arizona School Risk Retention Trust, Inc. v. NMTC, Inc.*, 2015 WL

13764317, at *1 (D. Ariz. July 1, 2015).

Moreover, a "court may dismiss a suit if service in a foreign county is not pursued in a diligent fashion." *Gines Dominguez v. Osorio*, 2018 WL 7458522, at *5 (C.D. Cal. Oct. 18, 2018); *see also Davis v. Zhou Liang*, 2018 WL 6435703, at *2 n.1 (W.D. Wash. Dec. 7, 2018) (acknowledging that an action is "subject to dismissal for failure to exercise due diligence to effectuate service abroad within a 'reasonable' period of time.").

The Court set an April 19, 2021 deadline for proof of service for Defendant that Plaintiffs have failed to meet. *See* ECF No. 554, at 3. The Court finds that service on Defendant has not been pursued in a diligent fashion. The Court therefore dismisses Defendant D2N Tehnologije d.o.o. from this case without prejudice.

**IT IS SO ORDERED.**

Dated: April 20, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No. 16-CV-01120-LHK
ORDER DISMISSING WITHOUT PREJUDICE DEFENDANT D2N TEHNOLOGIJE D.O.O