UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA, ex rel.
GREGOR LESNIK; STJEPAN PAPES,

Plaintiffs,

v.

EISENMANN SE, et al.,

Defendants.

Case No. 16-CV-01120-LHK

**ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
COMPEL ENFORCEMENT OF
SETTLEMENT**

Plaintiffs Gregor Lesnik and Stjepan Papes ("Plaintiffs") bring this motion to compel

enforcement of a settlement agreement and for sanctions against settling defendants Eisenmann

Corporation, Eisenmann SE, Eisenmann Anlagenbau Verwaltung GmbH, and Eisenmann

Anlagenbau GmbH & Co. KG.  ECF No. 532 ("Mot.").  Having considered the parties' briefing,

the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part

Plaintiffs' motion to compel enforcement of settlement and DENIES Plaintiffs' request for

sanctions.

## I.    BACKGROUND

### A. Pre-Settlement Background

United States District Court
Northern District of California

Defendant Eisenmann Corporation is a manufacturer of specialized paint shop equipment. *See* Third Amended Complaint, ECF No. 269 ("TAC"), at ¶ 213. Eisenmann Corporation had relationships with a number of manufacturing entities, including Tesla, Inc. ("Tesla"), to perform construction work related to Eisenmann Corporation's equipment. TAC at ¶ 70. The third amended complaint alleges that Eisenmann Corporation, to fulfill these agreements, would hire an array of subcontractors who would then provide the laborers necessary to complete the equipment installation. TAC at ¶ 84, 107. The third amended complaint names a number of these subcontractors as defendants, including Defendant ISM Vuzem d.o.o. ("Vuzem"). TAC at ¶ 9.

Although all of the work described in the third amended complaint occurred in the United States, Vuzem did not use American workers. Instead, the third amended complaint alleges that Vuzem and the other subcontractor defendants hired workers internationally. For example, to help install a paint shop at a Tesla facility in Fremont, California, Vuzem hired Plaintiff Gregor Lesnik, a resident of Slovenia, and Plaintiff Stjepan Papes, a resident of Croatia. *Id.* at ¶¶ 1–2, 60, 111, 213.

The procedural background of this case is lengthy and largely unrelated to the instant motion. The relevant details are as follows. Plaintiffs filed the complaint initiating this suit on March 7, 2016. ECF No. 1. Plaintiffs subsequently filed an amended complaint, ECF No. 20, a second amended complaint, ECF No. 28, and a third amended complaint, ECF No. 269. In each complaint, Plaintiffs named as Defendants Eisenmann Corporation and three Eisenmann entities based in Germany, Eisenmann SE, Eisenmann Anlagenbau Verwaltung GmbH, and Eisenmann Anlagenbau GmbH & Co. KG (collectively, "Eisenmann German Entities"). *See, e.g.*, TAC at ¶¶ 4–8. The Eisenmann German Entities made special appearances to challenge service of process and never made full appearances. ECF Nos. 229, 421. Plaintiffs also named a number of other defendants, including Tesla. TAC at ¶ 19.

**B. Settlement Agreement**

A settlement conference was held on January 17, 2020 before United States Magistrate

Judge Virginia K. DeMarchi. ECF No. 450. The appearing parties were Plaintiffs Lesnik and

Papes; Defendant Tesla; and Defendant Eisenmann Corporation on behalf of both Eisenmann

Corporation and the Eisenmann German Entities. Mot. at 3–4.

During the January 17, 2020 settlement conference, the appearing parties reached a

confidential settlement agreement. ECF No. 450. The appearing parties signed a Material Term

Sheet at the settlement conference, setting out the terms of the settlement. ECF No. 534-1, at 21

("Ex. 001"); Mot. at 4.

The parties subsequently signed a final Confidential Settlement Agreement and General

Release of Claims ("Settlement Agreement"), which formalized the terms of the parties'

agreement from the settlement conference and Material Term Sheet. This Settlement Agreement

clarified the further obligations of Eisenmann Corporation and Tesla, including final discovery

obligations. *See* ECF No. 534-1, at 29 ("Ex. 003"). The section of the Settlement Agreement that

outlines the settling defendants' further discovery obligations states in relevant part:

> 8. Discovery. Defendants will search for and produce:
>
> a. (Eisenmann Corporation and Tesla) Documents and/or information sufficient to identify the names, last known addresses, and existing time-in / time-out logs of Vuzem workers at Tesla's factory in Fremont, CA.
>
> b. (Eisenmann Corporation only) Documents and/or information sufficient to identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants (BMW, Volkswagen, Volvo Cars, Mercedes, John Deere, and Dicastal North America) in the United States, to the extent such information is in Eisenmann's possession, custody, or control. Eisenmann will search for and produce records from the time period 2006 to January 17, 2020:
>
> i.  Visa invitation letters;
>
> ii. Purchase orders to subcontractor defendants for work on specific locations;
>
> iii. "Records" or logs identifying individuals employed by the remaining named defendants at worksites of the dismissed defendants (BMW, Volkswagen, Volvo Cars, Mercedes, John Deere, and Dicastal North America) in the United States. "Records" includes any copies of visas, passports, and I-9 Forms that exist.

3

*Id.* at 5. The settling parties then filed a joint stipulation for dismissal of all claims and counterclaims against Defendants Eisenmann Corporation and Tesla, and the specially appearing Eisenmann German Entities. ECF No. 483, at 2. The stipulation also requested that the Court retain jurisdiction to enforce compliance with the parties' Settlement Agreement. *Id.* The Court granted the parties' stipulation on March 6, 2020. ECF No. 484.

### C. Compliance with the Settlement Agreement

The parties dispute the details of the production of documents that Eisenmann Corporation has made in accordance with the terms of the Settlement Agreement. Plaintiffs allege that Eisenmann Corporation produced documents on February 10, 2020 and February 11, 2020. Mot. at 4. Eisenmann Corporation alleges that it produced documents on February 3, 2020, February 10, 2020, and February 11, 2020. Opp. at 3.

Eisenmann Corporation alleges that it has produced "invitation letters on Eisenmann Corporation and ISM Vuzem letterhead; copies of visas issued to subcontractor employees entering the United States on B1/B2 visas to work on Eisenmann USA projects; purchase orders issued by Eisenmann USA to subcontractors." *Id.* Eisenmann Corporation also alleges that it has produced "a chart listing the names and last known addresses of individuals employed by ISM Vuzem who either worked at Tesla's Fremont facility or were designated to work there." *Id.* Finally, Eisenmann Corporation alleges that "[r]ather than produce hundreds of pages of purchase orders—all of which contained identical standard terms—Eisenmann USA produced a single purchase order with a spreadsheet detailing additional purchase order dates and descriptions and summarizing the information that varied from one order to another." *Id.* Eisenmann alleges that it has "searched e-mail archives, purchasing databases, project files, and project-specific servers to find responsive documents." *Id.*

After Eisenmann Corporation produced these documents, Plaintiffs identified various deficiencies to Eisenmann Corporation's counsel in response to Eisenmann Corporation's production of documents. Opp. at 4. Plaintiffs asserted that Eisenmann Corporation had not

United States District Court
Northern District of California

"produced all visa invitation letters; produced all visa records and I-9 forms; produced various other documents identifying foreign workers at Tesla and other locations; or provided a complete list of individuals working for ISM Vuzem." *Id.* at 4. Eisenmann Corporation responded by explaining that it could only "produce information in its possession, custody, and control," and that it had met its obligations under the terms of the Settlement Agreement. *Id.*

Plaintiffs subsequently asserted that Eisenmann Corporation possessed a range of records that Eisenmann Corporation had failed to produce, and Plaintiffs sent Eisenmann Corporation five photographs of purported Vuzem timesheets from 2013, 2014, and 2015 that Eisenmann Corporation had allegedly failed to produce. *Id.* at 4–5. Eisenmann Corporation responded by asking for the basis of Plaintiffs' contention that these documents were sent to Eisenmann Corporation. *Id.* at 5. Subsequently, Plaintiffs identified five Eisenmann employees who allegedly received these timesheets. *Id.*

Plaintiffs and Eisenmann Corporation continued to exchange intermittent correspondence related to this dispute between March of 2020 and October of 2020. *Id.* at 5. Eisenmann Corporation did not produce any further records.

On November 24, 2020, Plaintiffs filed the instant motion to compel enforcement of settlement. ECF No. 532 ("Mot."). In connection with the motion, Plaintiffs filed an administrative motion to file under seal. ECF No. 533. On December 8, 2020, Eisenmann Corporation filed an opposition. ECF No. 537 ("Opp."). In connection with the opposition, Eisenmann Corporation filed an administrative motion to file under seal. ECF No. 536. On December 15, 2020, Plaintiffs filed a reply. ECF No. 538 ("Reply"). In connection with the reply, Plaintiffs filed an administrative motion to file under seal. ECF No. 539.

## II.    LEGAL STANDARD

District courts have the inherent power to enforce a settlement agreement in an action pending before it. *See TNT Mktg., Inc. v. Aaresti*, 796 F.2d 276, 278 (9th Cir. 1986). "The moving party has the burden of demonstrating that the parties formed a legally enforceable

settlement agreement." *Woods v. Carey*, 2015 WL 7282749, *4 (E.D. Cal. Nov. 18, 2015). "The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). This is true even if the underlying cause of action is based upon a federal statute. *Woods*, 2015 WL 7282749 at *4. Thus, the Court applies California law "regarding formation and interpretation of contracts in determining whether a legally enforceable settlement agreement was reached." *Id.* The law favors construing settlements to be enforceable. *Jeff D.*, 899 F.2d at 759.

## III. DISCUSSION

The Court first addresses Plaintiffs' argument that Defendants have failed to comply with the terms of the Settlement Agreement. Second, the Court addresses Plaintiffs' request for attorney's fees as sanctions against Defendants.

### A. Enforcement of the Settlement Agreement

The parties do not dispute, and the Court finds, that the parties entered into a binding and enforceable settlement agreement. Mot. at 4; Opp. at 3. The Settlement Agreement itself states that the parties shall ask the Court to retain jurisdiction to enforce the Settlement Agreement. *See* Ex. 003 at 6. Furthermore, when the Court granted the parties' stipulation to voluntarily dismiss all claims against settling defendants, the Court specifically noted that the Court would retain jurisdiction to enforce the Settlement Agreement. ECF No. 484; *see K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 967 (9th Cir. 2014) (holding that where the district court "specifically retained jurisdiction over the Settlement Agreement," the court had jurisdiction to enforce the agreement). The Court therefore has jurisdiction to enforce the terms of the Settlement Agreement. *Id.*

The Court now turns to the Settlement Agreement provisions that Plaintiffs seek to enforce. Plaintiffs argue that under the terms of the Settlement Agreement, the Eisenmann Corporation and the Eisenmann German Entities are required to and have failed to produce: (1) "a complete list with complete address information of Vuzem workers at Tesla, and for Vuzem

6

workers at BMW, Volkswagen, Volvo Cars, Mercedes, John Deere, and Dicastal North America in the United States"; and (2) "a complete production of visa invitation letters, purchase orders, visas, passports and I-9 forms." Mot. at 1, 13. Eisenmann Corporation argues that it has fully complied with the terms of the Settlement Agreement and produced all required documents under its possession and control. Furthermore, Eisenmann Corporation argues that under the terms of the Settlement Agreement only Eisenmann Corporation and Tesla are required to produce further discovery, not the Eisenmann German Entities. Opp. at 12. The Court begins by addressing which settling defendants are required to produce further discovery under the terms of the Settlement Agreement. The Court then considers Plaintiffs' requests for further production of discovery.

### 1. Defendants Required to Produce Further Discovery

Plaintiffs argue that Eisenmann Corporation and the Eisenmann German Entities are obligated under the terms of the Settlement Agreement to produce numerous documents outlined in the Settlement Agreement. Mot. at 2. Plaintiffs further argue that Eisenmann Corporation and the Eisenmann German Entities have failed to produce the required discovery under the terms of the Settlement Agreement.

However, as Eisenmann Corporation rightly argues, the relevant section of the Settlement Agreement, Paragraph 8.a.–8.c., states that "Eisenmann Corporation and Tesla" are required to search for and produce further discovery. Ex. 003 at 5. Although the Eisenmann German Entities are parties to the Settlement Agreement, the section of the Settlement Agreement that outlines further discovery obligations does not list the Eisenmann German Entities as parties with further discovery obligations. *Id.* As such, the section of the Settlement Agreement that outlines the parties' further obligations to produce discovery does not place any further discovery obligations on the Eisenmann German Entities.

Furthermore, the Settlement Agreement states that "[t]he discovery described in Paragraph 8.a.–8.c. will constitute complete and final compliance with respect to the discovery requests and

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT

subpoenas that have been issued to Defendants, and Plaintiffs will seek no additional discovery . . . from Defendants and Defendants' Released Parties." *Id.* Paragraph 8.a.–8.c. provides only for further discovery obligations for the Eisenmann Corporation and Tesla, not the Eisenmann German Entities. *Id.*

As such, the clear language of the Settlement Agreement requires Eisenmann Corporation to produce further discovery as outlined in Paragraph 8.a.–8.c. The Settlement Agreement does not require the Eisenmann German Entities to produce any further discovery. Accordingly, the Court construes Plaintiffs' request to enforce the discovery obligations of the Settlement Agreement against the Eisenmann Corporation, not the Eisenmann German Entities.

The Court now turns to Plaintiffs' requests for further production of discovery under the terms of the Settlement Agreement. Mot. at 8; Reply at 10.[1] The Court addresses in turn the two categories of further discovery that the Eisenmann Corporation is required to produce under the terms of the Settlement Agreement.

### 2. Names and Information of Vuzem Workers at the Tesla Factory

Paragraph 8.a of the Settlement Agreement requires Eisenmann Corporation to search for and produce "Documents and/or information sufficient to identify the names, last known addresses, and existing time-in / time-out logs of Vuzem workers at Tesla's factory in Fremont, CA." Ex. 003 at 5.

Eisenmann Corporation argues, and Plaintiffs do not dispute, that Eisenmann Corporation

---

[1] Plaintiffs' reply brief also raises various evidentiary objections to Defendant's supporting declarations attached to Defendant's opposition brief. Reply at 1–3; *see* ECF No. 536-6 ("Bernay Decl."); ECF No. 536-8 ("Fabris Decl."). Plaintiffs seek to exclude the majority of the Bernay Declaration without citing any legal basis, and Plaintiffs provide specific objections to only a limited portion of the declaration. Reply at 2. The Court does not rely on any portion of the Bernay Declaration specifically objected to by Plaintiffs and therefore Plaintiffs' objections are moot. Plaintiffs also seek to exclude the Fabris Declaration on the basis that Plaintiffs' "proffered evidence have shown that a purported custodian certification lacks trustworthiness." Reply at 3. Plaintiffs' alleged evidence that the declaration lacks trustworthiness is that "full production" of documents under the Settlement Agreement has not been made. However, Plaintiffs provide no basis or citation for this claim. Accordingly, the Court overrules Plaintiffs' objection to the Fabris Declaration.

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ENFORCEMENT OF SETTLEMENT

produced information previously provided to Eisenmann Corporation by Vuzem concerning workers at the Tesla factory. Opp. at 11; Mot. at 7. The information that Eisenmann Corporation produced included a list of Vuzem workers at Tesla, including the workers' names and last known addresses. *Id.*

Plaintiffs argue that Eisenmann Corporation's "list did not identify the country [workers] were from." Mot. at 7. However, Paragraph 8.a of the Settlement Agreement does not require Eisenmann Corporation to produce that information. Rather, Paragraph 8.a requires Eisenmann Corporation to produce information sufficient to identify the workers' names and "last known addresses." Ex. 003 at 5. Plaintiffs do not allege that Eisenmann Corporation has failed to comply with that provision of the Settlement Agreement.

Accordingly, Eisenmann Corporation has complied with Paragraph 8.a of the Settlement Agreement.

### 3. Documents and/or Information to Identify Eastern European Workers

Paragraph 8.b of the Settlement Agreement requires Eisenmann Corporation to search for and produce the following records:

> b. (Eisenmann Corporation only) Documents and/or information sufficient to identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants (BMW, Volkswagen, Volvo Cars, Mercedes, John Deere, and Dicastal North America) in the United States, to the extent such information is in Eisenmann's possession, custody, or control. Eisenmann will search for and produce records from the time period 2006 to January 17, 2020:
>
> i.     Visa invitation letters;
>
> ii.    Purchase orders to subcontractor defendants for work on specific locations;
>
> iii.   "Records" or logs identifying individuals employed by the remaining named defendants at worksites of the dismissed defendants (BMW, Volkswagen, Volvo Cars, Mercedes, John Deere, and Dicastal North America) in the United States. "Records" includes any copies of visas, passports, and I-9 Forms that exist.

Ex. 003 at 5. Accordingly, Paragraph 8.b requires Eisenmann Corporation to search for and

produce "[d]ocuments and/or information sufficient to identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . . to the extent such information is in Eisenmann's possession, custody, or control." *Id.* Sub-paragraphs i–iii list categories of records that Eisenmann Corporation will search for and produce to comply with Paragraph 8.b.

Eisenmann Corporation argues that it has searched for and produced those documents that it has in its "possession, custody, or control," in compliance with Paragraph 8.b. Opp. at 7. Plaintiffs argue that Eisenmann Corporation has produced both an incomplete list of Eastern European workers and an incomplete production of responsive records. Mot. at 5. The Court addresses these two arguments in turn.

### a. List of Eastern European Workers

Plaintiffs argue that the list of workers produced by Eisenmann Corporation (1) did not identify the country these workers were from, and (2) included only Vuzem workers from the Tesla site. Mot. at 7.

First, Paragraph 8.b does not require Eisenmann Corporation to identify the country the Eastern European works were from, only "[d]ocuments and/or information sufficient to identify the names of Eastern European workers." Ex. 003 at 5. Accordingly, Eisenmann Corporation is not required to identify the country these workers are from.

Second, Plaintiffs argue that the list of workers provided by Eisenmann Corporation included only Vuzem workers from the Tesla site and did not include workers from any other subcontractor. Mot. at 7–8. Eisenmann Corporation's subcontractors included Vuzem, HRID-MONT d.o.o.; Gregurec Ltd; LB Metal d.o.o.; D2N Tehnologije d.o.o.; Mos Servis, d.o.o.; Magna, d.o.o.; and We-Kr d.o.o. *See* TAC at ¶ 84. In opposition, Eisenmann Corporation argues that prior to settlement, Eisenmann Corporation's counsel "advised Plaintiffs that [Eisenmann Corporation] did not know the identities of its subcontractors' employees at worksites other than Tesla." Opp. at 8. Nevertheless, Eisenmann Corporation argues, Eisenmann Corporation "agreed

United States District Court
Northern District of California

to produce related documents that might reveal the identities of subcontractors' employees, including visa invitation letters." *Id.* at 8. Plaintiffs now argue that "Eisenmann has information to provide a much more complete list." Mot. at 8. Plaintiff's argument lacks merit.

Paragraph 8.b of the Settlement Agreement requires Eisenmann Corporation to search for and produce "[d]ocuments and/or information sufficient to identify the names of Eastern European workers . . . to the extent such information is in Eisenmann's possession, custody, or control." Ex. 003 at 5. Eisenmann Corporation argues that it has produced all responsive documents that are in its "possession, custody, or control," and that it lacks a list of workers other than Vuzem's workers at the Tesla site. Opp. at 8.

In support of Plaintiffs' argument that Eisenmann Corporation has information to provide a more complete list of Eastern European workers, Plaintiffs cite a purchase order from subcontractor defendant D2N Tehnologije d.o.o. ("D2N"), which states that worker timesheets will be signed by "Eisenmann Site Management." Mot. at 8; ECF No. 534-1, at 69 ("Ex. 10-A"). Plaintiffs appear to argue that this language in the purchase order demonstrates that Eisenmann Corporation has timesheets of D2N workers that Eisenmann Corporation has not produced. *Id.* There are two deficiencies with this argument.

First, the purchase order is dated May 2, 2020, and Eisenmann Corporation is only required by Paragraph 8.b of the Settlement Agreement to search for and produce records dating from "2006 to January 17, 2020." Ex. 003 at 5. Thus, even if this purchase order suggested that Eisenmann Corporation had a list of timesheets from D2N workers from May 2, 2020 and could use those timesheets to produce a more complete list of D2N workers, those timesheets would fall outside of the 2006 to January 17, 2020 time period required by the Settlement Agreement.

Second, Plaintiffs point to nothing in the purchase order itself that indicates that Eisenmann Corporation received copies of, or retained, the timesheets in question. Thus, the mere fact that "Eisenmann Site Management" signed timesheets does not mean that Eisenmann Corporation has custody of those timesheets. Plaintiffs fail to offer any evidence that suggests that

United States District Court
Northern District of California

Eisenmann Corporation has such timesheets in its possession, custody, or control.

Accordingly, Plaintiffs have failed to provide evidence that Eisenmann Corporation has a more complete list of Eastern European workers that it has failed to produce in accordance with the terms of the Settlement Agreement.

The Court now turns to Eisenmann Corporation's production of other responsive records under Paragraph 8.b of the Settlement Agreement.

### b. Other Responsive Records

Finally, Plaintiffs argue that Eisenmann Corporation has failed to produce a number of responsive records that Eisenmann Corporation has in its possession, custody, or control, including (1) visa invitation letters; (2) purchase orders to subcontractor defendants; and (3) other "records," including I-9 Forms, visas, and passports. Mot. at 8.

Plaintiffs argue that Eisenmann Corporation is obligated to produce all visa invitation letters, purchase orders, passports, visas, and I-9 Forms that Eisenmann Corporation has in its possession, custody, or control. Mot. at 8; Reply at 11–12. Eisenmann Corporation argues that it is not required to produce all visa invitation letters, purchase orders, passports, visas, and I-9 Forms that Eisenmann Corporation has in its possession, custody, or control. Rather, under Paragraph 8.b, Eisenmann Corporation is required to search for and produce "[d]ocuments and/or information *sufficient to identify the names* of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . . ." Ex. 003, at 5 (emphasis added). As such, Eisenmann Corporation argues, it is only required to produce documents, including visa invitation letters, purchase orders, passports, visas, and I-9 Forms, to the extent those documents are necessary to "identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants." *Id*; Opp. at 8–10.

The Court acknowledges that there is some ambiguity in the language of the Settlement Agreement on this point. Paragraph 8.b states "Eisenmann will search for and produce records

from the time period 2006 to January 17, 2020," and then lists as sub-paragraphs three categories of documents: (i) visa invitation letters; (2) purchase orders to subcontractor defendants; and (iii) records or logs identifying individuals employed by the remaining named defendants, including any copies of visas, passports, and I-9 Forms that exist." Ex. 003 at 5. Read in isolation, that portion of Paragraph 8.b and its sub-paragraphs suggest that Eisenmann Corporation must produce all documents from that time period that fall into one of those categories.

However, Paragraph 8.b begins by stating that Eisenmann Corporation will search for and produce "[d]ocuments and/or information sufficient to identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . ." *Id.* When Paragraph 8.b is read as a whole, visa invitation letters, purchase orders, and other records are the "documents and/or information" that Eisenmann Corporation must search for and produce "sufficient to identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . ." *Id.* If the Court were to ignore this qualifier and find that Eisenmann Corporation must produce all documents identified in Sub-Paragraphs i–iii, then the qualifier "sufficient to identify the names of Eastern European workers" would be superfluous. Under California contract law, the Court is obligated to read the Settlement Agreement as a whole and give every provision effect if possible. *See Shine v. Williams-Sonoma, Inc.*, 233 Cal. Rptr. 3d 676, 684 (Ct. App. 2018) ("As with any contract, the language of a settlement agreement must be viewed in its entirety, and, if possible, every provision must be given effect.").

Accordingly, under the terms of the Settlement Agreement, Eisenmann Corporation must produce visa invitation letters, purchase orders, and other records only to the extent they help to identify the names of Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants.

Plaintiffs do not argue specifically that Eisenmann Corporation has failed to produce any documents that meet this qualification. In fact, Plaintiffs ignore altogether Eisenmann

United States District Court
Northern District of California

Corporation's argument that Eisenmann Corporation's obligation to produce responsive documents is limited by this qualifying language in Paragraph 8.b. Rather, Plaintiffs seek production of all visa welcome letters, purchase orders, passports, visas, and I-9 Forms that Eisenmann Corporation has in its possession, custody, and control. *See* Reply. 9–11. The Settlement Agreement does not compel the blanket production of these documents. Therefore, the Court will not order Eisenmann Corporation to produce documents that Eisenmann Corporation is not compelled to produce under the terms of the Settlement Agreement.

For example, Defendant has already produced some visa invitation letters. Mot. at 5. Plaintiffs now seek the production of all visa invitation letters in Defendant's possession, custody, or control, regardless of whether those visa invitation letters help to identify the names of Eastern European workers that are not otherwise identified in other produced documents. Mot. at 8. As Defendant correctly argues, the Settlement Agreement does not require a blanket production of all visa invitation letters. Opp. at 8. Rather, it requires the production of visa invitation letters "*sufficient to identify the names of* Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . ." Ex. 003, at 5 (emphasis added). Defendant argues that it has produced all visa invitation letters that meet this qualification. Opp. at 8. Thus, Plaintiffs are not entitled to a blanket production of all visa invitation letters.

However, Plaintiffs request two specific productions of documents under the terms of the Settlement Agreement that the Court finds are appropriate in part. The Court addresses these two specific requests in turn.

### i. Vuzem Timesheets

First, Plaintiffs argue that they have identified five Eisenmann Corporation employees who allegedly received timesheets from Vuzem. Reply at 11. Plaintiffs assert that they informed Eisenmann Corporation of the identify of these employees so that Eisenmann Corporation could search specifically for these Vuzem timesheets. *Id.* Eisenmann Corporation's counsel acknowledges that Plaintiffs' counsel provided the names of these five Eisenmann employees.

14

ECF No. 536-6, at ¶ 22 ("Bernay Decl.").  Eisenmann Corporation's counsel further alleges that he informed Plaintiffs' counsel that he would "relay the names of these individuals to [Eisenmann Corporation]." *Id.*  However, Eisenmann Corporation does not clarify in either of the declarations submitted with its opposition brief whether it performed a search for these specific timesheets using the information provided by Plaintiffs. *See* ECF No. 536-8, at ¶ 12; ECF No. 536-6, at ¶ 22.

Eisenmann Corporation is obligated under the terms of the Settlement Agreement to search for these Vuzem timesheets.  Thus, the Court may enforce the Settlement Agreement and require Eisenmann Corporation to comply with Paragraph 8.B. *See Hernandez v. Mayorga*, 2018 WL 1964678, at *2 (N.D. Cal. Apr. 26, 2018) ("A court may order compliance with a settlement agreement in light of evidence of a party's non-compliance.").

However, if Eisenmann Corporation has the timesheets in its possession, it is obligated to produce them to Plaintiffs only if the timesheets identify the names of Eastern European workers from Vuzem that Eisenmann Corporation has not already identified in its previous production of documents to Plaintiffs.  This is because Paragraph 8.b only requires Eisenmann Corporation to produce documents and information "*sufficient to identify the names of* Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . . ." Ex. 003, at 5 (emphasis added).  Therefore, the Court orders Eisenmann Corporation to search for and produce (if required by Paragraph 8.b) the relevant Vuzem timesheets within fourteen (14) days of the Court's Order.

### ii.  Purchase Order Documents

Second, both parties acknowledge that rather than produce each relevant purchase order that Eisenmann Corporation has in its possession, Eisenmann Corporation produced "a single purchase order with a spreadsheet detailing additional purchase order dates and descriptions and summarizing the information that varied from one order to another." Opp. at 3; Mot. at 8. Plaintiffs argue that Eisenmann Corporation is obligated under the terms of the Settlement Agreement to produce each purchase order, rather than a sample purchase order with a spreadsheet

15

summarizing the differences.  Reply at 12.

Paragraph 8.b requires Eisenmann Corporation to search for and produce "[p]urchase orders to subcontractor defendants for work on specific locations," not a chart summarizing the differences between the relevant purchase orders.  Ex. 003, at 5.  Therefore, Eisenmann Corporation must produce the relevant purchase orders themselves, not a chart summarizing the content of the purchase orders.  *See Hernandez*, 2018 WL 1964678, at *2 ("A court may order compliance with a settlement agreement in light of evidence of a party's non-compliance.").

However, Eisenmann Corporation must produce only those purchase orders that help to identifying the names of Eastern European workers as outlined by Paragraph 8.b of the Settlement Agreement.  This is because Paragraph 8.b only requires Eisenmann Corporation to produce documents and information "*sufficient to identify the names of* Eastern European workers from Vuzem and other remaining named defendants at worksites of the dismissed defendants . . . ."  Ex. 003, at 5 (emphasis added).

Accordingly, the Court orders Eisenmann Corporation to produce to Plaintiffs the purchase orders that meet this qualification within fourteen days (14) of the Court's Order.

Finally, the Court notes that with the exception of Plaintiffs' two specific requests for further production of documents, Plaintiffs' motion to compel enforcement of settlement is overbroad in its request for further production of documents.

## B.  Request for Sanctions

Plaintiffs also move for sanctions pursuant to Federal Rules of Civil Procedure 11, 26(g), and 37, and alleged that Eisenmann Corporation has pursued a litigation position after it became apparent that the position was devoid of merit.  Mot. at 10.  Specifically, Plaintiffs argue that Eisenmann Corporation's failure to comply with the Settlement Agreement is unreasonable.  Mot. at 10.  Plaintiffs also argue that Eisenmann Corporation's refusal to comply with the Settlement Agreement has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously," in violation of 28 U.S.C. § 1927.  *Id.* at 9.  Plaintiffs' request for sanctions lacks merit for two

reasons.

First, Plaintiffs have failed to comply with Civil Local Rule 7–8(a), which requires "any motion for sanctions, regardless of the sources of authority invoked" to "be separately filed." Civil Local Rule 7–8(a). Moreover, the Court finds that Eisenmann Corporation's conduct with respect to its obligations under the terms of the Settlement Agreement is not unreasonable or vexatious. In fact, as the Court found above, Plaintiff's motion to compel enforcement of settlement is overbroad. As such, Eisenmann Corporation's conduct does not warrant the imposition of sanctions.

Accordingly, the Court DENIES Plaintiffs' request for sanctions.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiffs' motion to compel enforcement of settlement. The Court DENIES Plaintiffs' request for sanctions.

**IT IS SO ORDERED.**

Dated: May 11, 2021

_Lucy H. Koh_

LUCY H. KOH
United States District Judge

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL ENFORCEMENT OF
SETTLEMENT