UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex. rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>v.<br><br>EISENMANN SE, et al.,<br><br>Defendants. | Case No. 16-CV-01120-LHK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 533, 536, 539 |

Plaintiffs Gregor Lesnik and Stjepan Papes ("Plaintiffs") have moved to compel enforcement of a settlement agreement against Defendants Eisenmann Corporation, Eisenmann SE, Eisenmann Anlagenbau Verwaltung GmbH, and Eisenmann Anlagenbau GmbH & Co. KG. Before the Court are three motions to file under seal, filed in connection with the briefing on Plaintiffs' motion to compel enforcement of settlement: (1) Plaintiffs' motion to file under seal certain portions of the motion to compel enforcement of settlement and supporting declarations and exhibits, ECF No. 533; (2) Defendant Eisenmann Corporation's ("Defendant") motion to file under seal certain portions of the opposition brief and supporting declarations, ECF No. 536; and (3) Plaintiffs' motion to file under seal certain portions of the reply brief, ECF No. 539. Having considered the parties' briefing, the relevant law, and the record in this case, the Court hereby

1
Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL

1   GRANTS in part and DENIES in part the three motions to file under seal certain portions of the
2   parties' briefs, declarations, and exhibits.

## I.  LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016), bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178–79 (internal quotation marks and citation omitted). Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Records attached to motions that are "not related, or only tangentially related, to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." (internal quotation marks and citation omitted)). Parties moving to seal records attached to motions unrelated or only tangentially related to the merits of a case must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Ctr. for Auto Safety*, 809 F.3d at 1098–99; *Kamakana*, 447 F.3d

2

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL

at 1179–80. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (citation omitted).

A motion to compel enforcement of settlement is only tangentially related to the merits of the underlying cause of action, and therefore it constitutes a non-dispositive motion. *See NetApp, Inc. v. Nimble Storage, Inc.*, 2015 WL 5569420, at *1 (N.D. Cal. Sept. 22, 2015) (finding motion to enforce settlement agreement non-dispositive and therefore applying the good cause standard to motion to seal). Accordingly, "[c]ourts apply the good cause standard to requests to seal information filed in conjunction with a motion to enforce a settlement agreement . . ." *Dodocase VR, Inc. v. MerchSource*, LLC, 2018 WL 5619799, at *1 n.1 (N.D. Cal. May 22, 2018); *NetApp*, 2015 WL 5569420, at *1 (same). The good cause showing, however, must be "particularized." *Kamakana*, 447 F.3d at 1179.

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods . . . . It may, however, relate to the sale of goods or to other operations in the business . . . ." *Id.* (alterations in original). Furthermore, the U.S. Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

3

1  In addition, parties moving to seal documents must comply with the procedures established
2  by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request
3  that establishes the document is "sealable," or "privileged, protectable as a trade secret or
4  otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be
5  narrowly tailored to seek sealing only of sealable material, and must conform with Civil [Local
6  Rule] 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a
7  "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table
8  format each document or portion thereof that is sought to be sealed," as well as an "unredacted
9  version of the document" that "indicate[s], by highlighting or other clear method, the portions of
10 the document that have been omitted from the redacted version." Civ. L. R. 79-5(d)(1).

II. **DISCUSSION**

Here, Plaintiffs and Defendant seek to file under seal certain portions of the motion to compel enforcement of settlement, certain portions of the reply brief, and certain portions of supporting declarations and exhibits. ECF Nos. 533, 539. Defendant seeks to file under seal certain portions of the opposition brief and supporting declarations. ECF No. 536. Defendant has filed declarations in support of Plaintiffs' motion to file under seal certain portions of the motion to compel enforcement of settlement, certain portions of the reply brief, and certain portions of supporting declarations and exhibits. ECF Nos. 535, 542.

The parties submit a number of proposed redactions within Plaintiffs' motion to compel enforcement of settlement, Defendant's opposition brief, Plaintiffs' reply brief, and supporting declarations and exhibits. Specifically, the parties seek to redact three categories of information from these filings: (1) information quoting or referencing terms from the parties' confidential Settlement Agreement ("Settlement Agreement"); (2) names and/or home addresses of employees of ISM Vuzem d.o.o. ("Vuzem") and Gregurec; and (3) sensitive business information in Defendant's purchase order.

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana*, 447 F.3d at 1178 (internal

4

quotation marks omitted). Thus, there is a "strong presumption in favor of access." *Id.* (internal quotation marks omitted). The Ninth Circuit has "adopted this principle of disclosure because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Id.* at 1179 (internal quotation marks omitted). However, "the public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." Accordingly, district courts apply the good cause standard to non-dispositive motions, which "gives the district court much flexibility in balancing and protecting the interests of private parties." *Id.* at 1180.

In the briefing on Plaintiffs' motion to compel enforcement of the settlement, the only terms of the Settlement Agreement that the parties discuss are the Defendant's discovery obligations. Similarly, the only terms of the Settlement Agreement that the Court's order on that motion discusses are the Defendant's discovery obligations. Thus, the public's understanding of the motion and the Court's ruling requires disclosure of the Defendant's discovery obligations in the Settlement Agreement. Moreover, these discovery obligations in the Settlement Agreement do not disclose any sensitive or confidential information. Furthermore, Defendant's claim that disclosure of these discovery obligations will subject Defendant to more litigation is unfounded. Thus, balancing the public and private interests, the Court finds that good cause does not exist to seal the Defendant's discovery obligations in the Settlement Agreement and any discussions of those obligations. Accordingly, the Court DENIES the parties' request to seal the Defendant's discovery obligations in the Settlement Agreement and discussions of those obligations in the motion to compel enforcement of settlement briefing, declarations, and exhibits.

Moreover, the only information the parties seek to seal in the parties' briefing on the motion to compel enforcement of settlement is the Defendant's discovery obligations in the Settlement Agreement. Accordingly, the Court DENIES the parties' request to seal the parties' briefing on the motion to compel enforcement of settlement.

On the other hand, the public has a minimal interest in knowing the terms of the Settlement Agreement that the parties' briefing and the Court's order do not discuss. Furthermore, the public has a minimal interest in knowing information that is not in the parties' briefing or the Court's order such as the names or home addresses of third-party employees of Vuzem and Gregurec or the details of Defendant's purchase order with Vuzem. These categories of information are not relevant to the motion to compel enforcement of settlement or the Court's order. Moreover, all claims against Defendant in this case have already been dismissed. Thus, these categories of information will not be relevant to any future motion for summary judgement, motion in limine or trial. Therefore, balancing the public and private interest, the Court finds that good cause does exist to seal these categories of information and GRANTS the parties' request to seal these categories of information.

III. **CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part the parties' three motions to seal. Pursuant to Civil Local Rule 79-5(f)(3), the parties shall refile unredacted versions of the briefs and redacted versions of the declarations and exhibits that comply with the above rulings within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated: May 11, 2021

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

6
Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART MOTIONS TO FILE UNDER SEAL