UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>v.<br><br>EISENMANN SE, et al.,<br><br>Defendants. | Case No. 16-CV-01120-LHK<br><br>**ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM**<br><br>Re: Dkt. No. 564 |

Before the Court is Plaintiffs Gregor Lesnik and Stjepan Papes' (collectively, "Plaintiffs") third motion for default judgment as to Plaintiffs' False Claims Act claim against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; Gregurec Ltd; LB Metal d.o.o.; Mos Servis, d.o.o.; and Magna, d.o.o. (collectively, "Non-Appearing Defendants"). ECF No. 564 ("Mot."). Having considered the Plaintiffs' briefing, the relevant law, and the record in this case, the Court DENIES Plaintiffs' third motion for default judgment and DISMISSES with prejudice Plaintiffs' False Claims Act claim against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; Gregurec Ltd; LB Metal d.o.o.; and Mos Servis, d.o.o.

1

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

# I.    BACKGROUND

## A.  Factual Background

### 1.  The Parties

Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principal place of business in Slovenia.  Third Amended Complaint, ECF No. 269, at ¶ 9 ("TAC").  Defendant ISM Vuzem USA, Inc. was a South Carolina corporation with its principal place of business in South Carolina.  *Id.* at ¶ 12.  Defendant Vuzem USA, Inc. was a California corporation with its principal place of business in California.  *Id.* at ¶ 13. Defendant Robert Vuzem is a resident of Slovenia.  *Id.* at ¶ 10.  Defendant Ivan Vuzem is a resident of Slovenia.  *Id.* at ¶ 11.  Defendant HRID-MONT d.o.o. is a Slovenian corporation with its principal place of business in Slovenia.  *Id.* at ¶ 14. Defendant Gregurec Ltd is an English business entity with its principal place of business in England.  *Id.* at ¶ 18.  Defendant LB Metal d.o.o. is a Slovenian corporation with its principal place of business in Slovenia.  *Id.* at ¶ 32.  Defendant Mos Servis d.o.o. is a Slovenian corporation with its principal place of business in Slovenia.  *Id.* at ¶ 44.  Defendant Magna, d.o.o. is a Slovenian corporation with its principal place of business in Slovenia.  *Id.* at ¶ 39.

Plaintiff Gregor Lesnik is a resident of Slovenia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at the Tesla manufacturing plant in Fremont, California in 2015.  *Id.* at ¶ 1.  Plaintiff Stjepan Papes is a resident of Croatia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at various locations between 2013 and 2015, including at the Tesla manufacturing plant in Fremont, California.  *Id.* at ¶ 2.

### 2.  Alleged Conduct of the Defendants

Plaintiffs allege that the Eisenmann Corporation ("Eisenmann"), a former Defendant in this case, formed relations with a number of manufacturing entities, such as Tesla, to perform construction work related to Eisenmann's equipment.  TAC at ¶ 70.  Plaintiffs allege that Eisenmann, to fulfill these agreements, would hire subcontractors who would then provide the laborers necessary to complete the equipment installation.  *Id.* at ¶ 84, 107–8.  Among those subcontractors were ISM Vuzem d.o.o. and other Non-Appearing Defendants.  *Id.*

2

United States District Court
Northern District of California

Although all of the work described in the Third Amended Complaint ("TAC") occurred in the United States, ISM Vuzem d.o.o. did not use American workers.  Instead, the TAC alleges that ISM Vuzem d.o.o. and the other subcontractor Non-Appearing Defendants hired workers internationally.  For example, to help install a paint shop at a Tesla facility in Fremont, California, ISM Vuzem d.o.o. hired Lesnik and Papes.  *Id.* at ¶¶ 1–2, 60, 111, 213.  Other Non-Appearing Defendants allegedly helped to supply these international workers.  *Id.* at ¶¶ 33, 84.  Lesnik and Papes were allegedly brought to the United States on B-1 visas that are generally reserved for skilled work, even though ISM Vuzem d.o.o. and other Non-Appearing Defendants allegedly knew the workers would actually be performing unskilled construction work.  *Id.* at ¶¶ 58–91, 211.  ISM Vuzem d.o.o. and other Non-Appearing Defendants allegedly submitted letters to the United States Consulate containing false statements to obtain B-1 visa on Lesnik and Papes' behalf.  *Id.* at ¶¶ 206, 211, 213, 216.

### B.  Procedural Background

Plaintiffs filed the complaint initiating this suit on March 7, 2016.  ECF No. 1.  On July 15, 2016, Plaintiffs filed the First Amended Complaint.  ECF No. 20.  On April 25, 2017, the United States filed a notice that it would not intervene in the instant case.  ECF No. 25.  On April 25, 2017, the Court unsealed the complaint.  ECF No. 26.

On August 8, 2017, the Court granted Plaintiffs' motion to file a Second Amended Complaint, and directed the United States to make a "prompt decision" regarding intervention.  ECF No. 31.  On October 5, 2017, the United States filed another notice that it would not intervene in the instant case.  ECF No. 34.  On November 11, 2017, Plaintiffs filed the Second Amended Complaint.  ECF No. 37.

On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere, REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended Complaint.  ECF No 219.  On October 1, 2018, the Court granted in part and denied in part the motion to dismiss the Second Amended Complaint.  ECF No. 255.

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

1

2

3

4

On October 31, 2018, Plaintiffs filed a 108-page Third Amended Complaint.  ECF No. 269. ("TAC").  The TAC alleges 13 causes of action (some of which are duplicative).  At issue in the instant third motion for default judgment is Plaintiffs' False Claims Act claim (Count I).  *Id.* at ¶¶ 125, 201.

5

6

7

8

9

10

11

12

On March 28, 2019, Plaintiffs filed summons returned notices for the TAC on the Non-Appearing Defendants.  ECF Nos. 362–372.  On April 17, 2019, Plaintiffs filed motions for entry of default against seven of the Non-Appearing Defendants.  ECF Nos. 382–388.  On November 11, 2019, Plaintiffs filed motions for entry of default against the remaining four Non-Appearing Defendants.  ECF Nos. 425–428.  On November 7, 2019, the Clerk of the Court entered default against four of the Non-Appearing Defendants.  ECF Nos. 430–433.  On January 16, 2020, the Clerk of the Court entered default against the seven remaining Non-Appearing Defendants.  ECF Nos. 443–449.

13

14

15

16

17

18

19

On February 19, 2020, the Court ordered Plaintiffs to file motions for default judgment by February 28, 2020.  ECF No. 457.  On February 28, 2020, Plaintiffs filed a motion for default judgment on their False Claims Act claim (Count I).  ECF No. 461.   On February 29, 2020, Plaintiffs filed a motion for default judgment on their Federal Labor Standards Act claims (Counts 2 and 3).  ECF No. 470.  On February 29, 2020, Plaintiffs also filed a motion for default judgment on their Trafficking Victims Protection Reauthorization Act claim (Claim 9) and state trafficking claim (Claim 10).  ECF No. 468.

20

21

22

23

24

On June 26, 2020, the Court denied without prejudice Plaintiffs' motions for default judgment.  ECF No. 498.  The Court explained that there were numerous deficiencies in Plaintiffs' motions, including (1) that Plaintiffs' motions failed to address the Court's subject matter and personal jurisdiction, and (2) that three of Plaintiffs' four default judgment motions failed to brief the *Eitel* factors, which govern entries of default judgment.  *Id*.

25

26

On August 24, 2020, Plaintiffs filed a second round of motions for default judgment and entry of final judgment.  ECF Nos. 501, 505, and 506.  Plaintiffs filed a second motion for default

27

28

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

1    judgment and entry of final judgment on Plaintiffs' Fair Labor Standards Act claim.  ECF No.

2    501.  Plaintiffs filed a second motion for default judgment and entry of final judgment on

3    Plaintiffs' False Claims Act claim.  ECF No. 505.  Plaintiffs filed a second motion for default

4    judgment and entry of final judgment on Plaintiffs' Trafficking Victims Protection

5    Reauthorization Act claim.  ECF No. 506.

6         On August 25, 2020, Plaintiffs filed notices of voluntary dismissal without prejudice of

7    their California trafficking claims and California wage claims.  ECF Nos. 512, 513.

8         On February 10, 2021, the Court denied Plaintiffs' second round of motions for default

9    judgment without prejudice.  ECF No. 551.  The Court found that Plaintiffs had failed to establish

10   the Court's personal jurisdiction over Defendants, which the Court must do before entering default

11   judgment.  *Id.* at 11.  Furthermore, the Court found that Plaintiffs had failed to provide evidence

12   that Non-Appearing Defendants Magna d.o.o and We-Kr d.o.o. were properly served.  *Id.* at 13.

13        On April 8, 2021, Plaintiffs filed a third motion for default judgment on Plaintiffs'

14   Trafficking Victims Protection Reauthorization Act claim.  ECF No. 560.  On April 9, 2021,

15   Plaintiffs filed a third motion for default judgment on Plaintiffs' False Claims Act claim.  ECF No.

16   564 ("Mot.").  On April 11, 2021, Plaintiffs filed a third motion for default judgment on Plaintiffs'

17   Fair Labor Standards Act claim.  ECF No. 565.  The Court will address Plaintiffs' third motions

18   for default judgment on Plaintiffs' Trafficking Victims Protection Reauthorization Act claim and

19   Fair Labor Standards Act claim in separate orders.

20   **C.  Requests for Judicial Notice**

21        The Court may take judicial notice of matters that are either "generally known within the

22   trial court's territorial jurisdiction" or "can be accurately and readily determined from sources

23   whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, courts may

24   consider materials referenced in the complaint under the incorporation by reference doctrine, even

25   if a plaintiff failed to attach those materials to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068,

26   1076 (9th Cir. 2005).  Public records, including judgments and other publicly filed documents, are

27

28

5

proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

In connection with Plaintiffs' third motion for default judgment, Plaintiffs request judicial notice of the complaint in *United States v. Infosys Limited* (Ex. M); the Settlement Agreement in *United States v. Infosys Limited* (Ex. N); and the United States Attorney's Office for the Eastern District of Texas's Press Release from October 30, 2013 (Ex. O). ECF No. 560-1, at 6 (Ex. M–O). Each of these documents is a court filing or matter of public record and is therefore the proper subject of judicial notice. *See Black*, 482 F.3d at 1041. The Court therefore GRANTS Plaintiffs' request for judicial notice of Exhibits M–O.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment when the Clerk, under Rule 55(a), has previously entered a party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Furthermore, if a party was improperly served, the Court may not enter a default judgment against that party. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (explaining that a "person is not bound by a judgment in litigation to which he or she has not been made a party by service of process.").

**III.    DISCUSSION**

    **A.  Jurisdiction**

The Court begins by addressing subject matter jurisdiction, personal jurisdiction, and service of process.  "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.  A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  In order to avoid the entry of an order of default judgment that may subsequently be attacked as void, the Court must determine whether jurisdiction over the instant case exists.  "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  For the Court to exercise personal jurisdiction over a defendant, the defendant must also have been served in accordance with Federal Rule of Civil Procedure 4. *Mason*, 960 F.2d at 851 (explaining that an entry of default is void if there was improper service of process on a defendant).

The Court begins with subject matter jurisdiction and then proceeds to personal jurisdiction.  Finally, the Court turns to service of process.

    **1.  Subject Matter Jurisdiction**

7

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

The Court previously dismissed Plaintiffs' first and second round motions for default judgment without prejudice for failure to address subject matter jurisdiction.  ECF No. 498.  Plaintiffs have now rectified that deficiency.  Plaintiffs' instant third motion for default judgment seeks default judgment on Plaintiffs' claim under the False Claims Act pursuant to 31 U.S.C. § 3729, *et seq.*  Mot. at 26; TAC at ¶ 202.  As such, the Court is satisfied that it has subject matter jurisdiction over Plaintiffs' claim pursuant to 28 U.S.C. § 1331.  28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### 2.  Personal Jurisdiction

"[A] judgment entered without personal jurisdiction over the parties is void."  *In re Tuli*, 172 F.3d at 712.  Moreover, "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."  *Breeland*, 792 F.2d at 927 (citation omitted); *In re Boon Glob. Ltd.*, 923 F.3d 643, 650 (9th Cir. 2019) (explaining that it is the "party asserting jurisdiction [that] bears the burden to establish jurisdictional facts.").  The Court previously twice denied Plaintiffs' three motions for default judgment without prejudice because Plaintiffs failed to establish the Court's personal jurisdiction over Non-Appearing Defendants.  *See* ECF No. 498, at 2; ECF No. 551, at 11.  The Court warned Plaintiffs that if they failed to allege facts sufficient to establish the Court's personal jurisdiction over Defendants, "the Court will deny Plaintiffs' motions for default judgment with prejudice."  *Id.* at 12.

Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).  California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process merge into one.  *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

1  States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)

2  ("California's long-arm statute . . . is coextensive with federal due process requirements, so the

3  jurisdictional analyses under state law and federal due process are the same.").

4        For a court to exercise personal jurisdiction over a defendant consistent with due process,

5  that defendant must have "certain minimum contacts" with the relevant forum state "such that the

6  maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

7  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457,

8  463 (1940)).  In addition, "the defendant's 'conduct and connection with the forum State' must be

9  such that the defendant 'should reasonably anticipate being haled into court there.'"  *Sher v.*

10 *Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v.*

11 *Woodson*, 444 U.S. 286, 297 (1980)).

12       A court may exercise either general or specific personal jurisdiction over a defendant.  *See*

13 *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  In the instant case, Plaintiffs argue

14 that the Court may exercise specific personal jurisdiction over all Non-Appearing Defendants

15 because the FCA provides for nationwide service of process.  Mot. at 24.  The Court agrees.

16       The False Claims Act ("FCA") provides in relevant part:

17            Any action under section 3730 may be brought in any judicial district
             in which the defendant or, in the case of multiple defendants, any one
18            defendant can be found, resides, transacts business, or in which any
             act proscribed by section 3729 occurred. A summons as required by
19            the Federal Rules of Civil Procedure shall be issued by the appropriate
             district court and served at any place within or outside the United
20            States.

21 *See* 31 U.S.C. § 3732(a).  "[W]hen a statute authorizes nationwide service of process, national

22 contacts analysis is appropriate.  In such cases, 'due process demands [a showing of minimum

23 contacts with the United States] with respect to foreign defendants before a court can assert

24 personal jurisdiction.'"  *Go–Video, Inc. v. Akai Elec. Co., Ltd.*, 885 F.2d 1406, 1416 (9th Cir.

25 1089) (quoting *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1316 (9th Cir.

26 1985) (alteration in original)).  "[I]n a statute providing for nationwide service of process, the

27

28

United States District Court
Northern District of California

9

1   inquiry to determine minimum contacts is thus whether the defendant has acted within any district

2   of the United States or sufficiently caused foreseeable consequences in this country." *Action*

3   *Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (internal

4   citation and quotation marks omitted).  Accordingly, the proper inquiry is whether each defendant

5   had sufficient minimum contacts with the United States, rather than the forum state.  *Id.*

6       Plaintiffs allege that each of the Non-Appearing Defendants had sufficient minimum

7   contacts with the United States.  ISM Vuzem d.o.o., ISM Vuzem USA, Inc., and Vuzem USA,

8   Inc. allegedly entered into contracts for the construction of facilities at various construction sites in

9   the United States, including in Fremont, CA.  Mot. at 22-23; TAC at ¶ 13, 15, 84.  These Non-

10  Appearing Defendants also allegedly hired foreign workers and brought them into the United

11  States on B-1 visa.  *Id.*

12      Robert Vuzem and Ivan Vuzem allegedly own and control the operations of ISM Vuzem

13  d.o.o., ISM Vuzem USA, Inc., and Vuzem USA, Inc.  TAC at ¶ 16.  Furthermore, Robert Vuzem

14  allegedly traveled to the Fremont, California construction site to observe operations.  Mot. at 23.

15  Robert Vuzem and Ivan Vuzem also allegedly prepared representations as to the nature of work

16  that Plaintiff Papes would perform in the United States so that Papes could procure a B-1 workers'

17  visa.  TAC at ¶ 110.  Ivan Vuzem also allegedly paid workers directly into Slovenian bank

18  accounts for work done in California for Eisenmann and at other manufacturing sites in the United

19  States.  *Id.* at ¶ 117.

20      HRID-MONT d.o.o. allegedly contracted with Eisenmann to bring in construction workers

21  to the United States.  Mot. at 23; TAC at ¶ 15.

22      Gregurec Ltd allegedly "acted as 'subcontractor' to broker or supply B1 visa workers at

23  virtually all, if not all, construction and manufacturing sites or for all defendant manufacturing

24  companies mentioned" in the TAC.  TAC at ¶ 18.

25      LB Metal d.o.o. allegedly supplied workers at the Tesla manufacturing plan in Fremont,

26  California.  Mot. at 24; TAC at ¶ 32.

27

28

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

1    Mos Servis, d.o.o. allegedly supplied workers at sites across the United States for contracts

2    with Eisenmann, including at the Tesla manufacturing plant in Fremont, California.  *Id*; TAC at ¶

3    44.

4    Magna, d.o.o. allegedly supplied workers at sites across the United States for contracts

5    with Eisenmann.  *Id.*; TAC at ¶ 39.

6    Accordingly, the Court finds that Plaintiffs have adequately alleged that each of the Non-

7    Appearing Defendants have had sufficient minimum contacts with the United States as a whole to

8    establish the Court's specific personal jurisdiction over each Defendant under the FCA's

9    nationwide service of process provision.  *See United States v. Orthopedic All.*, LLC, 2020 WL

10   6151084, at *3 (C.D. Cal. July 13, 2020) (finding that district court had specific personal

11   jurisdiction over defendant in FCA action based on minimum contacts with the United States);

12   *United States ex rel. Silingo v. Mobile Med. Examination Servs.*, Inc., 2015 WL 12752552, at *4

13   (C.D. Cal. Sept. 29, 2015) (same).

14       **3.  Service of Process**

15   For the Court to properly exercise personal jurisdiction over a defendant, the defendant

16   must have been served in accordance with the Federal Rules of Civil Procedure.  *See Jackson v.*

17   *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with

18   Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote

19   omitted)).

20   Federal Rule of Civil Procedure 4(h) governs the rules of service when a corporation is

21   served outside of the United States.  It states that if a foreign corporation is served "at a place not

22   within any judicial district of the United States," it must be served "in any manner prescribed by

23   Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)," unless a waiver of

24   service has been filed.  Fed. R. Civ. P. 4(h)(2).  Plaintiffs have only submitted a waiver of service

25   for Defendant Gregurec Ltd.  *See* ECF No. 159.

26   Under Rule 4(f), a party may serve a corporation abroad using one of three methods:

27

28   Case No. 16-CV-01120-LHK
     ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
     PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

11

United States District Court
Northern District of California

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3).  Rule 4(f)(1) implements the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.  20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention").  The Hague Service Convention "specifies certain approved methods of service and preempts inconsistent methods of service wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (internal citations omitted).  The Hague Service Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," if the country of destination is a signatory member to the Hague Service Convention.  *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988).  The United States, Slovenia, the United Kingdom, and Croatia are all signatories to the Hague Service Convention, and therefore the Hague Service Convention governs service on Non-Appearing Defendants because "compliance with the [Hague Service Convention] is mandatory in all cases to which it applies." *Id.* at 705; Mot. at 4.

The principle means of service under the Hague Service Convention is through a signatory country's "Central Authority," which the Convention requires each country to establish for the purpose of effectuating service in its country.  *See* Hague Service Convention, art. 2, 20 U.S.T. at 362; *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (explaining Central Authority mechanism in the Hague Service Convention).  However, submitting a document to the Central Authority is not the only method of service available under the Hague Service Convention.  *See*

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

United States District Court
Northern District of California

1  *Water Splash*, 137 S. Ct. at 1508 (explaining various methods of service).  Article 10 of the Hague

2  Service Convention states that "[p]rovided the State of destination does not object, the present

3  Convention shall not interfere with:

> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,

> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Service Convention, 20 U.S.T. at 363; *Water Splash*, 137 S. Ct. at 1508 (explaining that the

Hague Service Convention allows for other forms of service where a country does not object).

The Court therefore examines service of process on Non-Appearing Defendants under the

Hague Service Convention.  Below, the Court first explains that Plaintiffs properly effected

service of process on Non-Appearing Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.;

Vuzem USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; LB Metal d.o.o.; and Mos

Servis, d.o.o.  Second, the Court explains that Plaintiffs have not demonstrated that Non-

Appearing Defendant Magna d.o.o. was properly served.

First, in the Court's February 10, 2021 order denying Plaintiffs' second round motions for

default judgment, the Court found no deficiencies in Plaintiffs' service of process on Non-

Appearing Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert

Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; LB Metal d.o.o.; and Mos Servis, d.o.o.  *See* ECF No.

551, at 12 (identifying deficiencies with only Defendants Magna d.o.o. and We-Kr d.o.o.).  The

Court is therefore satisfied that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem

USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; LB Metal d.o.o.; and Mos Servis,

d.o.o. have been properly served under the Hague Service Convention and Federal Rule of Civil

Procedure 4(f).  Gregurec Ltd waived service of process.  *See* ECF No. 159.  Therefore, the Court

13

properly exercises personal jurisdiction over ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; LB Metal d.o.o.; Mos Servis, d.o.o.; and Gregurec Ltd.

Second, the Court's February 10, 2021 order denying Plaintiffs' second round motions for default judgment warned Plaintiffs that they had provided insufficient evidence that Magna d.o.o. was properly served under the Hague Service Convention and Federal Rule of Civil Procedure 4(f).  ECF No. 551 at 13.  Specifically, Plaintiffs filed a certificate of service for Slovenian Defendant Magna d.o.o, which contained a postal receipt for registered mail with acknowledgment of receipt.  ECF No. 370.  Slovenia had stated that service by postal channels under Article 10(a) "is only permitted if judicial documents are sent to the addressee by registered letter with acknowledgment of receipt and the documents are written in, or accompanied by, a translation into the Slovene language."  *See* Republic of Slovenia's Declarations and Reservations to the Hague Service Convention, December 18, 2012, available at

https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=420&disp=resdn

(last visited September 14, 2021).  Plaintiffs did not attest that Magna d.o.o. was served in the Slovene language.  *See, e.g.* Dresser Decl. in Support of First Amended Motions for Default Judgments, ECF No. 502, at 4; ECF No. 503, at 1 (Ex. 409).  In the Court's February 10, 2021 order, the Court clearly warned Plaintiffs that they must rectify this deficiency if they chose to refile their motion for default judgment, or the Court would deny the motion for default judgment with prejudice.  ECF No. 551 at 13.

Plaintiffs' instant third motion for default judgment once again does not clarify whether Magna d.o.o. was served with documents translated into the Slovene language.  *See* Mot. at 21. Furthermore, Plaintiffs have filed a declaration in support of the instant motion allegedly attesting to the adequacy of service on all Non-Appearing Defendants.  *See* ECF No. 560-2, at 2 ("Divjak Decl.").  The declaration acknowledges that Slovenia has stated that service is only allowed by postal channels if "judicial documents are sent to the addressee by registered letter with

Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

1    acknowledgment of receipt and the documents are written in, or accompanied by, a translation into

2    the Slovene language." *Id.* However, the declaration then states that as to service on Magna

3    d.o.o., "[t]he service by post of the above listed individuals and entities was by registered letter

4    with acknowledgment of receipt." *Id.* The declaration does not state that the documents were

5    written in the Slovene language or accompanied by a translation into the Slovene language.

6          The Court provided a clear warning in its February 10, 2021 order that Plaintiffs must

7    attest that service on Magna d.o.o. included documents that were written in the Slovene or

8    accompanied by a translation into the Slovene language. Plaintiffs have failed to do so. Plaintiffs

9    have therefore failed to provide evidence that service was affected in accordance with Article

10   10(a) of the Hague Service Convention and Federal Rule of Civil Procedure 4(f). Because

11   "[f]ailed service cannot support the entry of a default judgment," the Court DENIES Plaintiff's

12   third motion for default judgment as to Magna d.o.o. *Heifetz v. Breed Properties*, 2017 WL

13   713303, at *3 (N.D. Cal. Feb. 23, 2017) (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851

14   (9th Cir. 1992)).

15          Furthermore, the Court already provided Plaintiffs with an opportunity to demonstrate that

16   Magna d.o.o. was properly served in accordance with Article 10(a) of the Hague Service

17   Convention and Federal Rule of Civil Procedure 4(f). *See* ECF No. 551. Plaintiffs have failed to

18   do so. Accordingly, the Court orders the Clerk of Court to vacate the January 16, 2020 entry of

19   default against Magna d.o.o. *See Michael Grecco Productions, Inc. v. Enthusiast Gaming, Inc.*,

20   2020 WL 4207445, at *6 (N.D. Cal. July 22, 2020) (explaining that "no default may be taken"

21   against defendant if defendant was not properly served). Magna d.o.o. must be properly served

22   before Plaintiffs seek an entry of default against Magna d.o.o.

23   **B. Whether Default Judgment is Proper**

24          Having determined that the Court's exercise of subject matter jurisdiction and personal

25   jurisdiction over the remaining Non-Appearing Defendants (ISM Vuzem d.o.o.; ISM Vuzem

26   USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; LB Metal d.o.o.;

27

28
Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

Mos Servis, d.o.o.; and Gregurec Ltd.) is proper, the Court now turns to the *Eitel* factors to determine whether entry of default judgment against the remaining Non-Appearing Defendants is warranted.

### 1. First *Eitel* Factor: Possibility of Prejudice

Under the first *Eitel* factor, the Court considers the possibility of prejudice to Plaintiffs if default judgment is not entered against the Non-Appearing Defendants. "A plaintiff who is denied a default judgment and is subsequently left without any other recourse for recovery has a basis for establishing prejudice." *Michael Grecco Prods.*, 2020 WL 7227199, at *6 (quoting *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*, 2020 WL 6562333, at *5 (N.D. Cal. Nov. 9, 2020)). Here, Plaintiffs have established that Plaintiffs will be prejudiced because Non-Appearing Defendants have not participated in this litigation and Plaintiffs would be without recourse to recover for the damages caused by Non-Appearing Defendants if default judgment is not granted. Therefore, the first *Eitel* factor weighs in favor of granting default judgment.

### 2. Second and Third *Eitel* Factors: Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

The second and third *Eitel* factors address the merits and sufficiency of Plaintiffs' claims as pleaded in Plaintiffs' TAC. Courts often analyze these two factors together. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). In its analysis of the second and third *Eitel* factors, the Court will accept as true all well-pled allegations regarding liability in the TAC. *See Fair Hous. of Marin*, 285 F.3d at 906 ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true."). The Court will therefore consider the merits of Plaintiffs' claims and the sufficiency of the TAC together.

Pursuant to 31 U.S.C. §§ 3729(a)(1)(C) and 3729(a)(1)(G), Plaintiffs seek recovery on behalf of the United States pursuant to a reverse False Claims Act ("FCA") claim against Non-Appearing Defendants. Specifically, Plaintiffs seek to recover for "the reduction in payment of

United States District Court
Northern District of California

obligations being the difference in application fees between petition-based visas and non-petition-based visas" that Non-Appearing Defendants paid for workers entering the United States.  Mot. at 1.  Plaintiffs allege that Non-Appearing Defendants are liable because they applied for non-petition based B-1 and B-2 visas for their workers to enter the United States, which incur less fees than petition-based visas.  *Id.* at 4.  Plaintiffs allege that it is "impermissible to enter the United States on B1/B2 visa to perform construction work."  *Id.*  Plaintiffs' reverse FCA argument therefore rest on the argument that because Non-Appearing Defendants falsely obtained cheaper B-1 non-petition visas, Non-Appearing Defendants avoided an obligation to pay the government the higher fees associated with the more expensive petition-based visas intended for non-skilled workers.  *Id.* at 7–9.  Thus, Plaintiffs argue, "[o]btaining improper visa is actionable as a FCA claim."  *Id.*  Plaintiffs further argue that all Non-Appearing Defendants are liable on a conspiracy basis.  *Id.* at 13.

The Court already explained that Plaintiffs' FCA claim lacked merit in the Court's March 20, 2019 order granting in part and denying in part Defendants Eisenmann and Tesla's motion to dismiss in the instant case.  ECF No. 361, at 11.  Thus, Plaintiffs have known the deficiency with their FCA claim since March of 2019.  Specifically, the Court explained in its March 20, 2019 order that Defendants in this case were never under any obligation to pay visa fees associated with the petition-based visas.  *Id.*  The Court explained that the FCA is focused on "those who present or directly induce the submission of false or fraudulent claims" to the government.  *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1996 (2016).  Plaintiffs proceed in this case under the reverse false claims provision, 31 U.S.C. § 3729(a)(1)(G).  A reverse FCA claim under § 3729(a)(1)(G) involves "fraudulently reducing the amount owed to the government," which constitutes a false claim.  *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1056 (9th Cir. 2011).  Section 3729(a)(1)(G) creates liability for any person who "knowingly" uses "a false record or statement material to an *obligation* to pay . . . the Government, or knowingly conceals or knowingly and improperly avoids or decreases an

17

1    *obligation* to pay . . . the Government." *Id.* (emphasis added).

2            Importantly, the FCA defines "obligation" as "an established duty . . . arising from an

3    express or implied contractual, grantor-grantee, or licensor-licensee relationship, from a fee-based

4    or similar relationship, from statute or regulation, or from the retention of any overpayment." 31

5    U.S.C. § 3729(b)(3). Thus, "[t]he obligation cannot be merely a potential liability . . . ." *United*

6    *States v. Bourseau*, 531 F.3d 1159, 1169 (9th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v.*

7    *The Ltd., Inc.*, 190 F.3d 729, 735 (6th Cir. 1999)). Accordingly, "an obligation under the meaning

8    of the False Claims Act[] must be for a fixed sum that is immediately due." *Am. Textile Mfrs.*, 190

9    F.3d at 735.

10           Here, Plaintiffs have not alleged that Non-Appearing Defendants submitted visa

11   applications for the more expensive petition-based visas. On the contrary, Plaintiffs allege that

12   Non-Appearing Defendants did *not* submit visa applications for petition-based visas. Mot. at 9;

13   TAC at ¶¶ 54–55, 87–91. Rather, Plaintiffs allege that Non-Appearing Defendants submitted visa

14   applications for less expensive non-petition based visa. *Id.* Thus, there was no obligation to pay

15   the government for a petition-based visa because no visa applications for petition-based visas were

16   submitted. As the Ninth Circuit held in *Bourseau*, "[t]he obligation cannot be merely a potential

17   liability." *Bourseau*, 531 F.3d at 1169. However, that is exactly what Plaintiffs predicate their

18   reverse FCA claim on: a potential liability incurred only if Non-Appearing Defendants had applied

19   for petition-based visas. Because no petition-based visa applications were made, there was no

20   "fixed sum that [was] immediately due," which is a requirement for an obligation to arise under

21   the FCA. *American Textile Manufacturers*, 190 F.3d at 735.

22           Thus, Plaintiffs' argument that Non-Appearing Defendants incurred FCA liability by

23   avoiding an obligation to pay the government higher visa fees associated with the petition-based

24   visas lacks merit. The obligation to pay the government only arises upon applying for a visa.

25   Accordingly, Plaintiffs' reverse FCA claim under 31 U.S.C. § 3729(a)(1)(G) fails because

26   Plaintiffs have not shown that Non-Appearing Defendants applied for a visa that obligated Non-

27

28
     Case No. 16-CV-01120-LHK
     ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
     PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

1    Appearing Defendants to pay a higher "fixed sum that is immediately due." *American Textile*

2    *Manufacturers*, 190 F.3d at 735.

3        Finally, because Plaintiffs' reverse FCA claim under § 3729(a)(1)(G) fails as to Non-

4    Appearing Defendants, there can be no underlying conspiracy to commit a violation of the FCA

5    claim under § 3729(a)(1)(C). Section 3729(a)(1)(C) requires a conspiracy "to commit a violation"

6    of the other subparagraphs constituting a claim under the FCA. Numerous courts have found that

7    an underlying violation of the other subparagraphs constituting a claim under the FCA is required

8    to state a claim for conspiracy to commit a violation of the FCA. *See, e.g., Bishop v. Wells Fargo*

9    *& Co.*, 823 F.3d 35, 50 (2d Cir. 2016) ("[T]he relators cannot show a conspiracy to commit fraud

10   given that they have not sufficiently pleaded fraud under the FCA"), *vacated on other grounds by*

11   137 S. Ct. 1067; *United States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 507 (3d Cir. 2017)

12   ("[T]here can be no liability for conspiracy where there is no underlying violation of the FCA.").

13   Thus, because Plaintiffs have failed to allege a reverse FCA claim under § 3729(a)(1)(G),

14   Plaintiffs also fail to state a conspiracy claim under § 3729(a)(1)(C).

15       Accordingly, the Court finds that Plaintiffs' allegations fail to state a FCA claim as to

16   Non-Appearing Defendants. Because the Court finds that Plaintiffs' TAC fails to state a claim as

17   to Plaintiffs' FCA claim, the Court need not address the remaining *Eitel* factors. *See Golden W.*

18   *Veg, Inc. v. Bartley*, 2017 WL 386254, at *6 (N.D. Cal. Jan. 27, 2017) (explaining that failure to

19   satisfy the second and third *Eitel* factors is sufficient to deny a motion for default judgment). This

20   is because a court may not enter a default judgment if, taking all well-pleaded factual allegations

21   as true, the court finds that Plaintiffs are not entitled to relief. *See Cripps v. Life Ins. Co. of North*

22   *America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (explaining that claims that are legally insufficient

23   are not established by default); *see also Buza v. California Dep't of Corr. & Rehab.*, 2010 WL

24   4316919, at *1 (N.D. Cal. Oct. 27, 2010) (denying motion for default judgment for failure to state

25   a claim).

26       Moreover, because the Court finds that Plaintiffs have failed to state a claim with respect to

27

28
Case No. 16-CV-01120-LHK
ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

*United States District Court*
*Northern District of California*

1   Plaintiffs' FCA cause of action, the Court finds that Plaintiffs' FCA claim must be dismissed.  *See*

2   *Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004) (stating that dismissal is proper

3   where plaintiff is not entitled to default judgment because Plaintiffs fails to state a claim for

4   relief); *see also Buza*, 2010 WL 4316919, at *1 (dismissing claim after denying motion for default

5   judgment for failure to state a claim).

6          In its March 20, 2019 order, the Court dismissed Plaintiffs' FCA claim against Defendants

7   Eisenmann and Tesla with prejudice.  ECF No. 361, at 14.  The Court explained that Plaintiffs had

8   already been given leave to amend the pleadings twice and any further amendment would be futile

9   and unduly prejudicial to Eisenmann and Tesla.  *Id.*  Thus, Plaintiffs had been clearly warned as to

10  the precise deficiency with their FCA claim.

11         In the instant third motion for default judgment as to Non-Appearing Defendants, Plaintiffs

12  made no effort to correct that deficiency or address the Court's arguments identified in the Court's

13  March 20, 2019 order.  Indeed, in the section of the instant third motion for default judgment

14  addressing the second *Eitel* factor (merits of substantive claim) and third *Eitel* factor (sufficiency

15  of the complaint), Plaintiffs' argument in support of the FCA claim merely states that "the TAC

16  provides detailed factual allegations as to the elements of the FCA. Plaintiff has presented

17  substantial evidence demonstrating the merits of the FCA."  Mot. at 27.

18         Accordingly, the Court finds that leave to amend would be futile and cause undue delay.

19  *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (explaining that denial

20  of leave to amend is appropriate if amendment would unduly prejudice the opposing party, cause

21  undue delay, or be futile, or if the moving party has acted in bad faith).  Since March 7, 2016,

22  Plaintiffs have amended their complaint three times and thus filed a total of four complaints.

23  Plaintiffs have also filed three motions for default judgment on Plaintiffs' FCA claim against Non-

24  Appearing Defendants.  Plaintiffs have been on notice of the deficiency with their FCA claim

25  since March of 2019 and yet have made no effort to provide an alternative legal argument or

26  further allegations to address that deficiency.  Accordingly, the Court DISMISSES Plaintiffs' FCA

27

28  Case No. 16-CV-01120-LHK
    ORDER DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AND DISMISSING WITH
    PREJUDICE PLAINTIFFS' FALSE CLAIMS ACT CLAIM

United States District Court
Northern District of California

1   claim with prejudice.

2   **IV.   CONCLUSION**

3        For the foregoing reasons, the Court DENIES Plaintiffs' third motion for default judgment

4   on Plaintiffs' False Claims Act claim,  ECF No. 564, and DISMISSES with prejudice Plaintiffs'

5   False Claims Act claim against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem

6   USA, Inc.; Robert Vuzem; Ivan Vuzem; HRID-MONT d.o.o.; Gregurec Ltd; LB Metal d.o.o.; and

7   Mos Servis, d.o.o.

8        The Court also orders the Clerk of the Court to VACATE the January 16, 2020 entry of

9   default against Magna d.o.o.

10  **IT IS SO ORDERED.**

11  Dated: September 17, 2021

12  _____
    LUCY H. KOH
13  United States District Judge

27                                    21