UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES, <br><br> Plaintiffs, <br><br> v. <br><br> EISENMANN SE, et al., <br><br> Defendants. | Case No. 16-CV-01120-LHK <br><br> **ORDER GRANTING IN PART AND DENYING PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM** <br><br> Re: Dkt. No. 560 |

Before the Court is Plaintiffs Gregor Lesnik and Stjepan Papes' (collectively, "Plaintiffs") third motion for default judgment as to Plaintiffs' Trafficking Victims Protection Reauthorization Act ("TVPRA") claim against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o. ECF Nos. 560 ("Mot."). Having considered the Plaintiffs' briefing, the relevant law, and the record in this case, the Court GRANTS in part and DENIES in part Plaintiffs' third motion for default judgment as to Plaintiffs' TVPRA claim.

**I. BACKGROUND**

   **A. Factual Background**

1

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

### 1.  The Parties

Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principal place of business in Slovenia.  Third Amended Complaint, ECF No. 269, at ¶ 9 ("TAC").  Defendant ISM Vuzem USA, Inc. was a South Carolina corporation with its principal place of business in South Carolina.  *Id.* at ¶ 12.  Defendant Vuzem USA, Inc. was a California corporation with its principal place of business in California.  *Id.* at ¶ 13.  Defendant Robert Vuzem is a resident of Slovenia. *Id.* at ¶ 10.  Defendant Ivan Vuzem is a resident of Slovenia.  *Id.* at ¶ 11.  Defendant HRID-MONT d.o.o. is a Slovenian corporation with its principal place of business in Slovenia.  *Id.* at ¶ 14.

Plaintiff Gregor Lesnik is a resident of Slovenia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at the Tesla manufacturing plant in Fremont, California in 2015.  *Id.* at ¶ 1.  Plaintiff Stjepan Papes is a resident of Croatia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at various locations between 2013 and 2015, including at the Tesla manufacturing plant in Fremont, California.  *Id.* at ¶ 2.

### 2.  Alleged Conduct of the Defendants

Plaintiffs allege that the Eisenmann Corporation ("Eisenmann"), a former Defendant in this case, formed relations with a number of manufacturing entities, such as Tesla, to perform construction work related to Eisenmann's equipment.  TAC at ¶ 70.  Plaintiffs allege that Eisenmann, to fulfill these agreements, would hire subcontractors who would then provide the laborers necessary to complete the equipment installation.  *Id.* at ¶ 84, 107–8.  Among those subcontractors were ISM Vuzem d.o.o., ISM Vuzem USA, Inc., and Vuzem USA, Inc.  *Id.*

Although all of the work described in the TAC occurred in the United States, ISM Vuzem d.o.o. did not use American workers.  Instead, the TAC alleges that ISM Vuzem d.o.o. and the other subcontractor Defendants hired workers internationally.  For example, to help install a paint shop at a Tesla facility in Fremont, California, ISM Vuzem d.o.o. hired Lesnik and Papes.  *Id.* at ¶¶ 1–2, 60, 111, 213.  Lesnik and Papes were allegedly brought to the United States on B-1 visas that are generally reserved for skilled work, even though ISM Vuzem d.o.o. and other Defendants allegedly knew the workers would actually be performing unskilled construction work.  *Id.* at ¶¶

2

58–91, 211.  ISM Vuzem d.o.o. and other Defendants allegedly submitted letters to the United States Consulate containing false statements to obtain B-1 visas on Lesnik and Papes' behalf.  *Id.* at ¶¶ 206, 211, 213, 216.

The TAC alleges that Lesnik and Papes, once in the United States, were paid far below minimum wage and were forced to work extreme hours.  Lesnik allegedly worked at least 10-12 hours a day, over 80 hours a week, and received almost no time off work.  *Id*. at ¶ 237.  Papes worked a similar number of hours.  *Id.*  ISM Vuzem d.o.o also allegedly threatened to withhold pay if workers became too sick to work or reported a job injury; threatened to withhold medical benefits if workers reported a job injury; threatened to cancel visas; threatened to file a civil suit against Lesnik while he was hospitalized; and even told Lesnik that "this will not go well for you." *Id.* at ¶ 315, 338–39.  The TAC also alleges that the foreign workers were subject to poor living conditions in the United States, such as being housed in facilities without kitchens, having multiple workers sleep in the same bedroom, and typically having 6 to 10 workers share a single bathroom.  *Id.* at ¶ 318.

**B.  Procedural Background**

Plaintiffs filed the complaint initiating this lawsuit on March 7, 2016.  ECF No. 1.  On July 15, 2016, Plaintiffs filed the First Amended Complaint.  ECF No. 20.  On April 25, 2017, the United States filed a notice that it would not intervene in the instant case.  ECF No. 25.  On April 25, 2017, the Court unsealed the complaint.  ECF No. 26.

On August 8, 2017, the Court granted Plaintiffs' motion to file a Second Amended Complaint, and directed the United States to make a "prompt decision" regarding intervention. ECF No. 31.  On October 5, 2017, the United States filed another notice that it would not intervene in the instant case.  ECF No. 34.  On November 11, 2017, Plaintiffs filed the Second Amended Complaint.  ECF No. 37.

On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere, REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended

United States District Court
Northern District of California

3

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1   Complaint.  ECF No 219.  On October 1, 2018, the Court granted in part and denied in part the

2   motion to dismiss the Second Amended Complaint.  ECF No. 255.

3       On October 31, 2018, Plaintiffs filed a 108-page Third Amended Complaint.  ECF No.

4   269. ("TAC").  The TAC alleges 13 causes of action (some of which are duplicative).  At issue in

5   the instant third motion for default judgment is Plaintiffs' claim pursuant to the TVPRA (Count 9).

6   *Id.* at ¶ 312.

7       On March 28, 2019, Plaintiffs filed summons returned notices for the TAC on Defendants.

8   ECF Nos. 362–372.  On April 17, 2019, Plaintiffs filed motions for entry of default against seven

9   Defendants.  ECF Nos. 382–388.  On November 11, 2019, Plaintiffs filed motions for entry of

10  default against the remaining Defendants.  ECF Nos. 425–428.  On November 7, 2019, the Clerk

11  of the Court entered default against four of the Defendants.  ECF Nos. 430–433.  On January 16,

12  2020, the Clerk of the Court entered default against the seven remaining Defendants.  ECF Nos.

13  443–449.

14      On February 19, 2020, the Court ordered Plaintiffs to file motions for default judgment by

15  February 28, 2020.  ECF No. 457.  On February 28, 2020, Plaintiffs filed a motion for default

16  judgment on their False Claims Act claim.  ECF No. 461.   On February 29, 2020, Plaintiffs filed a

17  motion for default judgment on their Federal Labor Standards Act claims.  ECF No. 470.  On

18  February 29, 2020, Plaintiffs also filed a motion for default judgment on their TVPRA claim and

19  state trafficking claim.  ECF No. 468.

20      On June 26, 2020, the Court denied without prejudice Plaintiffs' motions for default

21  judgment.  ECF No. 498.  The Court explained that there were numerous deficiencies in Plaintiffs'

22  motions, including (1) that Plaintiffs' motions failed to address the Court's subject matter and

23  personal jurisdiction, and (2) that three of Plaintiffs' four default judgment motions failed to brief

24  the *Eitel* factors, which govern entries of default judgment.  *Id*.

25      On August 24, 2020, Plaintiffs filed a second round of motions for default judgment and

26  entry of final judgment.  ECF Nos. 501, 505, and 506.  Plaintiffs filed a second motion for default

27

28  Case No. 16-CV-01120-LHK
    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
    JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

1    judgment and an entry of final judgment on Plaintiffs' Fair Labor Standards Act claim.  ECF No.

2    501.  Plaintiffs filed a second motion for default judgment and an entry of final judgment on

3    Plaintiffs' False Claims Act claim.  ECF No. 505.  Plaintiffs filed a third motion for default

4    judgment and an entry of final judgment on Plaintiffs' TVPRA claim.  ECF No. 506.

5    On August 25, 2020, Plaintiffs filed notices of voluntary dismissal without prejudice of

6    their California trafficking claims and California wage claims.  ECF Nos. 512, 513.

7    On February 10, 2021, the Court denied Plaintiffs' second round of motions for default

8    judgment without prejudice.  ECF No. 551.  The Court found that Plaintiffs had failed to establish

9    the Court's personal jurisdiction over Defendants, which the Court must do before entering default

10    judgment.  *Id.* at 11.  Furthermore, the Court found that Plaintiffs had failed to provide evidence

11    that Defendants Magna d.o.o and We-Kr d.o.o. were properly served.  *Id.* at 13.

12    On April 8, 2021, Plaintiffs filed a third motion for default judgment on Plaintiffs' TVPRA

13    claim.  ECF No. 560 ("Mot.").  On April 9, 2021, Plaintiffs filed a third motion for default

14    judgment on Plaintiffs' False Claims Act claim.  ECF No. 564 ("Mot.").  On April 11, 2021,

15    Plaintiffs filed a third motion for default judgment on Plaintiffs' Fair Labor Standards Act claim.

16    ECF No. 565.

17    On September 17, 2021, the Court denied Plaintiffs' third motion for default judgment as

18    to Plaintiffs' False Claim Act claim and dismissed Plaintiffs' False Claim Act claim with

19    prejudice.  ECF No. 585.

20    The Court will address Plaintiffs' third motion for default judgment as to Plaintiffs' Fair

21    Labor Standards Act claims in a separate order.

22    **C.  Requests for Judicial Notice**

23    The Court may take judicial notice of matters that are either "generally known within the

24    trial court's territorial jurisdiction" or "can be accurately and readily determined from sources

25    whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, courts may

26    consider materials referenced in the complaint under the incorporation by reference doctrine, even

27

28    Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

1  if a plaintiff failed to attach those materials to the complaint. *Knievel v. ESPN*, 393 F.3d 1068,

2  1076 (9th Cir. 2005). Public records, including judgments and other publicly filed documents, are

3  proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.

4  2007). However, to the extent any facts in documents subject to judicial notice are subject to

5  reasonable dispute, the Court will not take judicial notice of those facts. *See Lee v. City of Los*

6  *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of*

7  *Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

8         In connection with Plaintiffs' motion for default judgment, Plaintiffs request judicial notice

9  of Rule 4 of the Federal Rules of Civil Procedure (Ex. A); the Hague Convention on the Service

10  Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service

11  Convention") (Ex. B); a list of signatories to the Hague Service Convention (Ex. C); the Republic

12  of Slovenia's Reservations to the Hague Service Convention (Ex. D); the Republic of Slovenia's

13  statutes for service of process (Ex. E); The United Kingdom of Great Britain and Northern Ireland

14  Reservations to the Hague Service Convention (Ex. F); and the United Kingdom's Central

15  Authority Information (Ex. G). ECF No. 560-1, at 3–4 (Ex. A–G).

16         Rule 4 of the Federal Rules of Civil Procedure is a matter of public record and is therefore

17  the proper subject of judicial notice. *See Black*, 482 F.3d at 1041. The Court therefore GRANTS

18  Plaintiffs' request for judicial notice of Rule 4 of the Federal Rules of Civil Procedure (Ex. A).

19         Under Federal Rule of Civil Procedure 44.1, "[i]n determining foreign law, the court may

20  consider any relevant material or source, including testimony, whether or not submitted by a party

21  or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. As such, the Court may

22  take judicial notice of an authoritative statement of foreign law. *See McGhee v. Arabian Am. Oil*

23  *Co.*, 871 F.2d 1412, 1424 n. 10 (9th Cir. 1989) (noting that the Court may take judicial notice of

24  foreign law where appropriate); *see also Philips v. Ford Motor Co.*, 2016 WL 8505624, at *1

25  (N.D. Cal. Jun. 10, 2016) (same); *Securities and Exch. Comm. v. Nevatia*, 2015 WL 6912006, at

26  *4 n. 4 (N.D. Cal. Jun. 10, 2016) (same). Exhibits B-G are therefore the proper subject of judicial

27

28  Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

notice.  As such, the Court GRANTS Plaintiffs' request for judicial notice of Exhibits B-F.

Plaintiffs further request judicial notice of the Articles of Incorporation of ISM Vuzem USA, Inc. (Ex. H); Certificate of Dissolution of ISM Vuzem USA, Inc. ("Ex. I"); Articles of Incorporation of Vuzem USA, Inc. (Ex. J); Statement of Information of Vuzem USA, Inc. filed with the California Secretary of State (Ex. K); and Certificate of Dissolution of Vuzem USA, Inc. (Ex. L).  ECF No. 560-1, at 5–6 (Ex. H–L).  Each of these documents are public records and are therefore proper subjects of judicial notice.  *Black*, 482 F.3d at 1041.  According, the Court GRANTS Plaintiffs' request for judicial notice of exhibits H–L.

Finally, Plaintiffs request judicial notice of eight court filings in other federal cases.  ECF No. 560-1, at 7–8 (Ex. P–W).  Each of these documents is a public court filing and is therefore the proper subject of judicial notice.  *Black*, 482 F.3d at 1041.  Accordingly, the Court GRANTS Plaintiffs' request for judicial notice of exhibits P–W.

## II.      LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment when the Clerk, under Rule 55(a), has previously entered a party's default.  Fed. R. Civ. P. 55(b).  "The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages.  *See Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

2   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

3   Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.

4   1986).

5          Furthermore, if a party was improperly served, the Court may not enter a default judgment

6   against that party.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (explaining

7   that a "person is not bound by a judgment in litigation to which he or she has not been made a

8   party by service of process.").

9   **III.   DISCUSSION**

10         **A.   Jurisdiction**

11         The Court begins by addressing subject matter jurisdiction, personal jurisdiction, and

12   service of process.  "When entry of judgment is sought against a party who has failed to plead or

13   otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the

14   subject matter and the parties.  A judgment entered without personal jurisdiction over the parties is

15   void."  *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  In order to avoid the

16   entry of an order of default judgment that may subsequently be attacked as void, the Court must

17   determine whether jurisdiction over the instant case exists.  "The party seeking to invoke the

18   court's jurisdiction bears the burden of establishing that jurisdiction exists."  *Scott v. Breeland*,

19   792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280,

20   1285 (9th Cir. 1977)).  For the Court to exercise personal jurisdiction over a defendant, the

21   defendant must also have been served in accordance with Federal Rule of Civil Procedure 4.

22   *Mason*, 960 F.2d at 851 (explaining that an entry of default is void if there was improper service

23   of process on a defendant).

24         The Court begins with subject matter jurisdiction and then proceeds to personal

25   jurisdiction.  Finally, the Court turns to service of process.

26         **1.  Subject Matter Jurisdiction**

27

28
     Case No. 16-CV-01120-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
     JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1    The Court previously dismissed Plaintiffs' first round motions for default judgment

2    without prejudice for failure to address subject matter jurisdiction.  ECF No. 498.  Plaintiffs have

3    now rectified that deficiency.  Plaintiffs' instant third motion for default judgment seeks default

4    judgment on Plaintiffs' claim under the TVPRA pursuant to 18 U.S.C. § 1595, *et seq*.  Mot. at 25;

5    TAC at ¶ 312.  As such, the Court is satisfied that it has subject matter jurisdiction over Plaintiffs'

6    claim pursuant to 28 U.S.C. § 1331.  28 U.S.C. § 1331 ("The district courts shall have original

7    jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

8    States.").

9    **2.  Personal Jurisdiction**

10   "[A] judgment entered without personal jurisdiction over the parties is void."  *In re Tuli*,

11   172 F.3d at 712.  Moreover, "[t]he party seeking to invoke the court's jurisdiction bears the burden

12   of establishing that jurisdiction exists."  *Breeland*, 792 F.2d at 927 (citation omitted); *In re Boon*

13   *Glob. Ltd*., 923 F.3d 643, 650 (9th Cir. 2019) (explaining that it is the "party asserting jurisdiction

14   [that] bears the burden to establish jurisdictional facts.").  The Court previously denied Plaintiffs'

15   second round motions for default judgment without prejudice because Plaintiffs failed to establish

16   the Court's personal jurisdiction over Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc.,

17   Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.  ECF No. 551, at 11.  The

18   Court warned Plaintiffs that if they failed to allege facts sufficient to establish the Court's personal

19   jurisdiction over Defendants, "the Court will deny Plaintiffs' motions for default judgment with

20   prejudice."  *Id.* at 12.

21   Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's

22   long-arm statute permits the assertion of jurisdiction without violating federal due process.

23   *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).  California's

24   long-arm statute, Cal. Civ. Proc. Code § 410.10, is co-extensive with federal due process

25   requirements, and therefore the jurisdictional analyses under California law and federal due

26   process merge into one.  *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise

27

28   Case No. 16-CV-01120-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
     JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

1    jurisdiction on any basis not inconsistent with the Constitution of this state or of the United

2    States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)

3    ("California's long-arm statute . . . is coextensive with federal due process requirements, so the

4    jurisdictional analyses under state law and federal due process are the same.").

5           For a court to exercise personal jurisdiction over a defendant consistent with due process,

6    that defendant must have "certain minimum contacts" with the relevant forum state "such that the

7    maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

8    *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457,

9    463 (1940)).  In addition, "the defendant's 'conduct and connection with the forum State' must be

10   such that the defendant 'should reasonably anticipate being haled into court there.'"  *Sher v.*

11   *Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v.*

12   *Woodson*, 444 U.S. 286, 297 (1980)).

13          A court may exercise either general or specific personal jurisdiction over a defendant.  *See*

14   *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  In the instant case, Plaintiffs argue

15   that the Court may exercise general personal jurisdiction over Vuzem USA, Inc. and specific

16   personal jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert

17   Vuzem, and Ivan Vuzem.  Mot. at 21–23.  The Court addresses each argument in turn.

18              **a.   General Personal Jurisdiction over Vuzem USA, Inc.**

19          Plaintiffs first argue that the Court may exercise general personal jurisdiction over

20   Defendant Vuzem USA, Inc. because it "was a California corporation, registered on September 2,

21   2014, and dissolved on September 19, 2016."  *Id.* at 21.  A corporation is considered domiciled in

22   the states where the corporation is incorporated and has its principal place of business.  *Goodyear*

23   *Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011) (explaining domicile).

24   Under federal due process, a defendant domiciled within a state is subject to the state's general

25   jurisdiction.  *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *see also Ranza v. Nike, Inc.*, 793 F.3d

26   1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate

27

28

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

1    over a corporation are its place of incorporation and its principal place of business.").

2         Furthermore, California Corporations Code § 2010 provides that "[a] corporation which is

3    dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and

4    defending actions by or against it . . ."  Cal Corp. Code § 2010(a); *see also Soares v. Lorono*, 2015

5    WL 3826795, at *3 (N.D. Cal. June 19, 2015) (explaining that a California corporation may be

6    sued after it has dissolved for activities that took place pre-dissolution).  Furthermore, § 2010

7    provides that "[n]o action or proceeding to which a corporation is a party abates by the dissolution

8    of the corporation or by reason of proceedings for winding up and dissolution thereof."  *Id.* §

9    2010(b).

10        Accordingly, the Court finds that it may exercise general personal jurisdiction over Vuzem

11   USA, Inc. because it was a California corporation and dissolved only after the violations of the

12   TVPRA that Plaintiffs allege in their TAC.

### b.  Specific Personal Jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert Vuzem, and Ivan Vuzem

14        Plaintiffs argue that the Court may exercise specific personal jurisdiction over ISM Vuzem

15   d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert Vuzem, and Ivan Vuzem.  Mot. at 22.

16   Under Ninth Circuit law, the Court may exercise specific personal jurisdiction over a nonresident

17   defendant when (1) the nonresident defendant "purposefully direct[s] his activities or

18   consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by

19   which he purposefully avails himself of the privilege of conducting activities in the forum"; (2) the

20   claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of

21   jurisdiction is reasonable.  *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff succeeds in satisfying

22   the first two prongs, the burden then shifts to the nonresident defendant to "present a compelling

23   case" that the exercise of jurisdiction would not be reasonable.  *Id.*

24        Below, the Court first finds that it may properly exercise specific personal jurisdiction over

25   ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  Second, the Court

26   finds that Plaintiffs have failed to establish the Court's specific personal jurisdiction over HRID-

27

11

28   Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1    Mont d.o.o.

2         First, Plaintiffs allege that ISM Vuzem d.o.o., Vuzem USA, Inc., and ISM Vuzem USA

3    each entered into contracts for the construction of facilities in California, including at the Tesla

4    manufacturing plant in Fremont, California.  Mot. at 23.  Robert Vuzem and Ivan Vuzem allegedly

5    own and control the operations of ISM Vuzem d.o.o., ISM Vuzem USA, Inc., and Vuzem USA,

6    Inc.  TAC at ¶ 16.  Plaintiffs allege that Robert Vuzem came to Fremont, CA to oversee the work

7    done in the district.  Mot. at 23.  Robert Vuzem and Ivan Vuzem also allegedly prepared

8    representations as to the nature of work that Plaintiff Papes would perform in California so that

9    Papes could procure a B-1 workers' visa.  TAC at ¶ 110.  Ivan Vuzem also allegedly paid workers

10   directly into Slovenian bank accounts for work done in California for Eisenmann Corporation and

11   at other manufacturing sites in the United States.  *Id.* at ¶ 117.

12        Plaintiffs further allege that ISM Vuzem USA, on behalf of ISM Vuzem d.o.o., signed

13   documents for the purpose of obtaining visas to bring workers to California.  Mot. at 23.  Plaintiffs

14   were allegedly two of the workers who were brought to California, and Plaintiffs' TVPRA claim

15   arises out of the Plaintiffs' work and mistreatment while employed in California.  *Id.*  Specifically,

16   Plaintiffs allege that they suffered coercion under the terms of the TVPRA at the Tesla

17   manufacturing plant in Fremont, CA and at the Regional Medical Center in San Jose.  *Id.* at 24.

18        Considering these allegations, the Court is satisfied that allegations regarding ISM Vuzem

19   d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem establish that (1) each of these

20   Defendants "purposefully direct[ed] his activities or consummate[ed] some transaction with the

21   forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of

22   the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the

23   defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable."

24   *Schwarzenegger*, 374 F.3d at 802.  Accordingly, the Court is satisfied that based on Plaintiffs'

25   allegations, the Court may properly exercise specific personal jurisdiction under Ninth Circuit law

26   over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  *Id.*

27

12

28   Case No. 16-CV-01120-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
     JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

However, Plaintiffs fail to provide sufficient allegations to support the Court's exercise of specific personal jurisdiction over HRID-Mont d.o.o.  Plaintiffs fail to allege that any actions taken by HRID-Mont d.o.o. occurred in California or were otherwise directed at California.  Rather, Plaintiffs' allegations regarding HIRD-Mont d.o.o. concern events that occurred elsewhere in the United States or in Slovenia.  *See* Mot. at 23 (failing to point to any actions by HRID-Mont d.o.o. in California or directed at California).  Accordingly, the Court finds that Plaintiffs have failed to sufficiently allege that HRID-Mont d.o.o. conducted activities in California or purposefully directed it activities toward California.

As such, the Court may not exercise specific personal jurisdiction over HRID-Mont d.o.o. with respect to Plaintiffs' TVPRA claim, and the Court therefore DENIES Plaintiffs' motion for default judgment on Plaintiffs' TVPRA claim against HRID-Mont d.o.o.  *See In re Tuli*, 172 F.3d at 712 ("A judgment entered without personal jurisdiction over the parties is void."); *see also Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953 (N.D. Cal. 2012) (denying motion for default judgment for lack of specific personal jurisdiction over defendant).

### 3.  Service of Process

For the Court to properly exercise personal jurisdiction over a defendant, the defendant must have been served in accordance with the Federal Rules of Civil Procedure.  *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote omitted)).

Federal Rule of Civil Procedure 4(h) governs the rules of service when a corporation is served outside of the United States.  It states that if a foreign corporation is served "at a place not within any judicial district of the United States," it must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)," unless a waiver of service has been filed.  Fed. R. Civ. P. 4(h)(2).

Under Rule 4(f), a party may serve a corporation abroad using one of three methods:

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3).  Rule 4(f)(1) implements the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters.  20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention").  The Hague Service Convention "specifies certain approved methods of service and preempts inconsistent methods of service wherever it applies." *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (internal citations omitted).  The Hague Service Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," if the country of destination is a signatory member to the Hague Service Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). The United States and Slovenia are both signatories to the Hague Service Convention , and therefore the Hague Service Convention governs service on Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem because "compliance with the [Hague Service Convention] is mandatory in all cases to which it applies." *Id.* at 705; Mot. at 4.

The principle means of service under the Hague Service Convention is through a signatory country's "Central Authority," which the Convention requires each country to establish for the purpose of effectuating service in its country. *See* Hague Service Convention, art. 2, 20 U.S.T. at 362; *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (explaining Central Authority mechanism in the Hague Service Convention).  However, submitting a document to the Central Authority is not the only method of service available under the Hague Service Convention. *See*

14

United States District Court
Northern District of California

*Water Splash*, 137 S. Ct. at 1508 (explaining various methods of service).  Article 10 of the Hague

Service Convention states that "[p]rovided the State of destination does not object, the present

Convention shall not interfere with:

> (a) the freedom to send judicial documents, by postal channels, directly to persons abroad,
>
> (b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination,
>
> (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Service Convention, 20 U.S.T. at 363; *Water Splash*, 137 S. Ct. at 1508 (explaining that the

Hague Service Convention allows for other forms of service where a country does not object).

The Court previously found no deficiencies in Plaintiffs' service of process on Defendants

ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.

ECF No. 551, at 12 (identifying deficiencies only with service on Defendants Magna d.o.o. and

We-Kr d.o.o.).  The Court is therefore satisfied that Defendants ISM Vuzem d.o.o.; ISM Vuzem

USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have been properly served.

Therefore, the Court properly exercises personal jurisdiction over ISM Vuzem d.o.o.; ISM Vuzem

USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.

### B.  Whether Default Judgment is Proper

Having determined that the Court's exercise of subject matter jurisdiction and personal

jurisdiction over the Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.;

Robert Vuzem; and Ivan Vuzem is proper, the Court now turns to the *Eitel* factors to determine

whether entry of default judgment against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.;

Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem is warranted.

#### 1.  First *Eitel* Factor: Possibility of Prejudice

Under the first *Eitel* factor, the Court considers the possibility of prejudice to Plaintiffs if

15

United States District Court
Northern District of California

1  default judgment is not entered against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.;

2  Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.  "A plaintiff who is denied a default

3  judgment and is subsequently left without any other recourse for recovery has a basis for

4  establishing prejudice."  *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc*, 2020 WL

5  7227199, at *6 (N.D. Cal. Dec. 8, 2020) (quoting *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*,

6  2020 WL 6562333, at *5 (N.D. Cal. Nov. 9, 2020)).  Here, Plaintiffs have established that

7  Plaintiffs will be prejudiced because Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.;

8  Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have not participated in this litigation and

9  Plaintiffs would be without recourse to recover for the damages caused by Defendants ISM

10 Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem if

11 default judgment is not granted.  Therefore, the first *Eitel* factor weighs in favor of granting

12 default judgment.

### 2.  Second and Third *Eitel* Factors: Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

14     The second and third *Eitel* factors address the merits and sufficiency of Plaintiffs' claim as

15 pleaded in the TAC.  Courts often analyze these two factors together.  *See Dr. JKL Ltd. v. HPC IT*

16 *Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits of

17 plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together.").

18 In its analysis of the second and third *Eitel* factors, the Court will accept as true all well-pled

19 allegations regarding liability in the TAC.  *See Fair Hous. of Marin*, 285 F.3d at 906 ("[T]he

20 general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

21 The Court will therefore consider the merits of Plaintiffs' claim and the sufficiency of the TAC

22 together.  The Court first discusses whether Plaintiffs have provided sufficient allegations to state

23 a claim for coerced labor under TVPRA.  Second, the Court discusses whether there is an

24 alternative basis for liability under the TVPRA.  Finally, the Court discusses the effect of Lesnik's

25 2016 settlement on Lesnik's TVPRA claim.

### a.  Whether Plaintiffs have Stated a Claim for Coerced Labor under the

16

United States District Court
Northern District of California

## TVPRA

First, Plaintiffs bring a claim pursuant to the TVPRA against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.  Under the TVPRA, "a defendant is liable for human trafficking for knowingly obtaining an individual's labor and services by means of actual and threatened serious harm—including financial and psychological harm—or knowingly benefitting from the obtaining of labor by such means." *Alabado v. French Concepts, Inc.*, 2016 WL 5929247, at *4 (C.D. Cal. May 2, 2016).  The TVPRA includes a civil cause of action under 18 U.S.C. § 1595 that allows victims to seek damages and attorney's fees from the "perpetrator" of a violation of laws prohibiting trafficking and forced labor.  Section 1595(a) also extends liability beyond perpetrators to anyone who "knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known" committed a violation of applicable trafficking and forced labor laws.  *See Shuvalova v. Cunningham*, 2010 WL 5387770, at *3 n.3 (N.D. Cal. Dec. 22, 2010) (explaining liability).

Plaintiffs argue that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem are liable under the TVPRA because they violated 18 U.S.C. § 1589.  Section 1589(a) prohibits obtaining labor or services in four ways:

> (1) by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2) by means of serious harm or threats of serious harm to that person or another person;
>
> (3) by means of the abuse or threatened abuse of law or legal process; or
>
> (4) by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint[.]

18 U.S.C. § 1589(a)(1)-(4).  Specifically, Plaintiffs appear to argue that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem violated §§ 1589(a)(2) and (3).

United States District Court
Northern District of California

Section 1589(c)(2) defines the "serious harm" referenced in § 1589(a)(2) as "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm," that is serious enough to compel a reasonable person to perform labor to avoid the harm. *See United States v. Dann*, 652 F.3d 1160, 1169 (9th Cir. 2011) (noting statutory amendments in 2000 sought to broaden § 1589 to nonviolent conduct by defining serious harm more broadly). Section 1589(a)(3) prohibits obtaining labor or services "by means of the abuse or threatened abuse of law or legal process." Accordingly, the Court examines whether Plaintiffs' allegations demonstrate that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem coerced Plaintiffs' labor "by means of serious harm or threats of serious harm to that person or another person"; or "by means of the abuse or threatened abuse of law or legal process . . ." *See* 18 U.S.C. § 1589(a)(2), (3). The Court considers each in turn.

First, the Court considers whether Plaintiffs adequately allege that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem coerced labor "by means of serious harm or threats of serious harm to that person or another person." 18 U.S.C. § 1589(a)(2). The TAC alleges that ISM Vuzem d.o.o. threatened to withhold Plaintiffs Lesnik and Papes' pay if Plaintiffs became too sick to work or otherwise reported an injury on the job. TAC at ¶ 325. ISM Vuzem d.o.o. also allegedly threatened to fly Plaintiffs home without warning at Plaintiffs' own cost if they did not work every day. *Id.* at ¶ 326. Robert Vuzem also allegedly threatened to disparage Papes' reputation to other companies if Papes quit working for ISM Vuzem d.o.o. ECF No. 563, at ¶ 107 ("Papes Decl."). Although these are not allegations of physical harm, § 1589(a)(2) prohibits the coercion of labor through "any harm, whether physical or nonphysical, including psychological, financial, or reputational harm," that is serious enough to compel a reasonable person to perform labor to avoid the harm. *See Dann*, 652 F.3d at 1169–72 (affirming § 1589 conviction where defendant threatened undocumented nanny with withholding back pay, false accusations of theft, immigration consequences, and the defendant's potential loss of child custody).

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1    Furthermore, the TAC alleges that ISM Vuzem d.o.o. threatened to cancel Plaintiffs' visas

2  and endanger Plaintiffs' immigration status if they complained or did not work.  *See* TAC at ¶

3  335; Papes Decl. at ¶¶ 15, 106.  "[M]ultiple jurisdictions have found that the threat of deportation

4  may itself constitute a threat sufficient to satisfy the second and/or third element of [§ 1589]

5  forced labor."  *Echon v. Sackett*, 2017 WL 4181417, at *14 (D. Colo. Sept. 20, 2017), *report and*

6  *recommendation adopted*, 2017 WL 5013116 (D. Colo. Nov. 1, 2017).

7    Plaintiffs have therefore provided sufficient allegations to establish that ISM Vuzem d.o.o

8  coerced Plaintiffs' labor under the coerced labor provision, § 1589(a)(2), of the TVPRA by

9  threatening to cancel Plaintiffs' visas and endanger Plaintiffs' immigration status if they

10  complained or did not work; threatening to fly Plaintiffs home without warning at Plaintiffs' own

11  cost if they did not work every day; and by threatening to withhold Lesnik and Papes' pay if

12  Plaintiffs became too sick to work or otherwise reported an injury on the job.  Furthermore,

13  Plaintiffs have provided sufficient allegations to establish that Robert Vuzem coerced Plaintiffs'

14  labor under the coerced labor provision, § 1589(a)(2), of the TVPRA by threatening to disparage

15  Papes' reputation to other companies if Papes quit working for ISM Vuzem d.o.o.  Accordingly,

16  Plaintiffs' allegations are sufficient to state a claim that Plaintiffs were subject to coerced labor

17  under § 1589(a)(2) by ISM Vuzem d.o.o. and Robert Vuzem.

18    Second, the Court considers whether Defendants ISM Vuzem d.o.o.; ISM Vuzem USA,

19  Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem coerced labor "by means of the abuse or

20  threatened abuse of law or legal process."  18 U.S.C. § 1589(a)(3).  The TAC alleges that ISM

21  Vuzem d.o.o threatened to cancel Plaintiffs' visas and endanger their immigration status if they

22  complained or did not work.  *See* TAC at ¶ 335; Papes Decl. at ¶¶ 15, 106.  "[M]ultiple

23  jurisdictions have found that the threat of deportation may itself constitute a threat sufficient to

24  satisfy the second and/or third element of [§ 1589] forced labor."  *Echon*, 2017 WL 4181417, at

25  *14; *Nuñag–Tanedo v. E. Baton Rouge*, 790 F. Supp. 2d 1134, 1146 (C.D. Cal. 2011) (holding

26  threat of deportation constitutes "abuse of legal process" within the meaning of § 1589 in cases

27

28  Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

concerning H1-B visa holders); *Aguirre v. Best Care Agency*, 961 F. Supp. 2d 427, 444 (E.D.N.Y. 2013) (stating that "[t]he threat of deportation alone may support a claim for forced labor" under § 1589. Plaintiffs also allege that Ivan Vuzem and Robert Vuzem threatened to sue Lesnik on behalf of the Vuzem entities when Lesnik was hospitalized in San Jose, CA after suffering an accident while at work for ISM Vuzem d.o.o. TAC at ¶ 315.

Plaintiffs have therefore provided sufficient allegations to establish that ISM Vuzem d.o.o coerced Plaintiffs' labor under the coerced labor provision, § 1589(a)(3), of the TVPRA by threatening to cancel Plaintiffs' visas and endanger Plaintiffs' immigration status if they complained or did not work. Furthermore, Plaintiffs have provided sufficient allegations to establish that Robert Vuzem and Ivan Vuzem coerced Plaintiffs' labor under the coerced labor provision, § 1589(a)(3), of the TVPRA by threatening to sue Lesnik on behalf of the Vuzem entities when Lesnik was hospitalized in San Jose, CA after suffering an accident while at work for ISM Vuzem d.o.o. Accordingly, Plaintiffs' allegations are sufficient to establish that Plaintiffs were subject to coerced labor under § 1589(a)(3) by Defendants ISM Vuzem d.o.o., Robert Vuzem, and Ivan Vuzem.

In sum, the Court finds that Plaintiffs have stated a claim under the coerced labor provision of the TVPRA, § 1589, against Defendants ISM Vuzem d.o.o., Robert Vuzem, and Ivan Vuzem.

However, Plaintiffs have failed to provide any allegations that Defendants ISM Vuzem USA, Inc. and Vuzem USA, Inc. violated the TVPRA by coercing Plaintiffs' labor under § 1589. Accordingly, the Court next considers whether Defendants ISM Vuzem USA, Inc. and Vuzem USA, Inc. are liable under an alternative provision of the TVPRA.

### b. Alternative Liability under the TVPRA for ISM Vuzem USA, Inc. and Vuzem USA, Inc.

Plaintiffs have stated a claim that Defendants ISM Vuzem d.o.o., Robert Vuzem, and Ivan Vuzem directly coerced Plaintiffs' labor in violation of the coerced labor provision of the TVPRA, § 1589. However, the TVPRA also gives rise to liability to "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in

20

United States District Court
Northern District of California

United States District Court
Northern District of California

1  the providing or obtaining of labor or services by any of the means" proscribed under the four

2  prongs of 18 U.S.C. § 1589(a), which the Court has discussed above.  *See* 18 U.S.C. § 1595(b).

3  Accordingly, Plaintiffs argue that Defendants ISM Vuzem USA, Inc. and Vuzem USA, Inc. both

4  knowingly benefited financially from the coerced labor of Plaintiffs.

5        Plaintiffs argue that ISM Vuzem USA, Inc. is liable as a knowing beneficiary of coerced

6  labor under 18 U.S.C. § 1595(b) because "ISM Vuzem USA, Inc. was the direct contractor with

7  Eisenman and Tesla" at the Fremont, California worksite at which Plaintiffs worked.  Mot. at 14;

8  TAC at ¶ 213.  Thus, Plaintiffs argue, ISM Vuzem USA, Inc. "financially benefitted from this

9  venture."  *Id.*  Furthermore, Plaintiffs argue that "Robert [Vuzem] and Ivan Vuzem operated and

10  managed their owned business, including in labor recruitment, employment practices, working

11  conditions at job sites, pay and other business enterprise actions."  *Id.* at 13–14.  Accordingly,

12  because Robert Vuzem and Ivan Vuzem threatened and coerced Plaintiffs directly, the financial

13  benefits that ISM Vuzem USA, Inc. received from Plaintiffs' coerced labor were obtained

14  knowingly.  *Id.*

15        The Court agrees.  Plaintiffs' allegations are sufficient to state a claim for TVPRA

16  beneficiary liability against ISM Vuzem USA, Inc. because Plaintiffs allege that ISM Vuzem

17  USA, Inc. "knowingly benefit[ed], financially or by receiving anything of value, from

18  participate[ng] in a venture which has engaged in the providing or obtaining of labor or services

19  by any of the means" proscribed under the four prongs of 18 U.S.C. § 1589(a).  *See* 18 U.S.C. §

20  1595(a); *Shuvalova*, 2010 WL 5387770, at *3 n.3 (explaining that violation must be "knowing").

21  Accordingly, the Court finds that Plaintiffs have also stated a claim under the TVPRA against ISM

22  Vuzem USA, Inc.

23        However, Plaintiffs' motion does not allege that Vuzem USA, Inc. knowingly benefited

24  financially from the coerced labor of either Plaintiff.  The Court therefore finds that Plaintiffs have

25  failed to state a claim under the TVPRA against Vuzem USA, Inc.

26        Accordingly, the Court DENIES Plaintiffs' motion for default judgment against Vuzem

27                                                              21

USA, Inc.  This is because a court may not enter a default judgment if, taking all well-pleaded factual allegations as true, the court finds that Plaintiffs are not entitled to relief under their claim. *See Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) (explaining that claims that are legally insufficient are not established by default); *see also Buza v. California Dep't of Corr. & Rehab.*, 2010 WL 4316919, at *1 (N.D. Cal. Oct. 27, 2010) (denying motion for default judgment for failure to state a claim).

### c.  Papes has Stated a TVPRA Claim

In sum, the Court finds that Plaintiff Papes has stated a claim under the TVPRA against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc, Robert Vuzem, and Ivan Vuzem. Accordingly, the Court finds that the second *Eitel* factor (merits of Papes' substantive claim) and third *Eitel* factor (sufficiency of the complaint) weigh in favor of granting default judgment as to Papes' TVPRA claim.

Next, the Court addresses Plaintiff Lesnik.  The Court explains below that although Lesnik has stated a claim against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc, Robert Vuzem, and Ivan Vuzem under the TVPRA on the basis of the allegations above, see *supra* Section III(B)(2)(a)-(b), Lesnik's TVPRA claim is barred in the instant case due to Lesnik's 2016 settlement agreement releasing Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc, Robert Vuzem, and Ivan Vuzem from liability.

### d.  Lesnik's 2016 Settlement Agreement

In its March 20, 2019 order, the Court granted Defendants Eisenmann and Tesla's motion to dismiss Lesnik's TVPRA claim against Eisenmann and Tesla on the ground that Lesnik's TVPRA claim is barred by a 2016 settlement agreement that Lesnik signed with Eisenmann, Tesla, and ISM Vuzem d.o.o.  ECF No. 361, at 36 ("March 20, 2019 order") (explaining that Lesnik's TVPRA claim in the TAC is barred by 2016 settlement agreement).  The settlement agreement ("Settlement Agreement") resolved an Alameda County Superior Court action filed after Lesnik was injured while working for ISM Vuzem d.o.o. in Fremont, California.  ECF No.

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1    300-3, Ex. A at 3 ("Settlement Agreement").

2        The Settlement Agreement released "all wage and hour and employment-related claims"

3    arising out of Lesnik's employment injury suffered while working for ISM Vuzem d.o.o. in

4    Fremont, CA.  Settlement Agreement at 3–4.  The Court found in its March 20, 2019 order that

5    Lesnik could have brought his TVPRA claim in the 2016 Alameda County Superior Court action,

6    and that Lesnik's TVPRA claim was therefore barred because the Settlement Agreement released

7    "all wage and hour and employment-related claims," and Lesnik's TVPRA claim is employment-

8    related as shown by Lesnik's allegations.  ECF No. 361 at 36 (quoting from the Settlement

9    Agreement).

10        Furthermore, the Settlement Agreement not only provides a release of liability for claims

11   against ISM Vuzem d.o.o. and ISM Vuzem USA, Inc.  Settlement Agreement at 1.  The

12   Settlement Agreement also provides a release of liability for "their current and former agents,

13   employees, officers, directors and divisions, parents and subsidiaries, attorneys, and all of their

14   predecessors-in-interest, successors, assigns and liability insurance carriers."  *Id.*  Plaintiffs allege

15   that Robert Vuzem and Ivan Vuzem are directors of ISM Vuzem d.o.o.  TAC at 10–11.

16   Accordingly, the Settlement Agreement bars Lesnik's TVPRA claim in the instant third motion

17   for default judgment against ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan

18   Vuzem.

19        Although Plaintiffs do not mention the 2016 Settlement Agreement in the instant third

20   motion for default judgment, Plaintiffs do appear to recognize the limitations the Settlement

21   Agreement places on Lesnik's claim.  Accordingly, Lesnik seeks recovery based only on

22   "actionable wrongs after July of 2016."  Mot. at 9.  The Settlement Agreement was signed in June

23   of 2016, and so Lesnik seeks to circumvent the release of liability imposed by the Settlement

24   Agreement by seeking to recover damages caused by "post-2017 actions by the Vuzems

25   individually and on behalf of their companies" after the Settlement Agreement was signed.  Mot.

26   at 12.

27                                                    23

28   Case No. 16-CV-01120-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
     JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

United States District Court
Northern District of California

1     Specifically, Plaintiffs allege that "Defendants in 2018 and again in 2020 and 2021 took

2 legal action against Mr. Lesnik to make an example of him." Mot. at 9. Lesnik also alleges that in

3 2018, Robert Vuzem and Ivan Vuzem tried to get Lesnik "criminally prosecuted." *Id.* at 12. As a

4 result of these "post-2017 actions by the Vuzems," Lesnik alleges that he became "anxious and

5 depressed" and in 2018 he was "put on a blood pressure lowering medication." *Id.* As such,

6 Lesnik alleges that he "sustained injury because of these acts" between 2018 and 2021. *Id.* at 9.

7     However, Lesnik admits that ISM Vuzem d.o.o. fired him in 2017. *Id.* Accordingly,

8 Lesnik argues that Robert Vuzem and Ivan Vuzem filed a lawsuit against Lesnik "to coerce

9 remaining workers to continue to work," rather than to coerce Lesnik himself to work. *Id.*

10 Plaintiffs thus argue that Lesnik has stated a claim under the TVPRA even though Lesnik admits

11 that ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem's actions were

12 not undertaken to coerce Lesnik to work or otherwise provide labor or services for ISM Vuzem

13 d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem. Plaintiffs' argument lacks merit.

14     Plaintiffs' motion fails to cite a single case that finds a viable TVPRA claim where the

15 plaintiff is not the person or persons defendants sought to coerce into labor or service.

16 Furthermore, the Court does not find any precedent that would expand the civil cause of action

17 under the TVPRA to cover harm caused to individuals who were not themselves coerced into

18 labor or service. Rather, "[s]ection 1595 allows victims *of such forced labor* to recover damages

19 and attorney's fees for violations of" the TVPRA. *Alabado*, 2016 WL 5929247, at *4 (emphasis

20 added). Lesnik does not allege that he was forced or coerced to perform any labor or service as a

21 result of ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem's actions

22 between 2018 and 2021.

23     Accordingly, the Court finds that Plaintiffs have failed to state a claim under the TVPRA

24 for actions taken by Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and

25 Ivan Vuzem against Lesnik after he was fired by ISM Vuzem d.o.o. in 2017. Furthermore,

26 Plaintiffs are barred from seeking recovery on behalf of Lesnik for violations of the TVPRA that

27

28

24

took place prior to the 2016 Settlement Agreement.

Accordingly, the Court DENIES Lesnik's motion for default judgment against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  This is because a court may not enter a default judgment if, taking all well-pleaded factual allegations as true, the court finds that Plaintiff in not entitled to relief.  *See Cripps*, 980 F.2d at 1267 (explaining that claims that are legally insufficient are not established by default); *see also Buza*, 2010 WL 4316919, at *1 (denying motion for default judgment for failure to state a claim).

### 3.  Fourth *Eitel* Factor: The Amount of Money at Stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *PepsiCo Inc. v. Cal Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); *see also Eitel*, 782 F.2d at 1471–72.  "The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable."  *Trung Giang Corp. v. Twinstar Tea Corp.*, 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the potential loss caused by the defendant's actions.  *Id.*  However, courts have found that this factor "presents no barrier to default judgment" as long as the potential damages were "proportional to the harm alleged."  *See Liu Hongwei v. Velocity V Ltd.*, 2018 WL 3414053, at *8 (C.D. Cal. July 11, 2018) (finding that a request of $4,000,000 was justified); *United States v. Roof Guard Roofing Co.*, 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) (holding that a request for over $1,000,000 was reasonable because the tax debt was substantiated with proof provided by the government).

Here, Papes seeks to recover $1,500,000 in compensatory damages and $1,500,000 in putative damages.  Mot. at 12–13.  For the reasons explained below, *infra* Section III(C)(1)-(2), the Court concludes that an award of $305,500 in compensatory damages and $305,500 in punitive damages is reasonable and proportional to the TVPRA violation alleged herein.  This

United States District Court
Northern District of California

25

award of damages is within the range of awards courts have found appropriate in cases involving similar claims. *See, e.g.*, *Alabado*, 2016 WL 5929247, at *14 (awarding between $192,400 and $480,000 in compensatory damages and between $192,400 and $480,000 in punitive damages to each plaintiff for TVPRA claim); *Carazani v. Zegarra*, 972 F. Supp. 2d 1, 25 (D.D.C. 2013) (awarding plaintiff $433,200 in compensatory damages and $543,041.28 in punitive damages for TVPRA claim). Therefore, the fourth *Eitel* factor weighs in favor of default judgment.

### 4. Fifth and Sixth *Eitel* Factors: Potential Disputes of Material Fact and Excusable Neglect

The fifth *Eitel* factor considers the possibility of disputes as to any material facts in the case. Where a defendant fails to appear in an action, a court can infer "the absence of the possibility of a dispute concerning material facts." *Solaria Corp. v. T.S. Energie e Risorse, S.R.I.*, 2014 WL 7205114, at *3 (N.D. Cal. Dec. 17, 2014). Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have failed to make an appearance in this case. The Court therefore takes the allegations in the complaint as true and holds that there is no dispute over material facts. *Fair Hous. of Marin*, 285 F.3d at 906 ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."). Furthermore, the evidence provided by Papes establishes that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem violated the TVPRA with respect to their actions against Papes. TAC at ¶¶ 312–353 (providing allegations regarding Defendants' conduct with respect to violations of the TVPRA).

The sixth *Eitel* factor considers whether failure to appear was the result of excusable neglect. Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem were each properly served under the Hague Service Convention and Federal Rule of Civil Procedure 4(f). *See* Section III(A)(3), *supra* (explaining why service was proper). Nonetheless, Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have not made an appearance nor challenged the entry of default in this case. Based on this record, nothing before the Court suggests that Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert

26

United States District Court
Northern District of California

United States District Court
Northern District of California

1  Vuzem; and Ivan Vuzem's failure to appear or litigate this case was the result of excusable

2  neglect.  As such, Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and

3  Ivan Vuzem have no excusable reason to fail to appear in the instant case.

4        **5.  Seventh *Eitel* Factor: Policy Favoring Decision on the Merits**

5         Although the policy favoring decision on the merits generally weighs strongly against

6  awarding default judgment, district courts regularly hold that the policy against default judgment,

7  standing alone, is not dispositive, especially where a defendant fails to appear or defend himself.

8  *See, e.g.*, *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)

9  (explaining that where defendants have failed to appear, policy of favoring decisions on the merits

10  will not block default judgment); *Hernandez v. Martinez*, 2014 WL 3962647, at \*9 (N.D. Cal.

11  Aug. 13, 2014) (same).  Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem;

12  and Ivan Vuzem were properly served and have not made an appearance nor challenged the entry

13  of default.  Thus, the likelihood of the case proceeding to a resolution on the merits is low.

14  Accordingly, the Court finds that this factor slightly weighs against default judgment.

15        **6.  Balancing of *Eitel* Factors**

16         In sum, the following six *Eitel* factors weigh in favor of default judgment as to Papes'

17  TVPRA claim: (1) the possibility of prejudice, (2) the merits of Papes' substantive claim, (3) the

18  sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a

19  dispute concerning material facts, and (6) excusable neglect.  *See Eitel*, 782 F.2d at 1471–72.  The

20  final factor, the policy favoring decisions on the merits, weighs slightly against default judgment.

21  The Court concludes that the last *Eitel* factor is outweighed by the other six factors that favor

22  default judgment.  *See, e.g.*, *Michael Grecco Prods., Inc.*, 2020 WL 7227199, at \*6 (concluding

23  that the last *Eitel* factor, which weighed slightly against default judgment, was outweighed by the

24  first six *Eitel* factors, which weighed in favor of default judgment); *DiscoverOrg*, 2020 WL

25  6562333, at \*8 (same).  Thus, the Court concludes that default judgment is appropriate as to

26  Papes' TVPRA claim against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert

27

28  Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1  Vuzem; and Ivan Vuzem.

2  **C.  Damages**

3       A plaintiff who seeks default judgment "must also prove all damages sought in the

4  complaint." *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1046 (citing *Philip Morris USA, Inc. v. Castworld*

5  *Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003)).  Federal Rule of Civil Procedure 55 does not

6  require the Court to conduct a hearing on damages, as long as it ensures that there is an evidentiary

7  basis for the damages awarded in the default judgment order.  *See Action SA v. Marc Rich & Co.*,

8  951 F.2d 504, 508 (2d Cir. 1991), *abrogated on other grounds as recognized by Day Spring*

9  *Enters., Inc. v. LMC Int'l, Inc.*, 2004 WL 2191568 (W.D.N.Y. Sept. 24, 2004).

10       In the instant case, Papes seeks the following relief: (1) compensatory damages; (2)

11  punitive damages; and (3) attorney's fees and costs.  The Court addresses each form of relief in

12  turn.

13       **1.  Compensatory Damages**

14       First, Papes seeks $1,500,000 in compensatory damages against Defendants ISM Vuzem

15  d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.  Mot. at 10.  With respect to a

16  coerced labor claim under the TVPRA, a plaintiff may recover emotional distress damages for

17  losses suffered that are the "proximate result of the offense."  *See* 18 U.S.C. § 2259(b)(3).  A

18  plaintiff may also recovery damages for "lost income" suffered as a "proximate result of the

19  offense."  *Id.* at § 2259(c)(2)(D).  "Additionally, courts determine if the award is within a

20  reasonable range by looking to similar awards for trafficking victims."  *Carazani*, 972 F. Supp. 2d

21  at 25 (internal quotation marks omitted).

22       Papes alleges that he has "suffered great physical harm and emotional stress from working

23  under conditions of coerced labor," and has "suffered hypertension from stress and anxiety."  Mot.

24  at 10.  Papes further alleges that he "cannot now go for long walks, play soccer, ride a bicycle or

25  do other things."  *Id.*  Papes attests that he worked in the United States for ISM Vuzem d.o.o for

26  611 days.  *Id.* at 11.  Papes therefore argues that he is entitled to damages for emotional distress

United States District Court
Northern District of California

27

28  Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

equivalent to $2,000 for each day of forced labor for a total of $1,222,000.  *Id.* at 12.  Papes

further argues that as a result of the harm he experienced, he is unable to work and is entitled to

$200,000 for loss of income.  Accordingly, Papes seeks a total of $1,500,000 in compensatory

damages.  *Id.*  The Court notes that $1,222,000 plus $200,000 is $1,522,000, but Papes states that

he requests a total award of $1,500,000 in compensatory damages.

In order to determine whether Papes' requested award is reasonable, the Court looks to

similar awards in other cases.  *Carazani*, 972 F. Supp. 2d at 25 (looking to other cases to gauge

reasonableness); *Alabado*, 2016 WL 5929247, at *13 (same).  In similar cases dealing with

victims of forced labor, courts generally award plaintiffs $400-$500 per day for damages resulting

from emotional distress.  *See, e.g.*, *Wang v. Gold Mantis Constr. Decoration*, LLC, 2021 WL

2065398, at *9 (D. N. Mar. I. May 24, 2021) (awarding $425 per day for forced labor); *Alabado*,

2016 WL 5929247, at *13 (awarding $400 per day for forced labor); *Lipenga v. Kambalame*, 219

F. Supp. 3d 517, 531–32 (D. Md. 2016) (awarding $400 per day for forced labor); *Lagasan v. Al-*

*Ghasel*, 92 F. Supp. 3d 445, 458 (E.D. Va. 2015) (awarding $400 per day for 18 months of forced

labor); *Carazani*, 972 F. Supp. 2d at 25 (awarding $400 per day for forced labor claim); *Doe v.*

*Howard*, 2012 WL 3834867, at *3–4 (E.D. Va. 2012) (awarding $500 per day for forced labor).

Thus, based on the awards of compensatory damages for emotional distress in other cases,

the Court finds that $500 per day is a reasonable award.  An award of $500 per day for 611 days of

forced labor results in an award of $305,500 for emotional distress.

Next, the Court finds that after reviewing Papes' declaration, an award of $200,000 for loss

of income lacks evidentiary support.  Papes attests that due to his detrimental treatment while

coerced into labor by Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and

Ivan Vuzem, Papes is currently unable to work and earn income.  Papes Decl. at ¶¶ 120, 128.

Plaintiffs argue that "Papes is not able to work until his condition substantially improves."  Mot. at

12.

However, Papes has not provided any evidence to support an award of $200,000.  For

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1    example, Papes does not attest to how much he would have expected to make each day that he has

2    been unable to work and how many days he has been unable to work.  Indeed, Papes provides no

3    explanation whatsoever for how the $200,000 request for loss of income was calculated.  A

4    plaintiff who seeks default judgment must "prove all damages sought in the complaint."  *Dr. JKL*

5    *Ltd.*, 749 F. Supp. 2d at 1046.  Papes has failed to prove that he is entitled to $200,000 in lost

6    income because Papes has failed to provide sufficient evidence to support an award of that

7    amount.

8            Accordingly, the Court finds that Papes is entitled to a total award of $305,500 in

9    compensatory damages.  This award is similar to awards found in other cases under the TVPRA.

10   See, e.g., *Alabado*, 2016 WL 5929247, at *14 (awarding up to $480,000 in compensatory damages

11   to each plaintiff for TVPRA claim); *Carazani*, 972 F. Supp. 2d at 25 (awarding plaintiff $433,200

12   in compensatory damages for TVPRA claim).

13           **2.   Punitive Damages**

14           Second, Papes requests an award of punitive damages equal to the award of compensatory

15   damages.  Mot. at 13.  The Ninth Circuit has recognized that punitive damages are available under

16   the TVPRA.  *See Ditullio v. Boehm*, 662 F.3d 1091, 1094 (9th Cir. 2011) ("We hold that the

17   TVPA permits recovery of punitive damages because it creates a cause of action that sounds in tort

18   and punitive damages are available in tort actions under the common law.").  Courts therefore

19   routinely award punitive damages at a 1:1 ratio to compensatory damages for forced labor claims

20   under the TVPRA.  *See, e.g., Wang*, 2021 WL 2065398, at *16 (awarding punitive damages at a

21   1:1 ratio with compensatory damages); *Alabado*, 2016 WL 5929247, at *14 (same); *Carazani*, 972

22   F. Supp. 2d at 26 (same).  Accordingly, the Court awards Papes $305,500 in punitive damages.

23           **3.   Attorney's Fees and Costs**

24           Third, Papes seeks attorney's fees against Defendants ISM Vuzem d.o.o.; ISM Vuzem

25   USA, Inc.; Robert Vuzem; and Ivan Vuzem.  Mot. at 2.  However, as to Papes' request for

26   attorney's fees, the instant third motion for default judgment states only that Papes seeks

27

28   Case No. 16-CV-01120-LHK
     ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
     JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

United States District Court
Northern District of California

"compensatory damages, exemplary damages, and attorney's fees against defendants." Mot. at 2. In the damages section of the instant third motion for default judgment, Papes merely states "[a]ttorney's fees should also be awarded." Mot. at 30. Papes provides no further statements or information regarding attorney's fees. Papes does not request a specific amount of attorney's fees. Furthermore, Papes does not provides declarations or affidavits containing a statement of the services rendered by each person for whom fees are requested and a brief description of their relevant qualifications as is required by Civil Local Rule 54-5(b)(2)-(3). Accordingly, the Court DENIES Papes' request for attorney's fees.

In sum, the Court finds that Papes is entitled to an award of $305,500 in compensatory damages and $305,500 in punitive damages. Papes is thus entitled to a total award of $611,000 in damages against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.

## IV.   CONCLUSION

For the foregoing reasons, the Court GRANTS Papes' third motion for default judgment on Plaintiffs' TVPRA claim against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem. Furthermore, the Court awards Papes $305,500 in compensatory damages and $305,500 in punitive damages. Thus, Papes is entitled to a total award of $611,000 in damages.

The Court DENIES Papes' request for attorney's fees for failure to request a specific amount of attorney's fees and for failure to provide any information or documentation supporting Papes' request.

The Court DENIES Papes' third motion for default judgment on Plaintiffs' TVPRA claim against Defendants Vuzem USA, Inc. and HRID-Mont, d.o.o.

Finally, the Court DENIES Lesnik's third motion for default judgment on Plaintiffs' TVPRA claim against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.

31

Case No. 16-CV-01120-LHK
ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' THIRD MOTION FOR DEFAULT
JUDGMENT AS TO TRAFFICKING VICTIMS PROTECTION REAUTHORIZATION ACT CLAIM

1

**IT IS SO ORDERED.**

2

Dated: September 19, 2021

3

_Lucy H. Koh_

4

LUCY H. KOH
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

32