UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES, <br><br> Plaintiffs, <br><br> v. <br><br> EISENMANN SE, et al., <br><br> Defendants. | Case No. 16-CV-01120-LHK <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS TO FAIR LABOR STANDARDS ACT CLAIMS** <br><br> Re: Dkt. No. 565 |

Before the Court is Plaintiff Stjepan Papes' ("Plaintiff") third motion for default judgment as to Plaintiff's Fair Labor Standards Act ("FLSA") claims against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o. ECF Nos. 565 ("Mot."). Having considered Plaintiff's briefing, the relevant law, and the record in this case, the Court DENIES without prejudice Plaintiff's third motion for default judgment as to Plaintiff's FLSA claims.

I.      **BACKGROUND**

  A. **Factual Background**

    1.  **The Parties**

1

Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principal place of business in Slovenia.  Third Amended Complaint, ECF No. 269, at ¶ 9 ("TAC").  Defendant ISM Vuzem USA, Inc. was a South Carolina corporation with its principal place of business in South Carolina.  *Id.* at ¶ 12.  Defendant Vuzem USA, Inc. was a California corporation with its principal place of business in California.  *Id.* at ¶ 13.  Defendant Robert Vuzem is a resident of Slovenia.  *Id.* at ¶ 10.  Defendant Ivan Vuzem is a resident of Slovenia.  *Id.* at ¶ 11.  Defendant HRID-MONT d.o.o. is a Slovenian corporation with its principal place of business in Slovenia.  *Id.* at ¶ 14.

Plaintiff Stjepan Papes is a resident of Croatia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at various locations between 2013 and 2015, including at the Tesla manufacturing plant in Fremont, California.  *Id.* at ¶ 2.

### 2.  Alleged Conduct of the Defendants

Plaintiff alleges that the Eisenmann Corporation ("Eisenmann"), a former Defendant in this case, formed relations with a number of manufacturing entities, such as Tesla, to perform construction work related to Eisenmann's equipment.  TAC at ¶ 70.  Plaintiff alleges that Eisenmann, to fulfill these agreements, would hire subcontractors who would then provide the laborers necessary to complete the equipment installation.  *Id.* at ¶ 84, 107–8.  Among those subcontractors was ISM Vuzem d.o.o.  *Id.*

Although all of the work described in the TAC occurred in the United States, ISM Vuzem d.o.o. did not use American workers.  Instead, the TAC alleges that ISM Vuzem d.o.o. and the other subcontractor Defendants hired workers internationally.  For example, to help install a paint shop at a Tesla facility in Fremont, California, ISM Vuzem d.o.o. hired Plaintiff.  *Id.* at ¶¶ 1–2, 60, 111, 213.  Plaintiff was allegedly brought to the United States on a B-1 visa that is generally reserved for skilled work, even though ISM Vuzem d.o.o. and other Defendants allegedly knew workers would actually be performing unskilled construction work.  *Id.* at ¶¶ 58–91, 211.  ISM Vuzem d.o.o. and other Defendants allegedly submitted letters to the United States Consulate containing false statements to obtain B-1 vias on Plaintiff's behalf.  *Id.* at ¶¶ 206, 211, 213, 216.

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS TO FAIR LABOR STANDARDS ACT CLAIMS

1

2    The TAC alleges that Plaintiff, once in the United States, was paid far below minimum

3    wage and was forced to work long hours. *Id.* at ¶ 237. Plaintiff further alleges although he

4    routinely worked more than forty hours per week, Plaintiff was not compensated for his overtime

     work. *Id.* at ¶ 239.

5    **B. Procedural Background**

6    Plaintiffs Gregor Lesnik and Stjepan Papes filed the complaint initiating this lawsuit on

7    March 7, 2016. ECF No. 1. On July 15, 2016, Plaintiffs filed the First Amended Complaint. ECF

8    No. 20. On April 25, 2017, the United States filed a notice that it would not intervene in the

9    instant case. ECF No. 25. On April 25, 2017, the Court unsealed the complaint. ECF No. 26.

10   On August 8, 2017, the Court granted Plaintiffs' motion to file a Second Amended

11   Complaint, and directed the United States to make a "prompt decision" regarding intervention.

12   ECF No. 31. On October 5, 2017, the United States filed another notice that it would not

13   intervene in the instant case. ECF No. 34. On November 11, 2017, Plaintiffs filed the Second

14   Amended Complaint. ECF No. 37.

15   On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere,

16   REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended

17   Complaint. ECF No 219. On October 1, 2018, the Court granted in part and denied in part the

18   motion to dismiss the Second Amended Complaint. ECF No. 255.

19   On October 31, 2018, Plaintiffs filed a 108-page Third Amended Complaint. ECF No.

20   269. ("TAC"). The TAC alleges 13 causes of action (some of which are duplicative). At issue in

21   the third motion for default judgment are Plaintiff Papes' FLSA claims regarding Defendants ISM

22   Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-

23   Mont, d.o.o.'s failure to pay minimum wage and overtime (Counts 2 and 3). *Id.* at ¶ 230–263.

24   On March 28, 2019, Plaintiffs filed summons returned notices for the TAC on Defendants.

25   ECF Nos. 362–372. On April 17, 2019, Plaintiffs filed motions for entry of default against seven

26   Defendants. ECF Nos. 382–388. On November 11, 2019, Plaintiffs filed motions for entry of

27

28   Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
     TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

1   default against the remaining Defendants.  ECF Nos. 425–428.  On November 7, 2019, the Clerk

2   of the Court entered default against four of the Defendants.  ECF Nos. 430–433.  On January 16,

3   2020, the Clerk of the Court entered default against the seven remaining Defendants.  ECF Nos.

4   443–449.

5          On February 19, 2020, the Court ordered Plaintiffs to file motions for default judgment by

6   February 28, 2020.  ECF No. 457.  On February 28, 2020, Plaintiffs filed a motion for default

7   judgment on their False Claims Act claim.  ECF No. 461.   On February 29, 2020, Plaintiffs filed a

8   motion for default judgment on their FLSA claims.  ECF No. 470.  On February 29, 2020,

9   Plaintiffs also filed a motion for default judgment on their Trafficking Victims Protection

10  Reauthorization Act claim and state trafficking claim.  ECF No. 468.

11         On June 26, 2020, the Court denied without prejudice Plaintiffs' motions for default

12  judgment.  ECF No. 498.  The Court explained that there were numerous deficiencies in Plaintiffs'

13  motions, including (1) that Plaintiffs' motions failed to address the Court's subject matter and

14  personal jurisdiction, and (2) that three of Plaintiffs' four default judgment motions failed to brief

15  the *Eitel* factors, which govern entries of default judgment.  *Id*.

16         On August 24, 2020, Plaintiffs filed a second round of motions for default judgment and

17  entry of final judgment.  ECF Nos. 501, 505, and 506.  Plaintiffs filed a second motion for default

18  judgment and an entry of final judgment on Plaintiffs' FLSA claims.  ECF No. 501.  Plaintiffs

19  filed a second motion for default judgment and an entry of final judgment on Plaintiffs' False

20  Claims Act claim.  ECF No. 505.  Plaintiffs filed a third motion for default judgment and an entry

21  of final judgment on Plaintiffs' Trafficking Victims Protection Reauthorization Act claim.  ECF

22  No. 506.

23         On August 25, 2020, Plaintiffs filed notices of voluntary dismissal without prejudice of

24  their California trafficking claims and California wage claims.  ECF Nos. 512, 513.

25         On February 10, 2021, the Court denied Plaintiffs' second round of motions for default

26  judgment without prejudice.  ECF No. 551.  The Court found that Plaintiffs had failed to establish

27

28  Case No. 16-CV-01120-LHK
    ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
    TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

4

1    the Court's personal jurisdiction over Defendants, which the Court must do before entering default

2    judgment. *Id.* at 11.  Furthermore, the Court found that Plaintiffs had failed to provide evidence

3    that Defendants Magna d.o.o and We-Kr d.o.o. were properly served. *Id.* at 13.

4         On April 8, 2021, Plaintiffs filed a third motion for default judgment on Plaintiffs'

5    Trafficking Victims Protection Reauthorization Act claim.  ECF No. 560 ("Mot.").  On April 9,

6    2021, Plaintiffs filed a third motion for default judgment on Plaintiffs' False Claims Act claim.

7    ECF No. 564 ("Mot.").  On April 11, 2021, Plaintiff Papes filed the third motion for default

8    judgment on Plaintiff's FLSA claims.  ECF No. 565.

9         On September 17, 2021, the Court denied Plaintiffs' third motion for default judgment as

10   to Plaintiffs' False Claim Act claim and dismissed Plaintiffs' False Claim Act claim with

11   prejudice.  ECF No. 585.

12        On September 20, 2021, the Court granted in part and denied in part Plaintiffs' third

13   motion for default judgment as to Plaintiffs' Trafficking Victims Protection Reauthorization Act

14   claim.  ECF No. 586.

15   **C. Requests for Judicial Notice**

16        The Court may take judicial notice of matters that are either "generally known within the

17   trial court's territorial jurisdiction" or "can be accurately and readily determined from sources

18   whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Moreover, courts may

19   consider materials referenced in the complaint under the incorporation by reference doctrine, even

20   if a plaintiff failed to attach those materials to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068,

21   1076 (9th Cir. 2005).  Public records, including judgments and other publicly filed documents, are

22   proper subjects of judicial notice.  *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir.

23   2007).  However, to the extent any facts in documents subject to judicial notice are subject to

24   reasonable dispute, the Court will not take judicial notice of those facts.  *See Lee v. City of Los*

25   *Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of*

26   *Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

27
                                                      5
28   Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
     TO FAIR LABOR STANDARDS ACT CLAIMS

1    In connection with Plaintiff's third motion for default judgment, Plaintiff seeks judicial

2    notice of 418 exhibits related to Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem

3    USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.'s failure to maintain adequate

4    workers compensation coverage.  *See* ECF No. 560-1, at 8.  Because the Court does not rely on

5    these exhibits or reach the issue to which they pertain, the Court DENIES without prejudice

6    Plaintiff's request for judicial notice.

7    **II.    LEGAL STANDARD**

8    Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default

9    judgment when the Clerk, under Rule 55(a), has previously entered a party's default.  Fed. R. Civ.

10   P. 55(b).  "The district court's decision whether to enter a default judgment is a discretionary one."

11   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  Once the Clerk enters default, all well-

12   pleaded allegations regarding liability are taken as true, except with respect to damages.  *See Fair*

13   *Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination

14   of liability and the default judgment itself, the general rule is that well-pled allegations in the

15   complaint regarding liability are deemed true."); *TeleVideo Sys. v. Heidenthal*, 826 F.2d 915, 917–

16   18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating

17   to the amount of damages, will be taken as true.").

18   "Factors which may be considered by courts in exercising discretion as to the entry of a

19   default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of

20   plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

21   the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was

22   due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil

23   Procedure favoring decisions on the merits."  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.

24   1986).

25   Furthermore, if a party was improperly served, the Court may not enter a default judgment

26   against that party.  *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (explaining

27

28

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

that a "person is not bound by a judgment in litigation to which he or she has not been made a party by service of process.").

## III.    DISCUSSION

### A.  Jurisdiction

The Court begins by addressing subject matter jurisdiction, personal jurisdiction, and service of process.  "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.  A judgment entered without personal jurisdiction over the parties is void." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).  In order to avoid the entry of an order of default judgment that may subsequently be attacked as void, the Court must determine whether jurisdiction over the instant case exists.  "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citing *Data Disc, Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)).  For the Court to exercise personal jurisdiction over a defendant, the defendant must also have been served in accordance with Federal Rule of Civil Procedure 4. *Mason*, 960 F.2d at 851 (explaining that an entry of default is void if there was improper service of process on a defendant).

The Court begins with subject matter jurisdiction and then proceeds to personal jurisdiction.  Finally, the Court turns to service of process.

### 1.  Subject Matter Jurisdiction

The Court previously dismissed Plaintiff's first round motion for default judgment without prejudice for failure to address subject matter jurisdiction.  ECF No. 498.  Plaintiff has now rectified that deficiency.  Plaintiff's third motion for default judgment seeks default judgment on Plaintiff's claims under the FLSA pursuant to 18 U.S.C. §§ 206 and 207.  Mot. at 18; TAC at ¶ 230–263.  As such, the Court is satisfied that it has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.  28 U.S.C. § 1331 ("The district courts shall have original

7

United States District Court
Northern District of California

1    jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

2    States.").

3    **2. Personal Jurisdiction**

4        "[A] judgment entered without personal jurisdiction over the parties is void." *In re Tuli*,

5    172 F.3d at 712.  Moreover, "[t]he party seeking to invoke the court's jurisdiction bears the burden

6    of establishing that jurisdiction exists." *Breeland*, 792 F.2d at 927 (citation omitted); *In re Boon*

7    *Glob. Ltd*., 923 F.3d 643, 650 (9th Cir. 2019) (explaining that it is the "party asserting jurisdiction

8    [that] bears the burden to establish jurisdictional facts.").  The Court previously denied Plaintiff's

9    second round motion for default judgment without prejudice because Plaintiff failed to establish

10    the Court's personal jurisdiction over Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc.,

11    Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.  ECF No. 551, at 11.  The

12    Court warned Plaintiff that if he failed to allege facts sufficient to establish the Court's personal

13    jurisdiction over Defendants, "the Court will deny Plaintiffs' motions for default judgment with

14    prejudice." *Id.* at 12.

15        Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's

16    long-arm statute permits the assertion of jurisdiction without violating federal due process.

17    *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004).  California's

18    long-arm statute, Cal. Civ. Proc. Code § 410.10, is co-extensive with federal due process

19    requirements, and therefore the jurisdictional analyses under California law and federal due

20    process merge into one.  *See* Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise

21    jurisdiction on any basis not inconsistent with the Constitution of this state or of the United

22    States."); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011)

23    ("California's long-arm statute . . . is coextensive with federal due process requirements, so the

24    jurisdictional analyses under state law and federal due process are the same.").

25        For a court to exercise personal jurisdiction over a defendant consistent with due process,

26    that defendant must have "certain minimum contacts" with the relevant forum state "such that the

27

28    Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
     TO FAIR LABOR STANDARDS ACT CLAIMS

*United States District Court*
*Northern District of California*

8

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  In addition, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'"  *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A court may exercise either general or specific personal jurisdiction over a defendant.  *See Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995).  In the instant case, Plaintiff argues that the Court may exercise general personal jurisdiction over Vuzem USA, Inc. and specific personal jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert Vuzem, and Ivan Vuzem.  Mot. at 14–15.  The Court addresses each argument in turn.

### a.   General Personal Jurisdiction

Plaintiff first argues that the Court may exercise general personal jurisdiction over Defendant Vuzem USA, Inc. because it "was a California corporation, registered on September 2, 2014, and dissolved on September 19, 2016."  *Id.* at 21.  A corporation is considered domiciled in the states where the corporation is incorporated and has its principal place of business.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011) (explaining domicile).  Under federal due process, a defendant domiciled within a state is subject to the state's general jurisdiction.  *Milliken v. Meyer*, 311 U.S. 457, 462 (1940); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.").

Furthermore, California Corporations Code § 2010 provides that "[a] corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it . . ."  Cal Corp. Code § 2010(a); *see also Soares v. Lorono*, 2015 WL 3826795, at *3 (N.D. Cal. June 19, 2015) (explaining that a California corporation may be sued after it has dissolved for activities that took place pre-dissolution).  Furthermore, § 2010

9

1    provides that "[n]o action or proceeding to which a corporation is a party abates by the dissolution

2    of the corporation or by reason of proceedings for winding up and dissolution thereof." *Id.* §

3    2010(b).

4         Accordingly, the Court finds that it may exercise general personal jurisdiction over Vuzem

5    USA, Inc. because it was a California corporation and dissolved only after the violations of the

6    FLSA that Plaintiff alleges in their TAC.

7              **b.  Specific Personal Jurisdiction**

8         Plaintiff argues that the Court may exercise specific personal jurisdiction over ISM Vuzem

9    d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert Vuzem, and Ivan Vuzem.  Mot. at 15–

10   16.  Under Ninth Circuit law, the Court may exercise specific personal jurisdiction over a

11   nonresident defendant when (1) the nonresident defendant "purposefully direct[s] his activities or

12   consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by

13   which he purposefully avails himself of the privilege of conducting activities in the forum"; (2) the

14   claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of

15   jurisdiction is reasonable.  *Schwarzenegger*, 374 F.3d at 802.  If the plaintiff succeeds in satisfying

16   the first two prongs, the burden then shifts to the nonresident defendant to "present a compelling

17   case" that the exercise of jurisdiction would not be reasonable.  *Id.*

18        Below, the Court first finds that it may properly exercise specific personal jurisdiction over

19   ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  Second, the Court

20   finds that Plaintiff has failed to establish the Court's specific personal jurisdiction over HRID-

21   Mont d.o.o.

22        First, Plaintiff alleges that Defendants ISM Vuzem d.o.o. and ISM Vuzem USA each

23   entered into contracts for the construction of facilities at the Tesla manufacturing plant in Fremont,

24   California.  Mot. at 16.  ISM Vuzem d.o.o. directly employed Plaintiff to work on at the Tesla

25   construction project in California.  *Id.*  Robert Vuzem and Ivan Vuzem allegedly own and control

26   the operations of ISM Vuzem d.o.o. and ISM Vuzem USA, Inc.  TAC at ¶ 16.  Plaintiff alleges

27

28   Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
     TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

1   that Robert Vuzem came to Fremont, CA to oversee the work done in the district.  Mot. at 17.

2   Ivan Vuzem allegedly paid workers directly into Slovenian bank accounts for work done in

3   California for Eisenmann Corporation and at other manufacturing sites in the United States.  *Id.* at

4   ¶ 117.  Robert Vuzem and Ivan Vuzem also allegedly prepared representations as to the nature of

5   work that Plaintiff would perform in California so that Plaintiff could procure a B-1 workers' visa.

6   TAC at ¶ 110.  Plaintiff's FLSA claims arise in part out of the work that Plaintiff did in Fremont,

7   CA and at other jobs sites in the United States for ISM Vuzem d.o.o.  Mot. at 17.

8        Considering these allegations, the Court is satisfied that allegations regarding ISM Vuzem

9   d.o.o., ISM Vuzem USA, Robert Vuzem, and Ivan Vuzem establish that (1) each of these

10  Defendants "purposefully direct[ed] his activities or consummate[ed] some transaction with the

11  forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of

12  the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the

13  defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable."

14  *Schwarzenegger*, 374 F.3d at 802.  Accordingly, the Court is satisfied that based on Plaintiff's

15  allegations, the Court may properly exercise specific personal jurisdiction under Ninth Circuit law

16  over Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Robert Vuzem, and Ivan Vuzem.  *Id.*

17       However, Plaintiff fails to provide sufficient allegations to support the Court's exercise of

18  specific personal jurisdiction over Defendant HRID-Mont d.o.o.  Plaintiff fails to allege that any

19  actions taken by HRID-Mont d.o.o. occurred in California or were otherwise directed at

20  California.  Rather, Plaintiff's allegations regarding HIRD-Mont d.o.o. concern events that

21  occurred elsewhere in the United States or in Slovenia.  Accordingly, the Court finds that Plaintiff

22  has failed to sufficiently allege that HRID-Mont d.o.o. conducted activities in California or

23  purposefully directed it activities toward California.

24       As such, the Court may not exercise specific personal jurisdiction over HRID-Mont d.o.o.

25  with respect to Plaintiff's FLSA claims, and the Court therefore DENIES Plaintiff's motion for

26  default judgment on Plaintiff's FLSA claims against HRID-Mont d.o.o.  *See In re Tuli*, 172 F.3d at

27

28  Case No. 16-CV-01120-LHK
    ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
    TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court<br>Northern District of California

11

1  712 ("A judgment entered without personal jurisdiction over the parties is void."); *see also*

2  *Facebook, Inc. v. Pedersen*, 868 F. Supp. 2d 953 (N.D. Cal. 2012) (denying motion for default

3  judgment for lack of specific personal jurisdiction over defendant).

4      **3.  Service of Process**

5      For the Court to properly exercise personal jurisdiction over a defendant, the defendant

6  must have been served in accordance with the Federal Rules of Civil Procedure.  *See Jackson v.*

7  *Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with

8  Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote

9  omitted)).

10      Federal Rule of Civil Procedure 4(h) governs the rules of service when a corporation is

11  served outside of the United States.  It states that if a foreign corporation is served "at a place not

12  within any judicial district of the United States," it must be served "in any manner prescribed by

13  Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)," unless a waiver of

14  service has been filed.  Fed. R. Civ. P. 4(h)(2).

15      Under Rule 4(f), a party may serve a corporation abroad using one of three methods:

16          (1) by any internationally agreed means of service that is reasonably

17          calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

18  

19          (2) if there is no internationally agreed means, or if an international

20          agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk

21          addresses and sends to the individual and that requires a signed receipt; or

22          (3) by other means not prohibited by international agreement, as the

23          court orders.

24  Fed. R. Civ. P. 4(f)(1)-(3).  Rule 4(f)(1) implements the Convention on the Service Abroad of

25  Judicial and Extrajudicial Documents in Civil and Commercial Matters.  20 U.S.T. 361, T.I.A.S.

26  No. 6638 ("Hague Service Convention").  The Hague Service Convention "specifies certain

27  approved methods of service and preempts inconsistent methods of service wherever it applies."

                           12

28  Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

1   *Water Splash, Inc. v. Menon*, 137 S. Ct. 1504, 1507 (2017) (internal citations omitted).  The

2   Hague Service Convention "shall apply in all cases, in civil or commercial matters, where there is

3   occasion to transmit a judicial or extrajudicial document for service abroad," if the country of

4   destination is a signatory member to the Hague Service Convention.  *Volkswagenwerk*

5   *Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988). The United States and Slovenia are both

6   signatories to the Hague Service Convention, and therefore the Hague Service Convention governs

7   service on Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert

8   Vuzem, and Ivan Vuzem because "compliance with the [Hague Service Convention] is mandatory

9   in all cases to which it applies."  *Id.* at 705.

10          The principle means of service under the Hague Service Convention is through a signatory

11   country's "Central Authority," which the Convention requires each country to establish for the

12   purpose of effectuating service in its country.  *See* Hague Service Convention, art. 2, 20 U.S.T. at

13   362; *see also Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (explaining Central Authority

14   mechanism in the Hague Service Convention).  However, submitting a document to the Central

15   Authority is not the only method of service available under the Hague Service Convention.  *See*

16   *Water Splash*, 137 S. Ct. at 1508 (explaining various methods of service).  Article 10 of the Hague

17   Service Convention states that "[p]rovided the State of destination does not object, the present

18   Convention shall not interfere with:

19          (a) the freedom to send judicial documents, by postal channels,
20          directly to persons abroad,

21          (b) the freedom of judicial officers, officials or other competent
            persons of the State of origin to effect service of judicial documents
22          directly through the judicial officers, officials or other competent
            persons of the State of destination,

23          (c) the freedom of any person interested in a judicial proceeding to
            effect service of judicial documents directly through the judicial
24          officers, officials or other competent persons of the State of
            destination.

25

26   Hague Service Convention, 20 U.S.T. at 363; *Water Splash*, 137 S. Ct. at 1508 (explaining that the

27   Hague Service Convention allows for other forms of service where a country does not object).

                                                                    13

28   Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
     TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

United States District Court
Northern District of California

1    The Court previously found no deficiencies in Plaintiff's service of process on Defendants

2    ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.

3    ECF No. 551, at 12 (identifying deficiencies only with service on Defendants Magna d.o.o. and

4    We-Kr d.o.o.).  The Court is therefore satisfied that Defendants ISM Vuzem d.o.o.; ISM Vuzem

5    USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have been properly served.

6    Therefore, the Court properly exercises personal jurisdiction over ISM Vuzem d.o.o.; ISM Vuzem

7    USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.

8    **B.  Whether Default Judgment is Proper**

9    Having determined that the Court's exercise of subject matter jurisdiction and personal

10   jurisdiction over the Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.;

11   Robert Vuzem; and Ivan Vuzem is proper, the Court now turns to the *Eitel* factors to determine

12   whether entry of default judgment against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.;

13   Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem is warranted.

14   **1.  First *Eitel* Factor: Possibility of Prejudice**

15   Under the first *Eitel* factor, the Court considers the possibility of prejudice to Plaintiff if

16   default judgment is not entered against the Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.;

17   Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.  "A plaintiff who is denied a default

18   judgment and is subsequently left without any other recourse for recovery has a basis for

19   establishing prejudice."  *Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc*, 2020 WL

20   7227199, at *6 (N.D. Cal. Dec. 8, 2020) (quoting *DiscoverOrg Data, LLC v. Bitnine Global, Inc.*,

21   2020 WL 6562333, at *5 (N.D. Cal. Nov. 9, 2020)).  Here, Plaintiff has established that Plaintiff

22   will be prejudiced because Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA,

23   Inc.; Robert Vuzem; and Ivan Vuzem have not participated in this litigation and Plaintiff would be

24   without recourse to recover for the damages caused by Defendants ISM Vuzem d.o.o.; ISM

25   Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem if default judgment is not

26   granted.  Therefore, the first *Eitel* factor weighs in favor of granting default judgment.

27

28   14

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
TO FAIR LABOR STANDARDS ACT CLAIMS

1

**2. Second and Third *Eitel* Factors: Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

2      The second and third *Eitel* factors address the merits and sufficiency of Plaintiff's claims

3   as pleaded in the TAC.  Courts often analyze these two factors together.  *See Dr. JKL Ltd. v. HPC*

4   *IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an *Eitel* analysis, the merits

5   of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed

6   together.").  In its analysis of the second and third *Eitel* factors, the Court will accept as true all

7   well-pled allegations regarding liability in the TAC.  *See Fair Hous. of Marin*, 285 F.3d at 906

8   ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed

9   true.").  The Court will therefore consider the merits of Plaintiff's claims and the sufficiency of the

10  TAC together.  The Court first discusses whether Plaintiff has stated a minimum wage claim under

11  the FLSA, 29 U.S.C. § 206.  Second, the Court discusses whether Plaintiff has stated a claim for

12  unpaid overtime compensation under the FLSA, 29 U.S.C. § 207.  Because the Court identifies

13  inconsistencies and deficiencies with both of Plaintiff's FLSA claims, the Court does not proceed

14  to the remaining *Eitel* factors.

15      **a. Whether Plaintiff has Stated a Minimum Wage Claim under the FLSA**

16      First, Plaintiff brings a minimum wage claim under the FLSA, 29 U.S.C. § 206, against

17  Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and

18  Ivan Vuzem.  Mot. at 19.  Section 206 of the FLSA sets "a national minimum wage." *Landers v.*

19  *Quality Communications, Inc.*, 771 F.3d 638, 640 (9th Cir. 2014).  Accordingly, FLSA requires

20  that "[e]very employer shall pay to each of his employees who in any workweek is engaged in

21  commerce . . . not less than . . . $7.25 an hour."  29 U.S.C. § 206(a)(1)(C).  Plaintiff argues that he

22  was not paid minimum wage and instead "received for wages a single payment, one time per

23  month, into his bank account."  Mot. at 5.  Plaintiff argues that these payments of wages were

24  insufficient under FLSA and Plaintiff did not receive the federal minimum wage.  However,

25  Plaintiff's third motion for default judgment contains multiple calculations that are either mistaken

26  or inconsistent with Plaintiff's allegations.

27

28  Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

First, although Plaintiff states that the FLSA minimum wage is $7.50, *see* Mot. at 31, the FLSA sets the federal minimum wage at $7.25.  *See id.* at § 206(1)(c) ("except as otherwise provided in this section, [wage will be set at] not less than . . . $7.25 an hour").  Accordingly, each of Plaintiff's calculations regarding the amount of wages that Plaintiff is allegedly owed is incorrect under the FLSA and must be recalculated using the correct federal minimum hourly wage as set by FLSA.

Second, Plaintiff's allegations regarding what Plaintiff was paid are unclear and sometimes contradictory.  For example, Plaintiff states that he was paid "a single payment, one time per month," and that the payment was "783.66 Euros per month in 2013."  Mot. at 5.  Plaintiff further alleges that he was employed during the months of June, July, August, September, November, and December in 2013.  *Id.* at 31.  However, when Plaintiff estimates what he was paid in 2013, he states that he received five payments for 783.66 Euros in 2013.  *Id.* at 25.  Plaintiff therefore appears to allege that he worked during six months in 2013, but received only five monthly payments.  This is inconsistent with Plaintiff's allegation that he was paid once each month.  Plaintiff does not explain this inconsistency or otherwise clarify during which months Plaintiff received a monthly stipend in 2013.

Accordingly, Plaintiff must clarify whether he was paid a full stipend for a month even if Plaintiff worked less than a month.  For example, Plaintiff states that he worked June 24, 2013 through June 30, 2013, but Plaintiff does not clarify whether he was paid 783.66 Euros for the month of June 2013, even though he worked only one week.  *Id.* at 31.  Without clarity on this point, the Court cannot determine what Plaintiff was paid for the various periods that Plaintiff alleges he was employed by Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.

As such, Plaintiff's third motion for default judgment as to Plaintiff's minimum wage claim under FLSA lacks the necessary information to demonstrate that Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem failed to pay

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS TO FAIR LABOR STANDARDS ACT CLAIMS

United States District Court
Northern District of California

1    Plaintiff a minimum wage.  First, Plaintiff must properly calculate the FLSA minimum wage using

2    the correct $7.25 statutory wage.  Second, Plaintiff must resolve the ambiguities as to how much

3    Plaintiff was paid and during which periods Plaintiff was paid when Plaintiff was allegedly

4    employed by Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert

5    Vuzem, and Ivan Vuzem.

6        The Court now turns to whether Plaintiff has stated a claim for failure to pay overtime

7    compensation under the FLSA.

8                **b.  Whether Plaintiff has Stated an Overtime Claim under the FLSA**

9        Second, Plaintiff argues that he has stated a claim for failure to pay overtime compensation

10   under the FLSA, 29 U.S.C. § 207 against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc.,

11   Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  Section 207 of the FLSA requires employers

12   to pay "overtime pay of one and a half an employee's hourly wage for every hour worked over 40

13   hours in a week." *Landers*, 771 F.3d at 640.  Plaintiff alleges that Defendants ISM Vuzem d.o.o.,

14   ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem failed to pay Plaintiff

15   overtime wages for the hours that Plaintiff worked over 40 hours per week during Plaintiff's

16   employment.  Mot. at 26.  However, Plaintiff's third motion for default judgment fails to

17   adequately demonstrate the merit of Plaintiff's claim as currently pled.

18       Specifically, Plaintiff's calculation of the hours that Plaintiff worked in a given week

19   appears to include time that Plaintiff spent in transit between the housing provided for Plaintiff

20   and Plaintiff's job site.  Mot. at 20.  Plaintiff argues that "[t]he hours for which an employee is

21   hired to do nothing or merely wait are subject to the control of the employer and under the FLSA

22   constitute hours worked." *Id.*  Accordingly, Plaintiff appears to count the hours that Plaintiff spent

23   in transit as part of Plaintiff's total employment hours.  However, the only legal support that

24   Plaintiff provides for this argument are three United States Supreme Court cases from 1944. *Id.*

25   (citing *Armour & Co. v. Wantock*, 323 U.S. 126, 134 (1944); *Skidmore v. Swift*, 323 U.S. 126, 134

26   (1944); *Skidmore v. Swift*, 323 U.S. 134, 136 (1944)).  Plaintiff's legal citations fail to account for

27

28   Case No. 16-CV-01120-LHK
     ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS
     TO FAIR LABOR STANDARDS ACT CLAIMS

1  subsequent statutory developments in FLSA and case law.

2  "In 1947, Congress somewhat narrowed the Supreme Court's expansive application of the

3  FLSA by passing the Portal–to–Portal Act.  In the legislature's view, the Supreme Court's

4  decisions had 'interpreted [FLSA] in disregard of long-established customs, practices, and

5  contracts between employers and employees, thereby creating wholly unexpected liabilities,

6  immense in amount and retroactive in operation.'"  *Martin v. City of Richmond*, 504 F. Supp. 2d

7  766, 771 (N.D. Cal. 2007) (quoting Portal–to–Portal Act of 1947, Pub. L. No. 80–49, sec. 1, 61

8  Stat. 84, 84).  Accordingly, "under the FLSA, as amended by Congress in 1947, employees are

9  entitled to compensation only for the performance of the 'principal activity or activities' required

10  by their jobs, and not for tasks that are 'preliminary' or 'postliminary' to them." *Id.* at 772.  Thus,

11  following the United States Supreme Court's decision in *Steiner v. Mitchell*, 350 U.S. 247 (1956),

12  "lower courts have approached similar FLSA cases by trying to determine whether the

13  uncompensated activities in question are 'integral and indispensable' to the employees' 'principal

14  activities'" on the job. *Id.* (citing *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902–04 (9th Cir. 2003)).

15  Plaintiff must therefore provide allegations that demonstrate that any uncompensated time

16  involved activities that were "integral and indispensable" to Plaintiff's "principal activities" as an

17  employee. *Id.*  Plaintiff's third motion for default judgment is devoid of any such allegations.

18  Accordingly, the Court cannot determine the relevant number of hours that Plaintiff allegedly

19  worked for the purposes of calculating the potential liability of Defendants ISM Vuzem d.o.o.,

20  ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem for uncompensated

21  overtime under FLSA.  Plaintiff must provide sufficient allegations to support his claim that he

22  should be compensated for time spent traveling to and from work.  If Plaintiff is unable to provide

23  allegations that meet the applicable legal standard for demonstrating that these hours spent

24  traveling should be compensated, then Plaintiff must provide the Court with a calculation of the

25  number of hours that Plaintiff worked excluding those hours that Plaintiff spent traveling to and

26  from work.  Absent clarification as to the accurate number of hours worked by Plaintiff during this

27

28

United States District Court
Northern District of California

18

employment, the Court is unable to determine the potential FLSA liability of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem for failure to pay overtime compensation.

In sum, the Court DENIES without prejudice Plaintiff's third motion for default judgment as to Plaintiff's FLSA claims.  If Plaintiff chooses to file an amended motion for default judgment, Plaintiff must rectify the deficiencies identified therein and clearly explain all requested damages in table form with an identification of the source of each number and the method of calculation.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Plaintiff's third motion for default judgment as to Plaintiff's FLSA claims against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  Plaintiff's fourth motion for default judgment must be filed within 30 days of this order and must cure the deficiencies identified herein, or the Court will deny Plaintiff's fourth motion for default judgment with prejudice.

Furthermore, the Court DENIES Plaintiff's third motion for default judgment as to Plaintiff's FLSA claims against Defendant HRID-Mont, d.o.o.

**IT IS SO ORDERED.**

Dated: September 20, 2021

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No. 16-CV-01120-LHK
ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION FOR DEFAULT JUDGMENT AS TO FAIR LABOR STANDARDS ACT CLAIMS