WILLIAM C. DRESSER, SBN 104375
LAW OFFICES OF WILLIAM C. DRESSER
14125 Capri Drive, Suite 4
Los Gatos, California 95032
Telephone: (408) 279-7529
Facsimile: (408) 298-3306
Email: loofwcd@aol.com

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES, <br><br> Plaintiffs, <br><br> vs. <br><br> EISENMANN SE, et al. <br><br> Defendants. | Case No.: 5:16-cv-01120-BLF <br><br> PLAINTIFF STJEPAN PAPES' AMENDED RENEWED MOTION AS AN INDIVIDUAL FOR DEFAULT JUDGMENT ON CAUSES OF ACTION 2 AND 3 FLSA WAGES <br><br> Date:      February 2, 2023 <br> Time:      9:00 a.m. <br> Ctrm:      3, 5th Floor <br> Judge:     Hon. Beth Labson Freeman |

# CONTENTS

NOTICE OF MOTION AND MOTION.................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES.......................................................2

I.      SUMMARY OF INDIVIDUAL FLSA WAGES CLAIMS .........................................2

II.     PROCEDURAL STATUS ...........................................................................................2

III.    APPLICABLE FACTS .................................................................................................4

        A.      PARTIES ..........................................................................................................4

        B.      ACTIONABLE CONDUCT ............................................................................4

IV.     LEGAL STANDARD ..................................................................................................8

        A.      DEFAULT JUDGMENT IS APPROPRIATE IN THIS CASE...............................11

                1.      FIRST EITEL FACTOR: POSSIBILITY OF PREJUDICE....................11

                2. SECOND AND THIRD EITEL FACTORS: MERITS OF
                   PLAINTIFFS' SUBSTANTIVE CLAIMS AND THE
                   SUFFICIENCY OF THE COMPLAINT ....................................11

                3. FOURTH EITEL FACTOR: THE AMOUNT OF MONEY AT STAKE.........13

                4. FIFTH AND SIXTH EITEL FACTORS: POTENTIAL DISPUTES OF
                   MATERIAL FACT AND EXCUSABLE NEGLECT ...............................14

                5. SEVENTH EITEL FACTOR: POLICY FAVORING DECISION ON
                   THE MERITS.......................................................................15

                6. BALANCING OF EITEL FACTORS .................................................15

        B.      DAMAGES ......................................................................................................16

                1.      WAGES ...........................................................................................16

                2.      INTEREST ......................................................................................18

                3.      COSTS AND FEES.........................................................................20

V.      CONCLUSION ............................................................................................................20

i

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Pltf Papes' Amd Renewed Motion for Default Judgment on FLSA Wages Causes of Action

**CASES**

Action SA v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991) .......................................... 16

Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) ............................................................ 8

AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir.1996) ..................... 9

Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013) ..................................................... 19

Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) ......... 15

DiscoverOrg, 2020 WL 6562333, at *8 ...................................................................................... 16

Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ........ 11, 16

Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986) .............................................. 8, 13, 15

Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) .............................. 8, 12, 14

Federal Rule of Civil Procedure 55 ...................................................................................... 8, 16

Goodrich v. Briones, 626 F.3d 1032, 1038 (9th Cir. 2010) ...................................................... 13

Hernandez v. Martinez, 2014 WL 3962647, at *9 (N.D. Cal. Aug. 13, 2014) ..................... 15

Hiehle v. Torrance Millworks, Inc. 126 Cal.App.2d 624, 630 (1954) ................................ 9, 13

Lambert v. Ackerley, 180 F. 3d 997, 1011-12 (9th Cir. 1999) (en banc) ............................. 12

Liu Hongwei v. Velocity V Ltd., 2018 WL 3414053, at *8 (C.D. Cal. July 11, 2018) .......... 13

Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc, 2020 WL 7227199, at *6 (N.D.
   Cal. Dec. 8, 2020) .................................................................................................................... 11

Michael Grecco Prods., Inc., 2020 WL 7227199, at *6 ............................................................ 15

Minnesota Min. & Mfg. Co. v. Superior Court 206 Cal.App.3d 1025, 1028 (1988) ......... 9, 13

PepsiCo Inc. v. Cal Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002) ................... 13

Purcell v. United States, 1 F.3d 932, 942-43 (9th Cir. 1993 ..................................................... 19

S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1099 (9th Cir. 2010) .................... 19

Solaria Corp. v. T.S. Energie e Risorse, S.R.I., 2014 WL 7205114, at *3 (N.D. Cal. Dec.
   17, 2014) .................................................................................................................................. 14

Trung Giang Corp. v. Twinstar Tea Corp., 2007 WL 1545173, at *12 (N.D. Cal. May 29,
   2007) ......................................................................................................................................... 13

ii

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Pltf Papes' Amd Renewed Motion for Default Judgment on FLSA Wages Causes of Action

United States v. Gordon, 393 F.3d 1044, 1063 n.12 (9th Cir. 2004).................................... 19

United States v. Roof Guard Roofing Co., 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017).......................................................................................................................... 13

**STATUTES**

Portal to Portal Act.......................................................................................................... 16

Title 29 United States Code Section 203 ............................................................................ 12

Title 29 United States Code Section 206 .............................................................................. 2

Title 29 United States Code Section 207 .............................................................................. 2

Title 29 United States Code Section 216 .............................................................................. 2

Title 29 United States Code Section 260 .............................................................................. 2

**OTHER AUTHORITIES**

29 CFR 785.38 ................................................................................................................. 17

The Hague Service Convention........................................................................................... 14

**RULES**

Federal Rule of Civil Procedure 4 ...................................................................................... 14

Federal Rules of Civil Procedure Rule 54...................................................................... 1, 20

Federal Rules of Civil Procedure Rule 55........................................................................ 1, 8

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Stjepan Papes will and hereby does move this Court under Federal Rules of Civil Procedure Rule 55(b)(2) and the Court's inherent authority for an Order for entry of Judgment in favor of Stjepan Papes individually on the Second and Third Causes of Action of the Third Amended Complaint - Plaintiff's Fair Labor Standards Act ("FLSA") claims - against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.

Plaintiff Papes further requests that this Court direct entry of a final judgment under Federal Rules of Civil Procedure Rule 54(b).

Plaintiff makes this motion on the grounds that Defendants failed to appear in this case and the Clerk entered default against Defendants; the Court has personal jurisdiction and subject matter jurisdiction over these defendants; Plaintiff is entitled to judgment against Defendants on the second and third causes of action of the Third Amended Complaint; and proper exercise of this Court's discretion is to issue a default judgment.

Plaintiff Papes' motion is based on this notice of motion, the following memorandum of points and authorities, the accompanying Supplemental Declaration of Stjepan Papes, the concurrently filed motion for fees, the previously filed requests for judicial notice (see ECF # 504), and any matter that this Court may take judicial notice of, all documents in the Court's file including declarations and requests for judicial notice including exhibits attached thereto, findings in prior Orders relevant to issues of fact and law herein, and on such written or oral argument that Plaintiff may present to the Court.

Dated: October 3, 2022

___/s/_____
William C. Dresser
Attorneys for Plaintiffs and Relators
Gregor Lesnik and Stjepan Papes

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    SUMMARY OF INDIVIDUAL FLSA WAGES CLAIMS

Plaintiff Stjepan Papes individually seeks recovery of damages based on defendants' failure to pay minimum wages of $7.25 per hour (29 U.S.C. § 206) and failure to pay overtime wages at one and one-half times the regular rate of pay ($10.875) (29 U.S.C. § 207).  Plaintiff Papes also seeks recovery of liquidated damages and attorney's fees. (29 U.S.C. §§ 216, 260).

### II.    PROCEDURAL STATUS

Plaintiff Gregor Lesnik filed the complaint initiating this lawsuit on March 7, 2016. ECF No. 1. It stated a single claim under the False Claims Act.  On July 15, 2016, Plaintiff Lesnik filed the First Amended Complaint. ECF No. 20. On April 25, 2017, the United States filed a notice that it would not intervene in the instant case. ECF No. 25.

On August 8, 2017, the Court granted Plaintiffs Gregor Lesnik and Stjepan Papes' motion to file a Second Amended Complaint which included wages claims and other claims.  The Court directed the United States make a "prompt decision" regarding intervention on the FCA claim. ECF No. 31. On October 5, 2017, the United States filed another notice that it would not intervene in the instant case. ECF No. 34. On November 11, 2017, Plaintiffs filed the Second Amended Complaint. ECF No. 37.

On July 12, 2018, various appearing Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere, REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended Complaint. ECF No 219. On October 1, 2018, the Court granted in part and denied in part the motion to dismiss the Second Amended Complaint. ECF No. 255.

A Third Amended Complaint including causes of action Two and Three for damages for failure to pay wages under the FLSA was filed on October 31, 2018 by

Plaintiffs Lesnik and Papes.  ECF No. 269 (hereinafter "TAC").  This motion seeks default judgment under Counts 2 and 3 against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.'s.

Claims for wages had been tolled during the time of the pendency of the case of Lesnik v Vuzem, Alameda Superior Court action HG15773484.  ECF No. 102-1, Ex, D 466-2 at pg 62 (Joint Request for Dismissal, at para 8).  The claims were further tolled when Defendants Vuzem acknowledged this obligation in August and September of 2016. (TAC, para 117.y.; ECF No. 563, 4/8/2021 filed Papes Decl (hereinafter "Papes Decl"), para 15; and Ex. 127 (Robert Vuzem e-mails to supervisors).)

On March 28, 2019, Plaintiffs filed notices of summons returned on Defendants. ECF Nos. 362–372.  On April 17, 2019, Plaintiffs filed motions for entry of default against seven Defendants. ECF Nos. 382–388. On November 11, 2019, Plaintiffs filed motions for entry of default against the remaining Defendants. ECF Nos. 425–428. On November 7, 2019, the Clerk of the Court entered default against four of the Defendants. ECF Nos. 430–433. On January 16, 2020, the Clerk of the Court entered default against the seven remaining Defendants. ECF Nos. 443–449.

Motions and amended motions for default judgment on FLSA claims were filed by Plaintiffs on February 29, 2020, ECF No. 470, on August 24, 2020, ECF No. 501, on April 11, 2021, ECF 565, and on October 19, 2021.  ECF 594.  The first three motions were denied without prejudice, with directions to clarify service, personal jurisdiction, subject matter jurisdiction and Eitel factors.  The Court on January 19, 2022 struck Plaintiff Papes' Amended Renewed Motion for default judgment on FLSA wages, including directions upon refiling the motion.  ECF 603.

Plaintiff now files his Amended Renewed motion for judgment on the FLSA claims.

1

2                                      III.     **APPLICABLE FACTS**

3        **A.  Parties**

4        Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principal place

5   of business in Slovenia. Third Amended Complaint, ECF No. 269, at ¶ 9 ("TAC").

6   Defendant ISM Vuzem USA, Inc. was a South Carolina corporation with its principal place

7   of business in South Carolina. Id. at ¶ 12. Defendant Vuzem USA, Inc. was a California

8   corporation with its principal place of business in California. Id. at ¶ 13. Defendant Robert

9   Vuzem is a resident of Slovenia. Id. at ¶ 10. Defendant Ivan Vuzem is a resident of

10  Slovenia. Id. at ¶ 11. Defendant HRID-MONT d.o.o. is a Slovenian corporation with its

11  principal place of business in Slovenia. Id. at ¶ 14.

12

13       Plaintiff Stjepan Papes is a resident of Croatia who was hired by ISM Vuzem d.o.o.

14  and brought to the United States to work at various locations between 2013 and 2015,

15  including at the Tesla manufacturing plant in Fremont, California. Id. at ¶ 2.

16       **B.  Actionable conduct**

17       Eisenmann Corporation ("Eisenmann"), a former Defendant in this case, contracted

18  with manufacturing entities, such as Tesla, to perform construction work. TAC at ¶ 70.

19  Eisenmann hired subcontractors who provide the laborers necessary to complete the

20  equipment installation. Id. at ¶ 84, 107–8. Among those subcontractors was ISM Vuzem

21  d.o.o. Id.

22

23       Although all of the work described in the TAC occurred in the United States, ISM

24  Vuzem d.o.o. did not use American workers. Instead, ISM Vuzem d.o.o. hired workers

25  internationally.

26

27       Stjepan Papes, a Croatian citizen, was hired by direct employer ISM Vuzem, d.o.o.

28

---

to work at construction sites.   He worked at work sites in Europe, with compensation paid pursuant to EU standards and a written contract of employment.  EU standards and the contract provide for compensation whether actively working or waiting for job assignments.  (ECF # 563, 3/29/2021 filed Papes Decl (hereinafter "Papes Decl") Ex. 130 (employment contract), 131 (certificate of employment); ECF # 594-1 (10/19/2021 filed Supplemental Declaration of Stjepan Papes (hereinafter "Suppl Decl Papes"), para 4 to 6).

Stjepan Papes also worked at sites in the United States including in South Carolina, Alabama, Michigan, and Minnesota for time periods of less than 6 months each, typically about 3 months.   Papes provided labor services in the United States between June 24, 2013 and December 9, 2015.  Papes Decl, para 15–66; see also ECF No. 487-3, Bozinovic Decl (attaching Decl of co-workers), espec Ex. AA and BB (Papes Decl).  Mr. Papes worked in California at the Tesla construction sited as a direct employee of ISM Vuzem, d.o.o. from January 10, 2015 until March 5, 2015, Papes Decl., para 54, and from April 4, 2015 to May 20, 2015.  Id., para 57.

Each travel to the United States commenced with Mr. Papes traveling from his home in Croatia to the ISM Vuzem, d.o.o. office in Slovenia, which is a 2-hour travel. Each time he spoke to Robert Vuzem, obtained tickets, and obtained tools to bring to the United States, which took about 1 hour.  Each time he traveled for two hours in a van from Slovenia to the Zagreb airport, waited between arrival at the airport and the departure of the plane, and took a connecting flight in London, Amsterdam or Frankfurt, before arrival in the United States with connecting flights through New York, Boston, Atlanta or San Francisco, and a further local flight.  Each time there was a further van travel from the airport to assigned apartments.  Suppl Decl Papes, para 14.  Travel time by air and vans,

not including waiting time at airports, was about 15 hours to South Carolina and Alabama and about 20 hours to San Francisco.  Id., para 15.  A full day for each international travel was spent in flights, connections and vans within the United States.  Suppl Decl Papes, para 17.  Papes was not separately compensated for travel from Croatia.  Papes Decl, para 29, 159.

Papes work day commenced by pick up from assigned housing to be driven directly to the construction work site.  He and all other co-workers were required to be ready by 6:20 a.m.  His work day ended at 6:30 p.m. on return to assigned housing.  (Id., para 22, 55, 56, 59, 60).

This was the required meeting place for the start of each work day.  The vans would not leave until all of the workers were in the van.  Each employee as part of their work for Vuzem, had to wait until the supervisor took off and could not use the time for their own purposes.  They also had to assemble to be taken back in the same vans.  They did not stop, and could not stop, once they were picked up in the vans until they were dropped off.  Suppl Papes Decl., para 25 to 28.

The vans were driven by supervisors.  The non-supervisor employees did not have a license issued by a state or states in the United States to drive a motor vehicle.  Id., para 29, 30.

Supervisors in the vans gave work directions to the employees including Papes when traveling from assigned housing to the work site.  Id. Para 30, 31.  This was additional to supervisors' instructions to the workers including Papes when at the assigned housing.  Id., para 32.

Papes had to keep, maintain, account for, keep in working condition, and bring to and from the job sites on a daily basis tools owned by employer ISM Vuzem, d.o.o.  Id.,

para 14, 33, 34.  For most job sites, Papes also carried other tools in the van(s) on the first day that he arrived at a job site.  Id., para 14, 33.

These two essential function activities were engaged in by Plaintiff Papes for all site assignments other than LAX, Rehau, and Phoenix Mechanical. 8/24/2022 executed Further Suppl Decl of Stjepan Papes ECF # [613-1], para 25 to 36.

Papes and all other Vuzem workers had to use the vans because they were working away from home, away from the country that they live in.  Suppl Papes Decl, para 27.

There was no agreement for this travel; rather, this was done at the direction of the employer and its supervisors.  Id., para 35.

Plaintiff Papes also worked on Sundays.  His work day commenced by being ready before 6:30 a.m. at the employer's assigned assembly point and driven directly to the construction work site.   His Sunday work day ended on return a half hour after 1 pm or 3 p.m.  Papes Decl, para 56 and 60.

Employer defendants time sheets, which do not account for all time under the employer's control, Id., para 159, show these long hours for all employees at all sites in multiple states. See Papes Decl, Ex. 110-112, 115, 117-119; ECF 487-3 (Bozinovic Decl, and co-worker declarations).); Cf., Papes Decl, Ex. 127; Suppl Papes Decl, para 37 (Vuzems directed supervisors to not give time sheets to employees).

Plaintiff Papes received for wages a single payment, one time per month, into his bank account.  Wages paid were 783.66 Euros gross per month in 2013, 793.10 Euros gross per month in 2014, and 1,010.00 Euros gross per month in 2015.  Papes, para 117 and Ex. 120-123.

This was the same payment into his account whether he was in Slovenia awaiting

an assignment, whether he was working in another European Union country, whether he was working in the United States, or whether he was working part of a month in the United States and part of the month elsewhere.  Suppl Papes Decl, para 6 through 12.  His employment contract, European Union work rules, and the laws of Slovenia and Croatia required their companies to pay employees including Mr. Papes whether he was actively working or whether he was awaiting receipt of job assignments.  Papes Decl, Ex. 130, 131; Suppl Papes Decl, para 5 and 6.

IV.     **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment when the Clerk, under Rule 55(a), has previously entered a party's default. Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true.").

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The Court has previously found subject matter jurisdiction, personal jurisdiction,

and permissible service of process for the claims of Plaintiff Papes against ISM Vuzem

d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem, and all other than personal

jurisdiction against HRID-Mont, d.o.o. (ECF # 586 at pg 11 to 13 of 32, and ECF # 587 at

pg 7 to 14 of 19)

 HRID-Mont, d.o.o. subject to specific personal jurisdiction based on availing itself of

the United States economy in having its hired workers in the United States.  See ECF #

466-2, pg 73 to 76 of 81, (Ex. 378, Rebic Decl, worked in US in 2019 as employee of

HRID-Mont, d.o.o.); ECF # 592-1, pg 63 of 64 (same).

 HRID-Mont, d.o.o. may also be found to be subject to specific personal jurisdiction

based on alter ego liability.  The Ninth Circuit, applying California law, has held that a

corporation's veil may be pierced and the corporation may be deemed an alter ego of an

individual where: [i] an unity of interest and ownership exists between the personality of

the corporation and the individual owner; and [ii] failure to disregard their separate

identities would result in an inequitable result. (AT&T Co. v. Compagnie Bruxelles

Lambert, 94 F.3d 586, 591 (9th Cir.1996) (applying California law).)  Where the alter ego

doctrine applies, a corporation's shareholders are treated as "partners" and are held

jointly and severally liable for its debts. (Minnesota Min. & Mfg. Co. v. Superior Court 206

Cal.App.3d 1025, 1028 (1988) (ownership of even one share may be sufficient to impose

alter ego liability); Hiehle v. Torrance Millworks, Inc. 126 Cal.App.2d 624, 630 (1954).)

 ISM Vuzem, d.o.o.'s construction employees worked at the Tesla site after ISM

Vuzem USA, Inc. was dissolved - even though the purported contract between

Eisenmann and Tesla was with that dissolved South Carolina entity.  Compare RJN, Ex. I

(dissolved June 2015), with Dresser Decl, Ex. 407; ECF 487-3, Ex. X, Maslic Decl; Ex. F

(working at Tesla through April 2016), Drzaic Decl (worked at Tesla to April 2016); Ex. B,

Antalasic Decl (worked at Tesla plant through December 20, 2015); Ex. L, Hudin Decl (worked through January 2016); Ex. F, Rugani Decl (through December of 2015); Ex. JJ, Sincek Decl (through April 2016).  South Carolina and California entities formed by Robert and Ivan Vuzem existed for a very short time, then dissolved within weeks after disclosure of their workplace actions.  RJN, Ex. H, I, J, K and L.  Robert and Ivan Vuzem have both closed corporations. RJN, Ex. I and L.

It is in this setting that Robert Vuzem and Ivan Vuzem transferred assets to prevent collection on claims. Dresser Decl, Ex. 316-328, 405 (assets and income transferred from ISM Vuzem, d.o.o. to HRID-Mont, d.o.o.).  HRID-Mont d.o.o.'s financial filings show that its assets ("sredstva") increased from 7,500 Euros in 2016 - before the disclosure to the world of this scheme, to 372,607 Euros in 2017, to 450,724 Euros in 2018.  ECF No. 466 at pg 205 of 206, Ex. 328, at pg 2.  The reverse occurred for ISM Vuzem, d.o.o.  ECF No. 466 at pg 202 of 206, Ex. 327.  This shows the transfer of assets by the Robert and Ivan Vuzem owned ISM Vuzem, d.o.o. to the entity HRID-Mont, d.o.o.  ISM Vuzem, d.o.o. is now a shell entity, whose business is operated under the Helena Ogrizek owned entity HRID-Mont, d.o.o. (Compare ECF No. 466 at pg 205 of 206, Ex. 328, at pg 2, with ECF No. 466 at pg 202 of 206, Ex. 327; see also ECF No. 462 at pg 42 of 130, Papes Decl., Ex. 106; No. 466-2 at pg (Rebic Decl).)  Helena Ogrizek is the wife of Robert Vuzem.

Some of the employees for ISM Vuzem, d.o.o. who worked in the United States returned on subsequent work to the United States as employees of HRID-Mont, d.o.o.  Gogo Rebic was changed from being an employee of ISM Vuzem, d.o.o. to an employee of HRID-Mont, d.o.o. (ECF No. 466-2 at pg 75 of 81, Rebic Decl).  The first page of the Pogodbo O Zaposlitvi (employment contract) that Gogo Rebic had with ISM Vuzem, d.o.o. was to annex or change Mr. Rebic from being an employee of ISM Vuzem, d.o.o. to being

1
2
3

an employee of HRID-Mont, d.o.o.  (ECF No. 462 at pg 42 of 130, Papes Decl., Ex. 106; ECF No. 466-2 (Rebic Decl).)  Mr. Rebic then worked in the US.  ECF # 466-2, pg 73 to 76 of 81.  HRID-Mont, d.o.o. actively conducted business in the United States in 2019.  Id.

## A.  DEFAULT JUDGMENT IS APPROPRIATE IN THIS CASE

### 1.  First Eitel Factor: Possibility of Prejudice

Under the first Eitel factor, the Court considers the possibility of prejudice to Plaintiffs if default judgment is not entered against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem. "A plaintiff who is denied a default judgment and is subsequently left without any other recourse for recovery has a basis for establishing prejudice." Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc, 2020 WL 7227199, at *6 (N.D. Cal. Dec. 8, 2020) (quoting DiscoverOrg Data, LLC v. Bitnine Global, Inc., 2020 WL 6562333, at *5 (N.D. Cal. Nov. 9, 2020)). Here, Plaintiffs have established that Plaintiffs will be prejudiced because Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have not participated in this litigation and Plaintiffs would be without recourse to recover for the damages caused by Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem if default judgment is not granted. Therefore, the first Eitel factor weighs in favor of granting default judgment.

### 2. Second and Third Eitel Factors: Merits of Plaintiffs' Substantive Claims and the Sufficiency of the Complaint

The second and third Eitel factors address the merits and sufficiency of Plaintiffs' claim as pleaded in the TAC. Courts often analyze these two factors together. See Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). In its analysis of the second and third Eitel

11

factors, the Court will accept as true all well-pled allegations regarding liability in the TAC. See Fair Hous. of Marin, 285 F.3d at 906 ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true."). The Court should therefore consider the merits of Plaintiffs' claim and the sufficiency of the TAC together.

Plaintiff Papes alleges in the TAC the factual basis of the causes of action and the applicable provisions of the FLSA.  ECF # 269 (TAC), para 230-251, 252-263.   Dates of work are set forth in detail with spreadsheets in the supporting declaration of Papes.  ECF # __[623-1], Ex. A and B.  The TAC further alleges that "Defendant's conduct constitutes a willful violation of the FLSA…"   ECF # 269, para 243 at 79:5-6.  Plaintiff Papes alleges and states sufficient facts to support a cause of action for underpaid wages and underpaid overtime wages.

Ninth Circuit opinions give the FLSA's definition of "employer" an "expansive interpretation in order to effectuate the FLSA's broad remedial purposes."  (Lambert v. Ackerley, 180 F. 3d 997, 1011-12 (9th Cir. 1999) (en banc) (quoting Bonnette v. California Health & Welfare Agency, 704 F. 2d 1465, 1469 (9th Cir. 1983)). Under those opinions, where an individual exercises "control over the nature and structure of the employment relationship" or "economic control" over the relationship, that individual can be held to be an "employer" within the meaning of the FLSA and thus subject to individual liability. (Lambert, 180 F. 3d at 1012).

Robert and Ivan Vuzem signed checks, signed Certificates of Employment, controlled time records, changed the direct employers, changed special assignment employers, and controlled every aspect of the employment relationship. Robert Vuzem and Ivan Vuzem individually should be held to be an employer legally responsible for payment of wages.  (29 U.S.C. 203 (d).)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Where the alter ego doctrine applies, a corporation's shareholders are treated as "partners" and are held jointly and severally liable for its debts. (Minnesota Min. & Mfg. Co. v. Superior Court, supra, 206 Cal.App.3d at 1028 (ownership of even one share may be sufficient to impose alter ego liability); Hiehle v. Torrance Millworks, Inc.. supra, 126 Cal.App.2d at 630).

Defendants and each of them should on these bases be found to be jointly and severally liable for the full amount of the judgment entered in this case. (See Goodrich v. Briones, 626 F.3d 1032, 1038 (9th Cir. 2010).)

### 3. Fourth Eitel Factor: The Amount of Money at Stake

Under the fourth Eitel factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo Inc. v. Cal Sec. Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002); see Eitel, 782 F.2d at 1471–72.("The Court considers Plaintiff's declarations, calculations, and other documentation of damages in determining if the amount at stake is reasonable."); Trung Giang Corp. v. Twinstar Tea Corp., 2007 WL 1545173, at *12 (N.D. Cal. May 29, 2007).

Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the potential loss caused by the defendant's actions. Id. However, courts have found that this factor "presents no barrier to default judgment" as long as the potential damages were "proportional to the harm alleged." See Liu Hongwei v. Velocity V Ltd., 2018 WL 3414053, at *8 (C.D. Cal. July 11, 2018) (finding that a request of $4,000,000 was justified); United States v. Roof Guard Roofing Co., 2017 WL 6994215, at *3 (N.D. Cal. Dec. 14, 2017) (holding that a request for over $1,000,000 was reasonable because the tax debt was substantiated with proof provided by the government). Here, Papes seeks to recover an award of damages within the range of awards courts

1    have found appropriate in similar cases.

2        Therefore, the fourth Eitel factor weighs in favor of default judgment.

3        **4. Fifth and Sixth Eitel Factors: Potential Disputes of Material Fact and Excusable Neglect**

4

5        The fifth Eitel factor considers the possibility of disputes as to any material facts in

6    the case. Where a defendant fails to appear in an action, a court can infer "the absence of

7    the possibility of a dispute concerning material facts." Solaria Corp. v. T.S. Energie e

8    Risorse, S.R.I., 2014 WL 7205114, at *3 (N.D. Cal. Dec. 17, 2014). Defendants ISM

9    Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have failed to make

10   an appearance in this case. The Court therefore takes the allegations in the complaint as

11   true and holds that there is no dispute over material facts. Fair Hous. of Marin, 285 F.3d at

12   906 ("With respect to the determination of liability and the default judgment itself, the

13   general rule is that well-pled allegations in the complaint regarding liability are deemed

14   true."). Furthermore, the evidence provided by Papes establishes that Defendants ISM

15   Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem violated the TVPRA

16   with respect to their actions against Papes. TAC at ¶¶ 312–353 (providing allegations

17   regarding Defendants' conduct with respect to violations of the TVPRA).

18

19       The sixth Eitel factor considers whether failure to appear was the result of

20   excusable neglect. Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem;

21   and Ivan Vuzem were each properly served under the Hague Service Convention and

22   Federal Rule of Civil Procedure 4(f). See Section III(A)(3), supra (explaining why service

23   was proper). Nonetheless, Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert

24   Vuzem; and Ivan Vuzem have not made an appearance nor challenged the entry of

25   default in this case. Based on this record, nothing before the Court suggests that

26   Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem's

27

28

14

failure to appear or litigate this case was the result of excusable neglect. As such, Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have no excusable reason to fail to appear in the instant case.

### 5. Seventh Eitel Factor: Policy Favoring Decision on the Merits

Although the policy favoring decision on the merits generally weighs strongly against awarding default judgment, district courts regularly hold that the policy against default judgment, standing alone, is not dispositive, especially where a defendant fails to appear or defend himself. See, e.g., Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010) (explaining that where defendants have failed to appear, policy of favoring decisions on the merits will not block default judgment); Hernandez v. Martinez, 2014 WL 3962647, at *9 (N.D. Cal. Aug. 13, 2014) (same). Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem were properly served and have not made an appearance nor challenged the entry of default. Thus, the likelihood of the case proceeding to a resolution on the merits is low. Accordingly, the Court finds that this factor slightly weighs against default judgment.

### 6. Balancing of Eitel Factors

In sum, the following six Eitel factors weigh in favor of default judgment as to Papes' TVPRA claim: (1) the possibility of prejudice, (2) the merits of Papes' substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, and (6) excusable neglect. See Eitel, 782 F.2d at 1471–72. The final factor, the policy favoring decisions on the merits, weighs slightly against default judgment. The Court concludes that the last Eitel factor is outweighed by the other six factors that favor default judgment. See, e.g., Michael Grecco Prods., Inc., 2020 WL 7227199, at *6 (concluding that the last Eitel factor, which weighed

slightly against default judgment, was outweighed by the first six Eitel factors, which

weighed in favor of default judgment); DiscoverOrg, 2020 WL 6562333, at *8 (same).

Thus, the Court concludes that default judgment is appropriate as to Papes' TVPRA claim

against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan

Vuzem.

## B. DAMAGES

A plaintiff who seeks default judgment "must also prove all damages sought in the

complaint." Dr. JKL Ltd., 749 F. Supp. 2d at 1046 (citing Philip Morris USA, Inc. v.

Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Federal Rule of Civil

Procedure 55 does not require the Court to conduct a hearing on damages, as long as it

ensures that there is an evidentiary basis for the damages awarded in the default

judgment order. See Action SA v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991),

abrogated on other grounds as recognized by Day Spring Enters., Inc. v. LMC Int'l, Inc.,

2004 WL 2191568 (W.D.N.Y. Sept. 24, 2004).

### 1.  Wages

Plaintiff Papes seeks recovery of unpaid wages for compensable time.  The facts of

this case and federal labor regulations that predate the subject work support that this

includes travel time from assigned housing to specified job sites.  The Portal to Portal Act

generally limits employer liability for travel to a work site.  However, such travel is

compensable if an "integral and indispensable" element of the principal's activities."

Title 29 of the Code of Federal Regulations, section 785.38 states that when an

"employee is required to report at a meeting place to receive instructions or to

perform other work there, or to pick up and to carry tools, the travel from the

designated place to the work place is part of the day's work, and must be counted as

hours worked regardless of contract, custom, or practice."

29 CFR 785.38.

Section 785.38 was adopted effective July 1, 2010 and is applicable to this case.

Here, both of the tasks that are identified in section 785.38 were performed by Plaintiff Papes in travel to and from four of the seven job sites in the United States.  First, he was subject to directions by supervisors for work assignments for that day.  Suppl Papes Decl, para 25-32.  Second, the travel was part of keeping, maintaining, accounting for, keeping in working condition, and bringing to and from the job sites on a daily basis the employer's tools.  Id. Para 14, 33-34.  In addition to engaging during these times in these two integral and indispensable elements of work for ISM Vuzem, d.o.o., Mr. Papes was away from home and was not free to engage in other activities.  Id., para 27, 28.

Plaintiff Papes does seek recovery as compensable time under the FLSA travel time from assigned housing to work sites for BMW, Mercedes Benz, DiCastal, and Tesla. This is because he was engaged during those work assignments in the two essential and integral employer activities. 29 CFR 785.38.

Plaintiff Papes does not seek recovery as compensable time under the FLSA travel time from assigned housing to a work site for work at LaX, at Rehau, and at Phoenix Mechanical because he was not required to engage in these integral and indispensable elements during those travels.  Supp Papes Decl., para 36.

Plaintiff Papes does not seek recovery as compensable time under the FLSA for the travel time for the extensive travel to the United States, or between job sites, beyond 8 hours per day.  See generally Supp Papes Decl, para 14-21.

The supporting Supplemental Papes Declaration attaches as Exhibits A and B two spreadsheets that accurately list the dates of work by Mr. Papes in the United States for

ISM Vuzem, d.o.o. and the hours and times worked each day.  These spreadsheets also calculate the amount due for wages under the FLSA, and also state the amount actually paid by the deposit to Mr. Papes' bank account.

For Exhibit A, the hours that "must be counted" under 29 CFR 785.38 include the travel to and from jobsites for those dates when Mr. Papes was subject to supervisor instructions during this travel and was required to possess, account for, and maintain the equipment owned by ISM Vuzem, d.o.o.  This is the travel time that includes both necessary instruction and necessary tasks for the benefit of the employer, ISM Vuzem, d.o.o. These do not include or claim as hours worked the time spent traveling to and from job sites for LAX, Rehau and Phoenix Mechanical.

For Exhibit B, the spreadsheets also accurately list the dates of work in the United States for ISM Vuzem, d.o.o. and the hours and times worked each day.  However, these spreadsheets do not include travel time from assigned housing to and from job sites.

The spreadsheets also attach the support for the calculation of Euros to US dollars with calculation of the then applicable exchange rates.

The total amount under paid to Papes as wages for work in the United States is thirty-nine thousand six hundred ninety-three dollars and forty-eight cents ($39,693.48) based on travel to and from job being compensable time under section 785.38's characterization of work time.  It is thirty-three thousand four hundred seventy-five dollars and six cents ($33,475.06) if the court does not so find.

Papes is entitled to recovery of FLSA liquidated damages in an amount equal to underpaid wages of $39,693.48.

### 2.    Interest

Awards of pre-judgment interest are governed by considerations of fairness and

are awarded when it is necessary to make the wronged party whole." (Purcell v. United States, 1 F.3d 932, 942-43 (9th Cir. 1993) (citation omitted).) Prejudgment interest is intended "to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered." (Barnard v. Theobald, 721 F.3d 1069, 1078 (9th Cir. 2013).)

In a federal question case, where the federal interest rate ordinarily applies, the court may choose a different rate if "the equities of a particular case demand a different rate.'" (S.E.C. v. Platforms Wireless Int'l Corp., 617 F.3d 1072, 1099 (9th Cir. 2010); see United States v. Gordon, 393 F.3d 1044, 1063 n.12 (9th Cir. 2004) ("Under federal law the rate of prejudgment interest is the Treasury Bill rate as defined in 28 U.S.C. § 1961 unless the district court finds on substantial evidence that a different prejudgment interest rate is appropriate.").  Here, irregularities in economic policies during and after COVID-19 do not adequately serve to make Plaintiff whole.  One year constant maturities are at 4.08 % https://www.federalreserve.gov/releases/h15/  The rate of inflation is currently 8%. Plaintiff thus requests that this Court award prejudgment interest at 5%, which is one half of the prejudgment interest rate under California Civil Code section 3289 (10% per annum not compounded for contract-based claims).

Underpayment of wages was constant throughout the time of loss.  The time of loss was between June 24, 2013 (Papes Decl, para 18) and December 9, 2015. (Id, para 62). The halfway date is October 1, 2014. The duration from then to February 2, 2023, the date of the hearing on this motion, is seven years and 123 days. At 5%, not compounded, this is 37%. This rate, times the underpaid wages of $39,693.48 is as of February 2, 2023 $14,686.59.

/ / / /

19

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Pltf Papes' Amd Renewed Mtn for Default Judgment on Individual FLSA Causes of Action

### 3.  Costs and Fees

Plaintiff Papes files concurrently with this motion for judgment on individual FLSA claims a motion pursuant to Federal Rules of Civil Procedure Rule 54 for Attorney's Fees.

Plaintiff Papes also files concurrently with this motion for leave to file Motion for Reconsideration, along with proposed Motion for Reconsideration, along with proposed Motion to allow for this motion to include fees under a TVPRA coerced labor cause of action.

The attorney's fees requested by Papes based on recovery under the FLSA are supported by the concurrently filed Declaration of William Dresser.  This declaration contains a statement of the services rendered by each person for whom fees are requested and a brief description of their relevant qualifications as required by Civil Local Rule 54-5(b)(2)-(3).

They are requested in the motion for recovery of attorney's fees in the amount of three hundred seventy-nine thousand four hundred seventy-five dollars ($379,475.00).

Plaintiff also concurrently files a Bil of Costs in the amount of fifty-eight thousand two hundred sixty-nine dollars and ninety-seven cents ($58,269.97).

### V.    CONCLUSION

IT IS RESPECTFULLY REQUESTED that default judgment be granted in favor of Plaintiff Papes and against defaulted entities and individuals ISM Vuzem d.o.o., Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o. for:

Underpaid wages under FLSA of $39,693.48;

FLSA liquidated damages of $39,693.48;

Prejudgment interest of $7,850.70; and

attorney's fees and costs pursuant to Federal Rules of Civil Procedure, Rule 54 in the sum of $437,744.97, which represents the sum of costs and attorney's fees under the TVPRA and FLSA

Dated: October 3, 2022

___/s/_____
William C. Dresser
Attorneys for Plaintiff
Stjepan Papes

Pld\AmdRenewedMtn_FLSA_Wages_Papes.a03

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Pltf Papes' Amd Renewed Mtn for Default Judgment on Individual FLSA Causes of Action