**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>vs.<br><br>EISENMANN SE, et al.<br><br>Defendants. | Case No.: 5:16-cv-01120-BLF<br><br>**[proposed]**<br><br>**ORDER GRANTING PLAINTIFF STJEPAN PAPES' AMENDED RENEWED MOTION FOR DEFAULT JUDGMENT ON CAUSES OF ACTION 2 AND 3: FLSA WAGES CLAIMS**<br><br>Date:       February 2, 2023<br>Time:       9:00 p.m.<br>Ctrm:       3, 5th Floor<br>Judge:      Hon. Beth Labson Freeman |

Plaintiff Stjepan Papes (hereinafter "Plaintiff") brings an Amended Renewed Motion for Default Judgment seeking entry of default Judgment on the Third Amended Complaint, Causes of Action 2 and 3: FLSA wages claims against ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem.

Defendants have not filed an Opposition to the Motion.  The motion was set for hearing on February 2, 2023, but defendants did not appear.

Having considered Plaintiff's briefing, the relevant law, and the record in this case, the Court GRANTS Plaintiff Papes' motion.

1

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

## I.    BACKGROUND

### A.  The Parties

Defendant ISM Vuzem d.o.o. is a Slovenian business entity with its principal place of business in Slovenia. Third Amended Complaint, ECF No. 269, at ¶ 9 ("TAC"). Defendant ISM Vuzem USA, Inc. was a South Carolina corporation with its principal place of business in South Carolina. Id. at ¶ 12. Defendant Vuzem USA, Inc. was a California corporation with its principal place of business in California. Id. at ¶ 13. Defendant Robert Vuzem is a resident of Slovenia. Id. at ¶ 10. Defendant Ivan Vuzem is a resident of Slovenia. Id. at ¶ 11. Defendant HRID-MONT d.o.o. is a Slovenian corporation with its principal place of business in Slovenia. Id. at ¶ 14.

Plaintiff Stjepan Papes is a resident of Croatia and was allegedly hired by ISM Vuzem d.o.o. and brought to the United States to work at various locations between 2013 and 2015, including at the Tesla manufacturing plant in Fremont, California. Id. at ¶ 2.

### B.  Alleged Conduct of Defendants

Plaintiff alleges that the Eisenmann Corporation ("Eisenmann"), a former Defendant in this case, formed relations with a number of manufacturing entities, such as Tesla, to perform construction work related to Eisenmann's equipment. TAC at ¶ 70. Plaintiff alleges that Eisenmann, to fulfill these agreements, would hire subcontractors who would then provide the laborers necessary to complete the equipment installation. Id. at ¶ 84, 107–8. Among those subcontractors was ISM Vuzem d.o.o. Id.

Although all of the work described in the TAC occurred in the United States, ISM Vuzem d.o.o. did not use American workers. Instead, the TAC alleges that ISM Vuzem d.o.o. and the other subcontractor Defendants hired workers internationally. For example, to help install a paint shop at a Tesla facility in Fremont, California, ISM Vuzem d.o.o.

2

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

hired Plaintiff. Id. at ¶¶ 1–2, 60, 111, 213. Plaintiff was allegedly brought to the United States on a B-1 visa that is generally reserved for skilled work, even though ISM Vuzem d.o.o. and other Defendants allegedly knew workers would actually be performing unskilled construction work. Id. at ¶¶ 58–91, 211. ISM Vuzem d.o.o. and other Defendants allegedly submitted letters to the United States Consulate containing false statements to obtain B-1 vias on Plaintiff's behalf. Id. at ¶¶ 206, 211, 213, 216.

The TAC alleges that Plaintiff, once in the United States, was paid far below minimum wage and was forced to work long hours. Id. at ¶ 237. Plaintiff further alleges although he routinely worked more than forty hours per week, Plaintiff was not compensated for his overtime work. Id. at ¶ 239.

C. **Procedural Background**

Plaintiff and Relator Gregor Lesnik filed the complaint initiating this lawsuit on March 7, 2016. ECF No. 1. On July 15, 2016, Lesnik filed the First Amended Complaint. ECF No. 20. On April 25, 2017, the United States filed a notice that it would not intervene in the instant case. ECF No. 25. On April 25, 2017, the Court unsealed the complaint. ECF No. 26.

A Second Amended Complaint including a Second Cause of Action for damages for failures to pay wages and provide pay information was filed on July 19, 2017 by Plaintiff and Relator Gregor Lesnik and by moving party Plaintiff and Relator Stjepan Papes.  ECF No. 37.

Claims for wages had been tolled during the time of the pendency of the case of Lesnik v Vuzem, Alameda Superior Court action HG15773484.  The Joint Stipulation for settlement of that Alameda County state court action stated: "The statute of limitations relating to the one cause of action brought in the name of putative class members, as a

matter of law, has been tolled during the pendency of this lawsuit."  ECF No. 102-1, Ex, D 466-2 at pg 62 (Joint Request for Dismissal, at para 8).  It was further tolled when defendants Vuzem acknowledged this obligation in August and September of 2016. (TAC, para 117.y.; ECF No. 563, 4/8/2021 filed Papes Decl (hereinafter "Papes Decl"), para 15; and Ex. 127 (Robert Vuzem e-mails to supervisors).)  The claims are brought within a three-year statute of limitations because Plaintiff has alleged and proven "that the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988).

A Third Amended Complaint including causes of action Two and Three for damages for failure to pay wages under the FLSA was filed on October 31, 2018 by Plaintiffs and Relators Gregor Lesnik and Stjepan Papes.  ECF No. 269 (hereinafter "TAC").  The TAC alleges 13 causes of action (some of which are duplicative).  The within motion requests default judgment on Plaintiff Papes' FLSA claims for failure to pay minimum wage and overtime (Counts 2 and 3) against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.'s.

On February 29, 2020, Plaintiffs filed a motion for default judgment on their FLSA claims. ECF No. 470.  On June 26, 2020, the Court denied without prejudice Plaintiffs' motions for default judgment, including that for FLSA claims. ECF No. 498.  The Court explained that (1) Plaintiffs' motions failed to address the Court's subject matter and personal jurisdiction, and (2) three of Plaintiffs' four default judgment motions failed to brief the Eitel factors, which govern entries of default judgment. Id.

On August 24, 2020, Plaintiffs filed a second round of motions for default judgment and entry of final judgment, including a second motion for default judgment and an entry

4

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

of final judgment on Plaintiffs' FLSA claims. ECF No. 501.

On September 20, 2021, the Court issued its Order Denying Without Prejudice Plaintiff's Third Motion for Default Judgment as to Fair Labor Standards Act Claims.  ECF No. 587.  The Court explained that the Plaintiff's motion must recalculate the amount that Plaintiff Papes is alleged owed under the correct FLSA minimum wage of $7.25 per, that Plaintiff's allegations regarding what Plaintiff was paid are unclear, and that Plaintiff must provide sufficient allegations to support his claim that he should be compensated for time spent traveling to and from work.  The Court also denied Plaintiff's third motion for default judgment as to Plaintiff's FLSA claims against Defendant HRID-Mont, d.o.o. for failure to sufficiently allege that HRID-Mont d.o.o. conducted activities in California or purposefully directed it activities toward California.

D. **Requests for Judicial Notice**

The Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Moreover, courts may consider materials referenced in the complaint under the incorporation by reference doctrine, even if a plaintiff failed to attach those materials to the complaint. Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005). Public records, including judgments and other publicly filed documents, are proper subjects of judicial notice. See, e.g., United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007). However, to the extent any facts in documents subject to judicial notice are subject to reasonable dispute, the Court will not take judicial notice of those facts. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

5

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

In connection with Plaintiffs' motion for default judgment on Plaintiffs' claims under the Fair Labor Standards Act, Plaintiffs request judicial notice of Rule 4 of the Federal Rules of Civil Procedure (Ex. A); the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention") (Ex. B); the Republic of Croatia's Reservations to the Hague Service Convention (Ex. C); and Slovenia and Croatia's statutes for service of process (Ex. D–E). ECF No. 504. Rule 4 of the Federal Rules of Civil Procedure is a matter of public record and is therefore the proper subject of judicial notice. See Black, 482 F.3d at 1041. The Court therefore GRANTS Plaintiffs' request for judicial notice of Rule 4 of the Federal Rules of Civil Procedure (Ex. A).

Under Federal Rule of Civil Procedure 44.1, "[i]n determining foreign law, the court may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence." Fed. R. Civ. P. 44.1. As such, the Court may take judicial notice of an authoritative statement of foreign law. See McGhee v. Arabian Am. Oil Co., 871 F.2d 1412, 1424 n. 10 (9th Cir. 1989) (noting that the Court may take judicial notice of foreign law where appropriate); see also Philips v. Ford Motor Co., 2016 WL 8505624, at *1 (N.D. Cal. Jun. 10, 2016) (same); Securities and Exch. Comm. v. Nevatia, 2015 WL 6912006, at *4 n. 4 (N.D. Cal. Jun. 10, 2016) (same). The Hague Service Convention is therefore the proper subject of judicial notice. As such, the Court GRANTS Plaintiffs' request for judicial notice of the Hague Service Convention (Ex. B).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a default judgment when the Clerk, under Rule 55(a), has previously entered a party's default. Fed.

6

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

R. Civ. P. 55(b). "The district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Once the Clerk enters default, all well-pleaded allegations regarding liability are taken as true, except with respect to damages. See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002) ("With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true."); TeleVideo Sys. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

"Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

**III. DISCUSSION**

**A. Jurisdiction**

The Court begins by addressing subject matter jurisdiction, personal jurisdiction, and service of process. "When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. A judgment entered without personal jurisdiction over the parties is void." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted). In order to avoid the entry of an order of default judgment that may

subsequently be attacked as void, the Court must determine whether jurisdiction over the instant case exists. "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (citing Data Disc, Inc. v. Sys. Tech. Assocs., 557 F.2d 1280, 1285 (9th Cir. 1977)). For the Court to exercise personal jurisdiction over a defendant, the defendant must also have been served in accordance with Federal Rule of Civil Procedure 4. Mason, 960 F.2d at 851 (explaining that an entry of default is void if there was improper service of process on a defendant).

The Court begins with subject matter jurisdiction and then proceeds to personal jurisdiction. Finally, the Court turns to service of process.

**1. Subject Matter Jurisdiction**

The Court previously dismissed Plaintiff's first round motion for default judgment without prejudice for failure to address subject matter jurisdiction. ECF No. 498. Plaintiff has now rectified that deficiency. Plaintiff's third motion for default judgment sought and the Plaintiff's further amended motion seeks default judgment on Plaintiff's claims under the FLSA pursuant to 18 U.S.C. §§ 206 and 207. Mot. at 18; TAC at ¶ 230–263. As such, the Court is satisfied that it has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331. 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**2. Personal Jurisdiction**

"[A] judgment entered without personal jurisdiction over the parties is void." In re Tuli, 172 F.3d at 712. Moreover, "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." Breeland, 792 F.2d at 927 (citation omitted); In re Boon Glob. Ltd., 923 F.3d 643, 650 (9th Cir. 2019) (explaining that

it is the "party asserting jurisdiction [that] bears the burden to establish jurisdictional facts."). The Court previously denied Plaintiff's second round motion for default judgment without prejudice because Plaintiff failed to establish the Court's personal jurisdiction over Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o. ECF No. 551, at 11. The Court warned Plaintiff that if he failed to allege facts sufficient to establish the Court's personal jurisdiction over Defendants, "the Court will deny Plaintiffs' motions for default judgment with prejudice." Id. at 12.

Personal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir. 2004). California's long-arm statute, Cal. Civ. Proc. Code § 410.10, is co-extensive with federal due process requirements, and therefore the jurisdictional analyses under California law and federal due process merge into one. See Cal. Civ. Proc. Code § 410.10 ("[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223 (9th Cir. 2011) ("California's long-arm statute . . . is coextensive with federal due process requirements, so the jurisdictional analyses under state law and federal due process are the same.").

For a court to exercise personal jurisdiction over a defendant consistent with due process, that defendant must have "certain minimum contacts" with the relevant forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). In addition, "the defendant's 'conduct and

9

connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

A court may exercise either general or specific personal jurisdiction over a defendant. See Ziegler v. Indian River Cty., 64 F.3d 470, 473 (9th Cir. 1995). In the instant case, Plaintiff argues that the Court may exercise general personal jurisdiction over Vuzem USA, Inc. and specific personal jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert Vuzem, and Ivan Vuzem. Mot. at 14–15. The Court addresses each argument in turn.

### a. General Personal Jurisdiction

Plaintiff first argues that the Court may exercise general personal jurisdiction over Defendant Vuzem USA, Inc. because it "was a California corporation, registered on September 2, 2014, and dissolved on September 19, 2016." Id. at 21. A corporation is considered domiciled in the states where the corporation is incorporated and has its principal place of business. Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 923–24 (2011) (explaining domicile). Under federal due process, a defendant domiciled within a state is subject to the state's general jurisdiction. Milliken v. Meyer, 311 U.S. 457, 462 (1940); see also Ranza v. Nike, Inc., 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business.").

Furthermore, California Corporations Code § 2010 provides that "[a] corporation which is dissolved nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it . . ." Cal Corp. Code § 2010(a); see also Soares v. Lorono, 2015 WL 3826795, at *3 (N.D. Cal. June 19, 2015) (explaining that

a California corporation may be sued after it has dissolved for activities that took place pre-dissolution). Furthermore, § 2010 provides that "[n]o action or proceeding to which a corporation is a party abates by the dissolution of the corporation or by reason of proceedings for winding up and dissolution thereof." Id. § 2010(b).

Accordingly, the Court finds that it may exercise general personal jurisdiction over Vuzem USA, Inc. because it was a California corporation and dissolved only after the violations of the FLSA that Plaintiff alleges in their TAC.

**b. Specific Personal Jurisdiction**

Plaintiff argues that the Court may exercise specific personal jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., HRID-Mont d.o.o., Robert Vuzem, and Ivan Vuzem. Mot. at 15–16. Under Ninth Circuit law, the Court may exercise specific personal jurisdiction over a nonresident defendant when (1) the nonresident defendant "purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident thereof; or perform[s] some act by which he purposefully avails himself of the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable. Schwarzenegger, 374 F.3d at 802. If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the nonresident defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. Id.

Below, the Court first finds that it may properly exercise specific personal jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.  Second, the Court finds that Plaintiff has established the Court's specific personal jurisdiction over HRID-Mont d.o.o. on an alter ego basis and the basis of continuing ongoing business actions in California into 2019.

11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

First, Plaintiff alleges that Defendants ISM Vuzem d.o.o. and ISM Vuzem USA each entered into contracts for the construction of facilities at the Tesla manufacturing plant in Fremont, California. Mot. at 16. ISM Vuzem d.o.o. directly employed Plaintiff to work on at the Tesla construction project in California. Id. Robert Vuzem and Ivan Vuzem allegedly own and control the operations of ISM Vuzem d.o.o. and ISM Vuzem USA, Inc. TAC at ¶ 16. Plaintiff alleges that Robert Vuzem came to Fremont, CA to oversee the work done in the district. Mot. at 17. Ivan Vuzem allegedly paid workers directly into Slovenian bank accounts for work done in California for Eisenmann Corporation and at other manufacturing sites in the United States. Id. at ¶ 117. Robert Vuzem and Ivan Vuzem also allegedly prepared representations as to the nature of work that Plaintiff would perform in California so that Plaintiff could procure a B-1 workers' visa. TAC at ¶ 110. Plaintiff's FLSA claims arise in part out of the work that Plaintiff did in Fremont, CA and at other jobs sites in the United States for ISM Vuzem d.o.o. Mot. at 17.

Considering these allegations, the Court is satisfied that allegations regarding ISM Vuzem d.o.o., ISM Vuzem USA, Robert Vuzem, and Ivan Vuzem establish that (1) each of these Defendants "purposefully direct[ed] his activities or consummate[ed] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum"; (2) the claim "arises out of or relates to the defendant's forum-related activities"; and (3) the exercise of jurisdiction is reasonable." Schwarzenegger, 374 F.3d at 802. Accordingly, the Court is satisfied that based on Plaintiff's allegations, the Court may properly exercise specific personal jurisdiction under Ninth Circuit law over Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Robert Vuzem, and Ivan Vuzem. Id.

The Ninth Circuit has held that a plaintiff may establish general personal jurisdiction

over a foreign subsidiary in the United States based on its U.S. parent's jurisdictional

contacts, even where the alleged conduct by the subsidiary occurred abroad, provided the

plaintiff can establish the parent and subsidiary are alter egos.  (Ranza v. Nike Inc. (9th

Cir. July 16, 2015) 793 F.3d 1059).  "[T]he alter ego test may be used to extend personal

jurisdiction to a foreign parent or subsidiary when, in actuality, the foreign entity is not

really separate from its domestic affiliate." (Id., at 1073); see HMO/Courtland Props., Inc.

v. Gray, 729 A.2d 300, 307 (Del. Ch. 1999) (same..)  Many Courts have found personal

subject matter jurisdiction on an alter ego basis. (Gowen v. Helly Nahmad Gallery, Inc.,

No. 650646/2014, 2018 NY Slip Op 28142, 2018 BL 164601; Richards Group, Inc. v

Brock, ND Texas, 3:06-cv-00799-D, Memorandum Opinion and Order, March 7, 2007;

Hunt v Global Incentive & Meeting Management, SA de CV, D.N.J., Opinion, September

20, 2010, at 22-24 (alter ego is not limited to corporate parent and subsidiary

relationship).

      The Ninth Circuit, applying California law, has held that a corporation's veil may be

pierced and the corporation may be deemed an alter ego of an individual where: [i] an

unity of interest and ownership exists between the personality of the corporation and the

individual owner; and [ii] failure to disregard their separate identities would result in an

inequitable result. (AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th

Cir.1996) (applying California law).)  Where the alter ego doctrine applies, a corporation's

shareholders are treated as "partners" and are held jointly and severally liable for its

debts. (Minnesota Min. & Mfg. Co. v. Superior Court 206 Cal.App.3d 1025, 1028 (1988)

(ownership of even one share may be sufficient to impose alter ego liability); Hiehle v.

Torrance Millworks, Inc. 126 Cal.App.2d 624, 630 (1954).)

      Plaintiff alleges alter ego liability against HRID-Mont, d.o.o.  TAC at ¶16 and 17.

13

Plaintiffs further allege and submit evidence that there has been between the other defendant entities and individuals and HRID-Mont, d.o.o. a commingling of corporate funds or other assets; the employment of the same employees; the failure to adequately capitalize a corporation; the use of a corporation as a mere shell, instrumentality or conduit for a single venture; the failure to maintain arm's length relationships among related entities; and the use of a corporate entity to procure labor, services or merchandise for another entity.

Evidence in support of this motion proves, among other things, that:

ISM Vuzem, d.o.o. was providing construction workers throughout the United States since at least early 2013;

ISM Vuzem, d.o.o. was providing construction workers at the Tesla site even before contracts were entered into between the South Carolina entity ISM Vuzem USA Inc. and Eisenmann entities and Tesla, Inc. (formerly known as Tesla Motors, Inc.);

ISM Vuzem, d.o.o.'s construction employees worked at the Tesla site after ISM Vuzem USA, Inc. was dissolved - even though the purported contract between Eisenmann and Tesla was with that dissolved South Carolina entity;

South Carolina and California entities formed by Robert and Ivan Vuzem existed for a very short time, then dissolved within weeks after disclosure of their workplace actions;

Robert and Ivan Vuzem have both closed corporations and transferred assets to prevent collection on claims; and

Robert and Ivan Vuzem undercapitalized their entities.

Mtn. at pg 8-14 and 34 - 35

The Ninth Circuit, applying California law, has held that a corporation's veil may be

14

pierced and the corporation may be deemed an alter ego of an individual where: [i] an unity of interest and ownership exists between the personality of the corporation and the individual owner; and [ii] failure to disregard their separate identities would result in an inequitable result. (AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 591 (9th Cir.1996) (applying California law).) The above facts fit all of the essential factors considered by the Court in AT&T Co. v. Compagnie Bruxelles Lambert to support finding alter ego liability

Where injustice would result but for the finding of alter ego liability, courts tend to allow the piercing of the veil, especially in the context of a tort. (Mesler v. Bragg Management Co., 39 Cal.3d 290, 300 (1985).) "The essence of the alter ego doctrine is that justice be done." (Id., at 301.)   Adherence to the fiction of the separate existence of Defendant ISM Vuzem d.o.o. as an entity distinct from Defendants Robert Vuzem and Ivan Vuzem and other entities they control would permit an abuse of the corporate privilege, sanction fraud, and promote injustice.

Plaintiff has also submitted a declaration of Mr. Rebic, an individual who worked for ISM Vuzem, d.o.o. in the United States including California in 2016 and thereafter worked for HRID-Mont, d.o.o. doing the same work in the United States in 2019.  ECF # 592-1, pg 63 of 64 (Dresser Decl., Ex. 405 (Rebic Decl).

Accordingly, the Court is satisfied that based on Plaintiff's allegations, the Court may properly exercise specific personal jurisdiction under Ninth Circuit law over Defendant HRID-Mont, d.o.o.

### 3. Service of Process

For the Court to properly exercise personal jurisdiction over a defendant, the defendant must have been served in accordance with the Federal Rules of Civil

Procedure. See Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir. 1982) ("Defendants must be served in accordance with Rule 4(d) of the Federal Rules of Civil Procedure, or there is no personal jurisdiction." (footnote omitted)).

Federal Rule of Civil Procedure 4(h) governs the rules of service when a corporation is served outside of the United States. It states that if a foreign corporation is served "at a place not within any judicial district of the United States," it must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)," unless a waiver of service has been filed. Fed. R. Civ. P. 4(h)(2).

Under Rule 4(f), a party may serve a corporation abroad using one of three methods:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . unless prohibited by the foreign country's law, by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f)(1)-(3). Rule 4(f)(1) implements the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters. 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"). The Hague Service Convention "specifies certain approved methods of service and preempts inconsistent methods of service wherever it applies."

Splash, Inc. v. Menon, 137 S. Ct. 1504, 1507 (2017) (internal citations omitted). The Hague Service Convention "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad," if the country of destination is a signatory member to the Hague Service Convention. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988). The United States and Slovenia are both signatories to the Hague Service Convention, and therefore the Hague Service Convention governs service on Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem because "compliance with the [Hague Service Convention] is mandatory in all cases to which it applies." Id. at 705.

The principle means of service under the Hague Service Convention is through a signatory country's "Central Authority," which the Convention requires each country to establish for the purpose of effectuating service in its country. See Hague Service Convention, art. 2, 20 U.S.T. at 362; see also Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (explaining Central Authority mechanism in the Hague Service Convention). However, submitting a document to the Central Authority is not the only method of service available under the Hague Service Convention. See Water Splash, 137 S. Ct. at 1508 (explaining various methods of service). Article 10 of the Hague Service Convention states that "[p]rovided the State of destination does not object, the present Convention shall not interfere with:

(a) the freedom to send judicial documents, by postal channels, directly to persons abroad,

(b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers,

officials or other competent persons of the State of destination,

(c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Service Convention, 20 U.S.T. at 363; Water Splash, 137 S. Ct. at 1508 (explaining that the Hague Service Convention allows for other forms of service where a country does not object).

The Court previously found no deficiencies in Plaintiff's service of process on Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem. ECF No. 551, at 12 (identifying deficiencies only with service on Defendants Magna d.o.o. and We-Kr d.o.o.). The Court is therefore satisfied that Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have been properly served. Therefore, the Court properly exercises personal jurisdiction over ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem.

**B. Whether Default Judgment is Proper**

Having determined that the Court's exercise of subject matter jurisdiction and personal jurisdiction over the Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem is proper, the Court now turns to the Eitel factors to determine whether entry of default judgment against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem is warranted.

**1. First Eitel Factor: Possibility of Prejudice**

Under the first Eitel factor, the Court considers the possibility of prejudice to

Plaintiff if default judgment is not entered against the Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem. "A plaintiff who is denied a default judgment and is subsequently left without any other recourse for recovery has a basis for establishing prejudice." Michael Grecco Prods., Inc. v. Enthusiast Gaming, Inc, 2020 WL 7227199, at *6 (N.D. Cal. Dec. 8, 2020) (quoting DiscoverOrg Data, LLC v. Bitnine Global, Inc., 2020 WL 6562333, at *5 (N.D. Cal. Nov. 9, 2020)). Here, Plaintiff has established that Plaintiff will be prejudiced because Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem have not participated in this litigation and Plaintiff would be without recourse to recover for the damages caused by Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem if default judgment is not granted. Therefore, the first Eitel factor weighs in favor of granting default judgment.

**2. Second and Third Eitel Factors: Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The second and third Eitel factors address the merits and sufficiency of Plaintiff's claims as pleaded in the TAC. Courts often analyze these two factors together. See Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). In its analysis of the second and third Eitel factors, the Court will accept as true all well-pled allegations regarding liability in the TAC. See Fair Hous. of Marin, 285 F.3d at 906 ("[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true."). The Court will therefore consider the merits of Plaintiff's claims and the sufficiency of the TAC together. The Court first

19

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

discusses whether Plaintiff has stated a minimum wage claim under the FLSA, 29 U.S.C. § 206. Second, the Court discusses whether Plaintiff has stated a claim for unpaid overtime compensation under the FLSA, 29 U.S.C. § 207. Because the Court identifies inconsistencies and deficiencies with both of Plaintiff's FLSA claims, the Court does not proceed to the remaining Eitel factors.

### a. Whether Plaintiff has Stated a Minimum Wage Claim under the FLSA

First, Plaintiff Papes brings a minimum wage claim under the FLSA, 29 U.S.C. § 206, against Defendants ISM Vuzem d.o.o.; ISM Vuzem USA, Inc.; Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem. Mot. at 19. Section 206 of the FLSA sets "a national minimum wage." Landers v. Quality Communications, Inc., 771 F.3d 638, 640 (9th Cir. 2014). Accordingly, FLSA requires that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce . . . not less than . . . $7.25 an hour." 29 U.S.C. § 206(a)(1)(C). Plaintiff argues that he was not paid minimum wage and instead "received for wages a single payment, one time per month, into his bank account." Mot. at 5. Plaintiff argues that these payments of wages were insufficient under FLSA and Plaintiff did not receive the federal minimum wage

Plaintiff has corrected the inconsistencies in Plaintiff's prior motion by using the correct federal minimum hourly wage as set by FLSA, by clarifying and correcting calculations of what Plaintiff was paid and during which periods Plaintiff was paid when Plaintiff was allegedly employed by Defendants ISM Vuzem d.o.o., HRID-Mont, d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem.

Plaintiff has also adequately demonstrated the merit of Plaintiff's claim that the time claimed is compensable under statutory developments in FLSA and case law, including as set forth in FLSA regulations.  Plaintiff has provided sufficient allegations to support his

20

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

claim that he should be compensated for time from arrival at an assigned meeting location, when in addition to the transportation being mandated by the employer in employer vehicles, there was also supervisor directions during travel, Plaintiff was engaged in maintaining, accounting for, and carrying tools to the job site, and there was complete employer control over this time for Papes and other workers who were away from home.

Plaintiff Papes has submitted alternative calculation for the amount of compensable time and in turn calculation of the amount due under FLSA claims for four of the seven sites he worked in the United States.  The Court finds the time to the sites specified by Papes is compensable time for calculation of FLSA wages.

**4. Fifth and Sixth Eitel Factors: Potential Disputes of Material Fact and Excusable Neglect**

The fifth Eitel factor considers the possibility of dispute as to any material facts in the case.

Where a plaintiff's complaint is well-pleaded and the defendant makes no effort to properly respond, the likelihood of disputed facts is very low. (See Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F.Supp.2d 916, 921 (C.D. Cal. 2010).)

Here, as described above, Plaintiff's complaint is well-pleaded. Defendants have made no effort to properly respond. Therefore, there is a very low likelihood of dispute as to the material facts. The fifth Eitel factor therefore weighs in favor of default judgment.

The sixth Eitel factor considers whether failure to appear was the result of excusable neglect. Where a defendant "[was] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. (Shanghai Automation Instrument Co. Ltd. v. Kuei, 194

21

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

F.Supp.2d 995, 1005 (N.D. Cal. 2001).)

Despite being properly served – and having been provided substantial additional notice - Defendants made no effort to defend this suit. It has been almost two years since the Clerk entered their default. (ECF Dkt. Nos. 430, 431, 444-447.)  There is no evidence that Defendants' failure to appear was the result of excusable neglect.  This factor favors default judgment.

**5. Seventh Eitel Factor: Policy Favoring Decision on the Merits**

Although decisions on the merits are preferred, that preference does not prevent a court from entering judgment where defendants have refused to respond. (PepsiCo, 238 F.Supp.2d at 1177.) To the contrary, district courts have regularly held that the policy favoring a decision on the merits, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself. (See, e.g., Li, 2012 WL 2236752, at *12; Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Mar. 5 2010); United States v. Lyon, No. 10–2549 (E.D.Cal. June 7, 2011), 2011 WL 2226308, at *3 (citing Cal. Sec. Cans, 238 F.Supp.2d at 1177).)

Here, Defendants have failed to respond or appear in this case. Defendants' actions have thus prevented the Court from making a decision on the merits. Accordingly, Plaintiff submits that the Court should conclude that the seventh Eitel factor is outweighed by the other six factors that weigh in favor of default judgment. (See United States v. Ordonez, No. 10–01921 (E.D.Cal. May 11, 2011), 2011 WL 1807112, at *3.)

In light of these factors, Plaintiff's well-pleaded complaint and the merits of the substantive claims favor entry of default judgment. Without a default judgment, Plaintiff will be denied the right to adjudicate his claims and obtain relief. The damages sought are supported by the record as discussed below.

22

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

1

2

Defendants have had notice and the opportunity to defend this case and have chosen not to do so. Plaintiff is entitled to a default judgment.

3

4

5

6

7

8

The entries of default themselves establish defendants' liability. Upon default, the well-pleaded allegations of the complaint relating to liability are taken as true (but not allegations as to the amount of damages). (Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC 779 F3d 182, 188-189 (2nd Cir. 2015); Televideo Systems, Inc. v. Heidenthal 826 F2d 915, 917 (9th Cir. 1987)).

9

10

11

12

If proximate cause is properly alleged in the complaint, it is admitted upon default. The fact of injury is thus established and plaintiff need only prove that the "compensation sought relates to the damages that naturally flow from the injuries pleaded." (Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp. 973 F2d 155, 159(2nd Cir. 1992)]

13

14

15

16

17

Plaintiff Papes by his supporting declarations, corroborated by declarations of co-workers, submits facts as the Court may consider which are not directly contained or inferred in the pleadings to establish the claims which are the subject of this motion.  (See generally Cripps v. Life Ins. Co. of No. America (9th Cir. 1992) 980 F2d 1261, 1267).

18

**C. Damages**

19

20

21

22

23

24

25

26

27

A plaintiff who seeks default judgment "must also prove all damages sought in the complaint." Dr. JKL Ltd., 749 F. Supp. 2d at 1046 (citing Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003)). Federal Rule of Civil Procedure 55 does not require the Court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the default judgment order. See Action SA v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991), abrogated on other grounds as recognized by Day Spring Enters., Inc. v. LMC Int'l, Inc., 2004 WL 2191568 (W.D.N.Y. Sept. 24, 2004).

28

In the instant case, Plaintiff Stjepan Papes individually seeks recovery of damages based on:

Failure to pay minimum wages under the FLSA.  The FLSA requires each employer to pay minimum wages of $7.25 per hour. 29 U.S.C. § 206. This recovery is requested for work in the United States; and

Failure to pay overtime wages under the FLSA.  The FLSA requires employers to pay non-exempt employees one and one-half times the regular rate of pay ($10.875) for all hours worked over forty (40) hours per workweek. 29 U.S.C. § 207.

Plaintiff also seeks liquidated damages and attorney's fees. (29 U.S.C. §§ 216, 260).  By defaulting, Defendants have admitted to the allegations in Plaintiffs' complaint for failing to provide adequate compensation for overtime wages and Defendant should be liable for liquidated damages in an amount equal to "the amount of [the] unpaid minimum wages, or [the] unpaid overtime compensation." (29 U.S.C. § 216 (b).)

Plaintiff Papes has submitted substantial evidence to identify when he worked, how many hours he worked, and over what period of time.  Plaintiff Papes has provided detailed spreadsheets for each week that he seeks recovery of wages due under the FLSA. Plaintiff Papes has demonstrated that he was underpaid under the provisions of the FLSA the sum of thirty-nine thousand six hundred ninety-three dollars and forty-eight cents ($39,693.48).  Plaintiff has pled and proven Defendant's conduct constitutes a willful violation of the FLSA.  Plaintiff is entitled to liquidated damages.  Plaintiff's requested interest is reasonable and fair.

The Court is satisfied that Papes has proven the damages requested by Papes as summarized in attachment A to his Motion.

24

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Papes' motion for default judgment as to Fair Labor Standards Act Claims, against Defendants ISM Vuzem d.o.o.; HRID-Mont, d.o.o., ISM Vuzem USA, Inc.; Robert Vuzem; and Ivan Vuzem. Furthermore, the Court awards Papes:

Underpaid wages under FLSA of $39,693.48;

FLSA liquidated damages of $39,693.48;

Prejudgment interest of $14,686.59; and

attorney's fees pursuant to motion under Federal Rules of Civil Procedure, Rule 54 under the FLSA and coerced labor claims of $379,475.00; and

recoverable costs as set forth in an October 3, 2022 filed Bill of Costs of $58,269.97.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
Hon. Beth Labson Freeman
United States District Judge

**ORDER AND JUDGMENT**

The    Amended Motion of Plaintiff Stjepan Papes for judgment under the Second and Third Causes of Action of the Third Amended Complaint is GRANTED.

Judgment shall be and hereby is granted in favor of Stjepan Papes on the Third Amended Complaint, Causes of action 2 and 3 under the FLSA. Judgment shall be

1
2
3

entered in favor of Plaintiff Stjepan Papes and jointly and severally against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem for:

4

Wages under FLSA in the sum of $39,693.48;

5

FLSA liquidated damages of $39,693.48; and

6
7

Prejudgment interest of $14,686.59.

8
9
10
11

Judgment is further granted to Plaintiff Papes under the Rule 54 Motion for fees of $379,475.00, and costs under the motion and under the Bill of Costs of $58,269.97, jointly and severally against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem.

12
13
14

Dated: _____, 2023

15
16
17

_____
Hon. Beth Labson Freeman
United States District Judge

18
19
20
21
22
23
24
25
26
27
28

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Default Judgment on FLSA Causes of Action