WILLIAM C. DRESSER, SBN 104375
LAW OFFICES OF WILLIAM C. DRESSER
14125 Capri Drive, Suite 4
Los Gatos, California 95032
Telephone: (408) 279-7529
Facsimile: (408) 298-3306
Email: loofwcd@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>vs.<br><br>EISENMANN SE, et al.<br><br>Defendants. | Case No.: 5:16-cv-01120-BLF<br><br>PLAINTIFF STJEPAN PAPES' MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS<br><br>Date:      February 2, 2023<br>Time:     9:00 a.m.<br>Ctrm:     3, 5th Floor<br>Judge:   Hon. Beth Labson Freeman |

**TABLE OF CONTENTS**
CONTENTS

NOTICE OF MOTION AND MOTION ................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 2

    A.    PAPES PLED CLAIMS FOR ATTORNEY'S FEES AND COSTS ......................... 2

    B.    PAPES SEEKS RECOVERY UNDER TVPRA AND FLSA CLAIMS ................... 2

    C.    PROCEDURAL SUMMARY ................................................................................... 3

    D.    PLAINTIFF REQUESTS AN AWARD OF LODESTAR ATTORNEY FEES ........................................................................................................................ 5

    E.    PLAINTIFF ALSO SEEKS RECOVERABLE COSTS UNDER RULE 54 .............. 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

**CASES**

Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) ................................................ 6

Bernardi v. Yeutter, 951 F.2d 971, 975 (9th Cir. 1991) ............................................................ 9

Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002) .......................................... 8

Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ................................................ 7

Hensley v. Eckerhart, 461 U.S. 424 (1983) ........................................................................... 6, 7

Kerr v Screen Actors Guild, 526 F.2d 67, 70 (9th Cir. 1975) ................................................... 8

Morales v. City of San Rafael, 96 F.3d 357, 365 (9th Cir.1996) .............................................. 9

**STATUTES**

Title 18 of the United States Code section 1595 ........................................................ 1, 3, 6, 10

Title 29 of the United States Code section 216 ............................................................. 1, 3, 6, 9

**RULES**

Civil Local Rule 54 .................................................................................................................. 1, 9

Civil Local Rule 54-5 .................................................................................................................. 4

Federal Rules of Civil Procedure Rule 54 .............................................................................. 1, 4, 9

Standing Order Re Civil Case for Motions for Attorneys Fees ................................................ 7

ii
US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Pltf Papes' Amd Renewed Motion for Default Judgment on FLSA Wages Causes of Action

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Stjepan Papes (hereinafter "Plaintiff" or "Plaintiff Papes") will and hereby does move this Court for an award of reasonable attorneys' fees, costs, and expenses as prevailing party on the Second and Third Causes of Action of the Third Amended Complaint for FLSA wages and on the Ninth Cause of Action under the TVPRA. Recovery is sought jointly and severally against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.

This motion is based on the authority set forth in Federal Rules of Civil Procedure Rule 54, Civil Local Rule 54, Title 18 of the United States Code section 1595, and Title 29 of the United States Code section 216, and the Court's inherent authority.

Plaintiff Papes' motion is based on this notice of motion, the following memorandum of points and authorities, the accompanying Declaration of William Dresser, the concurrently filed Bill of Costs, the concurrently filed proposed Motion for Reconsideration, all documents in the Court's file including declarations and requests for judicial notice including exhibits attached thereto, findings in prior Orders relevant to issues of fact and law herein, and on such written or oral argument that Plaintiff may present to the Court.

Dated: October 3, 2022

　　　　　　　　　　　　　　　　__/s/_____
　　　　　　　　　　　　　　　　William C. Dresser
　　　　　　　　　　　　　　　　Attorneys for Plaintiffs and Relators
　　　　　　　　　　　　　　　　Gregor Lesnik and Stjepan Papes

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. PAPES PLED CLAIMS FOR ATTORNEY'S FEES AND COSTS

Stjepan Papes is an employee seeking relief on the Second and Third Causes of action of the Third Amended Complaint (ECF # 269), for minimum wages claims and for overtime wages claims. The FLSA provides "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (29 U.S.C. § 216, subd. (b).) The SECOND CAUSE OF ACTION FLSA Class action minimum wages claims brought by Papes "both individually and as Class representatives" (TAC, para 231), alleges: "251. Plaintiffs further request an award of reasonable attorneys fees…" The THIRD CAUSE OF ACTION FLSA overtime wages claims alleges: "279. Plaintiff Stjepan Papes further requests an award of reasonable attorneys fees…"

Stjepan Papes is a victim granted relief on the NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595). The TVPRA provides that a victim "may recover damages and reasonable attorney's fees." (18 U.S.C. § 1595, subd (a).) Stjepan Papes as victim was the prevailing party on the Ninth Cause of Action of the Complaint herein. The NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595) alleges: "353. Plaintiffs also request recovery of attorneys fees and costs."

### B. PAPES SEEKS RECOVERY UNDER TVPRA AND FLSA CLAIMS

Plaintiff Stjepan Papes seeks fees under two claims. First, the Court granted Plaintiff Papes' motion for judgment on a coerced labor claim. No judgment had then been issued, nor has it now. No motion was thus filed pursuant to Federal Rules of Civil Procedure, Rule 54.

The Order granting the motion for judgment on the coerced labor claim stated: "Papes merely states "[a]ttorney's fees should also be awarded." Mot. at 30. Papes provides no further statements or information regarding attorney's fees. Papes does not request a specific amount of attorney's fees. Furthermore, Papes does not provides declarations or affidavits containing a statement of the services rendered by each person for whom fees are requested and a brief description of their relevant qualifications as is required by Civil Local Rule 54-5(b)(2)-(3). Accordingly, the Court DENIES Papes' request for attorney's fees."

There has not yet been a Judgment issued in this action. Civil Local Rule 54-5 cited to in the September 19, 2021 Order allows for a motion for attorney's fees to be filed after entry of judgment, as long as within 14 days of entry of judgment. Plaintiff Papes concurrently files an administrative motion for leave to file a motion for reconsideration to the extent that the September 19, 2021 Order would preclude Plaintiff from seeking fees pursuant to Federal Rules of Civil Procedure, Rule 54 "within fourteen days of entry of Judgment." The within motion thus seeks recovery of fees under the TVPRA.

Second, Papes moves by a concurrently filed motion for judgment on FLSA claims. Plaintiff also seeks recovery of fees under the FLSA.

### C. PROCEDURAL SUMMARY

Plaintiff Gregor Lesnik, then appearing as Relator, filed the complaint initiating this lawsuit on March 7, 2016. ECF No. 1. It stated a single False Claims Act claim. On July 15, 2016, Plaintiff Lesnik filed the First Amended Complaint. ECF No. 20. On April 25, 2017, the United States filed a notice that it would not intervene in the instant case. ECF No. 25. On April 25, 2017, the Court unsealed the complaint. ECF No. 26.

On August 8, 2017, the Court granted a July 19, 2017 motion by Gregor Lesnik and

Stjepan Papes, then appearing as Plaintiffs and Relators, to file a Second Amended Complaint which added other claims for relief, including for Papes under FLSA wages claims and a TVPRA coerced labor claim.  The Court directed the United States to make a "prompt decision" regarding intervention on the FCA claim. ECF No. 31. On October 5, 2017, the United States filed another notice that it would not intervene in the instant case. ECF No. 34.  Following administrative motion for Order to unseal, the Second Amended Complaint was filed in the public record on November 11, 2017.  ECF No. 37.

The Second Amended Complaint contained in multiple Counts under the Second Cause of Action a claim for relief for unpaid minimum wages and overtime wages.  It contained in one Count under the Third Cause of Action a claim for relief under the TVPA.

On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere, REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended Complaint. ECF No 219. On October 1, 2018, the Court granted in part and denied in part the motion to dismiss the Second Amended Complaint. ECF No. 255.

A Third Amended Complaint including causes of action Two and Three for damages for failure to pay wages under the FLSA was filed on October 31, 2018 by Plaintiffs and Relators Gregor Lesnik and Stjepan Papes.  ECF No. 269 (hereinafter "TAC").  The Third Amended Complaint included also included cause of action Nine for damages and other recovery under the TVPRA.  (ECF # 269).

Plaintiff Papes was granted judgment on the coerced labor TVPRA cause of action in his favor jointly and severally against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o.  (ECF # 586). Plaintiff Papes now moves for judgment on the FLSA causes of action.  (ECF # 363).

Plaintiff Papes now files prior to Judgment for recovery of fees and costs as

prevailing party under the FLSA and under the TVPRA causes of action.

**D.  PLAINTIFF REQUESTS AN AWARD OF LODESTAR ATTORNEY FEES**

The Federal Labor Standards Act mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In Hensley v. Eckerhart, 461 U.S. 424 (1983), the United States Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id., at 433. This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." Id. at 434.

The TVPRA similarly states that that a victim "may recover damages and reasonable attorney's fees." (18 U.S.C. § 1595, subd (a).)

A district court begins its calculation of fees by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. (See Hensley v. Eckerhart, supra, 461 U.S. at 436). The product of this computation—the "lodestar figure"—is a "presumptively reasonable" fee.  (See Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006) (decided under 42 U.S.C. § 1988).)  This lodestar is then adjusted to reflect the "results obtained." Hensley v. Eckerhart, supra, 461 U.S. at 434.

The fee applicant bears the burden of documenting hours expended in the litigation and must submit evidence in support of the hours claimed. (Hensley, supra, 461 U.S. at 433, 437; Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).)

The accompanying Declaration of William Dresser attaches as Exhibits 751 and 752 a Timeslips billing program report which identifies time spent by date, task, individual,

time spent, and billing rates.  The accompanying declaration also states how the data was prepared, saved and calculated.  Dresser Decl ISO Mtn for Recovery of Fees, para 7 through 31.

The time spent on major litigation tasks is also identified in the Charts attached to the accompanying Declaration of William Dresser as Exhibits 753 and 754.  The Charts state the amount of time under each category of major litigation tasks as identified in and supported by the accompanying Declaration.  See Dresser Decl ISO Mtn for Recovery of Fees, para 31 to 77; see Standing Order Re Civil Case for Motions for Attorneys Fees.

The supporting declaration of William Dresser contains a statement of the services rendered by each person for whom fees are requested and a brief description of their relevant qualifications. Dresser Decl ISO Mtn for Recovery of Fees, para 78 to 102; See Civil Local Rule 54-5(b)(2)-(3).

The total amount of fees stated in Exhibit 751 History Report based on 3,338.35 hours of recorded time through August 23, 2022 is $1,054,773.18, and in Exhibit 752 based on an additional 85.3 hours is $18,845.00.  1,900 hours of this time is by lead counsel William Dresser.  The amount requested for fees in this motion is three hundred seventy-nine thousand four hundred seventy-five dollars ($379,475.00), about one-third of the time spent on the litigation as a whole.

In appropriate cases, the district court may adjust the "presumptively reasonable" lodestar figure based upon the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved

and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  (Kerr v Screen Actors Guild, 526 F.2d 67, 70 (9th Cir. 1975).)

"The court need not consider all ... factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award." (Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002) (citing Kessler v. Assocs. Fin. Servs. Co. of Hawaii, 639 F.2d 498, 500 n.1 (9th Cir.1981).)

Plaintiff's counsel took a challenging, undesirable, labor-intensive case.  Counsel spent years litigating it, and obtained a successful result. He took the case on a contingent-fee basis and bore the risk of losing the case. (See Bernardi v. Yeutter, 951 F.2d 971, 975 (9th Cir. 1991) (holding that a district court may enhance a fee award when payment for attorney's services was contingent upon the success of client's claim).) The results he obtained are measured not only by the amount of recovery for his client, which was substantial, but also by the public purpose the litigation served.  (See Morales v. City of San Rafael, 96 F.3d 357, 365 (9th Cir.1996).)  By vindicating Plaintiff's rights, his attorney was able to play a part in safeguarding the rights of other employees to be paid wages due and to be free from the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion

Nevertheless, no multiplier is requested despite the complexity and duration of this litigation as to the coerced labor and FLSA claims.

### E.  PLAINTIFF ALSO SEEKS RECOVERABLE COSTS UNDER RULE 54

A Bill of Costs is filed concurrently with the within fee motion pursuant to Federal Rules of Civil Procedure Rule 54(d)(1) and Civil Local Rule 54.

The costs stated in the Bill of Costs filed concurrently with this motion were incurred as reasonable and necessary expenditures on behalf of Plaintiff Stjepan Papes. They should all be awarded to Plaintiff as reasonable and necessary costs under the FLSA, (29 U.S.C. § 216(b) ("and costs of the action"), and the TVPRA. (18 U.S.C. § 1595).

## CONCLUSION

For the reasons stated above, Plaintiff Papes requests that an Order be granted in favor of Plaintiff Papes and jointly and severally against defaulted entities and individuals ISM Vuzem d.o.o., Ivan Vuzem, Robert Vuzem, ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o. that the Judgment herein include a recovery of fees of three hundred seventy-nine thousand four hundred seventy-five dollars ($379,475.00) and costs of fifty-eight thousand two hundred sixty-nine dollars and ninety-seven cents ($58,269.97).

Dated: October 3, 2022

__/s/_____
William C. Dresser
Attorneys for Plaintiff
Stjepan Papes

Pld\MtnFees.a03