UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES, <br><br> Plaintiffs, <br><br> vs. <br><br> EISENMANN SE, et al. <br><br> Defendants. | Case No.: 5:16-cv-01120-BLF <br><br> [proposed] <br><br> **ORDER GRANTING PLAINTIFF STJEPAN PAPES' MOTION FOR FEES** <br><br> Date:  February 2, 2023 <br> Time:  9:00 p.m. <br> Ctrm:  3, 5th Floor <br> Judge: Hon. Beth Labson Freeman |

Plaintiff Stjepan Papes (hereinafter "Plaintiff") brings a Motion for Reasonable Attorney's Fees and Costs as prevailing party on the Third Amended Complaint, Causes of Action 2 and 3: FLSA wages claims against ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem, and Cause of Action 9: Trafficking and Coerced Labor under TVPRA, 18 U.S.C. § 1595 against the same Defendants.  ECF # ___.

Having considered Plaintiff's briefing, the relevant law, and the record in this case, the Court, the Court GRANTS Plaintiff Papes' motion for the reasons set forth below.

**I.   BACKGROUND**

Plaintiff Stjepan Papes is a resident of Croatia who sued his former employer and

1

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Fees

related persons for underpaid wages under the Federal Labor Standards Act (FLSA) and for damages for coerced labor under the Trafficking Victims Protection Reauthorization Action (TVPRA).  He has been represented by counsel William Dresser from pre-suit investigation through the litigation in the within action.

Plaintiff Papes filed a motion for default judgment on the TVPRA claims.  On September 19, 2021, the Court granted in part that motion to award recovery to Papes for damages.  ECF No. 586.

Plaintiff Papes filed a motion for default on the FLSA claims.  On February 2, 2023, the Court granted Pape's motion to award damages and penalties.  ECF No # ___.

Plaintiff Papes filed an Administrative Motion and a Motion for Reconsideration seeking to permission to seek recovery of fees under the Coerced Labor Cause of Action by a Rule 54 Motion for Fees.  The Court granted the Administrative Motion.  On February 2, 2023, the Court granted the Motion for Reconsideration.  ECF # ___.

Plaintiff filed a timely motion for attorney's fees and costs on October 3, 2022.

This Order addresses the motion for attorney's fees under both the FLSA and the TVPRA claims, and fully resolves the case.

## II.     LEGAL STANDARD

Stjepan Papes is an employee seeking relief on the Second and Third Causes of action, for minimum wages claims and for overtime wages claims.  The FLSA provides "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (29 U.S.C. § 216.)  The SECOND CAUSE OF ACTION  FLSA Class action minimum wages claims brought by Papes "both individually and as Class representatives" (TAC, para 231), alleges: "251. Plaintiffs further request an award of reasonable attorneys

fees…" The THIRD CAUSE OF ACTION FLSA overtime wages claims alleges: "279. Plaintiff Stjepan Papes further requests an award of reasonable attorneys fees…"

Stjepan Papes is a victim granted relief on the NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595). The TVPRA provides that a victim "may recover damages and reasonable attorney's fees." (18 U.S.C. § 1595, subd (a).) Stjepan Papes as victim was the prevailing party on the Ninth Cause of Action of the Complaint herein. The NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595) alleges: "353. Plaintiffs also request recovery of attorneys fees and costs."

A district court begins its calculation of fees by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983). The product of this computation—the "lodestar figure"—is a "presumptively reasonable" fee under 42 U.S.C. § 1988. See Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006). This lodestar is then adjusted to reflect the "results obtained." Hensley v. Eckerhart, supra, 461 U.S. at 434.

### III.     ANALYSIS

Plaintiff seeks three hundred seventy-nine thousand four hundred seventy-five dollars ($379,475.00) for fees.

Plaintiff files a Bill of Costs seeking fifty-eight thousand two hundred sixty-nine dollars and ninety-seven cents ($58,269.97) in costs.

Plaintiff's counsel has submitted detailed time records laying out the specific hours spent on each task related to the TVPRA and FLSA claims in this litigation. Under established law, the fee applicant bears the burden of documenting hours expended in the litigation and must submit evidence in support of the hours claimed. See Hensley, 461

3
US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. no. C16-1120 BLF
Order on Pltf Papes' Motion for Fees

U.S. at 433, 437; Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

The Court finds that the 838 hours attributable to Plaintiff's counsel and 593 by counsel's paralegals and law clerks were directly and reasonably incurred in proving a right to recovery for Plaintiff Stjepan Papes based on defendants' violation of the TVPRA and the FLSA.

Counsel spent over three years diligently litigating the case, facing pleadings, service, translation and law and motion challenges.  He took the case on a contingent-fee basis and bore the risk of losing the case.  Plaintiff's counsel took a challenging, undesirable, labor-intensive case on behalf of Plaintiff, and obtained judgment for Plaintiff. See Bernardi v. Yeutter, 951 F.2d 971, 975 (9th Cir. 1991) (holding that a district court may enhance a fee award when payment for attorney's services was contingent upon the success of client's claim). The results he obtained are measured not only by the amount of recovery for his client, which was substantial, but also by the public purpose the litigation served. See Morales v. City of San Rafael, 96 F.3d 357, 365 (9th Cir.1996). By vindicating Plaintiff's rights, his attorney was able to play a part in safeguarding the rights of other employees to be paid wages due and to be free from the recruitment, harboring, transportation, provision, or obtaining of a person for labor or services, through the use of force, fraud, or coercion.

Considering the total monetary judgment awarded to Plaintiff under the TVPRA and under the FLSA, the time expended appears proportionately related to the court-ordered relief in this case.

The hourly rate of Plaintiff's counsel is reasonable and below the prevailing market rate for an attorney of his level of experience in this district.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion for attorney's fees is GRANTED. Plaintiff Papes by and through his counsel William Dresser is awarded three hundred seventy-nine thousand four hundred seventy-five dollars ($379,475.00) in attorney's fees and fifty-eight thousand two hundred sixty-nine dollars and ninety-seven cents ($58,269.97) in costs.

Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem are jointly and severally liable for a total of $437,744.97, which represents the sum of costs and attorney's fees, along with and additional to damages and penalties awarded under the TVPRA and FLSA.

IT IS SO ORDERED

Dated: _____, 2023

_____
Hon. Beth Labson Freeman
United States District Judge