WILLIAM C. DRESSER, SBN 104375
LAW OFFICES OF WILLIAM C. DRESSER
14125 Capri Drive, Suite 4
Los Gatos, California 95032
Telephone: (408) 279-7529
Facsimile: (408) 298-3306
Email: loofwcd@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES, <br><br> Plaintiffs, <br><br> vs. <br><br> EISENMANN SE, et al. <br><br> Defendants. | Case No.: 5:16-cv-01120-BLF <br><br> PLAINTIFF STJEPAN PAPES' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION TO ALLOW FOR FILING RULE 54 MOTION FOR RECOVERY OF ATTORNEYS FEES <br><br> Ctrm:        3, 5th Floor <br><br> Judge:      Hon. Beth Labson Freeman |

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9, Plaintiff Stjepan Papes hereby moves this Court for an order granting him leave to file a motion for reconsideration of this Court's September 19, 2021 Order Granting in Part and Denying Plaintiffs' Third Motion for Default Judgment as to Trafficking Victims Protection Reauthorization Act Claim (Dkt # 586).

The Order denied a request for fees.  To the extent this precludes a Rule 54 Motion for Fees, Plaintiff Papes respectfully contends that the Order failed to consider material facts or dispositive legal arguments which were presented to the Court before such

interlocutory order.  (See Villanueva v. United States, 662 F.3d 124, 128 (1st Cir. 2011) (where movant shows district court has misunderstood the party or made error of apprehension, reconsideration may be proper).)  Plaintiff Papes had identified the basis for recovery of fees, Papes had not filed a Rule 54 motion to be decided, and the time for Papes to file a motion for fees still has not expired under Federal Rules of Civil Procedure Rule 54 and Civil Local Rule 54-5.

Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration any time before judgment. (N.D. Civ. L.R. 7-9(a).)  The Court issued its interim Order while motions for default judgment are still unresolved.  This administrative motion for leave is being filed on October 3, 2022, which is prior to entry of Judgment. (See FRCP Rule 54(b).)

A motion for reconsideration may be made under Local Rules on three grounds. Here, Plaintiff believes that there was a "failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." (N.D. Civ. L.R. 7-9(b)(3).)

The moving party may not reargue any written or oral argument previously asserted to the Court.  (Id., 7-9(c). See also Hopkins v. Bonvicino, 2011 WL 995961, *1 (N.D. Cal. Mar. 21, 2011) (White, J.) (unpublished).)  Here, the Plaintiff did not have an opportunity to present oral argument on issues raised by the Order, or matters raised by the Court in its Order that were not raised by moving party in his Motion.

Plaintiff thus seeks leave to move for reconsideration of the ruling and that he be allowed to seek recovery of fees under the Coerced Labor Cause of Action by a Rule 54 Motion for Fees

The motion for reconsideration is based on FRCP Rules 54, 59(e) and 60(b),

1   Northern District Civil Local Rule 7-9, and 54-5, and this Court's inherent authority.

2         Local Rule 7-9 states "Unless otherwise ordered by the assigned Judge, no

3   response need be filed and no hearing will be held concerning a motion for leave to file a

4   motion to reconsider.  If the judge decides to order the filing of additional papers or that

5   the matter warrants a hearing, the judge will fix an appropriate schedule."  (N.D. Civ. L.R.

6   7-9 (d).)

7         Plaintiff Papes attaches as Exhibit to this motion the proposed Motion for

8   Reconsideration.

9         Plaintiff Papes request that the Court grant him leave to file a motion for

10  reconsideration and determine whether filing of additional papers or a hearing is

11  appropriate.

12

13

14  Dated: October 3, 2022

15

16                                    _/s/_____
                                      William C. Dresser
17                                    Attorneys for Plaintiff
                                      Stjepan Papes
18

19

20

21

22

23

24

25

26

27

28

US ex rel Lesnik, et al v Eisenmann, et al; US Dist Ct., ND Cal. no. 5:16-cv-01120 BLF

# Attachment to Administrative Motion

# proposed Motion for Reconsideration

WILLIAM C. DRESSER, SBN 104375
LAW OFFICES OF WILLIAM C. DRESSER
14125 Capri Drive, Suite 4
Los Gatos, California 95032
Telephone: (408) 279-7529
Facsimile: (408) 298-3306
Email: loofwcd@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>vs.<br><br>EISENMANN SE, et al.<br><br>Defendants. | Case No.: 5:16-cv-01120-BLF<br><br>[proposed]<br>PLAINTIFF STJEPAN PAPES' MOTION FOR RECONSIDERATION TO ALLOW FOR FILING RULE 54 MOTION FOR RECOVERY OF ATTORNEYS FEES<br><br>Date:      February 2, 2023<br>Time:     9:00 a.m.<br>Ctrm:     3, 5th Floor<br>Judge:    Hon. Beth Labson Freeman |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 2, 2023, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the United States District Court for the Northern District of California, San Jose, Courthouse, located at 280 South First Street, San Jose, California, in Courtroom 3, before the Honorable Judge Beth Labson Freeman, Plaintiff Stjepan Papes will and hereby does move pursuant to Federal Rules of Civil Procedure, Rules 59(e) and 60(b), Northern District Civil Local Rule 7-9, and this Court's inherent authority for reconsideration of this Court's September 19, 2021 Order Granting in Part and Denying Plaintiffs' Third Motion for Default Judgment as to Trafficking Victims Protection Reauthorization Act Claim (Dkt # 586).

Plaintiff Papes requests that he be allowed to seek recovery of fees under the Coerced Labor Cause of Action by a Rule 54 Motion for Fees.

Moving Plaintiff's motion is based on this Notice of Motion and accompanying Memorandum of Points and Authorities, and the concurrently filed Motion for Fees including supporting Declarations, all documents in the Court's file, any other matters that this Court may take judicial notice, and on such written or oral argument that the Moving Plaintiff may present to the Court.

Dated: October 3, 2022

_/s/_____
William C. Dresser
Attorneys for Plaintiff Stjepan Papes

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Papes requests that this Court reconsider the September 19, 2021 Order Granting in Part and Denying Plaintiffs' Third Motion for Default Judgment as to Trafficking Victims Protection Reauthorization Act Claim (Dkt # 586) and allow him to seek recovery of fees under the Coerced Labor Cause of Action by a Rule 54 Motion for Fees.

Stjepan Papes is the prevailing party on the Third Amended Complaint under the NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595). The TVPRA provides that a victim "may recover damages and reasonable attorney's fees." (18 U.S.C. § 1595, subd (a).) The NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595) requested relief of these fees: "353. Plaintiffs also request recovery of attorneys fees and costs."

Plaintiff's April 8, 2021 Renewed Motion for judgment under a coerced labor claim states:

"Plaintiffs Lesnik and Papes seek compensatory damages, exemplary damages, and attorney's fees against defendants ISM Vuzem, d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., HRID-Mont, d.o.o., Robert Vuzem, and Ivan Vuzem."

Dkt # 560, at pg 9

"An individual who is a victim of a violation of this chapter [Chapter 77 of Title 18] may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." (18 U.S.C. 1595)

Id., at pg 12

The April 6, 2021 Renewed Motion also includes in the Conclusion "Attorney's fees should also be awarded."  Id., at pg 30.

The same statement of the basis of the right to fees was stated in Plaintiffs' August 25, 2020 motion for judgment under a coerced labor claim.  Dkt, 506 at pg 9 and 11.

The Court's September 19, 2021 Order Granting in Part and Denying Plaintiffs' Third Motion for Default Judgment as to Trafficking Victims Protection Reauthorization Act Claim (Dkt # 586) states:

Papes merely states "[a]ttorney's fees should also be awarded." Mot. at 30. Papes provides no further statements or information regarding attorney's fees. Papes does not request a specific amount of attorney's fees. Furthermore, Papes does not provides declarations or affidavits containing a statement of the services rendered by each person for whom fees are requested and a brief description of their relevant qualifications as is required by Civil Local Rule 54-5(b)(2)-(3). Accordingly, the Court DENIES Papes' request for attorney's fees.

Order, at pg 31.

Plaintiff believes this should be without prejudice to Plaintiff filing a motion under Rule 54 which is the motion containing that information.  Civil Local Rule 54-5 cited to in the September 19, 2021 Order allows for a motion for attorneys fees to be filed after entry of judgment, as long as within 14 days of entry of judgment

(a)      Time for Filing Motion. Motions for awards of attorney's fees by the Court must be served and filed within 14 days of entry of judgment by the District Court, unless otherwise ordered by the Court after a stipulation to enlarge time under Civil L.R. 6-2 or a motion under Civil L.R. 6-3.

Civ. Local Rule 54-5

Federal Rules of Civil Procedure, Rule 54 provides for the same 14 days after entry of judgment to file a motion for fees.  Rule 54 states

"(B) Timing and Contents of the Motion. Unless a statute or a court order provides otherwise, the motion must:

(i) be filed no later than 14 days after the entry of judgment;"

FRCP, Rule 54

There has not been a Judgment entered in the within action.  The time to file a motion under Rule 54 has not expired, and did not expire in Septembef of 2021 when the Court issued an Order as to one of several causes of action in this case.  Plaintiff Papes through counsel had intended to file a motion for fees after all Orders for judgment had been issued and within the time period set forth in the Local Rules and in the Federal Rules of Civil Procedure.

There being no judgment, relief was not requested for an extension of time to file a motion for fees.

Relief is sought on the basis of this Court's inherent authority regarding interim rulings and on "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order," Civ. Local Rule 7-9, being the request for an Order allowing for fees, being requested in I. SUMMARY OF COERCED LABOR CLAIMS, with statutory authority quoted in IV. ARGUMENT   A. Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595)   1. Civil lawsuit is authorized in situations like those in this case, and requested in VI. CONCLUSION."

Plaintiff Papes brings this motion prior to the hearing on a pending motion for judgment on FLSA claims.  This motion is sought to be heard concurrently with that

motion for judgment, and a motion for fees.

WHEREFORE, Plaintiff Papes requests that this Court reconsider the September 19, 2021 Order insofar as it would preclude Plaintiff Papes from recovery under the concurrently filed Rule 54 motion for fees, which motion which is filed "no later than 14 days of the entry of judgment.'  Plaintiff Papes requests an Order allowing him to seek recovery of fees under the Coerced Labor Cause of Action by the concurrently filed Rule 54 Motion for Fees.

Dated:  October 3, 2022

__/s/_____
William C. Dresser
Attorneys for Plaintiff
Stjepan Papes