**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GREGOR LESNIK and STJEPAN PAPES,<br><br>          Plaintiffs,<br><br>     v.<br><br>EISENMANN SE, et al.,<br><br>          Defendants. | Case No.  16-cv-01120-BLF<br><br>**ORDER DENYING DEFAULT JUDGMENT ON CLAIMS 2 AND 3; GRANTING RECONSIDERATION OF DENIAL OF ATTORNEYS' FEES ON CLAIM 9; AND DENYING WITHOUT PREJUDICE RULE 54 MOTION FOR ATTORNEYS' FEES**<br><br>[Re:  ECF 613, 614, 615] |

Before the Court are three motions filed by Plaintiff Stjepan Papes ("Papes"):  (1) a renewed motion for default judgment on Claims 2 and 3, *see* Mot. for Def. Jud., ECF 613; (2) an administrative motion for leave to file a motion for reconsideration of a prior order denying attorneys' fees in connection with Claim 9, *see* Admin. Mot., ECF 615; and (3) a motion for attorneys' fees and costs on Claims 2, 3, and 9 under Federal Rule of Civil Procedure 54, *see* Fees Mot., ECF 614.  Plaintiff Gregor Lesnik ("Lesnik") is not a moving party with respect to the current motions.  The Court finds the motions suitable for decision without oral argument.  *See* Civ. L.R. 7-1(b).

For the reasons discussed below, Papes' fourth motion for default judgment on Claims 2 and 3 is DENIED.  Papes' administrative motion for leave to file a motion for reconsideration, and his motion for reconsideration, are GRANTED.  Finally, Papes' Rule 54 motion for attorneys' fees and costs is DENIED WITHOUT PREJUDICE.

## I. BACKGROUND

This case was filed in 2016 and was litigated before District Judge Lucy H. Koh for nearly six years before it was reassigned the undersigned judge in 2022. The operative third amended complaint ("TAC") alleges that Robert Vuzem and Ivan Vuzem are residents of Slovenia who own and hold executive positions at ISM Vuzem, d.o.o., a Slovenia-based company. *See* TAC ¶¶ 9-11, ECF 269. ISM Vuzem USA, Inc., now dissolved, was a wholly owned subsidiary of ISM Vuzem, d.o.o. *See id.* ¶ 12. Vuzem USA, Inc. is a wholly owned subsidiary of ISM Vuzem, d.o.o. *See id.* ¶ 13. HRID-MONT d.o.o. is a Slovenia-based company owned by the wife of Robert Vuzem. *See id.* ¶ 14. These defendants ("the Vuzem Defendants") allegedly trafficked low-skilled European laborers by transporting them to the United States to perform work for American manufacturers for less than minimum wage and without overtime pay. *See id.* ¶¶ 55-57. Lesnik, a resident of Slovenia, and Papes, a resident of Croatia, allegedly were transported to the United States by the Vuzem Defendants to work at various car manufacturing plants. *See id.* ¶¶ 59-60.

The TAC asserts thirteen claims against thirty-seven defendants on behalf of Lesnik and Papes and all others similarly situated. *See generally* TAC. While the case was pending before Judge Koh, most of those claims and defendants were dismissed. *See* Status Report, ECF 605. The only claims remaining in the case are three claims asserted by Plaintiff Papes, proceeding individually, against the Vuzem Defendants: Claim 2 for minimum wages under the Fair Labor Standards Act ("FLSA"), Claim 3 for overtime wages under the FLSA, and Claim 9 for trafficking and coerced labor under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See id*. The Vuzem Defendants have defaulted. *See* Clerk's Entries of Default, ECF 430-31, 444-47.

Judge Koh denied three prior motions for default judgment against the Vuzem Defendants on Claims 2 and 3, without prejudice. *See* Prior Order Re Claims 2 and 3, ECF 587. Papes now brings a fourth motion for default judgment on Claims 2 and 3. Judge Koh granted in part Papes' prior motion for default judgment on Claim 9 and denied Papes' request for attorneys' fees in connection with Claim 9. *See* Prior Order Re Claim 9, ECF 586. Papes seeks reconsideration of Judge Koh's denial of attorneys' fees in connection with Claim 9. Finally, Papes seeks an award of attorneys' fees and costs in connection with Claims 2, 3, and 9.

2

**II.   MOTION FOR DEFAULT JUDGMENT ON CLAIMS 2 AND 3 (ECF 613)**

On September 20, 2021, Judge Koh issued an order denying without prejudice Papes' third motion for default judgment against the Vuzem Defendants on Claims 2 and 3, which seek minimum wages and overtime wages under the FLSA. This Court discusses Judge Koh's ruling where relevant to Papes' current fourth motion for default judgment on Claims 2 and 3.

### A.   Legal Standard on Default Judgment

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After an entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those related to damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, the court may either conduct an evidentiary hearing or proceed on documentary evidence submitted by the plaintiff. *See Johnson v. Garlic Farm Truck Ctr. LLC*, 2021 WL 2457154, at *2 (N.D. Cal. Jun. 16, 2021).

### B.   Discussion

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court discusses in turn jurisdiction, service of process, and the *Eitel* factors.

### 1. Jurisdiction

Judge Koh previously determined that federal question jurisdiction exists with respect to Claims 2 and 3 because they are brought under a federal statute, the FLSA. *See* Prior Order Re Claims 2 and 3 at 7-8. This Court agrees that federal question jurisdiction exists on that basis.

Judge Koh previously determined that personal jurisdiction exists with respect to five of the six Vuzem Defendants. *See* Prior Order Re Claims 2 and 3 at 8-12. Judge Koh found that Vuzem USA is subject to general personal jurisdiction based on factual allegations that it was a California corporation prior to its dissolution. *See id.* This Court agrees. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015) ("The paradigmatic locations where general jurisdiction is appropriate over a corporation are its place of incorporation and its principal place of business."); Cal. Corp. Code § 2010(a) ("A corporation which is dissolved nevertheless continues to exist for the purpose of . . . defending actions . . . against it[.]").

Judge Koh found that ISM Vuzem d.o.o., ISM Vuzem USA, Robert Vuzem, and Ivan Vuzem are subject to specific personal jurisdiction based on factual allegations establishing that those defendants purposefully directed their activities to California and availed themselves of the privilege of conducting business in California; that Claims 2 and 3 arise out of those forum-related activities; and that exercise of jurisdiction over ISM Vuzem d.o.o., ISM Vuzem USA, Robert Vuzem, and Ivan Vuzem is reasonable. *See* Prior Order Re Claims 2 and 3 at 10-12. This Court agrees fully with Judge Koh's analysis. The TAC alleges among other things that ISM Vuzem d.o.o. and ISM Vuzem USA entered into contracts for construction of facilities at the Tesla manufacturing plant in Fremont, California, and that Robert and Ivan Vuzem own and control the operations of ISM Vuzem d.o.o. and ISM Vuzem USA. *See* TAC ¶¶ 16, 213. Those and similar factual allegations in the TAC, which are taken as true for purposes of the motion for default judgment, are sufficient to satisfy the requirements for specific personal jurisdiction under the three-part test used in the Ninth Circuit. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Judge Koh found that the sixth of the Vuzem Defendants, HRID-MONT d.o.o., is not subject to specific personal jurisdiction because the TAC contains no allegations that HRID-

4

MONT d.o.o. directed any relevant activities toward California. *See* Prior Order Re Claims 2 and 3 at 11. Papes argues in his current motion that this Court may exercise specific personal jurisdiction over HRID-MONT d.o.o. under an alter ego theory. The alter ego theory of personal jurisdiction was not addressed in Judge Koh's prior order. *See id.* Personal jurisdiction over a corporation may be established by showing that the corporation is the alter ego of other entities or individuals as to whom personal jurisdiction exists. *See Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 591 (9th Cir. 1996) (applying California law). The test is whether (1) there is such unity of interest and ownership that the separate personalities of the corporations no longer exist and (2) failure to disregard the corporations' separate identities would result in fraud or injustice. *See id.*

Here, the TAC alleges that "between Ivan Vuzem and Robert Vuzem and each of ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., and HRID-MONT d.o.o. there is such a unity of interest and ownership between the entities and their equitable owners that the separate personalities of the entities and the owners do not in reality exist." TAC ¶ 17. Papes also asserts that Robert and Ivan Vuzem transferred assets between ISM Vuzem, d.o.o. and HRID-Mont d.o.o., and that individuals were treated as employees of ISM Vuzem, d.o.o. and HRID-Mont d.o.o. at different times. *See* Mot. for Def. Jud. at 9-10. The Court finds that it may exercise personal jurisdiction over HRID-Mont d.o.o. based on allegations and evidence establishing that it is an alter ego of the other Vuzem Defendants.

### 2. Service of Process

When a plaintiff requests default judgment, the court must assess whether the defendant was properly served with notice of the action. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982); *Solis v. Cardiografix*, No. 12-cv-01485, 2012 WL 3638548, at *2 (N.D. Cal. Aug. 22, 2012). Judge Koh previously reviewed the proofs of service filed in this case and found deficiencies only with respect to service on Defendants Magna d.o.o. and We-Kr d.o.o. *See* Prior Order Re Claims 2 and 3 at 12-14. Judge Koh expressly found that service on ISM Vuzem d.o.o., ISM Vuzem USA, Vuzem USA, Robert Vuzem, and Ivan Vuzem was compliant with Federal Rule of Civil Procedure 4 and the Convention on the Service Abroad of Judicial and Extrajudicial

5

Documents in Civil and Commercial Matters ("Hague Service Convention"), 20 U.S.T. 361, T.I.A.S. No. 6638. *See id.* The proof of service filed for HRID-Mont d.o.o. is substantially identical to the proof of service filed for ISM Vuzem d.o.o. *Compare* POS re HRID-Mont d.o.o., ECF 364, *with* POS re ISM Vuzem d.o.o., ECF 363. This Court agrees with Judge Koh's analysis and finds no basis to revisit it. Accordingly, this Court finds that the service requirement is satisfied with respect to all Vuzem Defendants.

### 3. *Eitel* Factors

Next, the Court considers whether default judgment against the Vuzem Defendants is warranted under the *Eitel* factors.

#### a. Factor 1 – Possibility of Prejudice

Under the first *Eitel* factor, the Court finds that Papes would be prejudiced without a default judgment against the Vuzem Defendants on Claims 2 and 3. Unless default judgment is entered, Papes will have no other means of recourse on those claims. *See Ridola v. Chao*, 2018 WL 2287668, at *5 (N.D. Cal. May 18, 2018) (plaintiff prejudiced without default judgment because she "would have no other means of recourse against Defendants for the damages caused by their conduct"). The first factor therefore weighs in favor of granting default judgment.

#### b. Factors 2 and 3 – Merits and Sufficiency of Claims

The second and third *Eitel* factors address the merits and sufficiency of Papes' claims as pleaded in the TAC. Courts often analyze these two factors together. *See Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010) ("Under an Eitel analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together."). "[T]he general rule is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Claim 2 alleges failure to pay minimum wages under the FLSA, 29 U.S.C. § 206(a). Claim 3 alleges failure to pay overtime wages under the FLSA, 29 U.S.C. § 207(a). "To establish a minimum-wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Smith v. Nov. Bar N Grill LLC*, 441 F.

6

Supp. 3d 830, 834 (D. Ariz. 2020).

### i. Employee of Defendants

With respect to the first element, the Ninth Circuit has held that "the definition of 'employer' under the FLSA is not limited by the common law concept of 'employer,' but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999) (internal quotation marks and citation omitted). For example, "[w]here an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the Act, and is subject to liability." *Id*. at 1012 (internal quotation marks and citation omitted). Thus, in *Lambert*, the Ninth Circuit held that the chief executive officer and the chief operating officer of the defendant corporations' corporate parent were "employers" who could be held liable under FLSA. *See id.*

The TAC alleges that each of the Vuzem Defendants was Papes' employer within the meaning of the FLSA. *See* TAC ¶ 241. The TAC alleges that Papes was employed by ISM Vuzem, d.o.o., *see* TAC ¶ 60; each of the corporate Vuzem Defendants was the alter ego of the others, *see* TAC ¶ 17; the corporate Vuzem Defendants shared laborers, *see* TAC ¶ 15; and Robert and Ivan Vuzem controlled all aspects of the Corporate Vuzem Defendants, *see* TAC ¶¶ 10-11, 16-17. Those allegations, taken as true, establish that Papes was an employee of each of the Vuzem Defendants for purposes of the FLSA.

### ii. Covered under the FLSA

With respect to the second element, an individual is covered under the FLSA if the individual "works for an enterprise engaged in commerce." *Smith*, 441 F. Supp. 3d at 841. The TAC alleges that the Vuzem Defendants are engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA. *See* TAC ¶ 241.

### iii. Failure to Pay Minimum or Overtime Wages

With respect to the third element, the TAC alleges that the Vuzem Defendants "suffered and permitted" Papes and others "to routinely work more than forty (40) hours a workweek while paying them less than minimum wages and without overtime compensation." TAC ¶¶ 239, 254.

7

These general and conclusory allegations are insufficient to establish that Papes was paid less than minimum wages and was not paid earned overtime compensation. In order to establish a failure to pay minimum wages in violation of the FLSA, the employee must show that in a given work week, the total amount paid divided by the hours worked falls below the minimum wage set by the statute. *See Durland v. Straub*, No. 3:20-CV-00031-IM, 2022 WL 2704169, at *5 (D. Or. July 12, 2022). In order to establish a failure to pay overtime wages, the employee must show that in a given work week, the employee worked more than forty hours and was not paid time and a half for all hours in excess of forty. *See id.* at *6. The TAC does not allege those specifics.

Judge Koh denied Papes' prior motion for default judgment on the basis that he failed to provide adequate support for his minimum wages and overtime claims. *See* Prior Order Re Claims 2 and 3 at 15-19. Judge Koh noted that Papes had attempted to provide the necessary information in his motion, but had misstated the federal minimum wage as $7.50 when in fact it was $7.25, had made inconsistent statements regarding when and how much he was paid, and had improperly included transit time in his work hours. *See id.*

This Court finds that Papes once again has failed to provide adequate support for his minimum wages and overtime claims under the FLSA. Papes submits a Further Supplemental Declaration in support of his motion, to which are appended numerous spreadsheets and exchange rate charts that he presumably believes support his claims. The spreadsheets and charts are not summarized or totaled in the declaration. Other Courts have denied motions for default judgment when confronted with similar unwieldy evidence offered in support of a minimum wage claim under the FLSA. *See Durland*, 2022 WL 2704169, at *6 ("Further, this Court cannot sift through pages of spreadsheets and pay stubs – some illegible – in an effort to infer whether a minimum wage violation occurred.").

The Court observes that the Further Supplemental Declaration refers the Court to several prior declarations and exhibits filed in this case, citing the ECF numbers for those documents and apparently expecting the Court to track them down and print them for reference in connection with the current motion. The Court's Standing Order Re Civil Cases expressly provides that " All factual and legal bases for a party's position with respect to a motion must be presented in the

1  briefing on that motion. Arguments presented in earlier-filed briefs or documents may not be
2  incorporated by reference." Standing Order § IV.D.
3    In short, Papes has failed to establish that his FLSA claims are meritorious through the
4  allegations of the TAC or through the Further Supplemental Declaration submitted in support of
5  his motion. The second and third factors therefore weigh against granting default judgment. "Of
6  all the *Eitel* factors, courts often consider the second and third factors to be the most important."
7  *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal.
8  2019) (internal quotation marks and citation omitted). Thus, Papes' failure on these factors is fatal
9  to his motion for default judgment.
10   The Court nonetheless briefly addresses the remaining *Eitel* factors for the sake of
11 completeness.

    **c. Factor 4 – Sum of Money at Stake**

  Under the fourth *Eitel* factor, the Court must consider the amount of money at stake in relation to the seriousness of the Vuzem Defendants' conduct. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in light of defendant's actions." *Love v. Griffin*, No. 18-CV-00976-JSC, 2018 WL 4471073, at *5 (N.D. Cal. Aug. 20, 2018), report and recommendation adopted, No. 18-CV-00976-JD, 2018 WL 4471149 (N.D. Cal. Sept. 17, 2018). As noted above, Papes' declaration and attached spreadsheets and charts do not provide a summary or total of unpaid wages claimed. In his motion, he asserts that he seeks unpaid wages in the amount of $39,693.46, plus liquidated damages in an amount equal to the unpaid wages of $39,693.46, plus pre-judgment interest. Had those damages been substantiated, they would not have been too large or unreasonable in light of the Vuzem Defendants' alleged blatant violations of the FLSA and trafficking. The fourth *Eitel* factor favors default judgment.

    **d. Factor 5 – Possibility of Dispute**

  Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over any material fact. *See Love*, 2018 WL 4471073, at *5; *Ridola*, 2018 WL 2287668, at *13. Because Papes has failed to establish an entitlement to unpaid minimum or overtime wages, there is a possibility of dispute on his FLSA claims. This factor weighs against default judgment.

### e. Factor 6 – Reason for Default

Under the sixth *Eitel* Factor, the Court considers whether the default was due to excusable neglect. There is no indication on this record that the Vuzem Defendants' failure to respond to this action was due to excusable neglect. This factor favors default judgment.

### f. Factor 7 – Policy Favoring Decision on the Merits

The seventh *Eitel* factor, which is the strong policy favoring decisions on the merits, weighs against default judgment. In cases where the other *Eitel* factors weigh in favor of default judgment, the seventh factor will not be an impediment to granting default judgment. *See Ridola*, 2018 WL 2287668, at *13 ("Although federal policy favors decision on the merits, Rule 55(b)(2) permits entry of default judgment in situations, such as this, where a defendant refuses to litigate."). That is not the case here, however, where several of the *Eitel* factors weigh against default judgment.

### g. Conclusion

Only the first, fourth, and sixth of the *Eitel* factors weigh in favor of default judgment. The second, third, fifth, and seventh factors weigh against default judgment. As noted above, the second and third factors are the most important. Accordingly, Papes' fourth motion for default judgment on Claims 2 and 3 is DENIED. No further motions for default judgment on Claims 2 and 3 will be entertained.

### III. MOTION FOR RECONSIDERATION (ECF 615)

Judge Koh entered an order granting in part and denying in part Papes' motion for default judgment on Claim 9 for trafficking and coerced labor under the TVPRA. *See* Prior Order Re Claim 9, ECF 586. Specifically, Judge Koh granted the motion as to ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem, and denied the motion as to Vuzem USA, Inc. and HRID-Mont, d.o.o. *See id.* at 31. Judge Koh awarded Papes $305,500 in compensatory damages and $305,500 in punitive damages, for a total award of $611,000 in damages. *See id.* However, Judge Koh denied Papes' request for attorneys' fees for failure to provide any supporting declarations or evidence that would support an award of attorneys' fees. *See id.*

Papes has filed an administrative motion for leave to seek reconsideration, and a proposed

10

1    motion for reconsideration, of Judge Koh's ruling to the extent it may be construed as a bar to

2    filing a motion for attorneys' fees under Federal Rule of Civil Procedure 54.  *See* Admin. Mot.,

3    ECF 615.

4          Rule 54(d) provides that a claim for attorneys' fees must be made by motion; that an

5    attorneys' fees motion must be filed within fourteen days after entry of judgment; and that such

6    motion must specify the statute, rule, or other grounds giving rise to an entitlement to attorneys'

7    fees.  *See* Fed. R. Civ. P. 54(d)(2).  Papes asserts that final judgment has not been entered in this

8    case, and thus the fourteen-day period to file a Rule 54 motion for attorneys' fees has not yet been

9    triggered.  Papes also asserts that although his prior motion for default judgment on Claim 9 stated

10   that attorneys' fees should be awarded, that statement was not intended to be a Rule 54 motion for

11   attorneys' fees.

12         It appears that Judge Koh construed Papes' statement that attorneys' fees should be

13   awarded as a Rule 54 motion for attorneys' fees.  In denying that motion, Judge Koh stated that

14   "Papes does not provides declarations or affidavits containing a statement of the services rendered

15   by each person for whom fees are requested and a brief description of their relevant qualifications

16   as is required by Civil Local Rule 54-5(b)(2)-(3)."  Prior Order Re Claim 9 at 31.

17         Having reviewed the prior motion for default judgment on Claim 9, and Judge Koh's

18   ruling thereon, the Court finds that there was a misunderstanding as to whether the motion

19   included a Rule 54 motion for attorneys' fees.  Under these circumstances, the Court finds that

20   reconsideration is appropriate under Civil Local Rule 7-9(b), permitting reconsideration based on

21   the court's manifest failure to consider material facts or legal arguments.  *See* Civ. L.R. 7-9(b)(3).

22   Accordingly, Papes' administrative motion for leave to seek reconsideration, and motion for

23   reconsideration, are GRANTED.  Papes is not precluded from filing a Rule 54(d) motion for

24   attorneys' fees in connection with Claim 9.

25   **IV.    MOTION FOR ATTORNEYS' FEES AND COSTS UNDER RULE 54 (ECF 614)**

26         Papes has filed a motion under Rule 54(d), seeking an award of attorneys' fees and costs in

27   connection with Claims 2, 3, and 9.  Papes is not entitled to attorneys' fees and costs in connection

28   with Claims 2 and 3, as the Court has denied his motion for default judgment on those claims.

1  The Court therefore considers Papes' Rule 54(d) motion only in connection with Claim 9 under
2  the TVPRA, on which Judge Koh granted default judgment against ISM Vuzem d.o.o., ISM
3  Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem in the total amount of $611,000. The Court
4  evaluates Papes' request for attorneys' fees in connection with Claim 9 herein. Papes' Bill of
5  Costs will be addressed by the Clerk pursuant to Civil Local Rule 54-1.

### A. Legal Standard

The TVPRA provides that a victim "may bring a civil action against the perpetrator . . . and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). When calculating a reasonable attorneys' fee under federal law, courts in the Ninth Circuit follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id*.

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th. Cir. 1997). The fee applicant bears the burden of producing evidence, other than declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *See Blum*, 465 U.S. at 896 n.11. Further, the district court should exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434.

### B. Discussion

Papes' counsel, William C. Dresser, has provided a declaration in support of the motion for attorneys' fees. *See* Dresser Decl., ECF 614-2. The declaration includes billing records and summary charts of fees by major tasks. *See id.* Unfortunately, the Court cannot discern from the

declaration and appended charts which hours were expended on Claim 9, as to which fees are recoverable, as opposed to Claims 2 and 3, as to which fees are not recoverable. For that reason, the Court has no option but to deny Papes' motion for attorneys' fees without prejudice. Papes may file a renewed motion for attorneys' fees, limited to those fees incurred in connection with Claim 9, by June 20, 2023. Such renewed motion need not include the underlying billing records previously submitted to the Court, but shall include a declaration of counsel and a summary chart showing the hours expended on Claim 9 by biller and task. Papes need not reserve a hearing date for a renewed fees motions; any renewed motion will be decided on the papers.

Papes' Rule 54 motion for attorneys' fees is DENIED WITHOUT PREJUDICE.

**V.   ORDER**

(1) Papes' fourth motion for default judgment on Claims 2 and 3 (ECF 613) is DENIED. No further motions for default judgment on Claims 2 and 3 will be entertained.

(2) Papes' administrative motion for leave to file a motion for reconsideration, and his motion for reconsideration (ECF 615), are GRANTED.

(3) Papes' Rule 54 motion for attorneys' fees and costs (ECF 614) is DENIED WITHOUT PREJUDICE. Papes may file a renewed motion for attorneys' fees, limited to those fees incurred in connection with Claim 9, by June 20, 2023.

(4) This order terminates ECF 613, 614, and 615.

Dated: May 30, 2023

_____
BETH LABSON FREEMAN
United States District Judge