WILLIAM C. DRESSER, SBN 104375
LAW OFFICES OF WILLIAM C. DRESSER
14125 Capri Drive, Suite 4
Los Gatos, California 95032
Telephone: (408) 279-7529
Facsimile: (408) 298-3306
Email: loofwcd@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,

Plaintiffs,

vs.

EISENMANN SE, et al.

Defendants.

Case No.: 5:16-cv-01120-BLF

PLAINTIFF STJEPAN PAPES' RENEWED MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES

Date: October 26, 2023
Time: 9:00 a.m.
Ctrm: 3, 5th Floor

Judge: Hon. Beth Labson Freeman

**CONTENTS**

NOTICE OF MOTION AND MOTION....1

MEMORANDUM OF POINTS AND AUTHORITIES....2

PLAINTIFF PAPES PLED A RIGHT TO RECOVERY OF ATTORNEY'S FEES....2

PROCEDURAL SUMMARY....2

LEGAL ARGUMENT....3

PLAINTIFF FILES A PROCEDURALLY CORRECT MOTION FOR FEES....3

LEGAL STANDARD FOR AWARD OF FEES....4

DETERMINATION OF AWARD....4

CONCLUSION....8

## TABLE OF AUTHORITIES

### CASES

Aguilar v. Zep Inc., No. 13-CV-00563-WHO, 2014 WL 4063144, at *2 (N.D. Cal. Aug. 15, 2014) ........ 7

Barjon v. Dalton, 132 F.3d 496, 500 (9th. Cir. 1997) ........ 6

Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) ........ 5

Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986) ........ 6

Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) ........ 5

Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) ........ 5

Hensley v. Eckerhart, 461 U.S. 424, 433, 436 (1983) ........ 5, 6

Zhou v. Chai, No. 21CV06067AMODMR, 2023 WL 3409460, at *11 (N.D. Cal. May 11, 2023) ........ 7

### STATUTES

Title 18 of the United States Code section 1595 ........ 1, 3

### RULES

Civil Local Rule 54 ........ 1

Civil Local Rule 54-5 ........ 4

Federal Rules of Civil Procedure Rule 54 ........ 1

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Plaintiff Stjepan Papes (hereinafter "Plaintiff" or "Plaintiff Papes") on October 26, 2023, at 9:00 a.m., or as soon thereafter as the case may be called, in Courtroom 3, Fifth Floor, 280 South First Street, San Jose, California 95113, will and hereby does move this Court for an award of reasonable attorneys' fees, costs, and expenses. Plaintiff Papes is the prevailing party under the September 19, 2021 Order in this case. ECF No 586.

This motion is based on the authority set forth in Civil Local Rule 54, Federal Rules of Civil Procedure Rule 54, and Title 18 of the United States Code section 1595, as well as under the Court's inherent authority.

Plaintiff Papes further requests that this Court direct entry of a final judgment under Rule 54(b), and include the award of fees in a final judgment.

Plaintiff makes this motion on the grounds that he is the prevailing party on a cause of action based on statutes that provide for recovery of attorney's fees, and that he is making this motion within 14 days of entry of judgment, and as allowed by Order issued in this action.

Plaintiff Papes' motion is based on this notice of motion, the following memorandum of points and authorities, the accompanying Declaration of William Dresser, all documents in the Court's file including declarations and requests for judicial notice including exhibits attached thereto, findings in prior Orders relevant to issues of fact and law herein, and on such written or oral argument that Plaintiff may present to the Court at or before the hearing.

Dated: June 15, 2023

__/s/______________________
William C. Dresser
Attorneys for Plaintiff
Stjepan Papes

## MEMORANDUM OF POINTS AND AUTHORITIES

## PLAINTIFF PAPES PLED A RIGHT TO RECOVERY OF ATTORNEY'S FEES

Stjepan Papes is a victim granted relief on the NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595). ECF No. 586.

The TVPRA provides that a victim "may recover damages and reasonable attorney's fees." (18 U.S.C. § 1595, subd (a).) Stjepan Papes as victim was the prevailing party on the Ninth Cause of Action of the Complaint herein. The NINTH CAUSE OF ACTION Trafficking and Coerced Labor under TVPRA (18 U.S.C. § 1595) alleges: "353. Plaintiffs also request recovery of attorney's fees and costs."

## PROCEDURAL SUMMARY

Plaintiff Gregor Lesnik, then appearing as Relator, filed the complaint initiating this lawsuit on March 7, 2016. ECF No. 1. On July 15, 2016, Plaintiff Lesnik filed the First Amended Complaint. ECF No. 20. On April 25, 2017, the United States filed a notice that it would not intervene in the instant case. ECF No. 25. On April 25, 2017, the Court unsealed the complaint. ECF No. 26.

On August 8, 2017, the Court granted a July 19, 2017 motion by Gregor Lesnik and Stjepan Papes, then appearing as Plaintiffs and Relators, to file a Second Amended Complaint, and directed the United States to make a "prompt decision" regarding intervention. ECF No. 31. On October 5, 2017, the United States filed another notice that it would not intervene in the instant case. ECF No. 34. Following administrative motion for Order to unseal, the Second Amended Complaint was filed in the public record on November 11, 2017. ECF No. 37.

The Second Amended Complaint contained in one Count under the Third Cause of Action a claim for relief under the TVPA.

On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere, REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended Complaint. ECF No 219. On October 1, 2018, the Court granted in part and denied in part the motion to dismiss the Second Amended Complaint. ECF No. 255.

A Third Amended Complaint including a Ninth Cause of Action for damages and other recovery under the TVPA was filed on October 31, 2018 by Plaintiffs and Relators Gregor Lesnik and Stjepan Papes. ECF No. 269 (hereinafter "TAC").

Plaintiff Stjepan Papes seeks fees pursuant to Federal Rules of Civil Procedure, Rule 54. The Court's May 30, 2023 Order, ECF No. 617, granted Papes' motion for reconsideration. It states "Papes may file a renewed motion for attorneys' fees, limited to those incurred in connection with Claim 9, by June 20, 2023."

Plaintiff by this motion seeks recovery of $254,550.00 as fees and $62,916.19 for expenses for Stjepan Papes as prevailing party under the TVPA. The fees by this motion should be awarded. A Bill of Costs will be separately submitted to the Clerk after entry of judgment.

## LEGAL ARGUMENT

### Plaintiff files a procedurally correct motion for fees

Civil Local Rule 54-5 requires a motion for award of attorney's fees by the Court be served and filed within 14 days of entry of judgment. Here, this motion is filed prior to Judgment.

This Court's May 30, 2023 Order provides that "Papes may file a renewed motion for attorneys' fees, limited to those fees incurred in connection with Claim 9, by June 20, 2023." ECF No. 617. This motion is filed by June 20, 2023. The within motion is timely

Defendants despite having been properly served, having been provided substantial

notice, and despite having counsel, chose not to appear. Counsel for Plaintiff has thus not met and conferred with defaulted defendants.

This motion for recovery is supported by the accompanying Declaration of William Dresser including the exhibits attached to the declaration.

**Legal standard for award of fees**

When calculating attorneys' fees, courts follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 436 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id., at 437; Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th. Cir. 1997). The district court should exclude hours that were not reasonably expended. See Hensley, 461 U.S. at 434.

**Determination of award**

Moving Plaintiff Stjepan Papes files a declaration of counsel in support of his request for attorneys' fees. The Dresser Declaration in support of this motion authenticates and attaches a report of time and expenses, redacted as to unrelated matters. It also attaches a Chart of Major Tasks which categorizes and identifies services

incurred in connection with Claim 9.

Moving Party's counsel, Mr. Dresser, spent 585 hours on this case in connection with Claim 9 and his paralegals spent 274 hours. Based on counsel's hourly billing rate of $400 and the paralegals' hourly billing rate of $75, the lodestar for fees is $254,550.00. These hours and fees are adequately documented by counsel's declaration, the attached billing records, and the attached summary chart of hours broken down by major tasks.

The billing rates of counsel and paralegals are within the range of fees awarded in this district. Mr. Dresser is the only attorney to bill in this matter. He is a 1982 graduate of the University of California, Hastings College of the Law, he has significant civil litigation experience, he is a member of the California State Bar Labor and Employment Law Section, and he has charged $400 per hour since 2018. See Dresser Decl., para 86-97. Other courts in this district have approved similar hourly rates for experienced attorneys handling similar cases. See, e.g., Zhou v. Chai, No. 21CV06067AMODMR, 2023 WL 3409460, at *11 (N.D. Cal. May 11, 2023) ("The court finds that the hourly rate of $450 is reasonable and falls within the market rates for attorneys of similar experience, skill, and reputation who handle wage and hour cases in the Bay Area."). Three paralegals worked on this case, all experienced, and they billed at $75 per hour, which is the rate Mr. Dresser has billed for paralegals for a decade. See id., para 76-85. Courts in this district have approved up to $180 per hour for experienced paralegals in similar cases. See, e.g., Aguilar v. Zep Inc., No. 13-CV-00563-WHO, 2014 WL 4063144, at *2 (N.D. Cal. Aug. 15, 2014). Counsel's qualification and experience justified the rates requested. Accordingly, the Court should award fees based on the requested rates of $400 for counsel and $75 for paralegals.

The summary of tasks performed and hours expended should be found to

accurately state that 585 hours by counsel and 274 hours by paralegals is reasonable for the work performed incurred in connection with Claim 9.

Mr. Dresser and his paralegals expended substantial time on service of process, on investigation and obtaining information, responding to numerous legal challenges, and preparation of the motion for default judgment with substantial supporting evidence.

With respect to service of process, the Vuzem Defendants include foreign residents, and service was made pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents as well as by investigators in the county in which defendants reside. Counsel had to work through interpreters in Croatia and in Slovenia, the summons and complaint had to be translated into Slovenian by a certified interpreter, and counsel had to arrange for the Vuzem Defendants to be served by the Republika Slovenija, Okrozno sodisce (District Court of Ptuj), see tttt, as well as by Detektivsko Varnostna Agencija FOKUS d.o.o., aka DVA Fokus, Kidriceva ulica 24b, 3000 Celje, Slovenija info@fokus-dva.si, a private investigative firm.

Other of the Vuzem defendants are corporations in California and in South Carolina that dissolved one prior to the within action and one after. These required motions to serve.

Mr. Dresser and his staff gathered information to buttress the claims of Mr. Papes for proof of liability, pattern of conduct and liability for exemplary damages. They gathered information on the irregular contract agreements between large hirers Tesla and others with Eisenmann Corporation, and of Eisenmann Corporation with subcontractors including the Vuzem entities without any construction subcontractor being required to have or actually having workers compensation insurance. This is relevant to liability for coerced labor claims.

Mr. Dresser and his staff gathered information to identify the relationship between all of the Vuzem defendants. They obtained proof of transfer of employees, financial accounts, and work from ISM Vuzem, d.o.o. to HRID-Mont, d.o.o.

Mr. Dresser and his staff also gathered information for proof of damages, including medical, loss of income and non-economic damages. He also researched and located information to support valuations for TVPA damages claims.

Mr. Dresser and his staff gathered information to support specific personal jurisdiction. They obtained a declaration from Goren "Gogo" Rebic which confirms his “transfer” of employment from ISM Vuzem, d.o.o. to HRID-Mont, d.o.o., and his working in the United States in 2019 for HRID-Mont, d.o.o.

They served and re-served very substantial and detailed Rule 26 Disclosures and Supplemental Disclosures. They served and re-served discovery requests to Defendants Eisenmann Corporation and Tesla Corporation, obtaining including after filing motions documents that corroborate and support the hours worked by Papes and when and where.

Mr. Dresser engaged in substantial law and motion practice on all issues, including subject matter jurisdiction, personal jurisdiction, service of process, motions to quash, motions to compel, administrative motions to file under seal, motions re confidentiality, and motions to dismiss including regarding responsible parties and allegations to support a coerced labor claim under the TVPA.

Obtaining information in this case was a lengthy process that involved e-mail, zoom and phone calls as well as language difficulties. Mr. Dresser and his staff gathered information from social media, internet investigation, communications oral and in writing with Ms. Papes and with many co-workers, FOIA requests, and discovery obtained in this

action and from prior litigation productions. I also had to obtain documents from medical care providers in Croatia as well as in California. I had planned a trip to Croatia, but this was cancelled when I had surgery for an Achilles injury. This slowed and made more difficult and time-consuming obtaining records, documents and information.

Mr. Dresser and his staff prepared motions to obtain default judgment on coerced labor claims. These included substantial supporting documentation. The motion for default judgment was granted as to Papes on the TVPA coerced labor Claim 9.

Recovery for time and expense for other matters in this case that were only tangentially related to the coerced labor claim have been not been requested.

Mr. Dresser and Plaintiff Papes engaged in mediation which specifically covered the coerced labor claims. Costs included not only costs paid to FedArb, but also travel charges which increased when Mr. Papes learned at an airport that his visa had been cancelled. Plaintiff also engaged in a court supervised settlement conference with the Honorable Judge Virginia DeMarchi, which resulted in a partial settlement of the coerced labor Claim 9.

Based on Mr. Dresser's description of the work performed on these and other tasks, the Court should find that the hours expended are reasonable.

**CONCLUSION**

It is respectfully requested that moving party Plaintiff Stjepan Papes' Renewed Motion for Reasonable Attorneys' Fees and Costs be granted, and the moving party Plaintiff Stjepan Papes should be awarded attorneys' fees in the amount of $254,550.00.

Dated: June 16, 2023

__/s/____________________
William C. Dresser
Attorneys for Plaintiff
Stjepan Papes

Pld\MtnFees.616