UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>vs.<br><br>EISENMANN SE, et al.<br><br>Defendants. | Case No.: 5:16-cv-01120-BLF<br><br>[proposed]<br><br>ORDER GRANTING PLAINTIFF STJEPAN PAPES' RENEWED MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS<br><br>Date:      October 26, 2023<br>Time:     9:00 a.m.<br>Ctrm:     3, 5th Floor<br><br>Judge:    Hon. Beth Labson Freeman |

Before the Court is Plaintiff Stjepan Papes's renewed motion for attorney's fees. ECF No. __.

Plaintiff Papes seeks an award of reasonable attorneys' fees, costs, and expenses as the prevailing party under the September 19, 2021 Order in this case, ECF No 586, and pursuant to Civil Local Rule 54, Federal Rules of Civil Procedure Rule 54, and Title 18 of the United States Code section 1595.

Having carefully consider the motion papers, the Court GRANTS Plaintiff's motion for the reasons set forth below.

## BACKGROUND

Plaintiff Gregor Lesnik, then appearing as Relator, filed the complaint initiating this

1

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Order Granting Pltf Papes' Renewed Mtn for Fees as Prevailing Party

lawsuit on March 7, 2016. ECF No. 1. On July 15, 2016, Plaintiff Lesnik filed the First Amended Complaint. ECF No. 20. On April 25, 2017, the United States filed a notice that it would not intervene in the instant case. ECF No. 25. On April 25, 2017, the Court unsealed the complaint. ECF No. 26.

On August 8, 2017, the Court granted a July 19, 2017 motion by Gregor Lesnik and Stjepan Papes, then appearing as Plaintiffs and Relators, to file a Second Amended Complaint, and directed the United States to make a "prompt decision" regarding intervention. ECF No. 31. On October 5, 2017, the United States filed another notice that it would not intervene in the instant case. ECF No. 34.  Following administrative motion for Order to unseal, the Second Amended Complaint was filed in the public record on November 11, 2017.  ECF No. 37.

The Second Amended Complaint contained in one Count under the Third Cause of Action a claim for relief under the TVPA.

On July 12, 2018, various moving Defendants—Eisenmann, Tesla, Mercedes-Benz, Deere, REHAU, LaX, VW, Discatal, and BMW—filed a motion to dismiss the Second Amended Complaint. ECF No 219.  On October 1, 2018, the Court granted in part and denied in part the motion to dismiss the Second Amended Complaint. ECF No. 255.

A Third Amended Complaint including a Ninth Cause of Action for damages and other recovery under the TVPA was filed on October 31, 2018 by Plaintiffs and Relators Gregor Lesnik and Stjepan Papes.  ECF No. 269 (hereinafter "TAC").

Plaintiff Stjepan Papes seeks fees pursuant to Federal Rules of Civil Procedure, Rule 54.  The Court's May 30, 2023 Order, ECF No. 617, granted Papes' motion for reconsideration.  It states "Papes may file a renewed motion for attorneys' fees, limited to those incurred in connection with Claim 9, by June 20, 2023."

Plaintiff by this motion seeks recovery of $254,550.00 as fees and $62,916.19 for expenses for Stjepan Papes as prevailing party under the TVPA. The fees by this motion WILL BE AWARDED. Moving party may submit a Bill of Costs to the Clerk after entry of judgment.

When calculating attorneys' fees, courts follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008) (quoting Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 436 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id., at 437; Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." Barjon v. Dalton, 132 F.3d 496, 500 (9th. Cir. 1997). The district court should exclude hours that were not reasonably expended. See Hensley, 461 U.S. at 434.

Moving Plaintiff Stjepan Papes files a declaration of counsel in support of his request for attorneys' fees. The Dresser Declaration in support of this motion authenticates and attaches a report of time and expenses, redacted as to unrelated matters. It also attaches a Chart of Major Tasks which categorizes and identifies services incurred in connection with Claim 9.

Moving Party's counsel, Mr. Dresser, spent 585 hours on this case in connection

with Claim 9 and his paralegals spent 274 hours. Based on counsel's hourly billing rate of $400 and the paralegals' hourly billing rate of $75, the lodestar for fees is $254,550.00. These hours and fees are adequately documented by counsel's declaration, the attached billing records, and the attached summary chart of hours broken down by major tasks.

    The Court finds that the billing rates of counsel and paralegals are within the range of fees awarded in this district. Mr. Dresser is the only attorney to bill in this matter. He is a 1982 graduate of the University of California, Hastings College of the Law, he has significant civil litigation experience, he is a member of the California State Bar Labor and Employment Law Section, and he has charged $400 per hour since 2018. See Dresser Decl., para 86-97. Other courts in this district have approved similar hourly rates for experienced attorneys handling similar cases. See, e.g., Zhou v. Chai, No. 21CV06067AMODMR, 2023 WL 3409460, at *11 (N.D. Cal. May 11, 2023) ("The court finds that the hourly rate of $450 is reasonable and falls within the market rates for attorneys of similar experience, skill, and reputation who handle wage and hour cases in the Bay Area."). Three paralegals worked on this case, all experienced, and they billed at $75 per hour, which is the rate Mr. Dresser has billed for paralegals for a decade. See id., para 76-85. Courts in this district have approved up to $180 per hour for experienced paralegals in similar cases. See, e.g., Aguilar v. Zep Inc., No. 13-CV-00563-WHO, 2014 WL 4063144, at *2 (N.D. Cal. Aug. 15, 2014). Counsel's qualification and experience justified the rates requested.

    Accordingly, the Court will award fees based on the requested rates of $400 for counsel and $75 for paralegals.

    The Court finds the summary of tasks performed and hours expended accurately state that 585 hours by counsel and 274 hours by paralegals was reasonable for the work

4

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Order Granting Pltf Papes' Renewed Mtn for Fees as Prevailing Party

performed incurred in connection with Claim 9.

Mr. Dresser and his paralegals expended substantial time on service of process, on investigation and obtaining information, responding to numerous legal challenges, and preparation of the motion for default judgment with substantial supporting evidence.

With respect to service of process, the Vuzem Defendants include foreign residents, and service was made pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents as well as by investigators in the county in which defendants reside.  Counsel had to work through interpreters in Croatia and in Slovenia, the summons and complaint had to be translated into Slovenian by a certified interpreter, and counsel had to arrange for the Vuzem Defendants to be served by the Republika Slovenija, Okrozno sodisce (District Court of Ptuj), see tttt, as well as by Detektivsko Varnostna Agencija FOKUS d.o.o., aka DVA Fokus, Kidriceva ulica 24b, 3000 Celje, Slovenija info@fokus-dva.si, a private investigative firm.

Other of the Vuzem defendants are corporations in California and in South Carolina that dissolved one prior to the within action and one after.  These required motions to serve.

Mr. Dresser and his staff gathered information to buttress the claims of Mr. Papes for proof of liability, pattern of conduct and liability for exemplary damages.  They gathered information on the irregular contract agreements between large hirers Tesla and others with Eisenmann Corporation, and of Eisenmann Corporation with subcontractors including the Vuzem entities without any construction subcontractor being required to have or actually having workers compensation insurance.  This is relevant to liability for coerced labor claims.

Mr. Dresser and his staff gathered information to identify the relationship between

5

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Order Granting Pltf Papes' Renewed Mtn for Fees as Prevailing Party

all of the Vuzem defendants.  They obtained proof of transfer of employees, financial accounts, and work from ISM Vuzem, d.o.o. to HRID-Mont, d.o.o.

Mr. Dresser and his staff also gathered information for proof of damages, including medical, loss of income and non-economic damages.  He also researched and located information to support valuations for TVPA damages claims.

Mr. Dresser and his staff gathered information to support specific personal jurisdiction.  They obtained a declaration from Goren "Gogo" Rebic which confirms his "transfer" of employment from ISM Vuzem, d.o.o. to HRID-Mont, d.o.o., and his working in the United States in 2019 for HRID-Mont, d.o.o.

They served and re-served very substantial and detailed Rule 26 Disclosures and Supplemental Disclosures.  They served and re-served discovery requests to Defendants Eisenmann Corporation and Tesla Corporation, obtaining including after filing motions documents that corroborate and support the hours worked by Papes and when and where.

Mr. Dresser engaged in substantial law and motion practice on all issues, including subject matter jurisdiction, personal jurisdiction, service of process, motions to quash, motions to compel, administrative motions to file under seal, motions re confidentiality, and motions to dismiss including regarding responsible parties and allegations to support a coerced labor claim under the TVPA.

Obtaining information in this case was a lengthy process that involved e-mail, zoom and phone calls as well as language difficulties.   Mr. Dresser and his staff gathered information from social media, internet investigation, communications oral and in writing with Ms. Papes and with many co-workers, FOIA requests, and discovery obtained in this action and from prior litigation productions.  He also had to obtain documents from

6

US ex rel Lesnik v Eisenmann, et al; US Dist Ct., ND Cal. 5:16-cv-1120 BLF
Order Granting Pltf Papes' Renewed Mtn for Fees as Prevailing Party

medical care providers in Croatia as well as in California. Events caused this to be difficult and time-consuming.

Mr. Dresser and his staff prepared motions to obtain default judgment on coerced labor claims. These included substantial supporting documentation. The motion for default judgment was granted as to Papes on the TVPA coerced labor Claim 9.

Recovery for time and expense for other matters in this case that were only tangentially related to the coerced labor claim have been not been requested.

Mr. Dresser and Plaintiff Papes engaged in mediation which specifically covered the coerced labor claims. Costs included not only costs paid to FedArb, but also travel charges which increased when Mr. Papes learned at an airport that his visa had been cancelled. Plaintiff also engaged in a court supervised settlement conference with the Honorable Judge Virginia DeMarchi, which resulted in a partial settlement of the coerced labor Claim 9.

The Court finds based on Mr. Dresser's description of the work performed on these and other tasks that the hours expended are reasonable.

Accordingly, moving party Plaintiff Stjepan Papes' Renewed Motion for Reasonable Attorneys' Fees and Costs is GRANTED in the amount of $254,550.00.

## ORDER

The motion for attorneys' fees is GRANTED in the amount of $254,550.00.

Plaintiff may file a Bill of Costs after Entry of Judgment.


Dated: _____, 2023

                                               _____
                                               BETH LABSON FREEMAN
                                               United States District Judge