UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGOR LESNIK and STJEPAN PAPES,<br><br>    Plaintiffs,<br><br>v.<br><br>EISENMANN SE, et al.,<br><br>    Defendants. | Case No. 16-cv-01120-BLF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF STJEPAN PAPES' MOTION FOR ATTORNEYS' FEES AND COSTS RE CLAIM 9; AND DIRECTING PLAINTIFF PAPES TO SUBMIT A PROPOSED FINAL JUDGMENT**<br><br>[Re: ECF 618] |

Before the Court is Plaintiff Stjepan Papes' motion for attorneys' fees and costs in connection with Claim 9 of the operative third amended complaint ("TAC"). *See* Mot., ECF 618.

The motion is GRANTED IN PART AND DENIED IN PART as discussed below.

## I.  BACKGROUND

This case was filed in 2016 and thereafter was litigated before District Judge Lucy H. Koh for nearly six years before it was reassigned the undersigned judge in 2022. The TAC alleges that Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont d.o.o. (collectively, "Vuzem Defendants") trafficked low-skilled European laborers by transporting them to the United States to perform work for American manufacturers for less than minimum wage and without overtime pay. *See* TAC ¶¶ 53-58. Plaintiff Gregor Lesnik ("Lesnik"), a resident of Slovenia, and Plaintiff Stjepan Papes ("Papes"), a resident of Croatia, allegedly were transported to the United States by the Vuzem Defendants to work at various car manufacturing plants including the Tesla plant in Fremont, California. *See id.* ¶¶ 59-60.

1  The TAC asserts thirteen claims against thirty-seven defendants on behalf of Lesnik and Papes and all others similarly situated. *See generally* TAC. While the case was pending before Judge Koh, most of those claims and defendants were dismissed. *See* Status Report, ECF 605. By the time the case was reassigned to the undersigned judge, only the following claims remained: Claim 2 for minimum wages under the Fair Labor Standards Act ("FLSA"); Claim 3 for overtime wages under the FLSA; and Claim 9 for trafficking and coerced labor under the Trafficking Victims Protection Reauthorization Act ("TVPRA"). *See id.* The only remaining defendants were the Vuzem Defendants, who had defaulted. *See id.*

With respect to Claims 2 and 3, brought under the FLSA, Plaintiffs filed three unsuccessful motions for default judgment before Judge Koh, which were denied without prejudice. *See* Orders, ECF 498, 551, 587. Plaintiff Papes filed a renewed motion for default judgment on Claims 2 and 3 before the undersigned, which was denied with prejudice. *See* Order, ECF 617.

With respect to Claim 9, brought under the TVPRA, Plaintiffs brought a motion for default judgment before Judge Koh that was granted in part and denied in part. Judge Koh denied default judgment for Plaintiff Lesnik; granted default judgment for Plaintiff Papes as to Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert, Vuzem, and Ivan Vuzem; and denied default judgment for Plaintiff Papes as to Defendants Vuzem USA, Inc. and HRID-Mont, d.o.o. *See* Order, ECF 586.

Thus, all claims against all defendants have been dismissed or adjudicated against Plaintiffs, with the exception of Claim 9 under the TVPRA, as to which Plaintiff Papes has obtained default judgment against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert, Vuzem, and Ivan Vuzem in the amount of $611,000. *See* Order, ECF 586. Papes obtained default judgment individually; his motion for class certification was denied by Judge Koh. *See* Order, ECF 498. The only remaining issue to be decided before entry of final judgment in this case is Plaintiff Papes' motion for attorneys' fees and costs under the TVPRA.

**II.   LEGAL STANDARD**

The TVPRA provides that a victim "may bring a civil action against the perpetrator . . . and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). When calculating

attorneys' fees under federal law, courts follow "the 'lodestar' method, and the amount of that fee must be determined on the facts of each case." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (quoting *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001)). Under the lodestar method, the most useful starting point "is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. *Id.*

"In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). "Generally, the relevant community is the forum in which the district court sits." *Barjon v. Dalton*, 132 F.3d 496, 500 (9th. Cir. 1997). The district court should exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434.

### III.   DISCUSSION

Papes seeks attorneys' fees in the amount of $254,550.00 and litigation expenses in the amount of $62,916.19 under the TVPRA. The TVPRA provides that a prevailing plaintiff "may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595(a). The statute makes no mention of litigation expenses. *See id.* As the United States Supreme Court recently explained, "That 'expenses' and 'attorney's fees' appear in tandem across various statutes shifting litigation costs indicates that Congress understands the two terms to be distinct and not inclusive of each other." *Peter v. Nantkwest, Inc.*, 140 S. Ct. 365, 373 (2019). Thus, the statute's provision authorizing an award of attorneys' fees does not also authorize an award of litigation expenses.

Prior to *Nantkwest*, the Ninth Circuit held that "if it is the prevailing practice in the local legal community to separately bill reasonable litigation expenses to the client, lawyers may recover those expenses as attorney's fees." *Yip v. Little*, 519 F. App'x 974, 977 (9th Cir. 2013) (internal quotation marks, citation, and brackets omitted). In *Yip*, the Ninth Circuit determined that inclusion of expenses in Yip's attorneys' fees award was warranted because Yip "provided evidence that it is the common practice in the relevant legal community to bill separately for

3

1  copying, faxing, transcripts, and parking costs." *Id*. Here, Papes has not addressed the
2  requirement that he establish the prevailing practice in the local community, nor has he provided
3  evidence that it is the common practice in this legal community to bill separately for the types of
4  expenses he seeks in this motion. Consequently, even assuming that *Yip* is good law after
5  *Nantkwest*, this Court finds that Papes has not established a basis for awarding litigation expenses
6  in this case. Papes' request for litigation expenses in the amount of $62,916.19 is DENIED.

7  The Court's denial of Papes' request for non-taxable expenses is without prejudice to the
8  filing of a Bill of Costs requesting that the Clerk tax costs under Federal Rule of Civil Procedure
9  54(d)(1).

10  Turning to Papes' request for attorneys' fees, the request is supported by the declaration of
11  Papes' counsel, William C. Dresser, and attached billing records and summary chart of hours
12  broken down by major tasks. *See* Dresser Decl. & Ex. A-B.. *See* Dresser Decl., ECF 618-1. Mr.
13  Dresser, five paralegals, and one law clerk worked a total of 3,338.35 hours on this case as a
14  whole. *See id*. ¶ 69 and Ex. A. Of that time, Mr. Dresser spent 585 hours on Claim 9, and his
15  paralegals and law clerk spent 274 hours on Claim 9. *See id*. ¶ 106. Pape requests that the Court
16  apply an hourly billing rate of $400 for Mr. Dresser's time and a hourly billing rate of $75 for the
17  paralegals' and law clerk' time. Approval of the claimed hours and requested billing rates would
18  result in a lodestar of $254,550.00 for attorneys' fees incurred in connection with Claim 9. *See id.*

19  Mr. Dresser is the only attorney to bill in this matter. *See* Dresser Decl. ¶ 61. He is a 1982
20  graduate of the University of California, Hastings College of the Law, he has significant civil
21  litigation experience, and he is a member of the California State Bar Labor and Employment Law
22  Section. *See id*. ¶¶ 86-96. Mr. Dresser's customary hourly rates have increased slightly over the
23  life of this case: in 2016 his rate was $350, in 2017 his rate was $375, and since 2018 his rate has
24  been $400. *See id*. ¶ 75. He requests that the Court use a single hourly rate of $400 for purposes
25  of this motion. The Court finds that request to be reasonable in light of the complexity of this
26  case, the length of time Mr. Dresser has worked on the case, and the fact that the majority of his
27  work on the case was performed in 2018 and thereafter when his hourly billing rate was $400. *See*
28  Dresser Decl. Ex. A. Other courts in this district have approved similar hourly rates for

4

experienced attorneys handling labor cases. *See, e.g., Zhou v. Chai*, No. 21-cv-06067-AMO (DMR), 2023 WL 3409460, at *11 (N.D. Cal. May 11, 2023) ("The court finds that the hourly rate of $450 is reasonable and falls within the market rates for attorneys of similar experience, skill, and reputation who handle wage and hour cases in the Bay Area."). Accordingly, the Court will award attorneys' fees based on the requested hourly rate of $400.

Five experienced paralegals and one law clerk worked on this case. *See* Dresser Decl. ¶¶ 78-85. Mr. Dresser customarily bills their services at an hourly rate of $75. *See id.* Courts in this district have approved higher hourly rates for paralegals and law clerks. *See, e.g., In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving "billing rates for paralegals, law clerks, and litigation support staff rang[ing] from about $190 to $430, with most in the $300 range"); *Aguilar v. Zep Inc.*, No. 13-CV-00563-WHO, 2014 WL 4063144, at *6 (N.D. Cal. Aug. 15, 2014) (approving up to $180 per hour for paralegals and law clerk). The Court will award paralegal/law clerk fees based on an hourly rate of $75.

The Court has reviewed Mr. Dresser's declaration statements regarding his work on this case, as well as the summary of tasks provided at Exhibit B, and concludes that 585 hours of attorney time and 274 hours of paralegal/law clerk time is reasonable for the work performed on Claim 9. That work involved service of process on foreign residents; translation of documents into Slovenian and Croatian; service of process on inactive United States entities; factual investigation; discovery; gathering evidence regarding Papes' hours worked, loss of income, and medical expenses; mediation of Claim 9; and filing for default judgment on Claim 9. *See* Dresser Decl. ¶¶ 24-46 & Ex. B. Mr. Dresser describes these tasks as a lengthy process that involved e-mail, zoom and phone calls as well as language difficulties. *See id.* ¶ 39. Mr. Dresser has excluded hours that were spent on work unrelated to Claim 9 in this case, or on the related *Novoselec* and *Maslic* cases. *See id.* ¶¶ 58-60, 70-74. Based on Mr. Dresser's declaration and attached documents, the Court finds that the hours expended on Claim 9 are adequately supported and reasonable.

Accordingly, Plaintiff Papes' request for attorneys' fees in the amount of in the amount of $254,550.00 is GRANTED.

5

As noted above, it is the Court's view that ruling on Papes' motion for attorneys' fees and costs is the final task that must be completed before entry of judgment. This view is shared by Papes' counsel, who states in his declaration that "Grant of this Motion will resolve all pending claims against all pending parties including Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Vuzem USA, Inc., Robert Vuzem, Ivan Vuzem, and HRID-Mont, d.o.o." Dresser Decl. ¶ 53. Papes is directed to file a proposed judgment, consistent with the rulings in this case and addressing all parties and all claims, by July 25, 2023.

## IV. ORDER

(1) Plaintiff Papes' motion for attorneys' fees and costs in connection with Claim 9 under the TVPRA is GRANTED IN PART AND DENIED IN PART as follows:

    (a) Papes' request for attorneys' fees is GRANTED – Papes is awarded attorneys' fees in the total amount of $254,550.00 against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert, Vuzem, and Ivan Vuzem, jointly and severally;

    (b) Papes' request for litigation expenses in the amount of $62,916.19 is DENIED; and

    (c) The denial of Papes' request for litigation expenses as part of his motion for attorneys' fees is without prejudice to the filing of a Bill of Costs requesting that the Clerk tax costs under Federal Rule of Civil Procedure 54(d)(1).

(2) Papes SHALL file a proposed final judgment, consistent with the rulings in this case and addressing all parties and all claims, by July 25, 2023.

(3) This order terminates ECF 618.

Dated: July 11, 2023

_____
BETH LABSON FREEMAN
United States District Judge