William C. Dresser, 104375
Law Office of William C. Dresser
14125 Capri Drive, Suite 4
Los Gatos, CA 95032-1541
Tel: 408-279-7529
Alt: 408-628-4414
Fax: 408-668-2990
loofwcd@aol.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>Plaintiffs,<br><br>vs.<br><br>EISENMANN SE, et al.<br><br>Defendants. | Case No.: 5:16-cv-01120-BLF<br><br>Declaration of William C Dresser in support of Plaintiff Stjepan Papes' Administrative Motion for Issuance of Certificate by the Court of the Finality of the Three Page First Amended Final Judgment Issued January 10, 2024<br><br>Ctrm:       3, 5th Floor<br>Judge:      Hon. Beth Labson Freeman |

I, William C. Dresser, certify and declare as follows:

1.  I am an attorney at law, duly authorized to practice in, among other venues, the United States District Court for the Northern District of California, before all the courts of the State of California, as well as the federal courts in the Eastern District of California, the Central District of California, and the Ninth Circuit Court of Appeals, as well as other courts.  I am counsel of record for Plaintiff Stjepan Papes.

2.  I have personal knowledge of all facts stated in this declaration, and if called testify, I can and would testify competently thereto.

3.  I offer this declaration in support of the Administrative Motion for Issuance of a

US ex rel Lesnik v Eisenmann, SE, et al; US Dist Ct, N.D. Cal. No.: 5:16-cv-01120-BLF
Decl ISO Admin Mtn for Certification of Finality of Judgment

1

Certificate by this Court of the Finality of the three page First Amended Final Judgment issued January 10, 2024.

4. Judgment was entered in the within action No.: 5:16-cv-01120-BLF in favor of Plaintiff Stjepan Papes and against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem, jointly and severally.  This Judgment was issued July 17, 2023.  Following application for issuance of an award of fees and costs, a First Amended Final Judgment was issued January 10, 2024.

5. The defendants against whom the Judgment and First Amended Final Judgment were issued intentionally chose to not appear in the trial court proceedings in the United States District Court for the Northern District of California.

6. The time to appeal the Judgments is set forth in Federal Rules of Civil Procedure, Rule 4.  Rule 4 states in relevant part:

"(a) Appeal in a Civil Case.

(1) Time for Filing a Notice of Appeal.

(A) In a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."

7. No notice of appeal has been filed by any, all, or some of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and/or Ivan Vuzem, neither for the Judgment nor for the First Amended Final Judgment.

8. No motion or other application that would extend the time to file a Notice of Appeal has been filed in the District Court or in the Court of Appeals, by any, all, or some of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, or Ivan Vuzem.

US ex rel Lesnik v Eisenmann, SE, et al; US Dist Ct, N.D. Cal. No.: 5:16-cv-01120-BLF
Decl ISO Admin Mtn for Certification of Finality of Judgment

2

9. I confirm that I have not been served with, or received a copy of, a Notice of Appeal or a motion that might extend the time to file a Notice of Appeal in this case.

10. I have also checked with the electronic case filing for the federal courts, in both the district court and in the court of appeals, to determine if any such pleading has been filed but not served.  This is through "PACER," with the search link at https://pcl.uscourts.gov/pcl/pages/search/findCase.jsf.  There has been no appeal by any of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, or Ivan Vuzem.

11. No payment has been made in satisfaction of the Judgment and First Amended Final Judgment by any, all, or some of Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, or Ivan Vuzem, or by any person on their behalf.

12. I provided an Abstract of Judgment, and then an Exemplification, of Judgment, in support of an action and application to be filed in Slovenia to allow for execution in Slovenia against Slovenian persons of the Judgment.

13. I was told by Slovenian counsel (Odvetnik) Luka Divjak that Slovenia also requires for execution in Slovenia on a Judgment issued by a court in a foreign county a confirmation made by the issuing Court that an appeal against the Judgment is no longer possible and the process is finalized.  Slovenian counsel advised me that the rule is set forth in the first paragraph of Article 95 of THE LAW ON PRIVATE INTERNATIONAL LAW AND PROCEDURE of Republic of Slovenia:

"(1) Vložnik zahteve za priznanje mora predlogu za priznanje tuje sodne odločbe priložiti tujo sodno odločbo ali njen overjen prepis in predložiti potrdilo pristojnega tujega sodišča oziroma drugega organa o pravnomočnosti te odločbe po pravu

US ex rel Lesnik v Eisenmann, SE, et al; US Dist Ct, N.D. Cal. No.: 5:16-cv-01120-BLF
Decl ISO Admin Mtn for Certification of Finality of Judgment

3

države, v kateri je bila izdana."

14. This translates into English as:

"The applicant of the request for recognition must attach the foreign court decision or its certified copy to the proposal for the recognition of a foreign court decision and submit a certificate from the competent foreign court or other authority on the finality of this decision under the law of the country in which it was issued."

15. Slovenian counsel also provided to me a copy of the entire applicable law.  The copy I received is attached hereto as Exhibit A.  It is accessible at

http://pisrs.si/Pis.web/pregledPredpisa?id=ZAKO1258

and accessible in English at https://pisrs-si.translate.goog/Pis.web/pregledPredpisa?id=ZAKO1258&_x_tr_sch=http&_x_tr_sl=sl&_x_tr_tl=en&_x_tr_hl=en&_x_tr_pto=sc;

16. Federal form AO 451 provides for a similar Clerk's Certification to allow a judgment to be registered in another District.  A copy of this form is attached hereto as Exhibit B.

17. The CLERK'S CERTIFICATION OF FINALITY OF JUDGMENT that I request be executed is attached hereto as Exhibit C.

I declare under penalty of perjury of the laws of the State of California and of the United States that the foregoing is true and correct, and that this declaration was executed by me on February 22, 2024 in Los Gatos, California.

__/s/_____
William C. Dresser

2024_02_22_Decl_ISO_CertFinality

US ex rel Lesnik, Papes v Eisenmann SE, et al
5:16-CV-01120-BLF

# Exhibit   A

Opozorilo: Neuradno prečiščeno besedilo predpisa predstavlja zgolj informativni delovni pripomoček, glede katerega organ ne jamči odškodninsko ali kako drugače.

Neuradno prečiščeno besedilo Zakona o mednarodnem zasebnem pravu in postopku obsega:
- Zakon o mednarodnem zasebnem pravu in postopku – ZMZPP (Uradni list RS, št. 56/99 z dne 13. 7. 1999),
- Zakon o arbitraži – ZArbit (Uradni list RS, št. 45/08 z dne 9. 5. 2008),
- Odločbo o razveljavitvi šestega odstavka 109. člena Zakona o mednarodnem zasebnem pravu in postopku (Uradni list RS, št. 31/21 z dne 5. 3. 2021).

**Z A K O N**
**O MEDNARODNEM ZASEBNEM PRAVU IN POSTOPKU (ZMZPP)**

**(neuradno prečiščeno besedilo št. 2)**

Prvo poglavje
TEMELJNE DOLOČBE

**1. člen**

(1) Ta zakon vsebuje pravila o določanju prava, ki ga je treba uporabiti za osebna, družinska, delovno socialna, premoženjska in druga civilnopravna razmerja z mednarodnim elementom.

(2) Ta zakon vsebuje tudi pravila o pristojnosti sodišč in drugih organov Republike Slovenije za obravnavanje razmerij iz prvega odstavka tega člena, pravila postopka in pravila za priznanje in izvršitev tujih sodnih in arbitražnih odločb ter odločb drugih organov. **(delno prenehal veljati)**

**2. člen**

(1) Pravo, na katerega napotujejo določbe tega zakona se izjemoma ne uporabi, kadar je glede na vse okoliščine primera očitno, da razmerje s tem pravom nima pomembnejše zveze, obstoji pa bistveno tesnejša zveza z nekim drugim pravom.

(2) Ta določba se ne uporablja, kadar pravo izbereta stranki.

**3. člen**

Če v tem zakonu ni določbe o pravu, ki ga je treba uporabiti, se smiselno uporabljajo določbe in načela tega zakona, načela pravnega reda Republike Slovenije in načela mednarodnega zasebnega prava.

**4. člen**

Ta zakon se ne uporablja za razmerja, ki so urejena v drugem zakonu ali mednarodni pogodbi.

## 5. člen

Pravo, na katerega napotujejo določbe tega zakona se ne uporabi, če bi bil učinek njegove uporabe v nasprotju z javnim redom Republike Slovenije.

## 6. člen

(1) Če bi bilo treba po tem zakonu uporabiti pravo tuje države, se upoštevajo njegova pravila, ki določajo, katero pravo se uporabi.

(2) Če pravila tuje države, ki določajo, katero pravo je treba uporabiti, zavračajo na pravo Republike Slovenije, se uporabi pravo Republike Slovenije, ne da bi se pri tem upoštevala njena pravila o napotilu, katero pravo se uporabi.

(3) Določbe prvega in drugega odstavka tega člena se ne uporabljajo, kadar imata stranki pravico izbrati pravo.

## 7. člen

Če z zakonom ni določeno drugače, sta pravni posel in pravno dejanje glede oblike veljavna, če sta veljavna bodisi po pravu kraja, kjer je bil pravni posel sklenjen oziroma pravno dejanje opravljeno, bodisi po pravu, ki velja za vsebino pravnega posla oziroma pravnega dejanja.

## 8. člen

Za zastaranje se uporabi pravo, ki velja za vsebino pravnega posla oziroma pravnega dejanja.

## 9. člen

(1) Če je treba uporabiti pravo države, katere pravni red ni enoten, pravila tega zakona pa ne napotujejo na določeno pravno območje v taki državi, se po pravilih njenega pravnega reda določi, katero pravo se uporabi.

(2) Če se na način iz prvega odstavka tega člena ne da ugotoviti, katero pravo države z neenotnim pravnim redom je treba uporabiti, se uporabi pravo tistega območja v taki državi, ki je z razmerjem v najtesnejši zvezi.

## 10. člen

(1) Če ima državljan Republike Slovenije tudi državljanstvo kakšne druge države, se za uporabo tega zakona šteje, da ima samo državljanstvo Republike Slovenije.

(2) Če ima oseba, ki ni državljan Republike Slovenije, dvoje ali več tujih državljanstev, se za uporabo tega zakona šteje, da ima državljanstvo tiste države, katere državljan je in v kateri ima tudi stalno prebivališče.

(3) Če oseba iz drugega odstavka tega člena nima stalnega prebivališča v nobeni izmed držav, katerih državljan je, se za uporabo tega zakona šteje, da ima državljanstvo tiste države, katere državljan je in s katero je v najtesnejši zvezi.

## 11. člen

(1) Če oseba nima državljanstva ali njenega državljanstva ni mogoče ugotoviti, se uporabi pravo njenega stalnega prebivališča.

(2) Če oseba iz prvega odstavka tega člena nima stalnega prebivališča ali ga ni mogoče ugotoviti, se uporabi pravo njenega začasnega prebivališča.

(3) Če za osebo iz prvega odstavka tega člena ni mogoče ugotoviti niti začasnega prebivališča, se uporabi pravo Republike Slovenije.

## 12. člen

(1) Sodišče ali drug pristojen organ po uradni dolžnosti ugotovi vsebino tujega prava, ki ga je treba uporabiti.

(2) Organ iz prvega odstavka tega člena lahko zahteva obvestilo o tujem pravu od ministrstva, pristojnega za pravosodje, oziroma se o njegovi vsebini prepriča na drug ustrezen način.

(3) Stranke lahko v postopku predložijo o vsebini tujega prava javno ali drugo listino pristojnega tujega organa ali ustanove.

(4) Če za posamezno razmerje nikakor ni mogoče ugotoviti vsebine tujega prava, se uporabi pravo Republike Slovenije.

Drugo poglavje
PRAVO, KI GA JE TREBA UPORABITI

## 13. člen

(1) Za pravno in poslovno sposobnost fizične osebe se uporabi pravo tiste države, katere državljan je.

(2) Fizična oseba, ki bi bila po pravu države, katere državljan je, poslovno nesposobna, je poslovno sposobna, če ima to sposobnost po pravu kraja, kjer je nastala obveznost.

(3) Za odvzem ali omejitev poslovne sposobnosti fizične osebe se uporabi pravo iz prvega odstavka tega člena.

(4) Drugi odstavek tega člena se ne uporablja za družinska in dedna razmerja.

## 14. člen

Za vprašanja osebnega imena se uporabi pravo države, katere državljan je oseba, ki se ji določa ali spreminja osebno ime.

### 15. člen

(1) Za postavitev pod skrbništvo in prenehanje skrbništva ter za razmerja med skrbnikom in osebo pod skrbništvom (varovancem) se uporablja pravo države, katere državljan je varovanec.

(2) Tujemu državljanu ali osebi brez državljanstva, ki je v Republiki Sloveniji, se začasni varstveni ukrepi odredijo po pravu Republike Slovenije in trajajo, dokler pristojna država o tem ne odloči in ne ukrene, kar je potrebno.

(3) Drugi odstavek tega člena se uporablja tudi glede varstva premoženja odsotnega tujega državljana in osebe brez državljanstva, ki je na ozemlju Republike Slovenije.

### 16. člen

Za razglasitev pogrešanca za mrtvega se uporabi pravo države, katere državljan je bil takrat, ko je bil pogrešan.

### 17. člen

(1) Za pravni položaj pravne osebe se uporabi pravo države, ki ji pravna oseba pripada.

(2) Pripadnost pravne osebe se določi po pravu države, po katerem je bila ustanovljena.

(3) Če ima pravna oseba svoj dejanski sedež v drugi državi, ne pa v tisti, kjer je bila ustanovljena, in ima po pravu te druge države tudi njeno pripadnost, se šteje, da pripada tej drugi državi.

### 18. člen

(1) Za lastninskopravna razmerja in druge pravice na stvareh se uporabi pravo kraja, kjer je stvar.

(2) Za razmerja iz prvega odstavka tega člena glede stvari, ki so v prevozu, se uporabi pravo namembnega kraja.

(3) Za razmerja iz prvega odstavka člena glede prevoznih sredstev se uporabi pravo države, katere državno pripadnost imajo ta sredstva, če s predpisi Republike Slovenije ni določeno drugače.

### 19. člen

(1) Za pogodbo se uporabi pravo, ki sta si ga izbrali pogodbeni stranki, če ta zakon ali mednarodna pogodba ne določa drugače.

(2) Volja strank o izbranem pravu je lahko izrecno izražena ali pa mora nedvomno izhajati iz pogodbenih določil ali drugih okoliščin.

(3) Veljavnost pogodbe o izbiri prava se presoja po izbranem pravu.

### 20. člen

Če stranki nista izbrali prava, ki naj se uporabi, se uporabi pravo, s katerim je razmerje najtesneje povezano. Če posebne okoliščine primera ne napotujejo na drugo pravo, se šteje, da je najtesnejša zveza podana s pravom države, v kateri ima stranka, ki je zavezana opraviti za posamezno pogodbo značilno izpolnitev, stalno prebivališče oziroma sedež.

### 21. člen

(1) Za pogodbo o zaposlitvi se uporablja pravo države, v kateri delavec po pogodbi običajno opravlja svoje delo.

(2) Ne šteje se, da delavec običajno opravlja svoje delo v kakšni državi, če v njej dela začasno.

(3) Če delavec po pogodbi običajno ne opravlja svojega dela samo v eni državi, se uporabi pravo države, v kateri ima delodajalec svoj sedež oziroma stalno prebivališče.

(4) Z dogovorom o izbiri prava, ki naj se uporabi, stranki ne moreta izključiti prisilnih določ o varstvu delavčevih pravic, ki jih vsebuje pravo države, ki bi se uporabilo v primeru, da stranki ne bi izbrali prava.

### 22. člen

(1) Za potrošniško pogodbo se po tem zakonu šteje pogodba o prenosu premičnin ali pravic na potrošnika ter pogodba o opravljanju storitev potrošniku.

(2) Za potrošnika se po tem zakonu šteje oseba, ki pridobiva stvari, pravice in storitve predvsem za osebno uporabo ali uporabo v lastnem gospodinjstvu.

(3) Za potrošniško pogodbo se po tem zakonu ne štejeta prevozna pogodba in ne pogodba o opravljanju storitev potrošniku, če se te po pogodbi opravljajo v celoti izven države, v kateri ima potrošnik stalno prebivališče.

(4) Ne glede na druge določbe tega zakona se za potrošniško pogodbo uporablja pravo države, v kateri ima potrošnik stalno prebivališče:
- če je sklenitev pogodbe posledica ponudbe ali reklame v tej državi in če je potrošnik v tej državi opravil dejanja, potrebna za sklenitev pogodbe; ali
- če je potrošnikov sopogodbenik ali njegov zastopnik dobil potrošnikovo naročilo v tej državi; ali
- če je bila prodajna pogodba sklenjena v drugi državi oziroma je potrošnik dal naročilo v drugi državi, če je bilo potovanje organizirano s strani prodajalca z namenom spodbujati sklepanje takih pogodb.

(5) V primerih iz prejšnjega odstavka stranki z dogovorom o izbiri prava ne moreta izključiti prisilnih določb o varstvu potrošnikovih pravic, ki jih vsebuje pravo države, v kateri ima potrošnik stalno prebivališče.

### 23. člen

Za pogodbe, ki se nanašajo na nepremičnine, je treba vedno uporabiti pravo države, na katere ozemlju je nepremičnina.

### 24. člen

Za razmerja med pogodbenima strankama, če stranki nista določili drugače, se pravo iz 19. in 20. člena tega zakona uporabi tudi:
1. za določitev časa, od katerega ima pridobitelj oziroma prevzemnik premične stvari pravico do njenih proizvodov in plodov;
2. za določitev časa, od katerega pridobitelj oziroma prevoznik prevzame nevarnost (riziko) v zvezi s stvarmi.

### 25. člen

Če se pogodbeni stranki nista dogovorili drugače, se po pravu kraja, kjer se mora stvar izročiti, presojajo način izročitve stvari in ukrepi, ki so potrebni, če je bil prevzem stvari zavrnjen.

### 26. člen

Za učinek odstopa terjatve ali prevzema dolga se za dolžnika oziroma upnika, ki nista sodelovala pri odstopu oziroma prevzemu, uporabi pravo, po katerem se presoja terjatev oziroma dolg.

### 27. člen

Za akcesorni pravni posel se uporabi pravo, ki velja za glavni pravni posel, če ni določeno drugače.

### 28. člen

Za enostranski pravni posel se uporabi pravo države dolžnikovega stalnega prebivališča oziroma sedeža.

### 29. člen

(1) Za neopravičeno pridobitev se uporabi pravo, po katerem se presoja pravno razmerje, ki je nastalo ali je bilo pričakovano ali domnevano in je na podlagi njega prišlo do pridobitve.

(2) Za poslovodstvo brez naročila se uporabi pravo kraja, kjer je bilo opravljeno dejanje poslovodje.

(3) Za obveznosti iz uporabe stvari brez poslovodstva in za druge nepogodbene obveznosti, ki ne izvirajo iz odškodninske odgovornosti, se uporabi pravo kraja, kjer so nastopila dejstva, ki so povzročila obveznost.

### 30. člen

(1) Za nepogodbeno odškodninsko odgovornost se uporabi pravo kraja, kjer je bilo dejanje storjeno. Če je za oškodovanca ugodnejše, se namesto tega uporabi pravo kraja, kjer je nastopila posledica, vendar le, če je povzročitelj kraj posledice mogel in moral predvideti.

(2) Če pravo, določeno po prvem odstavku tega člena nima z razmerjem tesnejše zveze, pač pa je podana očitna zveza z nekim drugim pravom, se uporabi to pravo.

### 31. člen

Če je dogodek, iz katerega izhaja odškodninska obveznost, nastal na ladji na odprtem morju ali na letalu, je s pravom kraja, kjer so nastopila dejstva, ki so povzročila odškodninsko obveznost, mišljeno pravo države, katere pripadnost ima ladja, oziroma pravo države, v kateri je letalo vpisano v vpisnik.

### 32. člen

(1) Za dedovanje je treba uporabiti pravo države, katere državljan je bil zapustnik ob smrti.

(2) Oporočna sposobnost se presoja po pravu države, katere državljanstvo je imel oporočitelj ob sestavi oporoke.

### 33. člen

(1) Oporoka je glede oblike veljavna, če je oblika veljavna po enem od naslednjih pravnih redov:
1. po pravu kraja, kjer je bila oporoka sestavljena;
2. po pravu države, katere državljan je bil oporočitelj, bodisi ob oporočnem razpolaganju bodisi ob smrti;
3. po pravu oporočiteljevega stalnega prebivališča bodisi ob oporočnem razpolaganju bodisi od smrti;
4. po pravu oporočiteljevega začasnega prebivališča, bodisi ob oporočnem razolaganju bodisi ob smrti;
5. po pravu Republike Slovenije;
6. za nepremičnine – tudi po pravu kraja, kjer je nepremičnina.

(2) Preklic oporoke je glede oblike veljaven, če je taka oblika veljavna po kateremkoli pravu, po katerem bi bila lahko v skladu s prvim odstavkom tega člena oporoka veljavno sestavljena.

### 34. člen

Pogoji za sklenitev zakonske zveze se za vsako osebo presojajo po pravu države, katere državljan je ob sklenitvi zakonske zveze.

### 35. člen

Za obliko zakonske zveze se uporablja pravo kraja, kjer se zakonska zveza sklepa.

### 36. člen

Neveljavnost zakonske zveze se presoja po kateremkoli materialnem pravu, po katerem je bila sklenjena po 34. in 35. členu tega zakona.

### 37. člen

(1) Za razvezo zakonske zveze se uporablja pravo države, katere državljana sta oba zakonca ob vložitvi tožbe.

(2) Če sta zakonca ob vložitvi tožbe državljana različnih držav, se za razvezo zakonske zveze uporabljata kumulativno pravi držav, katerih državljana sta.

(3) Če se zakonska zveza ne bi mogla razvezati po pravu iz drugega odstavka tega člena, se za razvezo zakonske zveze uporabi pravo Republike Slovenije, če je imel eden od zakoncev ob vložitvi tožbe stalno prebivališče v Republiki Sloveniji.

(4) Če je eden od zakoncev državljan Republike Slovenije, ki nima stalnega prebivališča v Republiki Sloveniji, zakonska zveza pa se ne more razvezati po pravu, določenem v drugem odstavku tega člena, se za razvezo uporabi pravo Republike Slovenije.

### 38. člen

(1) Za osebna in zakonska premoženjska razmerja zakoncev se uporabi pravo države, katere državljana sta.

(2) Če sta zakonca državljana različnih držav, se uporabi pravo države, v kateri imata stalno prebivališče.

(3) Če zakonca nimata niti istega državljanstva niti stalnega prebivališča v isti državi, se uporabi pravo države, v kateri sta imela zadnje skupno prebivališče.

(4) Če prava, ki naj se uporabi, ni mogoče določiti po prvem, drugem ali tretjem odstavku tega člena, se uporabi pravo, ki je z razmerjem v najtesnejši zvezi.

### 39. člen

(1) Pogodbena premoženjska razmerja zakoncev se presojajo po pravu, ki je ob sklenitvi pogodbe veljalo za osebna in zakonska premoženjska razmerja.

(2) Če pravo iz prvega odstavka tega člena določa, da lahko zakonca izbereta pravo za presojo premoženjske pogodbe med zakoncema, se uporabi pravo, ki sta si ga izbrala.

### 40. člen

(1) Če je zakonska zveza neveljavna ali je prenehala, se za osebna in zakonska premoženjska razmerja uporabi pravo, ki je določeno v 38. členu tega zakona.

(2) V primerih iz prvega odstavka tega člena se za pogodbena premoženjska razmerja med zakoncema uporabi pravo, določeno v 39. členu tega zakona.

### 41. člen

(1) Za premoženjska razmerja oseb, ki živita v zunajzakonski skupnosti, se uporabi pravo države, katere državljana sta.

(2) Če osebi iz prvega odstavka tega člena nimata istega državljanstva, se uporabi pravo države, v kateri imata skupno prebivališče.

(3) Za pogodbena premoženjska razmerja med osebami, ki živita v zunajzakonski skupnosti, se uporabi pravo, ki je ob sklenitvi pogodbe veljalo za njuna premoženjska razmerja.

## 42. člen

(1) Razmerja med starši in otroki se presojajo po pravu države, katere državljani so.

(2) Če so starši in otroci državljani različnih držav, se uporabi pravo države, v kateri imajo vsi stalno prebivališče.

(3) Če so starši in otroci državljani različnih držav in tudi nimajo stalnega prebivališča v isti državi, se uporabi pravo države, katere državljan je otrok.

## 43. člen

Priznanje, ugotovitev ali izpodbijanje očetovstva oziroma materinstva se presoja po pravu države, katere državljan je otrok.

## 44. člen

Obveznost preživljanja med krvnimi sorodniki, razen za starše in otroke, ali obveznost preživljanja sorodnikov v svaštvu se presoja po pravu države, katere državljan je sorodnik, od katerega se zahteva preživljanje.

## 45. člen

(1) Pozakonitev se presoja po pravu države, katere državljana sta starša, če starša nimata istega državljanstva, pa po pravu države tistega od staršev, po katerem je pozakonitev veljavna.

(2) Privolitev otroka, druge osebe ali državnega organa v pozakonitev se presoja po pravu države, katere državljan je otrok.

## 46. člen

(1) Pogoji posvojitve in prenehanja posvojitve se presojajo po pravu države, katere državljana sta posvojitelj in posvojenec.

(2) Če sta posvojitelj in posvojenec državljana različnih držav, se za pogoje posvojitve in njeno prenehanje uporabljata kumulativno pravi držav, katerih državljana sta.

(3) Če zakonca koga skupaj posvojita, se poleg prava države, katere državljan je posvojenec, uporabljata za pogoje posvojitve in njeno prenehanje tudi pravi držav, katerih državljana sta eden in drug zakonec.

(4) Oblika posvojitve se presoja po pravu države, v kateri se sklene posvojitev.

**47. člen**

(1) Učinek posvojitve se presoja po pravu države, katere državljana sta posvojitelj in posvojenec ob sklenitvi posvojitve.

(2) Če sta posvojitelj in posvojenec državljana različnih držav, se uporabi pravo države, v kateri imata stalno prebivališče.

(3) Če sta posvojitelj in posvojenec državljana različnih držav in nimata stalnega prebivališča v isti državi, se uporabi pravo države, katere državljan je posvojenec.

Tretje poglavje
PRISTOJNOST IN POSTOPEK

1. Pristojnost sodišč in drugih organov Republike Slovenije v zadevah z mednarodnim elementom

**48. člen**

(1) Sodišče Republike Slovenije je pristojno, če ima toženec stalno prebivališče oziroma sedež v Republiki Sloveniji.

(2) Če toženec nima stalnega prebivališča v Republiki Sloveniji niti v kakšni drugi državi, je sodišče Republike Slovenije pristojno, če ima toženec začasno prebivališče v Republiki Sloveniji.

(3) Kadar se o pravnem razmerju odloča v nepravdnem postopku, je sodišče Republike Slovenije pristojno, če ima oseba, zoper katero je vložen zahtevek, stalno prebivališče oziroma sedež v Republiki Sloveniji; kadar pa v postopku sodeluje ena sama oseba – je pristojno, če ima ta stalno prebivališče oziroma sedež v Republiki Sloveniji, razen če s tem zakonom ni določeno drugače.

**49. člen**

(1) Če je z isto tožbo toženih več tožencev, ki so v pravni skupnosti ali katerih obveznosti se opirajo na isto pravno in dejansko podlago, je sodišče Republike Slovenije pristojno tudi, kadar ima eden izmed tožencev stalno prebivališče oziroma sedež v Republiki Sloveniji.

(2) Če sta z isto tožbo tožena glavni dolžnik in porok, je sodišče Republike Slovenije pristojno tudi tedaj, kadar je pristojno za tožbo proti glavnemu dolžniku.

(3) Sodišče Republike Slovenije je pristojno tudi za nasprotno tožbo, če je zahtevek nasprotne tožbe v zvezi s tožbenim zahtevkom.

**50. člen**

(1) Sodišče Republike Slovenije je izključno pristojno, kadar je to v tem ali v drugem zakonu izrecno določeno.

(2) Pristojnost sodišč Republike Slovenije je izključena, če obstoji med zadevo in neko tujo državo takšna zveza, ki bi bila v primeru, če bi obstajala med zadevo in Republiko Slovenijo, podlaga za izključno pristojnost sodišč Republike Slovenije, razen če zakon določa drugače.

### 51. člen

Če je v tuji državi v sporih zoper državljane Republike Slovenije po kriterijih o pristojnosti ki jih ne vsebujejo določbe o pristojnosti sodišča Republike Slovenije, pristojno tuje sodišče, so ti kriteriji podlaga za pristojnost sodišča Republike Slovenije v tistih sporih, v katerih je toženec državljan te tuje države.

### 52. člen

(1) Stranki se smeta sporazumeti o pristojnosti tujega sodišča le, če je vsaj ena od njiju tuj državljan ali pravna oseba s sedežem v tujini in ne gre za spor, za katerega je po določbah tega ali drugega zakona izključno pristojno sodišče Republike Slovenije.

(2) Ne glede na določbo prvega odstavka tega člena se stranki ne moreta dogovoriti za pristojnost tujega sodišča v sporih iz razmerij s potrošniki in v sporih iz zavarovalnih razmerij, če ima potrošnik oziroma zavarovanec, ki je fizična oseba, stalno prebivališče v Republiki Sloveniji.

(3) Stranki se smeta sporazumeti o pristojnosti sodišča Republike Slovenije, če je vsaj ena državljan Republike Slovenije ali pravna oseba s sedežem v Republiki Sloveniji.

(4) Prvi in tretji odstavek tega člena se ne uporabljata, kadar gre za pristojnost v zadevah iz 68. do 77. člena tega zakona.

### 53. člen

(1) Pristojnost sodišč Republike Slovenije lahko v primerih, v katerih je dopusten dogovor o pristojnosti sodišča Republike Slovenije po tretjem in četrtem odstavku 52. člena tega zakona, temelji tudi na privolitvi toženca.

(2) Šteje se, da je toženec privolil v pristojnost sodišč Republike Slovenije, če je vložil odgovor na tožbo ali ugovor proti plačilnemu nalogu, oziroma se je na pripravljalnem naroku, če tega naroka ni bilo pa na prvem naroku za glavno obravnavo, spustil v obravnavanje glavne stvari, ne da bi ugovarjal pristojnosti.

### 54. člen

(1) Kadar je po tem zakonu pristojnost sodišča Republike Slovenije določena s pogojem, da ima pravdna stranka državljanstvo Republike Slovenije, velja ta pristojnost tudi za osebe brez državljanstva, ki imajo stalno prebivališče v Republiki Sloveniji.

(2) Prvi odstavek tega člena se smiselno uporablja tudi za pristojnost drugih organov Republike Slovenije.

### 55. člen

(1) V sporih o nepogodbeni odškodninski odgovornosti je pristojno sodišče Republike Slovenije tudi tedaj, če je bilo na območju Republike Slovenije storjeno škodno dejanje ali če je na ozemlju Republike Slovenije nastopila škodljiva posledica.

(2) Določbe prvega odstavka tega člena se uporabljajo tudi v sporih zoper zavarovalnico zaradi povračila škode tretjim osebam po predpisih o neposredni odgovornosti zavarovalnice ter v sporih o regresnih zahtevkih iz naslova povračila škode zoper regresne dolžnike.

## 56. člen

Za spore iz pogodbenih razmerij je sodišče Republike Slovenije pristojno tudi tedaj, kadar je predmet spora obveznost, ki jo je treba oziroma bi jo bilo treba izpolniti v Republiki Sloveniji.

## 57. člen

V individualnih delovnih sporih je sodišče Republike Slovenije pristojno tudi tedaj, kadar se delo opravlja ali se je opravljalo oziroma bi se moralo opravljati na območju Republike Slovenije.

## 58. člen

(1) V sporih o premoženjskopravnih zahtevkih je sodišče Republike Slovenije pristojno tudi tedaj, kadar je na ozemlju Republike Slovenije predmet, na katerega se nanaša tožba.

(2) Če je na območju Republike Slovenije kakšno toženčevo premoženje, je sodišče Republike Slovenije pristojno tudi tedaj, kadar ima tožnik stalno prebivališče oziroma sedež v Republiki Sloveniji, če tožnik izkaže za verjetno, da bo iz tega premoženja mogoče izvršiti sodbo.

## 59. člen

Sodišče Republike Slovenije je pristojno tudi v sporih zoper fizično ali pravno osebo, ki ima sedež v tujini, če ima v Republiki Sloveniji svojo podružnico ali je v Republiki Sloveniji oseba, ki ji je zaupano opravljanje njenih poslov, za spore, ki izvirajo iz poslovanja te podružnice oziroma te osebe na območju Republike Slovenije.

## 60. člen

Sodišče Republike Slovenije je izključno pristojno za spore o ustanovitvi, prenehanju in statusnih spremembah družbe, druge pravne osebe ali združenja fizičnih ali pravnih oseb, ter za spore o veljavnosti odločitev njihovih organov, če ima družba, druga pravna oseba ali združenje sedež v Republiki Sloveniji.

## 61. člen

Sodišče Republike Slovenije je izključno pristojno za spore o veljavnosti vpisov v javne registre, ki se vodijo v Republiki Sloveniji.

## 62. člen

Sodišče Republike Slovenije je izključno pristojno za spore v zvezi s prijavo in veljavnostjo izumov in znakov razlikovanja, če je bila prijava vložena v Republiki Sloveniji.

## 63. člen

(1) Sodišče Republike Slovenije je izključno pristojno za dovolitev in opravo izvršbe, če se ta opravlja na območju Republike Slovenije.

(2) Določba prvega odstavka tega člena se nanaša tudi na spore med izvršilnim in stečajnim postopkom, če se ta postopek vodi pred sodiščem Republike Slovenije.

## 64. člen

(1) Sodišče Republike Slovenije je izključno pristojno v sporih o stvarnih pravicah na nepremičninah, v sporih zaradi motenja posesti nepremičnine ter v sporih iz zakupa ali najema nepremičnine, če je nepremičnina na ozemlju Republike Slovenije.

(2) Sodišče Republike Slovenije je izključno pristojno tudi tedaj, kadar se o pravicah na nepremičninah odloča v nepravdnem postopku.

## 65. člen

V sporih zaradi motenja posesti premičnin je pristojno sodišče Republike Slovenije tudi tedaj, če je prišlo do motenja na ozemlju Republike Slovenije.

## 66. člen

(1) V sporih o stvarnih pravicah na ladji in letalu, ter v sporih iz zakupa ladje ali letala je pristojno sodišče Republike Slovenije tudi tedaj, če se v Republiki Slovenije vodi vpisnik, v katerega je vpisana ladja oziroma letalo.

(2) V sporih zaradi motenja posesti ladje in letala iz prvega odstavka tega člena so pristojna sodišča Republike Slovenije tudi tedaj, če se vpisnik, v katerega je vpisana ladja oziroma letalo, vodi v Republiki Sloveniji ali če je bila posest motena v Republiki Sloveniji.

## 67. člen

(1) V sporih o premoženjskih razmerjih med zakonci, ki se nanašajo na premoženje v Republiki Sloveniji, je pristojno sodišče Republike Slovenije tudi tedaj, če toženec nima prebivališča v Republiki Sloveniji.

(2) Če je pretežni del premoženja v Republiki Sloveniji, drugi del pa v tujini, sme sodišče Republike Slovenije odločati o premoženju, ki je v tujini, samo v sporu, v katerem se odloča tudi o premoženju v Republiki Sloveniji, in to le, če toženec privoli, da sodi sodišče Republike Slovenije.

(3) Sodišče Republike Slovenije je v sporih o premoženjskih razmerjih med zakonci po določbah tega zakona pristojno ne glede na to, ali zakonska zveza traja ali je prenehala ali pa je ugotovljeno, da ne obstaja.

**68. člen**

(1) Sodišče Republike Slovenije je pristojno v zakonskih sporih tudi tedaj, če toženec nima stalnega prebivališča v Republiki Sloveniji:
1) če sta oba zakonca slovenska državljana, ne glede na to, kje imata stalno prebivališče; ali
2) če je tožnik slovenski državljan in ima stalno prebivališče v Republiki Sloveniji; ali
3) če sta imela zakonca svoje zadnje stalno prebivališče v Republiki Sloveniji, tožnik pa ima ob vložitvi tožbe stalno ali začasno prebivališče v Republiki Sloveniji.

(2) Če je toženi zakonec slovenski državljan in ima v Republiki Sloveniji stalno prebivališče, je izključno pristojno sodišče Republike Slovenije.

**69. člen**

Sodišče Republike Slovenije je v sporih iz 68. člena tega zakona pristojno tudi tedaj, če sta zakonca tuja državljana, ki sta imela zadnje skupno stalno prebivališče v Republiki Sloveniji, vendar samo, če v teh primerih toženec privoli, da sodi njeno sodišče, in če predpisi države, katere državljana sta zakonca, dopuščajo to pristojnost.

**70. člen**

Sodišče Republike Slovenije je pristojno v sporih za razvezo zakonske zveze tudi tedaj, če je tožnik slovenski državljan, pravo države, katere sodišče bi bilo pristojno, pa ne pozna razveze zakonske zveze.

**71. člen**

(1) V sporih za ugotovitev ali izpodbijanje očetovstva ali materinstva je pristojno sodišče Republike Slovenije tudi tedaj, če toženec nima stalnega prebivališča v Republiki Sloveniji:
1) če sta tožnik in toženec slovenska državljana, ne glede na to, kje imata stalno prebivališče; ali
2) če je tožnik slovenski državljan in ima stalno prebivališče v Republiki Sloveniji.

(2) Če je tožba vložena zoper otroka, ki je slovenski državljan in ima stalno ali začasno prebivališče v Republiki Sloveniji, je izključno pristojno sodišče Republike Slovenije.

**72. člen**

Sodišče Republike Slovenije, ki je pristojno v sporih iz 71. člena tega zakona, je pristojno tudi tedaj, kadar so stranke tuji državljani, če ima tožnik ali eden od tožnikov stalno prebivališče v Republiki Sloveniji, vendar samo, če toženec privoli, da sodi sodišče Republike Slovenije in če predpisi države, katere državljan je, dopuščajo to pristojnost.

**73. člen**

(1) Sodišče Republike Slovenije je pristojno v sporih o varstvu in vzgoji otrok, za katere skrbijo starši, tudi tedaj, kadar toženec nima stalnega prebivališča v Republiki Sloveniji, če sta oba starša slovenska državljana, ali če je otrok slovenski državljan in ima stalno prebivališče v Republiki Sloveniji.

(2) Če sta toženec in otrok slovenska državljana in če imata oba stalno prebivališče v Republiki Sloveniji, je izključno pristojno sodišče Republike Slovenije.

(3) Prvi in drugi odstavek tega člena ter 48. člen tega zakona se smiselno uporabljajo tudi za določitev pristojnosti drugih organov Republike Slovenije, kadar odločajo o varstvu in vzgoji otrok, za katere skrbijo starši.

### 74. člen

(1) Sodišče Republike Slovenije je pristojno v sporih o zakonskem preživljanju otrok tudi tedaj, kadar toženec nima stalnega prebivališča v Republiki Sloveniji:
1)  če vloži tožbo otrok, ki ima stalno prebivališče v Republiki Sloveniji; ali
2)  če sta tožnik in toženec slovenska državljana, ne glede na to kje imata stalno prebivališče; ali
3)  če je tožnik mladoleten in slovenski državljan.

(2) Sodišče Republike Slovenije je pristojno v sporih o zakonskem preživljanju, ki niso navedeni v prvem odstavku tega člena, tudi tedaj, kadar toženec nima stalnega prebivališča v Republiki Sloveniji, če je tožnik slovenski državljan in ima stalno prebivališče v Republiki Sloveniji.

(3) Sodišče Republike Slovenije je pristojno v sporih o zakonskem preživljanju med zakoncema in med nekdanjima zakoncema tudi, če sta imela zakonca svoje zadnje skupno stalno prebivališče v Republiki Sloveniji, tožnik pa med sojenjem še naprej prebiva v Republiki Sloveniji.

### 75. člen

Sodišče Republike Slovenije je pristojno v sporih o zakonskem preživljanju tudi, če ima toženec v Republiki Sloveniji premoženje, iz katerega se lahko poravna preživnina.

### 76. člen

Sodišče Republike Slovenije je pristojno za odločanje o varstvu, vzgoji in preživljanju otrok tudi takrat, kadar se ti spori rešujejo skupaj z zakonskimi spori ali spori o ugotavljanju in izpodbijanju očetovstva ali materinstva, za katere je po tem zakonu pristojno sodišče Republike Slovenije.

### 77. člen

(1) Pri odločanju o odvzemu ali vrnitvi roditeljske pravice, podaljšanju roditeljske pravice, postavitvi roditelja za skrbnika otrokovega premoženja, pri razglasitvi otroka za rojenega v zakonski zvezi ter pri odločanju o drugih zadevah, ki se nanašajo na osebna stanja in razmerja med starši in otroki, je pristojno sodišče Republike Slovenije tudi tedaj, kadar ni pogojev iz tretjega odstavka 48. člena tega zakona, če sta vložnik zahtevka in oseba, zoper katero je vložen zahtevek, slovenska državljana, oziroma kadar v postopku sodeluje samo ena oseba, če je ta slovenski državljan.

(2) V zadevah iz prvega odstavka tega člena je pristojno sodišče Republike Slovenije tudi tedaj, kadar je otrok slovenski državljan in ima stalno prebivališče v Republiki Sloveniji.

### 78. člen

(1) Sodišče Republike Slovenije je izključno pristojno za razglasitev pogrešanega slovenskega državljana za mrtvega, ne glede na to, kje je imel stalno prebivališče.

(2) Pred sodiščem Republike Slovenije se sme po pravu Republike Slovenije dokazovati smrt tujega državljana, ki je umrl na ozemlju Republike Slovenije.

### 79. člen

(1) Za obravnavo nepremične zapuščine slovenskega državljana je izključno pristojno sodišče Republike Slovenije, če je ta zapuščina v Republiki Sloveniji.

(2) Če je nepremična zapuščina slovenskega državljana v tujini, je sodišče Republike Slovenije pristojno le, če po pravu države, v kateri so nepremičnine, ni pristojen njen organ.

(3) Sodišče Republike Slovenije je pristojno za obravnavo premične zapuščine slovenskega državljana, če so premičnine na ozemlju Republike Slovenije ali če po pravu države, v kateri so premičnine, ni pristojen njen organ oziroma če ta organ noče obravnavati zapuščine.

(4) Prvi, drugi in tretji odstavek tega člena se nanašajo tudi na pristojnosti v sporih iz dednopravnih razmerij in na spore o terjatvah upnikov nasproti zapuščini.

### 80. člen

(1) Za obravnavo nepremične zapuščine tujega državljana je izključno pristojno sodišče Republike Slovenije, če so nepremičnine v Republiki Sloveniji.

(2) Za obravnavo premične zapuščine tujega državljana, ki je v Republiki Sloveniji, je pristojno sodišče Republike Slovenije, razen če v zapustnikovi državi sodišče ni pristojno za obravnavo premičnega premoženja slovenskih državljanov.

(3) Prvi in drugi odstavek tega člena se nanašata tudi na pristojnost v sporih iz dednopravnih razmerij in v sporih o terjatvah upnikov glede zapuščine.

(4) Kadar sodišče Republike Slovenije ni pristojno za obravnavo zapuščine tujega državljana, lahko odredi ukrepe za zavarovanje zapuščine in za varstvo pravic do zapuščine, ki je v Republiki Sloveniji.

### 81. člen

(1) Za obravnavo nepremične zapuščine osebe brez državljanstva, osebe, katere državljanstva ni mogoče ugotoviti, ali osebe s statusom begunca je izključno pristojno sodišče Republike Slovenije, če je nepremičnina na ozemlju Republike Slovenije.

(2) Za obravnavo premične zapuščine osebe brez državljanstva, osebe, katere državljanstva ni mogoče ugotoviti, ali osebe s statusom begunca je pristojno sodišče Republike Slovenije, če so premičnine v Republiki Sloveniji, ali je imel zapustnik ob smrti v njej stalno prebivališče.

(3) Prvi in drugi odstavek tega člena se nanašata tudi na pristojnost v sporih iz dednopravnih razmerij in v sporih o terjatvah upnikov glede zapuščine.

(4) Če zapustnik ni imel stalnega prebivališča v Republiki Sloveniji, se smiselno uporabljajo določbe, ki veljajo za obravnavo zapuščine tujega državljana, pri čemer je s tujo državo mišljena država, v kateri je imel zapustnik ob smrti stalno prebivališče.

## 82. člen

(1) Za dovolitev sklenitve zakonske zveze je pristojen organ Republike Slovenije, če je vložnik prošnje oziroma če je eden izmed vložnikov prošnje slovenski državljan ne glede na to, kje imata osebi, ki želita skleniti zakonsko zvezo, stalno prebivališče.

(2) Organ Republike Slovenije je izključno pristojen, če je mladoletnik, ki prosi, naj se mu dovoli skleniti zakonsko zvezo, slovenski državljan, oziroma če sta osebi, ki želita skleniti zakonsko zvezo, slovenska državljana, zakonska zveza pa se sklepa v tujini.

## 83. člen

(1) Organ Republike Slovenije je izključno pristojen za odločanje o posvojitvi in o prenehanju posvojitve osebe, ki je slovenski državljan in ima stalno prebivališče v Republiki Sloveniji.

(2) Organ Republike Slovenije je pristojen za odločanje o posvojitvi in o prenehanju posvojitve, če je posvojitelj slovenski državljan in ima stalno prebivališče v Republiki Sloveniji.

(3) Če zakonca skupaj posvajata, zadošča za pristojnost organa Republike Slovenije, da je en zakonec slovenski državljan in da ima stalno prebivališče v Republiki Sloveniji.

## 84. člen

Organ Republike Slovenije je izključno pristojen v skrbniških zadevah slovenskih državljanov ne glede na to, kje imajo ti stalno prebivališče, če s tem zakonom ni določeno drugače.

## 85. člen

Organ Republike Slovenije ne izda odločbe in ne ukrepa v skrbniških zadevah slovenskega državljana, ki ima stalno prebivališče v tujini, če ugotovi, da je organ, ki je pristojen po pravu tuje države, že izdal odločbo ali sprejel ukrepe, s katerimi je poskrbel za varstvo osebnosti, pravic in interesov slovenskega državljana.

## 86. člen

(1) Organ Republike Slovenije z nujnimi začasnimi ukrepi zavaruje osebnost, pravice in interese tujega državljana, ki je v Republiki Sloveniji ali ima v njej premoženje, in obvesti o tem organ njegove države.

(2) Organ Republike Slovenije izda odločbo in sprejme ukrepe v skrbniških zadevah tujega državljana, ki ima stalno prebivališče v Republiki Sloveniji, če za varstvo njegove osebnosti, pravic in interesov ni poskrbel organ njegove države.

## 2. Druge določbe

### 87. člen

(1) Za sposobnost biti stranka in za pravdno sposobnost fizične osebe je treba uporabiti pravo njene države.

(2) Če tuji državljan ni pravdno sposoben po prvem odstavku tega člena, je pa pravdno sposoben po pravu Republike Slovenije, lahko sam opravlja dejanja v postopku.

(3) Zakoniti zastopnik tujega državljana iz drugega odstavka tega člena sme opravljati dejanja v postopku le, dokler tuj državljan ne izjavi, da sam prevzema pravdo.

(4) Za sposobnost biti stranka, kadar gre za tujo pravno osebo, je treba uporabiti pravo, določeno v 17. členu tega zakona.

### 88. člen

Sodišče Republike Slovenije na zahtevo stranke prekine postopek, kadar teče pred tujim sodiščem postopek v isti zadevi in med istima strankama:
1) če je bila tožba v pravdi, ki teče v tujini, prej vročena tožencu kot tožba v pravdi, ki teče v Republiki Sloveniji; oziroma če se je nepravdni postopek v tujini začel prej kot v Republiki Sloveniji;
2) če je verjetno, da bo tujo odločbo mogoče priznati v Republiki Sloveniji;
3) če obstaja vzajemnost.

### 89. člen

Za oceno pristojnosti sodišča Republike Slovenije so odločilna dejstva, ki obstajajo takrat, ko postopek začne teči.

### 90. člen

(1) Kadar začne tuj državljan ali oseba brez državljanstva, ki nima stalnega prebivališča v Republiki Sloveniji, pravdo pred sodiščem Republike Slovenije, mora dati tožencu na njegovo zahtevo varščino za pravdne stroške.

(2) Toženec mora zahtevo iz prvega odstavka tega člena uveljaviti najpozneje na pripravljalnem naroku, če tega naroka ni bilo, pa na prvem naroku za glavno obravnavo, preden se spusti v obravnavanje glavne stvari, oziroma brž ko izve, da so podani pogoji, da lahko zahteva varščino.

(3) Varščina za pravdne stroške se daje v gotovini, sodišče pa lahko dovoli varščino tudi v drugi primerni obliki.

### 91. člen

(1) Toženec nima pravice do varščine za pravdne stroške:

1) če v državi, katere državljan je tožnik, državljani Republike Slovenije niso dolžni dajati varščine;
2) če uživa tožnik v Republiki Sloveniji pravico pribežališča;
3) če se tožbeni zahtevek nanaša na tožnikove terjatve iz njegovega delovnega razmerja v Republiki Sloveniji;
4) če gre za zakonski spor ali za spor o ugotovitvi ali izpodbijanju očetovstva ali materinstva ali spor o zakonitem preživljanju;
5) če gre za menično ali čekovno tožbo, za nasprotno tožbo ali tožbo za izdajo plačilnega naloga.

(2) Če nastane dvom o tem, ali so državljani Republike Slovenije po 1. točki prvega odstavka tega člena dolžni dati varščino v državi, katere državljan je tožnik, da pojasnilo ministrstvo, pristojno za pravosodje.

### 92. člen

(1) V sklepu, s katerim ugodi zahtevi za varščino za pravdne stroške, določi sodišče znesek varščine in rok, v katerem se mora dati, ter tožnika opozori na posledice, ki jih določa zakon, če ne dokaže, da je dal varščino v določenem roku.

(2) Če tožnik ne dokaže, da je dal v določenem roku varščino za pravdne stroške, se šteje, da je umaknil tožbo oziroma da je umaknil pravno sredstvo, če je toženec zahteval varščino šele v postopku o pravnem sredstvu.

(3) Toženec, ki je pravočasno zahteval, naj mu da tožnik varščino za pravdne stroške, ni dolžan nadaljevati postopka o glavni stvari, dokler sodišče pravnomočno ne odloči o njegovi zahtevi, če zahtevi ugodi, pa vse dotlej, dokler tožnik ne položi varščine.

(4) Če sodišče zavrne zahtevo za varščino za pravdne stroške, lahko odloči, da se nadaljuje postopek, še preden postane sklep o zavrnitvi pravnomočen.

### 93. člen

(1) Tuji državljani imajo pod pogojem vzajemnosti pravico do oprostitve plačila pravdnih stroškov.

(2) Če nastane dvom o vzajemnosti, daje glede oprostitve plačila pravdnih stroškov pojasnilo ministrstvo, pristojno za pravosodje.

(3) Vzajemnost iz prvega odstavka tega člena ni pogoj za uveljavljanje pravice do oprostitve plačila pravdnih stroškov, če ima tuj državljan stalno prebivališče v Republiki Sloveniji.

(4) Oseba brez državljanstva ima pravico do oprostitve plačila pravdnih stroškov, če ima stalno ali začasno prebivališče v Republiki Sloveniji.

Četrto poglavje
PRIZNANJE IN IZVRŠITEV TUJIH ODLOČB

1. Priznanje in izvršitev tujih sodnih odločb

**94. člen**

(1) Tuja sodna odločba je izenačena z odločbo sodišča Republike Sloveniji in ima v Republiki Sloveniji enak pravni učinek kot domača sodna odločba le, če jo prizna sodišče Republike Slovenije.

(2) Za tujo sodno odločbo se po prvem odstavku tega člena šteje tudi poravnava, sklenjena pred sodiščem (sodna poravnava).

(3) Za tujo sodno odločbo se šteje tudi odločba drugega organa, ki je v državi, v kateri je izdana, izenačena s sodno odločbo oziroma sodno poravnavo, če ureja razmerja iz 1. člena tega zakona.

**95. člen**

(1) Vložnik zahteve za priznanje mora predlogu za priznanje tuje sodne odločbe priložiti tujo sodno odločbo ali njen overjen prepis in predložiti potrdilo pristojnega tujega sodišča oziroma drugega organa o pravnomočnosti te odločbe po pravu države, v kateri je bila izdana.

(2) Če tuja sodna odločba ali njen overjen prepis nista sestavljena v jeziku, ki je pri sodišču v uradni rabi, mora stranka, ki zahteva priznanje, predložiti tudi overjen prevod tuje sodne odločbe v jezik, ki je pri sodišču v uradni rabi.

**96. člen**

(1) Sodišče Republike Slovenije zavrne priznanje tuje sodne odločbe, če na ugovor osebe, zoper katero je bila izdana, ugotovi, da ta zaradi nepravilnosti v postopku ni mogla sodelovati v postopku.

(2) Zlasti se šteje, da oseba, zoper katero je bila izdana tuja sodna odločba, ni mogla sodelovati v postopku, če ji vabilo, tožba ali sklep, na podlagi katerega se je začel postopek, niso bili osebno vročeni oziroma osebna vročitev ni bila niti poskušena, razen če se je na kakršenkoli način spustila v obravnavanje glavne stvari v postopku na prvi stopnji.

**97. člen**

(1) Tuja sodna odločba se ne prizna, če je za zadevo, za katero gre, izključno pristojno sodišče ali drug organ Republike Slovenije.

(2) Če zahteva priznanje tuje sodne odločbe, ki je bila izdana v sporu iz zakonske zveze, toženec, ali če to zahteva tožnik in toženec ne nasprotuje, izključna pristojnost sodišča Republike Slovenije ni ovira za njeno priznanje.

**98. člen**

(1) Sodišče na ugovor osebe, zoper katero je bila izdana, zavrne priznanje tuje sodne odločbe, če je pristojnost tujega sodišča temeljila izključno na eni od naslednjih okoliščin:
1)  državljanstvu tožnika;
2)  premoženju toženca v državi izdaje odločbe;
3)  osebni vročitvi tožbe oziroma drugega akta, s katerim se je začel postopek, tožencu.

(2) Sodišče na ugovor osebe, zoper katero je bila izdana, zavrne priznanje tuje sodne odločbe tudi v primeru, če sodišče, ki je odločbo izdalo, ni upoštevalo sporazuma o pristojnosti sodišč Republike Slovenije.

## 99. člen

(1) Tuja sodna odločba se ne prizna, če je sodišče ali drug organ Republike Slovenije v isti zadevi izdal pravnomočno odločbo ali če je bila v Republiki Sloveniji priznana kakšna druga tuja sodna odločba, ki je bila izdana v isti zadevi.

(2) Sodišče počaka s priznanjem tuje sodne odločbe, če pred sodiščem Republike Slovenije teče prej začeta pravda v isti pravni zadevi in med istima strankama, dokler ni ta pravda pravnomočno končana.

## 100. člen

Tuja sodna odločba se ne prizna, če bi bil učinek njenega priznanja v nasprotju z javnim redom Republike Slovenije.

## 101. člen

(1) Tuja sodna odločba se ne prizna, če ni vzajemnosti.

(2) Neobstoj vzajemnosti ni ovira za priznanje tuje sodne odločbe, izdane v zakonskem sporu in v sporu zaradi ugotovitve in izpodbijanja očetovstva ali materinstva, in ne takrat, ko priznanje ali izvršitev tuje sodne odločbe zahteva slovenski državljan.

(3) Obstoj vzajemnosti se glede priznanja tuje sodne odločbe domneva do dokaza o nasprotnem; če pa nastane dvom o vzajemnosti, da pojasnilo ministrstvo, pristojno za pravosodje.

## 102. člen

(1) Tuja sodna odločba, ki se nanaša na osebno stanje (status) državljana države, v kateri je bila izdana, se prizna v Republiki Sloveniji brez preizkusa po 97., 100. in 101. členu tega zakona.

(2) Če pristojni organ Republike Slovenije meni, da se odločba tujega sodišča nanaša na osebno stanje (status) slovenskega državljana, je potreben za takšno odločbo, da bi bila priznana, preizkus po določbah 95. do 101. člena tega zakona.

## 103. člen

(1) Za izvršitev tuje sodne odločbe se uporabljajo določbe 95. do 101. člena tega zakona.

(2) Vložnik zahteve za izvršitev tuje sodne odločbe mora poleg potrdila iz 95. člena tega zakona predložiti tudi potrdilo o njeni izvršljivosti po pravu države, v kateri je bila izdana.

2. Priznanje in izvršitev tujih arbitražnih odločb

**(prenehal veljati)**

## 104. člen

(1) Tuja arbitražna odločba je arbitražna odločba, ki ni bila izdana v Republiki Sloveniji.

(2) Tuja arbitražna odločba ima pripadnost države, v kateri je bila izdana.

(3) Tuja arbitražna odločba je tudi arbitražna odločba, ki je bila izdana v Republiki Sloveniji, pri kateri je bilo glede postopka uporabljeno pravo tuje države, če to ni v nasprotju s prisilnimi predpisi Republike Slovenije.

(4) Tuja arbitražna odločba iz tretjega odstavka tega člena ima pripadnost države, katere pravo je bilo uporabljeno glede postopka.

## 105. člen

(1) Tuja arbitražna odločba se prizna in izvrši, če stranka, ki zahteva priznanje in izvršitev, priloži zahtevi, ki jo vloži pri sodišču:
1) izvirno arbitražno odločbo ali njen overjen prepis;
2) izvirno pogodbo o arbitraži ali njen overjen prepis.

(2) Če tuja arbitražna odločba ali pogodba o arbitraži oziroma njen overjen prepis nista sestavljena v jeziku, ki je v uradni uporabi pri sodišču, pred katerim se začne postopek za priznanje in izvršitev te odločbe, mora stranka, ki zahteva priznanje in izvršitev odločbe, priložiti prevod v tem jeziku, ki ga opravi za to pooblaščena oseba.

## 106. člen

(1) Priznanje in izvršitev tuje arbitražne odločbe se zavrne, če sodišče ugotovi:
1) da po pravu Republike Slovenije o sporni zadevi ne more razsojati arbitraža;
2) da bi bil učinek priznanja ali izvršitve odločbe v nasprotju z javnim redom Republike Slovenije;
3) da ni podana vzajemnost;
4) da pogodba o arbitraži ni bila sklenjena v pisni obliki oziroma z izmenjavo pisem, telegramov ali teleprinterskih sporočil;
5) da katera od strank ni bila sposobna za sklenitev arbitražnega dogovora po pravu, ki se uporablja za presojo njene sposobnosti;
6) da pogodba o arbitraži ni veljavna po pravu države, ki sta ga izbrali stranki, če stranki tega nista storili pa po pravu države, v kateri je bila izdana arbitražna odločba;
7) da stranka, zoper katero se zahteva priznanje in izvršitev odločbe, ni bila pravilno obveščena o imenovanju arbitrov ali o arbitražnem postopku, ali ji je bilo zaradi kakega drugega vzroka onemogočeno, da uveljavlja svoje pravice v postopku;
8) da sestava arbitražnega sodišča ali arbitražni postopek nista bila v skladu s pogodbo o arbitraži;
9) da je arbitražno sodišče prekoračilo svoja pooblastila, določena s pogodbo o arbitraži;
10) da odločba še ni postala dokončna in izvršljiva za stranke ali da je to odločbo odpravil ali njeno izvršitev ustavil pristojni organ države, v kateri je bila izdana, ali organ države, po pravu katere je bila izdana;
11) da je izrek arbitražne odločbe nerazumljiv ali sam s seboj v nasprotju.

(2) Če so v tuji arbitražni odločbi deli, ki se nanašajo na obravnavana vprašanja in se lahko ločijo od delov, v katerih je sodišče prekoračilo svoja pooblastila, se lahko deli odločbe, v katerih sodišče ni prekoračilo svojih pooblastil, priznajo in izvršijo.

### 107. člen

Če se je začel postopek za odpravo ali ustavitev izvršitve tuje arbitražne odločbe pred pristojnim organom iz 10. točke 106. člena tega zakona, lahko sodišče odloži odločanje o zahtevi za priznanje iz izvršitev te odločbe, na zahtevo upnika oziroma dolžnika pa lahko postavi za svojo odločitev o odložitvi pogoj, da mora dolžnik položiti ustrezno varščino.

### 3. Postopek za priznanje in izvršitev tujih sodnih in arbitražnih odločb
**(delno prenehal veljati)**

### 108. člen
**(delno prenehal veljati)**

(1) Postopek za priznanje tuje sodne ali arbitražne odločbe se začne na predlog.

(2) Priznanje tuje sodne odločbe v zadevah, ki se nanašajo na osebno stanje (status), je upravičen zahtevati vsakdo, ki ima za to pravni interes.

(3) O priznanju tuje sodne ali arbitražne odločbe odloča sodnik posameznik okrožnega sodišča.

(4) Za priznanje tuje sodne ali arbitražne odločbe je krajevno pristojno vsako stvarno pristojno sodišče.

(5) Za izvršitev tuje sodne ali arbitražne odločbe je krajevno pristojno okrajno sodišče, na območju katerega je treba opraviti izvršbo.

(6) Če o priznanju tuje sodne ali arbitražne odločbe ni bil izdan poseben sklep, lahko vsako sodišče odloča o priznanju te odločbe kot o predhodnem vprašanju, vendar z učinkom le za ta postopek.

### 109. člen
**(delno prenehal veljati)**

(1) V postopku priznanja tuje sodne ali arbitražne odločbe se sodišče omeji na preizkus, ali so podani pogoji iz določb 94. do 107. člena tega zakona.

(2) Če sodišče ugotovi, da ni ovir za priznanje, izda sklep o priznanju tuje odločbe.

(3) Sklep o priznanju vroči sodišče nasprotni stranki oziroma drugim udeležencem postopka, v katerem je bila tuja sodna odločba izdana, ter jih pouči, da lahko proti njemu vložijo ugovor v roku petnajstih dni od dneva vročitve sklepa.

(4) O ugovoru odloča sodišče, ki je izdalo sklep o priznanju, v senatu treh sodnikov. Če je odločitev o ugovoru odvisna od spornih dejstev, odloči sodišče po opravljenem naroku.

(5) Proti sklepu, s katerim sodišče predlog za priznanje zavrne, in proti sklepu, s katerim sodišče odloči o ugovoru, je dovoljena pritožba na Vrhovno sodišče.

(6) (**razveljavljen**)

### 110. člen
### (delno prenehal veljati)

O stroških postopka odloči sodišče po pravilih, ki bi se uporabljala v primeru, če bi o zadevi odločalo sodišče ali drug organ Republike Slovenije.

### 111. člen
### (delno prenehal veljati)

Če ni v tem poglavju posebnih določb, se v postopku priznanja tujih sodnih in tujih arbitražnih odločb smiselno uporabljajo določbe zakona o nepravdnem postopku.

Peto poglavje
POSEBNE DOLOČBE

### 112. člen

(1) Državljani Republike Slovenije smejo v tujini skleniti zakonsko zvezo pred konzulatom Republike Slovenije, če temu ne nasprotuje država, v kateri je konzulat, ali če je tako določeno z mednarodno pogodbo.

(2) Minister, pristojen za zunanje zadeve, določi, v katerih predstavništvih Republike Slovenije v tujini se smejo sklepati zakonske zveze med državljani Republike Slovenije.

### 113. člen

Zadeve skrbništva za državljane Republike Slovenije, ki so v tujini, opravlja konzulat Republike Slovenije, če temu ne nasprotuje država, v kateri je konzulat, ali če je to predvideno z mednarodno pogodbo.

### 114. člen

Državljanu Republike Slovenije lahko v tujini sestavi oporoko po določbah, ki veljajo za sodno oporoko, konzulat Republike Slovenije.

### 115. člen

(1) Konzulati Republike Slovenije lahko potrjujejo podpise, rokopise in prepise v skladu z mednarodnimi pogodbami in predpisi držav sprejema.

(2) Minister, pristojen za zunanje zadeve, natančneje uredi opravljanje zadev iz prvega odstavka tega člena.

**116. člen**

(1) Potrdila o predpisih, ki veljajo ali so veljali v Sloveniji, izdaja za njihovo uporabo pred organi tuje države minister, pristojen za pravosodje.

(2) V potrdilu iz prvega odstavka tega člena se navede naslov predpisa, datum začetka veljavnosti predpisa oziroma datum prenehanja njegove veljavnosti in dobesedno besedilo ustreznih njegovih določb.

**117. člen**

Naloge konzulata Republike Slovenije po tem zakonu lahko opravlja tudi misija Republike Slovenije, če v kraju, kjer ima sedež, ni konzulata, ter na tistih delih ozemlja sprejemne države, za katere ni konzulata.

———————

**Zakon o mednarodnem zasebnem pravu in postopku – ZMZPP (Uradni list RS, št. 56/99) vsebuje naslednji končni določbi:**

»Šesto poglavje
KONČNI DOLOČBI

118. člen

Z dnem, ko začne veljati ta zakon, se preneha uporabljati zakon o ureditvi kolizije zakonov s predpisi drugih držav v določenih razmerjih (Uradni list SFRJ, št. 43/82 in 72/82).

119. člen

Ta zakon začne veljati petnajsti dan po objavi v Uradnem listu Republike Slovenije.«.

———————

**Zakon o arbitraži – ZArbit (Uradni list RS, št. 45/08) vsebuje naslednjo končno določbo:**

»52. člen
(začetek veljavnosti)

Ta zakon začne veljati tri mesece po objavi v Uradnem listu Republike Slovenije.«.

US ex rel Lesnik, Papes v Eisenmann SE, et al
5:16-CV-01120-BLF

# Exhibit   B

AO 451  (Rev 12/12)  Clerk's Certification of a Judgment to be Registered in Another District

# UNITED STATES DISTRICT COURT
### for the

|  |  |
|---|---|
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action  No. |
| _____ | ) |
| *Defendant* | ) |

## CLERK'S CERTIFICATION OF A JUDGMENT TO BE REGISTERED IN ANOTHER DISTRICT

I certify that the attached judgment is a copy of a judgment entered by this court on *(date)* _____ .

I also certify that, as appears from this court's records, no motion listed in Fed. R. App. P. 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed or, if one was filed, it is no longer pending.

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

US ex rel Lesnik, Papes v Eisenmann SE, et al
5:16-CV-01120-BLF

# Exhibit   C

# UNITED STATES DISTRICT COURT

## Northern District of California

### CLERK'S CERTIFICATION OF FINALITY OF JUDGMENT

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. GREGOR LESNIK; STJEPAN PAPES,<br><br>                    Plaintiffs,<br><br>         vs.<br><br>EISENMANN SE, et al.<br><br>                    Defendants. | Case No.: 5:16-cv-01120-BLF |

I certify that the attached three page FIRST AMENDED FINAL JUDGMENT is a copy of a judgment entered by this court on January 10, 2024.

I also certify that, as appears from this court's records, no motion listed in Federal Rules of Appellate Procedure, Rule 4(a)(4)(A) is pending before this court, the time for appeal has expired, and no appeal has been filed.

The attached judgment is final.

Date:

CLERK OF COURT


_____

Signature

1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**NORTHERN DISTRICT OF CALIFORNIA**

6

7 | UNITED STATES OF AMERICA, ex rel.
GREGOR LESNIK; STJEPAN PAPES,

Case No.: 5:16-cv-01120-BLF

8

Plaintiffs,

**FIRST AMENDED FINAL JUDGMENT**

9
10

vs.

11

EISENMANN SE, et al.

12

Defendants.

13
14    IT IS HEREBY ORDERED AND ADJUDGED that all claims asserted by Plaintiffs

15 Gregor Lesnik and Stjepan Papes against the following Defendants are DISMISSED:

16 Eisenmann SE

17 Eisenmann Alagenbau GmbH & Co. KG

18 Eisenmann Alagenbau Verwaltung GmbH

19 Eisenmann Corporation

20
21 Vuzem USA, Inc.

22 Telsa Motors, Inc.

23 Gregurec Ltd

24 Daimler AG

25 Mercedes-Benz U.S. International, Inc.

26
27 Bayerische Motoren Werke

28 CiTic Dicastal Co., Ltd.

1    Volkswagen

2    LB Metal d.o.o.

3    D2N Technologije d.o.o.

4    Primiko d.o.o.

5    Volvo Car Corporation

6    John Deere

7    Lax Fabricating Ltd.

8    Keystone Automotive

9    Phoenix Mechanical

10    Rehau Incorporated

11    HRD Mont d.o.o.

12    VV Mont

13    Magma, Intl

14    Magma Services Gmbh

15    Magna, d.o.o.

16    We-Kr d.o.o.

17    RIMSA Plus Sp. z.o.o.

18    Enterprise MDM Poland Sp. z.o.o.

19    MDM Polska sp. z.o.o.

20    Moss Servis, d.o.o.

21    Dicastal North America, Inc.

22    BMW Manufacturing Co., LLC

23    Volkswagen Group of America Chattanooga Operations, LLC

24    Volvo Car US Operations, Inc.

Deere & Company

HRID-MONT d.o.o.

VV Mont, d.o.o.

Magna Automotive Services GmbH

MDM Poland Sp. z.o.o.

Magna International, Inc.

IT IS FURTHER ORDERED AND ADJUDGED that all claims asserted by Plaintiff Gregor Lesnik against the following defendants, and Claims 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, and 13 asserted by Plaintiff Stjepan Papes against the following defendants, are DISMISSED:

ISM Vuzem d.o.o.

ISM Vuzem USA, Inc.

Robert Vuzem

Ivan Vuzem

IT IS FURTHER ORDERED AND ADJUDGED that judgment is entered for Plaintiff Stjepan Papes and against Defendants ISM Vuzem d.o.o., ISM Vuzem USA, Inc., Robert Vuzem, and Ivan Vuzem, jointly and severally, on Claim 9 under the Trafficking Victims Protection Reauthorization Act in the amount of $902,242.76, comprising $611,000.00 in damages, $254,550.00 in attorneys' fees, and $36,692.76 in costs.

Dated: _____January 10_____, 2024

_____
BETH LABSON FREEMAN
United States District Judge